Mette H. Kurth (SBN 187100)
Andy S. Kong (SBN 243933)
**ARENT FOX LLP**
555 West Fifth Street, 48th Floor
Los Angeles, CA 90013-1065
Telephone:  213.629.7400
Facsimile:  213.629.7401
E-mail:    kurth.mette@arentfox.com
          kong.andy@arentfox.com

*Proposed* Attorneys for Debtors and Debtors in Possession

Debtors' Mailing Address
121 Gray Avenue
Santa Barbara, CA 93101

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SANTA BARBARA DIVISION

| | |
|---|---|
| In re:<br><br>**THE WALKING COMPANY**, a Delaware corporation, d/b/a Alan's Shoes, Footworks, Overland Trading Co., Sole Outdoors, and Martini Shoes, f/k/a TWC Acquisition Corporation,<br><br>Debtor. | Case No.: 9:09-bk-15138-RR<br><br>Chapter 11<br><br>**EMERGENCY MOTION FOR ORDER ESTABLISHING NOTICE PROCEDURES**<br><br><u>**Hearing**</u><br><br>DATE:  TBD<br>TIME:  TBD<br>PLACE:  1415 State Street<br>         Santa Barbara, CA 93101 |

///
///
///
///
///
///

LA/216438.1

**TABLE OF CONTENTS**

**Page**

I.   BACKGROUND FACTS ................................................................................................. 3
II.  PROPOSED NOTICE PROCEDURES .......................................................................... 4
     A.   Proposed Notice Procedures (General) ................................................................ 4
III. ARGUMENT .................................................................................................................. 8
     A.   The Court Has Authority to Limit the Scope of Notice ....................................... 8
     B.   Court Approval of This Motion Will Minimize the Administrative Burden
          that Would Otherwise Be Imposed Upon the Estates Without Diminishing
          Creditor Participation in This Case ...................................................................... 9
IV.  CONCLUSION ............................................................................................................. 10

LA/216438.1

# TABLE OF AUTHORITIES

Page

**Federal Statutes**

| | |
|---|---|
| 11 U.S.C. § 102(1)(A) | 8 |
| 11 U.S.C. § 1102 | 5 |

**Federal Rules**

| | |
|---|---|
| Fed. R. Bankr. P. 1007(d) | 5 |
| Fed. R. Bankr. P. 2002(a) | 4 |
| Fed. R. Bankr. P. 2002(a)(1) | 4, 7 |
| Fed. R. Bankr. P. 2002(a)(4) | 4, 7 |
| Fed. R. Bankr. P. 2002(a)(5) | 4, 7 |
| Fed. R. Bankr. P. 2002(a)(7) | 4, 7 |
| Fed. R. Bankr. P. 2002(b) | 4, 7 |
| Fed. R. Bankr. P. 2002(d) | 4, 7 |
| Fed. R. Bankr. P. 2002(f) | 4, 7 |
| Fed. R. Bankr. P. 2002(i) | 4, 8, 9 |
| Fed. R. Bankr. P. 4001 | 4 |
| Fed. R. Bankr. P. 6004 | 4 |
| Fed. R. Bankr. P. 6006 | 4 |
| Fed. R. Bankr. P. 6007 | 4 |
| Fed. R. Bankr. P. 7004(h) | 7 |
| Fed. R. Bankr. P. 7004(h)(2) | 9 |
| Fed. R. Bankr. P. 9007 | 8 |

LA/216438.1

**TO THE HONORABLE ROBIN L. RIBLET, UNITED STATES BANKRUPTCY JUDGE; THE OFFICE OF THE UNITED STATES TRUSTEE; THE DEBTORS' SECURED LENDER; THE DEBTORS' 20 LARGEST UNSECURED CREDITORS; AND ALL PARTIES ENTITLED TO SPECIAL NOTICE:**

The Walking Company ("TWC")[1] hereby moves this Court, on an emergency basis, for entry of an order establishing notice procedures for these chapter 11 cases. The proposed procedures, which are described in greater detail below, will streamline the preparation and service of notices in these cases, thereby reducing costs to these estates and facilitating Court review and resolution of matters arising in these cases. Unless the Court promptly grants this emergency motion, these estates may incur significant and unnecessary costs associated with noticing thousands of persons of the numerous matters arising during the active early stages of these cases. The earlier that the Company can implement the notice procedures described herein, the greater the savings to its estates and creditors.

If this relief requires a hearing, the Company requests that this Court set the hearing at the earliest possible time on whatever notice the Court may direct in accordance with the accompanying *Ex Parte Application for Order Shortening Time for Hearing on the Debtors' Emergency First Day Motions*.[2]

///
///
///
///

---

[1] TWC's debtor affiliates are its parent company, The Walking Company Holdings, Inc., a Delaware corporation ("Holdings"), and Holdings' wholly owned subsidiary, Big Dog USA, Inc. ("Big Dog"). Holdings and Big Dog have filed joinders to this Motion. (TWC, Holdings, and Big Dog are collectively referred to as the "Company").

[2] The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The venue of the Company's chapter 11 cases is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

- 2 -

LA/216438.1

# I.

## **BACKGROUND FACTS**

Headquartered in Santa Barbara, California, the Company consists of two distinct retail operations. The Company's operations are largely focused on TWC, which is a leading specialty retailer of authentic comfort footwear, operating 210 stores in premium malls across the nation. TWC generated approximately 93% of the Company's sales in 2009. Big Dog is a retailer of a lifestyle collection of popular-priced T-shirts, casual sportswear, and accessories featuring the Big Dog trademark. Together, TWC and Big Dog employ over 1,600 individuals across the country.

As is set forth in greater detail in the accompanying *Declaration of Andrew D. Feshbach in Support of First Day Motions*, TWC entered a period of strategic expansion from 2006 to 2008 during which it opened approximately 140 new stores. During this period, TWC agreed to the high rents then commanded by its landlords. However, after the economy in general, and retail markets in particular, went into serious decline in 2008 and 2009, TWC suffered a decline in sales and it is no longer able to operate profitably while sustaining what are now above-market rents at many of its locations. During 2009 the Company has sought to implement a turn-around plan for TWC, a key part of which was an attempt to negotiate rent reductions with its landlords. While the Company was successful in achieving many elements of its turn-around plan, landlords largely refused to provide meaningful rent reductions.

Accordingly, it is now necessary for the Company to pursue a "right sizing" strategy for TWC that will permit it to reorganize around its profitable stores, eliminating those whose continued operation would prevent a successful reorganization. The Company commenced these chapter 11 cases on December 7, 2009 (the "Petition Date") in order to implement a pre-negotiated plan of reorganization that is supported, in principal, by many of the company's key creditor constituencies, and that should permit the Company to emerge from chapter 11 with a new infusion of $10 million in capital and

- 3 -

LA/216438.1

return to profitability in 2010. The Company anticipates that it will file its plan of reorganization by the end of December 2009, and it will be seeking confirmation of its plan promptly thereafter, with an anticipated exit from chapter 11 as early as the end of the first quarter of 2010.

## II.

## PROPOSED NOTICE PROCEDURES

### A. Proposed Notice Procedures (General)

Bankruptcy Rule[3] 2002(a) provides that, unless otherwise ordered under Bankruptcy Rule 2002(h), (i), or (l), notice of specified matters must be provided to all creditors. Other provisions of title 11 of the United States Code (the "Bankruptcy Code") and the Bankruptcy Rules state that notice of specified matters must be given only to designated entities who are entitled to notice and to any other entities that the Court may direct.

It would be impractical and it would impose an enormous administrative and economic burden upon these estates if the Company were required to mail notices of every matter in these cases to the thousands of parties listed on Company's creditor matrix. Accordingly, as permitted by Bankruptcy Rules 2002(i) and (m), the Company proposes that the Court enter an order that, to the extent allowed, limits the parties upon whom the Company must serve notices in these cases. This order should also designate the manner of service regarding all matters for which the Bankruptcy Code and the Bankruptcy Rules authorize the Court to designate the manner of service, including matters subject to Bankruptcy Rules 2002(i), 4001, 6004, 6006, or 6007.

Specifically, the Company proposes that notices regarding all matters or proceedings (the "Limited Notice Matters"), other than the matters or proceedings referred to in Bankruptcy Rule 2002(a)(1), (4), (5) and (7) and (b), (d), and (f), need be served only upon the following parties:

---

[3] The "Bankruptcy Rules" refer to the Federal Rules of Bankruptcy Procedure.

- 4 -

LA/216438.1

1  (a)  The Company and its counsel at the following addresses:

2  
3  The Walking Company
   Attn: Tony Wall, Executive Vice President
   121 Gray Ave.
4  Santa Barbara, CA 93101

5  
6  Mette H. Kurth, Esq.
   Andy S. Kong, Esq.
   Arent Fox LLP
7  555 West Fifth St., 48th Floor
8  Los Angeles, CA 90013
   kurth.mette@arentfox.com
9  kong.andy@arentfox.com

10  (b)  The Office of the United States Trustee at the following address:

11  
    Office of the United States Trustee
12  21051 Warner Center Lane, Suite 115
    Woodland Hills, CA 91367
13

14  (c)  Counsel for any committee appointed under Bankruptcy Code section 1102

15  or, before and until the appointment of any such committee, each of the creditors that the

16  Company, in compliance with Bankruptcy Rule 1007(d), included on its filed list of 20

17  largest unsecured creditors, as such list may be subsequently amended;

18  (d)  The Company's secured lender and its counsel at the following addresses[4]:

19  Jennifer Cann – Vice President / Account Executive
20  Joseph Burt – Vice President
    Wells Fargo Retail Finance
21  One Boston Place, 18th Floor
    Boston, MA 02108
22

23  Steven B. Levine, Esq.
    Brown Rudnick, LLP
24  One Financial Center
    Boston, MA 02111
25  slevine@brownrudnick.com

26

27  ──────────────
    [4] Nothing in this Motion constitutes an admission by the Company that any creditor is secured;
28  additionally, the Company reserves its right to contest the validity of any asserted claims.

- 5 -

LA/216438.1

|    |     |                                                                                           |
|----|-----|-------------------------------------------------------------------------------------------|
| 1  |     | Christopher Carolan, Esq.                                                                 |
| 2  |     | Brown Rudnick, LLP                                                                        |
|    |     | 7 Times Square                                                                            |
| 3  |     | New York, NY 10036                                                                        |
| 4  |     | ccarolan@brownrudnick.com                                                                 |
| 5  |     | Wayne R. Terry, Esq.                                                                      |
|    |     | Hemar, Rousso & Heald LLP                                                                 |
| 6  |     | 15910 Ventura Blvd., 12th Floor                                                      |
| 7  |     | Encino, CA 91436                                                                          |
|    |     | wterry@hemar-rousso.com                                                                   |
| 8  | (e) | Counsel for Richard Kayne at the following addresses:                                     |

Howard Steinberg, Esq.
Jeff Sklar, Esq.
Irell & Manella LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
hsteinberg@irell.com
jsklar@irell.com

(f) Holders of the 8.375% Convertible Notes issued in 2007. A list of such parties is attached hereto as Exhibit 1.

(g) Parties who have filed UCC-1 financing statements against the Company. A list of such parties is attached hereto as Exhibit 2.

(h) The Internal Revenue Service at the following address:

Internal Revenue Service
P.O. Box 21126
Philadelphia, PA 19114

(i) Entities who hold claims or interests and who <u>both</u> file a request for special notice with the Court <u>and</u> properly serve that request on counsel for the Company; and

(j) Any entity against whom direct relief is sought, such as the non-debtor party to an executory contract or unexpired lease that is being assumed or rejected or entities asserting interests in property being sold.

Any of the entities listed above may request that notices be sent to a different address by <u>both</u> filing a request for change of address with the Court <u>and</u> properly serving

- 6 -

LA/216438.1

1    that request on counsel for the Company. Similarly, counsel for any of the entities listed
2    above, if other counsel is substituted in their place, may report this substitution and
3    request that notices be sent to the new counsel by <u>both</u> filing a request for address change
4    with the Court <u>and</u> properly serving that request on counsel for the Company. Unless
5    otherwise required either by Bankruptcy Rule 7004(h) or by an order of this Court, all
6    notices in these cases may be provided by first-class mail.

7         The Company will notify all known creditors that, unless a creditor or an interested
8    party files and serves a request for special notice following the procedures set forth above,
9    the creditor or interested party will only be provided with copies of those Court filings
10    that are required to be served on all creditors under Bankruptcy Rule 2002(a)(1), (4), (5)
11    and (7), and (b), (d), and (f).

12         Notwithstanding the foregoing, the relief requested in this Motion does <u>not</u> affect
13    the rights of all creditors and parties in interest in these cases to receive notice of the
14    matters or proceedings referred to in Bankruptcy Rule 2002(a)(1), (4), (5) and (7), and (b),
15    (d), and (f) including the following matters or proceedings: (1) a hearing on the dismissal
16    or conversion of these cases; (2) the time fixed for filing objections to any disclosure
17    statement and any hearing to consider approval of any disclosure statement; (3) the time
18    fixed for accepting, rejecting, or objecting to confirmation of a plan or any modification
19    thereof and the hearing thereon; (4) the entry of an order confirming a plan; and (5) the
20    date fixed for filing proofs of claim. These matters or proceedings must be noticed in
21    accordance with the Bankruptcy Rules.

22         This Motion has been served by overnight delivery on each of the entities listed
23    above. The Company will also send a copy of any order granting this Motion to all
24    known creditors. If this Motion is granted, the Company's claims and noticing agent will
25    also maintain publicly available notice lists at www.kccllc.net/TheWalkingCompany, and
26    the Company will provide a limited service list to any creditor or party in interest that
27    requests it.
28

-7-

LA/216438.1

## III.

## ARGUMENT

### A. The Court Has Authority to Limit the Scope of Notice.

The Bankruptcy Rules authorize this Court to regulate notice requirements. First, Bankruptcy Code section 102(1)(A) defines the phrase "after notice and a hearing" to mean after appropriate notice and an opportunity for a hearing.[5] Bankruptcy Rule 9007 grants the Court general authority to regulate notices.[6] Bankruptcy Rule 2002(m), which also gives the Court discretion to enter orders regulating notice, provides that the Court may designate the scope, form, and manner of notices except as otherwise provided under the Bankruptcy Rules.[7] The notice procedures outlined in this Motion comport with Bankruptcy Rule 2002(i), which specifically provides, in part, that notices of all matters should be provided to any official committees.[8]

The above proposed limited notice procedures are necessary and appropriate given that the creditor body is so large and many of the creditors would not be interested in receiving copies of all the Limited Notice Matters. Requiring notice to, and service upon, thousands of parties who have not otherwise indicated an interest in receiving such notices would substantially increase the cost and administrative burden on the Company and other

---

[5] 11 U.S.C. § 102(1)(A) ("[A]fter such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances . . . .").

[6] Fed. R. Bankr. P. 9007 ("When notice is to be given under these rules, the court shall designate, if not otherwise specified herein, the time within which, the entities to whom, and the form and manner in which the notice shall be given.").

[7] Fed. R. Bankr. P. 2002(m) ("The court may from time to time enter orders designating the matters in respect to which, the entity to whom, and the form and manner in which notices shall be sent except as otherwise provided by these rules.").

[8] Fed. R. Bankr. P. 2002(i) ("Copies of all notices required to be mailed pursuant to this rule shall be mailed to the committees . . . appointed under § 1102 of the Code or to their authorized agents. Notwithstanding the foregoing subdivisions, the court may order that notices required by subdivision (a)(2), (3) and (6) of this rule be transmitted to the United States trustee and be mailed only to the committees . . . appointed under § 1102 of the Code or to their authorized agents and to the creditors and equity security holders who serve on the trustee or debtor in possession and file a request that all notices be mailed to them.").

- 8 -

LA/216438.1

parties in interest without conferring any meaningful benefit to these estates, and would thereby diminish the assets ultimately available for distribution to creditors.

Furthermore, the Company will serve a copy of any order granting this Motion to all known creditors, and these creditors may then request special notice if they wish to receive notice of all Limited Notice Matters. The Company submits that such notice constitutes due and sufficient notice of the Limited Notice Matters.

**B.    Court Approval of This Motion Will Minimize the Administrative Burden that Would Otherwise Be Imposed Upon the Estates Without Diminishing Creditor Participation in This Case.**

As permitted by Bankruptcy Rules 2002(i), 2002(m), and 7004(h)(2) and (3), the Company has proposed to limit notice, designate the parties upon whom notice must be served, and establish the manner of service with respect to all matters for which the Bankruptcy Code and the Bankruptcy Rules authorize the Court to designate or limit the parties entitled to notice and the manner of service, including matters subject to Bankruptcy Rules 2002(i), 4001, 6004, 6006, or 6007.

The Company believes that, for several reasons, it is necessary and appropriate to adopt the proposed procedures. First, providing notice of all matters in these cases to thousands of persons would substantially delay the provision of notices in these cases, would place an enormous administrative burden on the Company's estate, and would impede the consummation of transactions, negotiation of settlements, or the granting of other relief that may be advantageous to the estates and their creditors. Furthermore, providing notice of all matters to thousands of entities who have not otherwise indicated an interest in receiving such notices would unnecessarily increase the costs of administering this case.

The requested relief will reduce the burden, complication, delay, and cost to the Company's estates associated with administering these cases and providing notice of proceedings in these cases. The Company's proposed notice procedures are well within the Court's authority to regulate notices and will mitigate the administrative burden that

-9-

LA/216438.1

would otherwise be imposed upon the estates and other parties in interest without diminishing creditor participation.

## IV.

## CONCLUSION

**WHEREFORE**, based on this Motion, the accompanying *Declaration of Andrew D. Feshbach in Support of First Day Motions*, the *Declaration of Roberta J. Morris in Support of First Day Motions*, the record in these cases, including the pleadings and documents filed on behalf of the parties, the arguments and representations of counsel, and any oral or documentary evidence presented at or prior to the time of the hearing on this Motion, the Company respectfully submits that the Court enter its order: (1) granting this Motion and establishing notice procedures for these chapter 11 cases as set forth herein; (2) finding that notice of this Motion is sufficient under the circumstances; and (3) granting such other and further relief as is just and proper under the circumstances.

Dated: December 7, 2009                    **ARENT FOX LLP**


By: */s/ Andy S. Kong*
    Mette H. Kurth
    Andy S. Kong
    *Proposed* Attorneys for the
    Debtors and Debtors in Possession

LA/216438.1

- 10 -

# EXHIBIT 1

**Exhibit 1**

| Noteholder | Address |
|---|---|
| ANTHONY WALL | 760 ARCADY<br>SANTA BARBARA, CA 93108 |
| BEAR STEARNS SECURITIES CORP CUSTODIAN | ROBERT SCHNELL IRA<br>10291 CENTURY WOODS DR<br>LOS ANGELES, CA 90067 |
| COTSEN FAMILY FOUNDATION | C/O KAYNE ANDERSON CAPITAL<br>1800 AVE OF THE STARS FL2<br>LOS ANGELES, CA 90067 |
| DAVID WOLF | 1956 EAST VALLEY RD<br>SANTA BARBARA, CA 93108 |
| DOUG NILSEN | 2225 ST. JAMES DRIVE<br>SANTA BARBARA, CA 93105 |
| GARY LIEBERTHAL, TRUSTEE | LIEBERTHAL TRUST 3/23/99<br>991 BEL AIR ROAD<br>BEL AIR, CA 90077-3009 |
| J REIMS & KA REIMS, TTEES | REIMS FAMILY TRST 11/22/91<br>241 SOUTH CAMDEN DRIVE<br>BEVERLY HILLS, CA 90212 |
| KAYNE ANDERSON CAPITAL | INCOME PARTNERS (QP) LP<br>1800 AVE OF THE STARS FL2<br>LOS ANGELES, CA 90067 |
| LEE COX | 6726 BREAKERS WAY<br>VENTURA, CA 93001 |
| MICHAEL GRENLEY | 24931 MARBELLA COURT<br>CALABASAS, CA 91302 |
| MORGAN STANLEY PRIME | ATTN:TAMMIE KOO, 4TH FL.<br>1221 AVE OF THE AMERICAS<br>NEW YORK, NY 10020 |
| RBC DAIN RAUSCHER CUST | FOR C.ERIC WARDEN SEP IRA<br>510 MARQUETTE AVE<br>MINNEAPOLIS, MN 55402-1106 |
| RICHARD & SUZANNE KAYNE | LIVING TRUST DTD 1/14/09<br>1800 AVE OF STARS 2ND FL<br>LOS ANGELES, CA 90067 |
| ROBERT P. ABATE, TRUSTEE | ROBERT P. ABATE REV TRUST<br>BOX 541<br>ELGIN, IL 60123 |
| ROBERT SCHNELL IRA | C/O KAYNE ANDERSON CAPITAL<br>1800 AVE OF THE STARS FL2<br>LOS ANGELES, CA 90067 |
| ROBERTA MORRIS | 1428 SAN MIGUEL AVE<br>SANTA BARBARA, CA 93109 |
| SUSIE MINIER | 5694 VIA SALERNO<br>GOLETA, CA 93117 |
| THE KAYNE FOUNDATION | C/O KAYNE ANDERSON CAPITAL<br>1800 AVE OF THE STARS FL2<br>LOS ANGELES, CA 90067 |

# EXHIBIT 2

**EXHIBIT 2**

AMFIT, INC.
5408 NE 88th Street, Suite D-406
Vancouver, WA 98665

Board of Equalization
PO Box 942879
Sacramento, CA 94279-0001

Kayne Anderson Capital Income Partners (QP), LP
c/o Kayne Anderson Capital Advisors, LP
1800 Avenue of the Stars, Second Floor
Los Angeles, CA 90067

Bear Stearns Securities Corp. Custodian
Robert Schnell IRA
10291 Century Woods Dr.
Los Angeles, CA 90067

Blackwell Partners, LLC
406 Blackwell Street, Suite 300
Durham, NC 27701

Robert P. Abate Rev Trust UA 8-29-95, Robert P. Abate, Trustee
P.O. Box 541N
Elgin, IL 60123

RBC Dain Rauscher Cust. For C. Eric Warden SEP IRA
510 Marquette Avenue
Minneapolis, MN 55402

Wells Fargo Retail Finance, LLC
2450 Colorado Avenue, Suite 3000W
Santa Monica, CA 90404

Wells Fargo Financial Leasing, Inc.
4695 MacArthur Court, Suite 350
Newport Beach, CA 92660

CIT Technology Financing Services, Inc.
10201 Centurion Parkway North Suite 100
Jacksonville, FL 32256

LA/214158.1

Varilease Finance, Inc.
6340 South 3000 East, Suite 250
Salt Lake City, UT 84121

The Huntington National Bank
Centre City Tower
650 Smithfield Street, Suite 1000
Pittsburgh, PA 15222
Attention: Edward J. Kitchen, Vice President

LA/214158.1