1  Mette H. Kurth (SBN 187100)
   Andy S. Kong (SBN 243933)
2  **ARENT FOX LLP**
   555 West Fifth Street, 48th Floor
3  Los Angeles, CA 90013-1065
   Telephone: 213.629.7400
4  Facsimile: 213.629.7401
   E-mail:  kurth.mette@arentfox.com
5           kong.andy@arentfox.com

6  *Proposed* Attorneys for Debtors and Debtors in
   Possession
7

8  Debtors' Mailing Address
   121 Gray Avenue
9  Santa Barbara, CA 93101

10              UNITED STATES BANKRUPTCY COURT

11              CENTRAL DISTRICT OF CALIFORNIA

12                  SANTA BARBARA DIVISION

13

14 | In re:                                      | Case No.: 9:09-bk-15138-RR
15 |                                              |
   | **THE WALKING COMPANY**, a                   | Chapter 11
16 | Delaware corporation, d/b/a Alan's           |
   | Shoes, Footworks, Overland Trading           |
17 | Co., Sole Outdoors, and Martini Shoes,       | EMERGENCY MOTION FOR ORDER
18 | f/k/a TWC Acquisition Corporation,           | EXTENDING TIME TO COMPLETE
   |                                              | SCHEDULES OF ASSETS AND
19 |              Debtor.                         | LIABILITIES AND STATEMENTS OF
20 |                                              | FINANCIAL AFFAIRS AND RELATED
   |                                              | MATERIALS
21 |                                              |
                                                  **Hearing**
22
                                                  DATE:  TBD
23
                                                  TIME:  TBD
24
                                                  PLACE: 1415 State Street
25                                                        Santa Barbara, CA 93101

26

27

28

LA/206624.1

**TO THE HONORABLE ROBIN L. RIBLET, UNITED STATES BANKRUPTCY JUDGE; THE OFFICE OF THE UNITED STATES TRUSTEE; THE DEBTORS' SECURED LENDER; THE DEBTORS' 20 LARGEST UNSECURED CREDITORS; AND ALL PARTIES ENTITLED TO SPECIAL NOTICE:**

The Walking Company ("TWC")[1] hereby moves this Court, on an emergency basis, for entry of an order under Rule 1007(c) of the Federal Rules of Bankruptcy Procedure extending for 30 days the time within which the Company must file its Schedule of Assets and Liabilities, Schedule of Current Income and Expenditures, Schedule of Executory Contracts and Unexpired Leases, and Statement of Financial Affairs (collectively, the "Schedules"). If this relief requires a hearing, the Company requests that this Court set the hearing at the earliest possible time on whatever notice the Court may direct in accordance with the accompanying *Emergency Motion for Order Shortening Time on and Setting Hearing for "First Day" Motions*.[2]

## I.

## BACKGROUND FACTS

**A.  Company Overview**

Headquartered in Santa Barbara, California, the Company consists of two distinct retail operations. The Company's operations are largely focused on TWC, which is a leading specialty retailer of authentic comfort footwear, operating 210 stores in premium malls across the nation. TWC generated approximately 93% of the Company's sales in 2009. Big Dog is a retailer of a lifestyle collection of popular-priced T-shirts, casual

---

[1] TWC's debtor affiliates are its parent company, The Walking Company Holdings, Inc., a Delaware corporation ("Holdings"), and Holdings' wholly owned subsidiary, Big Dog USA, Inc. ("Big Dog"). Holdings and Big Dog have filed joinders to this Motion. (TWC, Holdings, and Big Dog are collectively referred to as the "Company").

[2] The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The venue of the Company's chapter 11 cases is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

sportswear, and accessories featuring the Big Dog trademark. Together, TWC and Big Dog employ over 1,600 individuals across the country.

As is set forth in greater detail in the accompanying *Declaration of Andrew D. Feshbach in Support of Emergency "First Day" Motions*, TWC entered a period of strategic expansion from 2006 to 2008 during which it opened approximately 140 new stores. During this period, TWC agreed to the high rents then commanded by its landlords. However, after the economy in general, and retail markets in particular, went into serious decline in 2008 and 2009, TWC suffered a decline in sales and it is no longer able to operate profitably while sustaining what are now above-market rents at many of its locations. During 2009 the Company has sought to implement a turnaround plan for TWC, a key part of which was an attempt to negotiate rent reductions with its landlords. While the Company was successful in achieving many elements of its turnaround plan, landlords largely refused to provide meaningful rent reductions.

Accordingly, it is now necessary for the Company to pursue a "right sizing" strategy for TWC that will permit it to reorganize around its profitable stores, eliminating those whose continued operation would inhibit a successful reorganization. The Company commenced these Chapter 11 cases on December 7, 2009 (the "Petition Date") in order to implement a pre-negotiated plan of reorganization that is supported, in principal, by many of the company's key creditor constituencies, and that should permit the Company to emerge from Chapter 11 with a new infusion of $10 million in capital and return to profitability in 2010. The Company anticipates that it will file its plan of reorganization by the end of December 2009, and it will be seeking confirmation of its plan promptly thereafter. The Company intends to exit from Chapter 11 as early as the end of the first quarter of 2010.

B.      **Preparation of the Company's Schedules**

The Company is currently managing numerous competing demands created by: (1) filing these cases; (2) right-sizing its lease portfolio and managing the associated store-closing sales and rapid reduction in inventory; (3) the need to effect an orderly transition

LA/206624.1

to chapter 11 while maintaining continuity in its core business; (4) the need to prepare and file numerous "first-day" motions; and (5) efforts to finalize its pre-negotiated plan of reorganization by the end of December 2009. Concurrently, the Company is attending to numerous matters required by the U.S. Trustee, including the submission of its "seven-day package," closing its books, preparation of monthly operating reports, and preparation of its Schedules. Given these many competing and immediate demands on its time and resources, the Company will not be able to complete its Schedules within the 14 day statutory period.

Even under the best circumstances, analyzing and compiling the information needed to complete the Company's Schedules will take significant time. The Company has over 5,000 creditors, including over 1,600 employees, and operates 210 retail stores, all of which makes it very time consuming for the Company's accounting department to compile the information needed to prepare accurate and complete Schedules. In addition, the Company is a party to hundreds of contracts and leases. Many of the company's liabilities are contingent, unliquidated claims and obligations that are difficult to quantify. Given the many competing demands on its limited staff, the Company and its professionals will need several weeks to evaluate and compile the information required for the company's Schedules.

Therefore, pursuant to Bankruptcy Rule 1007(c) and Local Bankruptcy Rule 1007-1, the Company requests an additional 30 days, up to and including January 20, 2010, within which to file its Schedules.

## II.

## ARGUMENT

Bankruptcy Rule 1007(c) would ordinarily require that the Company file its Schedules within 14 days from the Petition Date.[3] Bankruptcy Rule 1007(c), however, provides that, for cause shown, the Court may extend the time for filing these Schedules.[4]

---

[3] Fed. R. Bankr. P. 1007(c).
[4] *Id.*

- 4 -

LA/206624.1

1 | Bankruptcy Rule 1007(c) provides that an extension of time may be granted to file
2 | Schedules "on motion for cause shown and on notice to the United States Trustee and to
3 | any [official] committee . . . , trustee, examiner or other party as the court may direct."[5]
4 | The Company is serving this Motion on the United States Trustee, its prepetition lender,
5 | the creditors holding the 20 largest unsecured claims in these cases, and all parties
6 | requesting special notice.  As set forth above, it will take several weeks for the Company
7 | to analyze and compile the information needed to complete its Schedules.  Because the
8 | requested extension of time is short, the Company has a large number of creditors,
9 | employees, and many store leases and related contracts, and because of the immediate
10 | operational and legal demands imposed on the Company as it right-sizes its lease portfolio
11 | and finalizes its chapter 11 plan of reorganization, the Company believes that cause has
12 | been shown for the requested 30-day extension from the current December 21, 2009
13 | deadline to January 20, 2010.

## III.

## CONCLUSION

16 | **WHEREFORE**, based on this Motion, the accompanying *Declaration of Andrew
17 | D. Feshbach in Support of Emergency "First Day" Motions*, the *Declaration of Roberta
18 | J. Morris in Support of Emergency "First Day" Motions*, the record in these cases,
19 | including the pleadings and documents filed on behalf of the parties, the arguments and
20 | representations of counsel, and any oral or documentary evidence presented at or prior to
21 | the time of the hearing on this Motion, the Company respectfully that this Court enter an
22 | order: (1) granting this Motion and providing the Company a 30-day extension, through
23 | / / /
24 | / / /
25 | / / /
26 | / / /
27 | / / /

---

[5] *Id.*

LA/206624.1

1  and including January 20, 2010 to file its Schedules; and (2) granting to the Company
2  such other and further relief as the Court deems just and appropriate.

Dated:   December 7, 2009                **ARENT FOX LLP**


By: */s/ Andy S. Kong*
    Andy S. Kong
    *Proposed* Attorneys for the
    Debtors and Debtors in Possession

LA/206624.1