| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| Mette H. Kurth (SBN 187100)<br>Andy S. Kong (SBN 243933)<br>ARENT FOX LLP  n<br>555 West Fifth Street, 48th Floor<br>Los Angeles, CA  90013-1065<br>Telephone: 213.629.7400<br>Facsimile: 213.629.7401<br>E-mail:   kurth.mette@arentfox.com; kong.andy@arentfox.com<br>**Proposed**<br>*Attorney for* Debtors and Debtors in Possession | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| In re:<br><br>THE WALKING COMPANY, a Delaware corporation, d/b/a Alan's Shoes, Footworks, Overland Trading Co., Sole Outdoors, and Martini Shoes; f/k/a TWC Acquisition Corporation; BIG DOG USA, INC., a California corporation, d/b/a Big Dog Sportswear; f/k/a Fortune Dogs, Inc.; and THE WALKING COMPANY HOLDINGS, INC., a Delaware corporation, f/k/a Big Dog Holdings, Inc. and 190th Shelf Corporation, etc.<br><span style="text-align:right;">Debtor.</span> | CHAPTER  11<br><br>CASE NUMBER  9:09-bk-15138-RR<br><br><br>(No Hearing Required) |

## NOTICE OF MOTION UNDER LOCAL BANKRUPTCY RULE 9013-1(o) FOR:

> MOTION OF DEBTORS FOR ENTRY OF AN ORDER (A) ESTABLISHING BAR DATE FOR FILING (I) PROOFS OF CLAIM OR INTEREST AND (II) REQUESTS FOR ASSURANCE OF SECTION 503(B)(9) ADMINISTRATIVE EXPENSE; (B) APPROVING FORM AND MANNER OF NOTICE OF BAR DATES; AND (C) GRANTING RELATED RELIEF; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ROBERTA J. MORRIS

1. TO *(specify name)*:   **The Honorable Robin L. Riblet, United States Bankruptcy Judge and All Interested Parties**

2. NOTICE IS HEREBY GIVEN that Movant in the above-captioned matter will move this Court for an Order granting the relief sought as set forth in the Motion filed by Movant, a brief description of which is contained in the Description of Relief Sought attached hereto and served and filed herewith. Said Motion is based upon the grounds set forth in the said Motion and accompanying Description of Relief Sought. Said Motion is made pursuant to Local Bankruptcy Rule 9013-1(o), which provides for granting of motions without a hearing. (Check appropriate box below):

   ☒   The full Motion is attached hereto.

   ☐   The full Motion has been filed with the Bankruptcy Court and a detailed description of the relief sought is attached hereto.

3. **Deadline for Opposition Papers and Request for a Hearing**: Pursuant to Local Bankruptcy Rule 9013-1(o), any party objecting to the accompanying Motion may file and serve a written objection and request a hearing of this Motion. If you fail to file a written response within 14 days of the date of service of this Notice, the Court may treat such failure as a waiver of your right to oppose this Motion and may grant the requested relief.

Dated: 1/15/10

ARENT FOX, LLP
_____
*Law Firm Name*

By: _/s/ Mette H. Kurth_____

Date Notice Mailed:  **1/15/10**

Name:  Mette H. Kurth _____
       *Attorney for Movant*

---

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2009*                                                   **F 9013-1.2**

# ATTACHMENT

# MOTION

Mette H. Kurth (SBN 187100)
Andy S. Kong (SBN 243933)
M. Douglas Flahaut (SBN 245558)
**ARENT FOX LLP**
555 West Fifth Street, 48th Floor
Los Angeles, CA  90013-1065
Telephone:    213.629.7400
Facsimile:    213.629.7401
E-mail:    kurth.mette@arentfox.com
        kong.andy@arentfox.com
        flahaut.douglas@arentfox.com

*Proposed* Attorneys for Debtors and Debtors in Possession

Debtors' Mailing Address
121 Gray Avenue
Santa Barbara, CA 93101

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SANTA BARBARA DIVISION

| | |
|---|---|
| In re:<br><br>**THE WALKING COMPANY**, a Delaware corporation, d/b/a Alan's Shoes, Footworks, Overland Trading Co., Sole Outdoors, and Martini Shoes; f/k/a TWC Acquisition Corporation; **BIG DOG USA, INC.**, a California corporation, d/b/a Big Dog Sportswear; f/k/a Fortune Dogs, Inc.; and **THE WALKING COMPANY HOLDINGS, INC.**, a Delaware corporation, f/k/a Big Dog Holdings, Inc. and 190th Shelf Corporation,<br><br>Debtors. | Case No.: 9:09-bk-15138-RR<br><br>[Jointly Administered with Case Nos.: 9:09-bk-15137-RR and 9:09-bk-15139-RR]<br><br>Chapter 11<br><br>**MOTION OF DEBTORS FOR ENTRY OF AN ORDER (A) ESTABLISHING BAR DATE FOR FILING (I) PROOFS OF CLAIM OR INTEREST AND (II) REQUESTS FOR ALLOWANCE OF SECTION 503(B)(9) ADMINISTRATIVE EXPENSE; (B) APPROVING FORM AND MANNER OF NOTICE OF BAR DATES; AND (C) GRANTING RELATED RELIEF; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ROBERTA J. MORRIS** |
| [X]  Affects all Debtors<br><br>[ ]  Applies only to The Walking Company<br><br>[ ]  Applies only to Big Dog USA, Inc.<br><br>[ ]  Applies only to The Walking Company Holdings, Inc. | *[No Hearing Required Unless Requested Pursuant to L.B.R. 9013-1(o)]* |

1       The Walking Company, The Walking Company Holdings, Inc., and Big Dog USA, Inc.

2 (collectively, the "Debtors") hereby move this Court, pursuant to Rule 3003(c)(3) of the Federal

3 Rules of Bankruptcy Procedure, for an order: (a) establishing **March 3, 2010** (the "General Bar

4 Date") as the deadline for filing proofs of claim or interest pursuant to 11 U.S.C. § 501 and Rule

5 3003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") or filing requests

6 for allowance of administrative claims pursuant to 11 U.S.C. § 503(b)(9); (b) establishing bar

7 dates for the claims of government units pursuant to 11 U.S.C. § 502(b)(9), rejection damage

8 claims, and claims arising from the avoidance of transfers under chapter 5 of the Bankruptcy

9 Code as provided in the annexed Memorandum of Points and Authorities; and (c) approving the

10 form and manner of service of the proposed bar date notices substantially in the form attached

11 hereto as **Exhibit 1.**

12       As discussed in detail in the annexed Memorandum of Points and Authorities, the Debtors

13 have approximately 6,000 known creditors and therefore, setting the above bar dates is necessary

14 in order for the Debtors to determine the total amount, number, and types of claims or interests

15 that are asserted against the estates so that they can formulate an appropriate exit strategy and

16 expeditiously obtain confirmation of a chapter 11 plan of reorganization. Indeed, setting the bar

17 dates will facilitate the administration of the estates as efficiently and promptly as possible.

18       The Debtors propose to provide notice of the bar dates in these cases no later than

19 February 1, 2010, giving creditors over 30 days notice of the General Bar Date. Moreover, the

20 Debtors will file their *Schedules of Assets and Liabilities* and *Statement of Financial Affairs* (the

21 "Schedules") by January 20, 2010 pursuant to this Court's *Order Granting Emergency Motion for*

22 *Order Extending Time to Complete Schedules of Assets and Liabilities and Statements of*

23 *Financial Affairs and Related Materials* entered on December 18, 2009. This will provide

24 creditors and interest holders over 40 days after the Schedules are filed to file proofs of claims or

25 requests for payment. Establishing the bar dates at this stage of these chapter 11 cases therefore,

26 will not prejudice any creditor and will greatly assist the Debtors in obtaining confirmation of a

27 plan and concluding these cases as promptly as possible.

28

LA/229450.1

1    The Court has jurisdiction over these matters pursuant to 28 U.S.C. §§ 157 and 1334.

2   This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  The venue of these cases are proper

3   pursuant to 28 U.S.C. §§ 1408 and 1409.

4    **WHEREFORE**, the Debtors respectfully request that the Court enter an order: (a)

5   establishing certain claims bar dates in these cases, as set forth above and in the annexed

6   Memorandum of Points and Authorities; (b) approving the form and manner of service of the

7   notice of these bar dates; and (c) granting such other and further relief as is necessary and

8   appropriate.

9

Dated: January 15, 2010                              **ARENT FOX LLP**

10

11                                                  By: */s/ Mette H. Kurth*_____
                                                       Mette H. Kurth
12                                                     Douglas Flahaut
                                                       *Proposed* Attorneys for the
13                                                     Debtors and Debtors in Possession

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## STATEMENT OF FACTS

### A.    Company Overview

Headquartered in Santa Barbara, California, the Debtors consist of two distinct retail operations. The Debtors' operations are largely focused on The Walking Company ("TWC"), which is a leading specialty retailer of authentic comfort footwear, operating 210 stores in premium malls across the nation. TWC generated approximately 93% of the Debtors' sales in 2009. Big Dog USA, Inc. ("Big Dog") is a retailer of a lifestyle collection of popular-priced T-shirts, casual sportswear, and accessories featuring the Big Dog trademark. Together, TWC and Big Dog employ over 1,600 individuals across the country.

TWC entered a period of strategic expansion from 2006 to 2008 during which it opened approximately 140 new stores. During this period, TWC agreed to the high rents then commanded by its landlords. However, after the economy in general, and retail markets in particular, went into serious decline in 2008 and 2009, TWC suffered a decline in sales and it is no longer able to operate profitably while sustaining what are now above-market rents at many of its locations. During 2009 the Debtors sought to implement a turnaround plan for TWC, a key part of which was an attempt to negotiate rent reductions with its landlords. While the Debtors were successful in achieving many elements of their turnaround plan, landlords largely refused to provide meaningful rent reductions.

On December 7, 2009 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manages their affairs as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these cases.

The Debtors commenced these chapter 11 cases in order to implement a plan of reorganization that should permit the Debtors to emerge from chapter 11 with a new infusion of $10 million in capital and return to profitability in 2010. Alternatively, the Debtors are exploring market interest in a purchase of the Debtors' businesses as a going concern. Under either

LA/229450.1

1    scenario, the terms of the Debtors' postpetition financing require the Debtors to emerge from

2    chapter 11 as soon as April 15, 2010.  Accordingly, it is imperative to set the bar dates as

3    submitted in this Motion at this stage of these cases.

4        As discussed above, the Debtors' Schedules are due on January 20, 2010.  The Schedules

5    will set forth detailed information from the Debtors' books and records regarding the nature and

6    extent of their assets, liabilities, and financial affairs.

7        To better evaluate their liabilities, formulate a chapter 11 plan, support a sale process, and

8    effectively administer and close these cases, the Debtors must be able to estimate the total amount

9    of claims that will be asserted and allowed against their estates.  Because some creditors

10    undoubtedly will assert claims against the estates in amounts different than those set forth in the

11    Schedules, or claims as to which the Company is currently unaware, establishing a deadline for

12    filing proofs of claim or requests for payment is essential to this process.

13    **B.**    **The Proposed Bar Dates**

14        To facilitate the administration of these chapter 11 cases, and in accordance with Federal

15    Rules of Bankruptcy Procedure 3002, 3003(c), and 5005(a)(1), the Debtors request that the Court

16    establish the following deadlines for the filing of proofs of claim and requests for payment in

17    these cases:

18        1.    Except as otherwise provided in this Motion, the Debtors request that the Court

19    establish March 3, 2010 as the deadline for all persons and entities to file a proof of claim or

20    interest in these cases or requests for allowance of administrative expense claims pursuant to 11

21    U.S.C. § 503(b)(9).

22        2.    The Debtors seek to establish the following exceptions to the General Bar Date

23    pursuant to Local Bankruptcy Rule 3001-1:

24        a.    For claims arising from the rejection of executory contracts or unexpired

25    leases pursuant to 11 U.S.C. § 365, the last day to file a proof of claim will be the later of (a) 30

26    days after the date of entry of the order authorizing the rejection, or (b) March 3, 2010 (the

27    "Rejection Bar Date");

28

5

1    b.    For claims arising from the avoidance of a transfer under chapter 5 of the

2    Bankruptcy Code, the last day to file a proof of claim will be the later of (a) 30 days after the

3    entry of judgment avoiding the transfer or (b) March 3, 2010 (the "Avoided Transfer Bar Date");

4    c.    For claims of "Governmental Units" as that term is defined under 11

5    U.S.C. § 101(27) that arose before the Petition Date, the last day to file a proof of claim will be

6    180 days after the date of the order for relief in these cases (the "Governmental Unit Bar Date").

7    d.    For claims arising under 11 U.S.C. § 502(i) with respect to the assessment

8    of certain taxes, the entity asserting the claim may timely file a proof of claim on or before: (a)

9    the first business day that is 30 calendar days after such tax claim arose under 11 U.S.C. § 502(i),

10    or (b) March 3, 2010, whichever is later (the "502(i) Bar Date");

11    e.    To the extent a schedule amendment reduces the liquidated amount of a

12    scheduled claim or reclassifies a claim that was scheduled as an undisputed, liquidated, and non-

13    contingent claim as disputed, unliquidated, and/or contingent, then – solely with respect to that

14    claim – the affected claimant may timely file a proof of claim on or before the later of the

15    following dates: (a) the first business day that is 30 calendar days after the mailing of the notice

16    of the schedule amendment, or (b) March 3, 2010 (the "Schedule Amendment Bar Date"); and

17    f.    For claims by co-debtors (such as a guarantor, surety, indorser, or other co-

18    debtor) that is authorized to file a claim under Bankruptcy Code section 501(b) and Federal Rule

19    of Bankruptcy Procedure 3005, or for claims by the Debtors on behalf of creditors who have

20    failed to file proofs of claim on their own behalf, as authorized by Bankruptcy Code section

21    501(c), the last day to file a proof of claim is the first business day that is 30 days after the

22    General Bar Date (the "Co-Debtor/501(c) Bar Date").

23    **C.**    **Proposed Notice Procedures**

24    Attached hereto as **Exhibit 1** is the proposed form of notice that the Debtors request that

25    the Court approve for distribution to all known creditors, parties in interest holding potential

26    claims in these cases, and all parties requesting special notice.  Such notice and a proof of claim

27    form which substantially conforms to Form B10 (see **Exhibit 2)** will be mailed on or before the

28    later of: (a) February 1, 2010; or (b) within two business days following entry of an order

6

1    granting this Motion. The notice will be served by first class mail. The Debtors assert that the

2    proposed form and manner of service of the bar dates gives all known creditors and other parties

3    in interest good and sufficient notice of the bar dates and the procedures to be followed to

4    properly file a proof of claim or a request for payment.

5    **D.    Proposed Proof of Claim Procedures**

6         The Debtors request that this Court require that each proof of claim substantially comply

7    with Official Bankruptcy Form 10 and that each proof of claim or request for payment (a) be

8    written in the English language; (b) be denominated in lawful currency of the United States as of

9    the Petition Date; (c) have attached to it copies of any writings upon which the proof of claim or

10   claim asserted under 11 U.S.C. § 503(b)(9) is based; and (d) be required to be filed with the Clerk

11   of the Court for the United States Bankruptcy Court, Central District of California, Santa Barbara

12   Division at 1415 State Street, Santa Barbara, California on or before the applicable bar date. To

13   receive an acknowledgment that a proof of claim has been received and is filed by the Bankruptcy

14   Court, the clamaint may provide with its original proof of claim one additional copy of the proof

15   of claim along with a postage-paid, self-addressed envelope. **The failure of any creditor to**

16   **timely file a proof of claim will result in the disallowance of that claim.**

17        Absent the Debtors' consent, or further Order of this Court, after the Bar Dates,

18   amendments to timely filed claims will be allowed only to the extent the amended claim is based

19   on the same facts and circumstances as a timely filed claim, and then only if the amended claim

20   was not reasonably ascertainable before the applicable Bar Date. By implementing this

21   procedure, the Debtors will be in a position to evaluate the claims asserted against their estates

22   with reasonable certainty following the passage of the Bar Dates. Nothing herein is intended to

23   preclude a creditor from seeking leave of the Court to amend its claim for cause shown.

24        If a claimant transfers a timely filed claim in accordance with Bankruptcy Rule 3001(e),

25   the transferee must file with the Clerk of the Court an original and one copy of a *Notice of*

26   *Transfer of Claim*. The *Notice of Transfer of Claim* should: (1) be signed by both the transferee

27   and the transferor; (2) set forth the current address for both the transferee and the transferor; and

28

LA/229450.1

1    (3) be accompanied by a copy of the proof of claim being transferred, as well as documentation

2    evidencing the existence of an agreement to transfer the claim.

3         A separate deadline for filing administrative claims and final fee applications for

4    professional compensation will be established in connection with confirmation of a chapter 11

5    plan in these cases. Accordingly, the Bar Dates exclude administrative expense claims arising

6    under 28 U.S.C. § 156(c) and 11 U.S.C. §§ 330(a), 331, or 503.

7    **II.**

8    **ARGUMENT**

9         Bankruptcy Rule 3003(c)(3) provides that, in a chapter 11 case, the Court "shall fix . . .

10    the time within which proofs of claim or interest may be filed" and Bankruptcy Rule 3002(a)

11    provides that an unsecured creditor or an equity security holder must file a proof of claim, except

12    as provided in Bankruptcy Rule 3003.[1]

13         In conjunction with the setting of the bar dates, the debtor must ensure that interested

14    parties receive appropriate notice of such dates.[2] Creditors are entitled to notice that is reasonably

15    calculated to give them sufficient notice of the bar dates to offer them a reasonable opportunity to

16    file their proofs of claim and requests for payment.[3]

17         To determine the adequacy of notice given to a creditor, bankruptcy law distinguishes

18    between "known" and "unknown" creditors. As the Court explained in *Safety-Kleen*, a known

19    creditor's identity can be reasonably ascertained by the debtor while an unknown creditor is one

20    whose identity cannot be discovered after "reasonably diligent efforts" have been undertaken to

21    ascertain that identity.[4] In defining the efforts required to identify "known" creditors, the Third

22    Circuit has stated:

23    
24            Precedent demonstrates that what is required is not a vast, open-ended investigation . . .The requisite search instead focuses on the debtor's own books and records. Efforts beyond a careful examination of these documents are generally not required. Only

25    

26    ---

[1]  Fed. R. Bankr. Proc. 3002(a) and 3003(c)(3).

27    [2]  *Perez v. Safety-Kleen Systems, Inc.*, 253 F.R.D. 508 (N.D. Cal. 2008), citing *Monster Content, LLC v. Homes.com, Inc.* 331 B.R. 438 (N.D. Cal. 2005).

28    [3]  *See Safety-Kleen* at 518 citing *Mullane v. Central Hanover Trust Co.*, 339 U.S. 306, 314 (1950).

[4]  *Safety-Kleen* at 518 citing *Mullane*, 339 U.S. at 317.

8

LA/229450.1

1    those claimants who are identifiable through a diligent search are
2    "reasonably ascertainable" and hence "known" creditors.[5]

3    Known creditors must be provided with actual written notice of a debtor's bankruptcy
4  filing and claims bar date. "Publication is sufficient notice to satisfy the notice requirement as to
5  creditors unknown to the debtor."[6]

6    The Debtors submit that the proposed notice of the bar dates here more than satisfies the
7  notice requirements. The Debtors have identified those entities known to hold claims against the
8  Debtors or likely to be potential holders of prepetition claims and administrative claims. Those
9  entities were identified following a careful review of the Debtors' books and records. Upon
10 information and belief the list of creditors contained in the Debtors' Mailing Matrix filed at the
11 inception of these cases includes the names and addresses of all known creditors and potential
12 creditors of the Debtors.

13    The Debtors intend to serve a copy of the bar date notice (the "Bar Date Notice") and a
14 proof of claim form which substantially conforms to Form B10 (see Exhibit 2) on or before the
15 later of: (a) February 1, 2010; or (b) within two business days following the entry of an order
16 approving this Motion, by first class mail, postage prepaid, on the following parties: (i) all known
17 creditors, (ii) all parties listed on the Debtors' master mailing matrix, (iii) all entities having filed
18 a notice of appearance and demand for papers, (iv) the Debtors' known equity security holders,
19 and (v) the Office of the United States Trustee. The proposed Bar Date Notice is attached hereto
20 as **Exhibit 1**. Accordingly, creditors will have over 30 days following the date of mailing of the
21 Bar Date Notice within which to file their proofs of claim. While Bankruptcy Rule 2002(a)(7)
22 permits as little as 20 days notice of the time fixed for filing proofs of claim, the Debtors believe
23 that providing over 30 days notice after the mailing of the Bar Date Notice and nearly 40 days
24 notice following the filing of their Schedules will strike the desired balance between providing
25 creditors with ample opportunity to file proofs of claim, on the one hand, and expediting the
26 administration of these bankruptcy cases, on the other hand.

27

28
[5] *In re Chemetron Corp.*, 72 F.3d 341, 346-47 (3d Cir. 1995) (citations omitted).
[6] *Id.*

9

LA/229450.1

As described above, establishment of the bar dates is necessary for the Debtors and other parties in interest to determine the total amount, number, and types of claims or interests that are asserted against the Debtors' estates.    Setting the bar dates will facilitate the wind up and administration of the estates as efficiently and promptly as possible.

### III.

### CONCLUSION

**WHEREFORE**, for all the reasons set forth in the Notice, the Memorandum of Points and Authorities, the Declaration of Roberta J. Morris filed concurrently herewith, the arguments of counsel, and other admissible evidence properly brought before the Court at or before the hearing on this Motion, if any, the Debtors respectfully request that the Court enter an order: (a) establishing certain claims bar dates in these cases, as set forth above; (b) approving the form and manner of service of the notice of these bar dates; and (c) granting such other and further relief as is necessary and appropriate.

Dated: January 15, 2010

**ARENT FOX LLP**

By: */s/ Mette H. Kurth*
  Mette Kurth
  Douglas Flahaut
  *Proposed* Attorneys for the
  Debtors and Debtors in Possession

LA/229450.1

### DECLARATION OF ROBERTA J. MORRIS

I, Roberta J. Morris, declare as follows:

1.    I am the Chief Financial Officer ("CFO") of The Walking Company Holdings, Inc., a Delaware corporation, and its two wholly owned subsidiaries, The Walking Company, a Delaware corporation, and Big Dog USA, Inc. (the "Debtors"). In this capacity, I am generally familiar with the Debtors books and records.

2.    Except as otherwise stated, all facts contained within this Declaration are based upon personal knowledge, my review of relevant documents, or my opinion based upon my experience concerning the operations of the Debtors. If called upon to testify, I would testify to the facts set forth in this Declaration.

3.    I am giving this declaration in support of the Motion of Debtors for Entry of an Order (A) Establishing Bar Date for Filing (I) Proofs of Claim or Interest and (II) Requests for Allowance of Section 503(b)(9) Administrative Expense; (B) Approving Form and Manner of Notice of Bar Dates; and (C) Granting Related Relief (the "Motion"). Capitalized terms not otherwise defined herein have the meaning given them in the Motion.

4.    By the Motion, the Debtors request that the Court establish various deadlines by which creditors and interest holders must file their proofs of claim or interest for general unsecured prepetition claims or requests for payment of administrative expense claims.

5.    I believe that setting the bar dates at this stage of these cases is necessary in order for the Debtors to efficiently administer their estates and obtain confirmation of a plan in a timely manner so that the Debtors can determine the total amount, number, and types of claims or interests that are asserted against the estates.

6.    The Debtors have identified those entities known to hold claims against the Debtors or likely to be potential holders of prepetition claims and administrative expense claims. Those entities were identified following a careful review of the Debtors' books and records. Upon information and belief, the list of creditors that is contained in the Debtors' Mailing Matrix filed at the inception of the cases includes the names and addresses of all known creditors and potential creditors of the Debtors. Moreover, the Debtors will file their Schedules on January 20,

11

1   2010.  The Schedules will set forth detailed information from the Debtors' books and records

2   regarding the nature and extent of their assets, liabilities, and financial affairs.

3       7.      Attached hereto as **Exhibit 1** is the proposed form of notice that I request that the

4   Court approve for distribution to all known creditors, parties in interest holding potential claims

5   in these cases, and all parties requesting special notice.

6       I declare under penalty of perjury that the foregoing is true and correct.

7   Executed this __15__ day of January, 2010, at Santa Barbara, California.

8
9                                    ROBERTA J. MORRIS

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

12

# EXHIBIT "1"

1    Mette H. Kurth (SBN 187100)
     Andy S. Kong (SBN 243933)
2    M. Douglas Flahaut (SBN 245558)
     **ARENT FOX LLP**
3    555 West Fifth Street, 48th Floor
     Los Angeles, CA  90013-1065
4    Telephone:    213.629.7400
     Facsimile:    213.629.7401
5    E-mail:    kurth.mette@arentfox.com
                kong.andy@arentfox.com
6                flahaut.douglas@arentfox.com

7    *Proposed* Attorneys for Debtors and Debtors in Possession

8    Debtors' Mailing Address
     121 Gray Avenue
9    Santa Barbara, CA 93101

10                     **UNITED STATES BANKRUPTCY COURT**

11                     **CENTRAL DISTRICT OF CALIFORNIA**

12                        **SANTA BARBARA DIVISION**

13

14   In re:                                  Case No.: 9:09-bk-15138-RR

                                             [Jointly Administered with Case Nos.: 9:09-bk-
15   **THE WALKING COMPANY,** a              15137-RR and 9:09-bk-15139-RR]
     Delaware corporation, d/b/a Alan's
16   Shoes, Footworks, Overland Trading      Chapter 11
     Co., Sole Outdoors, and Martini Shoes;
17   f/k/a TWC Acquisition Corporation;      **NOTICE OF BAR DATES FOR FILING
     **BIG DOG USA, INC.,** a California      PROOFS OF CLAIM OR INTERESTS AND
18   corporation, d/b/a Big Dog Sportswear;  REQUESTS FOR PAYMENT OF
     f/k/a Fortune Dogs, Inc.; and **THE      ADMINISTRATIVE EXPENSE**
19   WALKING COMPANY
     HOLDINGS, INC.,** a Delaware
20   corporation, f/k/a Big Dog Holdings,
     Inc. and 190th Shelf Corporation,
21
22                          Debtors.

23   [X]  Affects all Debtors

24   [ ]  Applies only to The Walking
          Company
25
     [ ]  Applies only to Big Dog USA, Inc.
26
     [ ]  Applies only to The Walking
27        Company Holdings, Inc.

28

**TO ALL CREDITORS, INTEREST HOLDERS; AND PERSONS AND OTHER ENTITIES REQUESTING SPECIAL NOTICE:**

The Bankruptcy Court has set a deadline of **March 3, 2010** for creditors and equity interest holders in the above-referenced cases to file proofs of claim or interests in the debtors' estates and for creditors claiming administrative expense claims pursuant to 11 U.S.C. § 503(b)(9)[1] to file a request for payment of administrative expense (the "**General Bar Date**").

The exceptions to this deadline for filing proofs of claim or interest are: (1) claims arising from rejection of executory contracts or unexpired leases; (2) claims of governmental units; and (3) claims arising as the result of transfer avoidance pursuant to chapter 5 of the Bankruptcy Code.

Certain specified types of claims may have to be filed by dates other than the General Bar Date, as follows:

      a.    For claims arising from the rejection of executory contracts or unexpired leases pursuant to 11 U.S.C. § 365, the last day to file a proof of claim will be the later of (a) 30 days after the date of entry of the order authorizing the rejection, or (b) March 3, 2010 (the "**Rejection Bar Date**");

      b.    For claims arising from the avoidance of a transfer under chapter 5 of the Bankruptcy Code, the last day to file a proof of claim will be the later of (a) 30 days after the entry of judgment avoiding the transfer or (b) March 3, 2010 (the "**Avoided Transfer Bar Date**");

      c.    For claims of "Governmental Units" as that term is defined under 11 U.S.C. § 101(27) that arose before the Petition Date, the last day to file a proof of claim will be 180 days after the date of the order for relief in these cases (the "**Governmental Unit Bar Date**").

---

[1] Section 503(b)(9) of the Bankruptcy Code grants administrative expense status to claims based upon the "value of any goods received by the debtor within 20 days before the date of commencement of a case under [title 11 of the United States Code] in which the goods have been sold to the debtor in the ordinary course of such debtor's business."

1          d.      For claims arising under 11 U.S.C. § 502(i) with respect to the assessment

2 of certain taxes, the entity asserting the claim may timely file a proof of claim on or before: (a)

3 the first business day that is 30 calendar days after such tax claim arose under 11 U.S.C. § 502(i),

4 or (b) March 3, 2010, whichever is later; (the "**502(i) Bar Date**");

5          e.      To the extent a schedule amendment reduces the liquidated amount of a

6 scheduled claim or reclassifies a claim that was scheduled as an undisputed, liquidated, and non-

7 contingent claim as disputed, unliquidated, and/or contingent, then – solely with respect to that

8 claim – the affected claimant may timely file a proof of claim on or before the later of the

9 following dates: (a) the first business day that is 30 calendar days after the mailing of the notice

10 of the schedule amendment, or (b) March 3, 2010 (the "**Schedule Amendment Bar Date**"; and

11          f.      For claims by co-debtors (such as a guarantor, surety, indorser, or other co-

12 debtor) that is authorized to file a claim under Bankruptcy Code section 501(b) and Federal Rule

13 of Bankruptcy Procedure 3005, or for claims by the Debtors on behalf of creditors who have

14 failed to file proofs of claim on their own behalf, as authorized by Bankruptcy Code section

15 501(c), the last day to file a proof of claim is the first business day that is 30 days after the

16 General Bar Date (the "**Co-Debtor/501(c) Bar Date**").

17        If you are listed on the Schedules of Assets and Liabilities (the "Schedules") of the

18 Debtors <u>and</u> your claim or interest is not scheduled as disputed, contingent, unliquidated or

19 unknown, your claim or interest is deemed filed in the amount set forth in the Schedules, and the

20 filing of a proof of claim or interest is unnecessary if you agree that the amount scheduled is

21 correct and that the category in which your claim or interest is scheduled (secured, unsecured,

22 priority, *etc.*) is correct. *See* 11 U.S.C. § 1111(a).

23        If your claim or interest is not listed on the Schedules <u>or</u> is scheduled as disputed,

24 contingent, unliquidated or unknown, <u>or</u> you disagree with the amount or description scheduled

25 for your claim or interest, you must file a proof of claim or interest on or before the above bar

26 date. Those holding claims or interests scheduled as disputed, contingent, unliquidated, or

27 unknown will no longer be considered creditors after the bar date if no timely proof of claim is

28 filed and therefore will not receive any further notices regarding these bankruptcy cases.

LA/229450.1

1  was not reasonably ascertainable before the applicable Bar Date.  Nothing herein is intended to

2  preclude a creditor from seeking leave of the Court to amend its claim for cause shown.

3      If you transfer a timely filed claim in accordance with Bankruptcy Rule 3001(e), you must

4  file with the Clerk of the Court an original and one copy of a *Notice of Transfer of Claim*.  The

5  *Notice of Transfer of Claim* should: (1) be signed by both you and the transferee; (2) set forth the

6  current address for both you and the transferee; and (3) be accompanied by a copy of the proof of

7  claim being transferred, as well as documentation evidencing the existence of an agreement to

8  transfer the claim.

9      Any question regarding this notice should be directed to the Claims and Noticing Agent

10  by e-mail at TWCinfo@kccllc.com or by telephone at 866-967-0499) or to Debtors' counsel

11  identified in the upper left-hand corner of the first page hereof, attention M. Douglas Flahaut by

12  e-mail at flahaut.douglas@arentfox.com or by telephone at (213) 629-7400 or fax at (213) 629-

13  7401.

14  Mailing Date: January 15, 2010          **ARENT FOX LLP**

15                                          By: _____

16                                              Mette H. Kurth
                                                Andy S. Kong
                                                Douglas Flahaut
17                                              *Proposed* Attorneys for the
                                                Debtors and Debtors in Possession

18

19

20

21

22

23

24

25

26

27

28

LA/229450.1                                                                          17

1    **Failure of a creditor or interest holder to file timely a proof of claim or interest on or**

2    **before the applicable deadline may result in disallowance of the claim or interest or**

3    **subordination under the terms of a plan of reorganization without further notice or**

4    **hearing.   11 U.S.C. § 502(b)(9).   Creditors and interest holders may wish to consult an**

5    **attorney to protect their rights.**

6        The Debtors' Schedules and/or the Bar Date Order may be examined and inspected by

7    interested parties during regular business hours at the office of the Clerk of the Bankruptcy Court,

8    1415 State Street, Santa Barbara, California or viewed at www.kccllc.net/TheWalkingCompany.

9    Creditors who wish to rely on the Schedules have the responsibility for determining that their

10   claims are accurately listed therein.

11       Claims must be filed so as to be received on or before the General Bar Date (*e.g.*, March

12   3, 2010), the Governmental Units Bar Date, the Rejection Claims Bar Date, or the Avoided

13   Transfer Bar Date, as applicable, by filing the Proof of Claim form with:

14                       **United States Bankruptcy Court**
                         **Central District of California**
15                       **Clerk of the Court**
                         **1415 State Street**
16                       **Santa Barbara, CA 93101**

17       Proofs of Claim should be mailed to the above address for the Clerk of the Court and

18   Proofs of Claim that are emailed or sent by facsimile or telecopy to the Clerk of the Court will not

19   be accepted.

20       This notice may have been sent inadvertently to persons and other entities (including

21   governmental units) that may not actually have a claim against or interest in the Debtors.  The

22   fact that you have received this notice does not mean that you have a claim against or interest in

23   the Debtors, or that the Debtors or the Bankruptcy Court concedes that you have a claim against

24   or interest in the Debtors.

25       Absent the Debtors' consent, or further Order of this Court, after the Bar Dates,

26   amendments to timely filed claims will be allowed only to the extent the amended claim is based

27   on the same facts and circumstances as a timely filed claim, and then only if the amended claim

28

LA/229450.1

# EXHIBIT "2"

B 10 (Custom Form 10) (04/09)

| UNITED STATES BANKRUPTCY COURT | CENTRAL DISTRICT OF CALIFORNIA | PROOF OF CLAIM |
|---|---|---|

Indicate the Debtor against which you assert a claim by checking the appropriate box below. (**Check only one Debtor per claim form.**)
☐ Big Dog USA, Inc. (Case No. 08-15137)   ☐ The Walking Company– (Case No. 09-15138)   ☐ The Walking Company Holdings, Inc. (Case No. 09-15139)

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| | |
|---|---|
| Name of Creditor (the person or other entity to whom the debtor owes money or property): | ☐ Check this box to indicate that this claim amends a previously filed claim. |
| Name and address where notices should be sent: | **Court Claim Number:**_____ <br> *(if known)* <br><br> Filed on:_____ |
| Telephone No. | |
| Name and address where payment should be sent (if different from above): | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. |
| | ☐ Check this box if you are the debtor or trustee in this case. |
| Telephone No. | |

| | |
|---|---|
| **1.** Amount of Claim as of Date Case Filed:      $_____ | **5.** **Amount of claim Entitled to Priority under 11 U.S.C. § 507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.** |
| If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4. | |
| If all or part of your claim is entitled to priority, complete item 5. | Specify the priority of the claim. |
| ☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or charges | ☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). |
| **2.** **Basis for Claim:** _____ <br> (See instruction #3a on reverse side.) | ☐ Wages, salaries, or commission (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, which ever is earlier -- 11 U.S.C. § 507(a)(4). |
| **3.** **Last four digits of any number by which creditor identifies debtor:** _____ | |
|    **3a.** Debtor may have scheduled account as: _____ <br>      (See instruction #3a on reverse side.) <br>    **3b.** Creditor Tax ID # | ☐ Contributions to an employee benefit plan -- 11 U.S.C. § 507(a)(5). |
| **4.** **Secured Claim** (See instruction #4 on reverse side.) <br> Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information. | ☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use -- 11 U.S.C. § 507(a)(7). |
| **Nature of property or right of setoff:** ☐ Real Estate ☐ Motor Vehicle ☐ Other <br> Describe: | ☐ Taxes or penalties owed to governmental units -- 11 U.S.C. § 507(a)(8). |
| **Value of Property:** $_____ **Annual Interest Rate:** _____% | ☐ Other -- Specify applicable paragraph of 11 U.S.C. § 507(a)(___). |
| **Amount of arrearage and other charges as of time case filed included in secured claim,** <br> if any: $_____ **Basis for Perfection:** _____ | **Amount entitled to priority:** <br> $_____ |
| **Amount of Secured Claim:** $_____ **Amount Unsecured:** $_____ | *Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with response to cases commenced on or after the date of adjustment.* |

| |
|---|
|    **6.**   **Section 503(b)(9) Claim Amount:** _____ <br> ☐ Check this box if your claim is for the value of goods received by the debtor within 20 days before the date of commencement of the case (11 U.S.C. §503(b)(9)). Include the amount of such claim in the space for "Section 503(b)(9) Claim Amount" above. |
| **7.** **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. |
| **8.** **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See instruction 7 and definition of "redacted" on reverse side.*) |
| DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENT MAY BE DESTROYED AFTER SCANNING. |
| If the documents are not available, please explain: |

| Date: | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. | FOR COURT USE ONLY |
|---|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

B 10 (Official Form 10) (12/08) Cont.

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district where the bankruptcy case was filed (for example, Central District of California), the bankruptcy debtor's name, and the bankruptcy case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is located at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

1. **Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the Bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

2. **Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card.

3. **Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

   **3a. Debtor May Have Scheduled Account As:**
Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

4. **Secured Claim:**
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, below.) State the type and the value of property that secures the claim, attach copies of lien

documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

5. **Amount of Claim Entitled to Priority Under 11 U.S.C. § 507(a) .**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

6. **Section 503(b)(9) Claim.**
Claims entitled to administrative priority under 11 U.S.C. § 503(b)(9) should be asserted on this Proof of Claim form. Each 503(b)(9) claim must include the value of the goods the claimant contends the Debtor received in the period (20) days prior to the Commencement Date. You must also must include or attach documentation identifying the particular invoices for which any such 503(b)(9) Claim is being asserted and any demand to reclaim goods sold to the Debtor under section 546(c) of the Bankruptcy Code. All other administrative claims must be asserted by a separate "request" under 11 U.S.C. § 503(a) and should not be asserted on this Proof of Claim form.

7. **Credits:**
An authorized signature on this proof of claim serves as an acknowledgement that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

8. **Documents:**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary. FRBP 3001(c) and (d). Do not send original documents, as attachments may be destroyed after scanning.

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

_____DEFINITIONS_____

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing.

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101(5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim form is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

**Secured Claim Under 11 U.S.C. § 506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car.

A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. § 507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax-identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

_____INFORMATION_____

**Acknowledgment of Filing a Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim. You may view a list of filed claims in this case by visiting the Claims and Noticing Agent's website: www.kccllc.net/TheWalkingCompany.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

MAIL COMPLETED PROOFS OF CLAIM TO:

United States Bankruptcy Court
Central District of California
Clerk of the Court
1415 State Street
Santa Barbara, CA 93101

| In re:  THE WALKING COMPANY, a Delaware corporation, d/b/a Alan's Shoes, Footworks, Overland Trading Co., Sole Outdoors, and Martini Shoes; f/k/a TWC Acquisition Corporation; BIG DOG USA, INC., a California corporation, d/b/a Big Dog Sportswear; f/k/a Fortune Dogs, Inc.; and THE WALKING COMPANY HOLDINGS, INC., a Delaware corporation, f/k/a Big Dog Holdings, Inc. and 190th Shelf Corporation,                                        Debtor(s). | CHAPTER: 11 |
|---|---|
| | CASE NUMBER: 9:09-bk-15138-RR |
| | [Jointly Administered with Case Nos. 9:09-bk-15137-RR and 9:09-bk-15139-RR] |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: Arent Fox, LLP, 555 West Fifth Street, 48th Floor, Los Angeles, CA  90013-1065.

A true and correct copy of the foregoing document described as <u>NOTICE OF MOTION UNDER LOCAL BANKRUPTCY RULE 9013-1(0) FOR: ENTRY OF AN ORDER (A) ESTABLISHING BAR DATE FOR FILING (I) PROOFS OF CLAIM OR INTEREST AND (II) REQUESTS FOR ALLOWANCE OF SECTION 503(B)(9) ADMINISTRATIVE EXPENSE; (B) APPROVING FORM AND MANNER OF NOTICE OF BAR DATES; AND (C) GRANTING RELATED RELIEF; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ROBERTA J. MORRIS</u> will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **January 15, 2010** checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒  Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On **January 15, 2010** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

**VIA U.S. MAIL**
The Honorable Robin L. Riblet
United States Bankruptcy Court
Northern Division
1415 State Street, Suite 103
Santa Barbara, California  93101-2511

☒  Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| January 15, 2010 | Simona Filip | /s/ Simona Filip |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

| In re: THE WALKING COMPANY, a Delaware corporation, d/b/a Alan's Shoes, Footworks, Overland Trading Co., Sole Outdoors, and Martini Shoes; f/k/a TWC Acquisition Corporation; BIG DOG USA, INC., a California corporation, d/b/a Big Dog Sportswear; f/k/a Fortune Dogs, Inc.; and THE WALKING COMPANY HOLDINGS, INC., a Delaware corporation, f/k/a Big Dog Holdings, Inc. and 190th Shelf Corporation,<br><br>Debtor(s). | CHAPTER: 11<br><br>CASE NUMBER: 9:09-bk-15138-RR<br>[Jointly Administered with Case Nos. 9:09-bk-15137-RR and 9:09-bk-15139-RR] |
|---|---|

## I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")

- Craig H Averch    caverch@whitecase.com
- Lawrence Bass    lbass@faegre.com
- Shirley Cho    scho@pszjlaw.com
- Emily R Culler    eculler@omm.com
- Lawrence A Diamant    kfinn@rdwlawcorp.com
- Denise Diaz    Denise.Diaz@rmsna.com
- Brian D Fittipaldi    brian.fittipaldi@usdoj.gov
- Brian D Huben    brian.huben@kattenlaw.com,
  carole.levine@kattenlaw.com;donna.carolo@kattenlaw.com;laura.nefsky@kattenlaw.com
- William W Huckins    whuckins@allenmatkins.com, clynch@allenmatkins.com
- Steven G Polard    spolard@perkinscoie.com
- David L Pollack    pollack@ballardspahr.com
- Hamid R Rafatjoo    hrafatjoo@pszjlaw.com, hrafatjoo@pszjlaw.com
- Howard Steinberg    hsteinberg@irell.com, awsmith@irell.com
- Wayne R Terry    wterry@hemar-rousso.com
- Ronald M Tucker    rtucker@simon.com,
  psummers@simon.com;rwoodruff@simon.com;shclark@simon.com
- United States Trustee (ND)    ustpregion16.nd.ecf@usdoj.gov
- Kimberly S Winick    kwinick@clarktrev.com
- Rebecca J Winthrop    winthropr@ballardspahr.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                    **F 9013-3.1**

| In re:  THE WALKING COMPANY, a Delaware corporation, d/b/a Alan's Shoes, Footworks, Overland Trading Co., Sole Outdoors, and Martini Shoes; f/k/a TWC Acquisition Corporation; BIG DOG USA, INC., a California corporation, d/b/a Big Dog Sportswear; f/k/a Fortune Dogs, Inc.; and THE WALKING COMPANY HOLDINGS, INC., a Delaware corporation, f/k/a Big Dog Holdings, Inc. and 190th Shelf Corporation, | CHAPTER: 11 |
|---|---|
| | CASE NUMBER: 9:09-bk-15138-RR |
| | [Jointly Administered with Case Nos. 9:09-bk-15137-RR and 9:09-bk-15139-RR] |
| Debtor(s). | |

## II.  **SERVED BY U.S. MAIL:**

Dennis Strayhan
Office of the United States Trustee
21051 Warner Center Lane, Suite 115
Woodland Hills, CA 91367

Brian Fittipaldi
Office of the United States Trustee
128 E. Carrillo Street
Santa Barbara, CA 93101

Jennifer Cann – Vice President / Account Executive
Joseph Burt – Vice President
Wells Fargo Retail Finance
One Boston Place, 18th Floor
Boston, MA 02108

Steven B. Levine, Esq.
Brown Rudnick, LLP
One Financial Center
Boston, MA 02111

Christopher Carolan, Esq.
Brown Rudnick, LLP
7 Times Square
New York, NY 10036

Wayne R. Terry, Esq.
Hemar, Rousso & Heald LLP
15910 Ventura Blvd., 12th Floor
Encino, CA 91436

Howard Steinberg, Esq.
Jeff Sklar
Irell & Manella LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067

Ivan M. Gold
Allen Matkins LLP
Three Embarcadero Center, 12th Flr.
San Francisco, CA 94111

Anthony Wall
760 Arcady
Santa Barbara, CA 93108

Bear Stearns Securities Corp Custodian
Robert Schnell IRA
10291 Century Woods Dr
Los Angeles, CA  90067

Cotsen Family Foundation
C/O Kayne Anderson Capital
1800 Ave of the Stars Fl. 2
Los Angeles, CA 90067

David Wolf
1956 East Valley Rd.
Santa Barbara, CA 93108

Doug Nilsen
2225 St. James Drive
Santa Barbara, CA 93105

Gary Lieberthal, Trustee
Lieberthal Trust 3/23/99
991 Bel Air Road
Bel Air, CA 90077-3009

J Reims & Ka Reims, Ttees
Reims Family Trst 11/22/91
241 South Camden Drive
Beverly Hills, CA 90212

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                      F 9013-3.1

In re: THE WALKING COMPANY, a Delaware corporation, d/b/a Alan's Shoes, Footworks, Overland Trading Co., Sole Outdoors, and Martini Shoes; f/k/a TWC Acquisition Corporation; BIG DOG USA, INC., a California corporation, d/b/a Big Dog Sportswear; f/k/a Fortune Dogs, Inc.; and THE WALKING COMPANY HOLDINGS, INC., a Delaware corporation, f/k/a Big Dog Holdings, Inc. and 190th Shelf Corporation,

Debtor(s).

CHAPTER: 11

CASE NUMBER: 9:09-bk-15138-RR
[Jointly Administered with Case Nos. 9:09-bk-15137-RR and 9:09-bk-15139-RR]

Kayne Anderson Capital
Income Partners (QP) LP
1800 Ave of the Stars Fl2
Los Angeles, CA 90067

Lee Cox
6726 Breakers Way
Ventura, CA 93001

Michael Grenley
24931 Marbella Court
Calabasas, CA 91302

Dumac LLC
Justin Nixon
406 Blackwell St Ste 300
Durham NC 27701-3984

RBC Dain Rauscher Cust
For C. Eric Warden Sep IRA
510 Marquette Ave
Minneapolis, MN 55402-1106

Richard & Suzanne Kayne
Living Trust dtd 1/14/09
1800 Ave of Stars 2nd Fl
Los Angeles, CA 90067

Robert P. Abate, Trustee
Robert P. Abate Rev Trust
Box 541
Elgin, IL 60123
Bobert Schnell Ira
C/O Kayne Anderson Capital
1800 Ave of the Stars Fl2
Los Angeles, CA 90067

Roberta Morris
1428 San Miguel Ave
Santa Barbara, CA 93108

Susie Minier
5694 Via Salerno
Goleta, CA 93117

The Kayne Foundation
C/O Kayne Anderson Capital
1800 Ave of the Stars Fl2
Los Angeles, CA 90067

Amfit, Inc.
5408 NE 88th Street, Suite D-406
Vancouver, WA 98665

Board of Equalization
PO Box 942879
Sacramento, CA 94279-0001

Kayne Anderson Capital Income partners (QP), LP
c/o Kayne Anderson Capital Advisors, LP
1800 Avenue of the Stars, Second Floor
Los Angeles, CA 90067

Bear Stearns Securities Corp. Custodian
Robert Schnell IRA
10291 Century Woods Dr.
Los Angeles, CA 90067

Blackwell Partners, LLC
406 Blackwell Street, Suite 300
Durham, NC 27701

Robert P. Abate Rev Trust UA 8-29-95,
Robert P. Abate Trustee
P.O. Box 541N
Elgin, IL 60123

RBC Dain Raucher Cust. For Eric Warden SEP IRA
510 Marquette Avenue
Minneapolis, MN 55402

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

F 9013-3.1

In re: THE WALKING COMPANY, a Delaware corporation, d/b/a Alan's Shoes, Footworks, Overland Trading Co., Sole Outdoors, and Martini Shoes; f/k/a TWC Acquisition Corporation; BIG DOG USA, INC., a California corporation, d/b/a Big Dog Sportswear; f/k/a Fortune Dogs, Inc.; and THE WALKING COMPANY HOLDINGS, INC., a Delaware corporation, f/k/a Big Dog Holdings, Inc. and 190th Shelf Corporation,

Debtor(s).

CHAPTER: 11

CASE NUMBER: 9:09-bk-15138-RR
[Jointly Administered with Case Nos. 9:09-bk-15137-RR and 9:09-bk-15139-RR]

Wells Fargo Retail Finance, LLC
2450 Colorado Avenue, Suite 3000W
Santa Monica, CA 90404

Wells Fargo Financial Leasing, Inc.
800 Walnut Street
Des Moines, IA 50309

CIT Technology Financing Services, Inc.
10201 Centurian Parkway North Suite 100
Jacksonville, FL 32256

Internal Revenue Service
P.O. Box 21126
Philadelphia, PA 19114

Robert K Edmunds
Buchanan Ingersoll & Rooney LLP
600 W Broadway Ste 1100
San Diego, CA 92101

Preit Services, LLC
Klehr Harrison Harvey Branzburg LLP
Jeffrey Kurtzman, Esq
1835 Market St, Ste 1400
Philadelphia, PA 19103

Primeshares
261 Fifth Avenue 22nd Flr
New York, NY 10016

Kevin M. Newman
Menter Rudin & Trivelpiece, PC
308 Maltbie Street, Suite 200
Syracuse, NY 13204

Maureen Bass
Buchanan Ingersoll & Rooney LLP
50 Fountain Plz Ste 800
Key Ctr at Fountain Plz
Buffalo, NY 14202

Mark E Felger
Cozen OConnor
1201 N. Market St Ste 1400
Wilmington, DE 19801

Neal D Colton
Cozen OConnor
1900 Market St
Philadelphia, PA 19103

Taubman Landlords
Andrew S Conway
200 East Long Lake Rd Ste 300
Bloomfield Hills, MI 48304

Linda Boyle
TW Telecom Inc.
10475 Park Meadows Dr No 400
Littleton, CO 80124

Craig Averch
White & Case LLP
633 West Fifth St Ste 1900
Los Angeles, CA 90071-2007

Eastview Mall, LLC
Thomas W. Daniels
1265 Scottsville Road
Rochester, NY 14624

The Shops at Wailea, LP
Christopher J. Muzzi
Moseley Biehl Tsugawa Lau & Muzzi LLLC
Alakea Corporation Tower
1100 Alakea St., 23rd Flr.
Honolulu, HI 96813

Trustees of the Estate of Bernice Pauahi Bishop
Susan Tius
Rush Moore LLP
737 Bishop St., Ste. 2400
Honolulu, HI 96813

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

F 9013-3.1

In re: THE WALKING COMPANY, a Delaware corporation, d/b/a Alan's Shoes, Footworks, Overland Trading Co., Sole Outdoors, and Martini Shoes; f/k/a TWC Acquisition Corporation; BIG DOG USA, INC., a California corporation, d/b/a Big Dog Sportswear; f/k/a Fortune Dogs, Inc.; and THE WALKING COMPANY HOLDINGS, INC., a Delaware corporation, f/k/a Big Dog Holdings, Inc. and 190th Shelf Corporation,

Debtor(s).

CHAPTER: 11

CASE NUMBER: 9:09-bk-15138-RR
[Jointly Administered with Case Nos. 9:09-bk-15137-RR and 9:09-bk-15139-RR]

Bellevue Square LLC
John S. Kaplan
Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101

City of Grapevine, Grapevine-Colleyville ISD
City of Hurst, Arlington Independent School District
c/o Elizabeth Banda
Perdue, Brandon, Fielder, Collins & Mott LLP
P.O. Box 13430
Arlington, TX 76094-0430

Lawrence Bass
Faegre & Benson LLP
3200 Wells Fargo Center
1700 Lincoln Street
Denver, CO 80203

UCC Lien Holder
Brightleaf Partners LP
c/o Brightleaf Capital LLC
324 Blackwell St Ste 520
Durham, NC 27701

UCC Lien Holder/Bonholder
Dumac LLC
406 Blackwell St., Ste 300
Durham, NC 27001-3984

UCC Lien Holder
The Huntington National Bank
Attn Edward J. Kitchen VP
650 Smithfield St., Ste. 1000
Centre City Tower
Pittsburgh, PA 15222

UCC Lien Holder
Varilease Finance Inc.
6340 South 3000 East, Ste. 250
Salt Lake City, UT 84121

Counsel for Missouri Department of Revenue
Richard M. Maseles
Missouri Department of Revenue
General Counsel's Office
301 W. High Street, Room 670
PO Box 475
Jefferson City, MO 65105

Patrick E. Mears
Barnes & Thornburg LLP
171 Monroe Avenue, NW, Suite 1000
Grand Rapids, Michigan 49503

Lawrence A. Diamant, Esq.
Levene, Neale, Bender, Rankin & Brill, LLP
10250 Constellation Boulevard, Suite 1700
Los Angeles, CA 90067

BDO Seidman, LLP
3200 Bristol Street, 5th Fl.
Costa Mesa, CA 92626

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                    F 9013-3.1