| | |
|---|---|
| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number<br><br>Mette H. Kurth (SBN 187100)<br>Andy S. Kong (SBN 243933)<br>M. Douglas Flahaut (SBN 245558)<br>ARENT FOX LLP<br>555 West Fifth Street, 48th Floor<br>Los Angeles, CA  90013-1065<br>Telephone: 213.629.7400<br>Facsimile: 213.629.7401<br><br>*Attorney for* Proposed Attorneys for Debtors and Debtors in Possession | FOR COURT USE ONLY |

|  |  |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA** | |
| In re:<br><br>THE WALKING COMPANY, a Delaware corporation, d/b/a Alan's Shoes, Footworks, Overland Trading Co., Sole Outdoors, and Martini Shoes; f/k/a TWC Acquisition Corporation; BIG DOG USA, INC., a California corporation, d/b/a Big Dog Sportswear; f/k/a Fortune Dogs, Inc.; and THE WALKING COMPANY HOLDINGS, INC., a Delaware corporation, f/k/a Big Dog Holdings, Inc. and 190th Shelf Corporation,<br><br>Debtor. | CHAPTER  11<br><br>CASE NUMBER  9:09-bk-15138-RR<br><br><br>(No Hearing Required) |

## NOTICE OF MOTION UNDER LOCAL BANKRUPTCY RULE 9013-1(o) FOR:

> MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTORS TO AMEND CERTAIN LEASE AGREEMENTS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ANTHONY J. WALL

1.  TO *(specify name):*    THE HONORABLE ROBIN L. RIBLET, UNITED STATES BANKRUPTCY JUDGE
    AND ALL INTERESTED PARTIES.

2.  NOTICE IS HEREBY GIVEN that Movant in the above-captioned matter will move this Court for an Order granting the relief sought as set forth in the Motion filed by Movant, a brief description of which is contained in the Description of Relief Sought attached hereto and served and filed herewith.  Said Motion is based upon the grounds set forth in the said Motion and accompanying Description of Relief Sought.  Said Motion is made pursuant to Local Bankruptcy Rule 9013-1(o), which provides for granting of motions without a hearing.  (Check appropriate box below):

    ☒    The full Motion is attached hereto.

    ☐    The full Motion has been filed with the Bankruptcy Court and a detailed description of the relief sought is attached hereto.

3.  **Deadline for Opposition Papers and Request for a Hearing**: Pursuant to Local Bankruptcy Rule 9013-1(o), any party objecting to the accompanying Motion may file and serve a written objection and request a hearing of this Motion.  If you fail to file a written response within 14 days of the date of service of this Notice, the Court may treat such failure as a waiver of your right to oppose this Motion and may grant the requested relief.

Dated: 2/3/10

ARENT FOX LLP
*Law Firm Name*

By: */s/ Mette H. Kurth*

Date Notice Mailed: 2/3/10

Name: METTE H. KURTH
*Attorney for Movant*

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2009*

**F 9013-1.2**

# ATTACHMENT
# MOTION

1   Mette H. Kurth (SBN 187100)
    Andy S. Kong (SBN 243933)
2   M. Douglas Flahaut (SBN 245558)
    **ARENT FOX LLP**
3   555 West Fifth Street, 48th Floor
    Los Angeles, CA 90013-1065
4   Telephone:   213.629.7400
    Facsimile:   213.629.7401
5   E-mail:      kurth.mette@arentfox.com
                 kong.andy@arentfox.com
6                flahaut.douglas@arentfox.com

7   *Proposed* Attorneys for Debtors and Debtors in Possession

8   Debtors' Mailing Address
    121 Gray Avenue
9   Santa Barbara, CA 93101

10              **UNITED STATES BANKRUPTCY COURT**

11              **CENTRAL DISTRICT OF CALIFORNIA**

12              **SANTA BARBARA DIVISION**

13   In re:                              Case No.: 9:09-bk-15138-RR

14   **THE WALKING COMPANY**, a          [Jointly Administered with Case Nos.: 9:09-bk-
     Delaware corporation, d/b/a Alan's Shoes,   15137-RR; 9:09-bk-15139-RR]
15   Footworks, Overland Trading Co., Sole
     Outdoors, and Martini Shoes; f/k/a TWC   [Chapter 11]
16   Acquisition Corporation; **BIG DOG USA,**
     **INC.**, a California corporation, d/b/a Big
17   Dog Sportswear; f/k/a Fortune Dogs, Inc.;
     and **THE WALKING COMPANY**           **MOTION FOR ENTRY OF AN ORDER**
18   **HOLDINGS, INC.**, a Delaware        **AUTHORIZING THE DEBTORS TO**
     corporation, f/k/a Big Dog Holdings, Inc.   **AMEND CERTAIN LEASE**
19   and 190th Shelf Corporation,         **AGREEMENTS; MEMORANDUM OF**
                                          **POINTS AND AUTHORITIES;**
20                        Debtors.        **DECLARATION OF ANTHONY J.**
                                          **WALL**
21   [X]  Affects all Debtors

22   [ ]  Applies only to The Walking     DATE:    TBD
          Company
23                                        TIME:    TBD
24   [ ]  Applies only to Big Dog USA, Inc.   PLACE:   1415 State Street
                                                      Santa Barbara, CA 93101
25   [ ]  Applies only to The Walking
          Company Holdings, Inc.

26

27

28

1　TO THE HONORABLE ROBIN L. RIBLET, UNITED STATES
2　BANKRUPTCY JUDGE; THE OFFICE OF THE UNITED STATES TRUSTEE;
3　THE LANDLORDS AFFECTED BY THIS MOTION; THE DEBTORS' SECURED
4　CREDITORS; COUNSEL FOR THE CREDITORS COMMITTEE; AND ALL
5　PARTIES ENTITLED TO SPECIAL NOTICE:

6　　The Walking Company ("TWC") and its debtor affiliates, The Walking Company
7　Holdings, Inc. and Big Dog USA, Inc. ("Big Dog," and collectively, the "Debtors"),
8　hereby move the Court for entry of an order pursuant to Bankruptcy Code section 363(b)
9　authorizing the Debtors to amend certain expiring non-residential real property leases
10　listed on Exhibit 1 hereto[1] (each an "Expiring Lease," and collectively, the "Expiring
11　Leases").

12　　As set forth in the *Emergency Motion for Order (1) Authorizing the Debtors to*
13　*Conduct Store Closing Sales; (2) Establishing Procedures for the Rejection of Non-*
14　*Residential Real Property Leases; and (3) Authorizing the Immediate Rejection of Certain*
15　*Nonresidential Real Property Leases* (the "Initial Store Closing Motion") [Docket No. 3],
16　the Debtors commenced these chapter 11 cases principally to pursue a "right sizing"
17　strategy that will enable them to reorganize around their profitable stores.    To that end,
18　over the last month, the Debtors have been engaged in extensive negotiations regarding
19　their portfolio of commercial real estate leases.

20　　The Debtors are party to the Expiring Leases, the terms of which have either
21　expired within the last month or are set to expire shortly hereafter.  Subject to this Court's
22　approval, the Debtors and the landlords under the Expiring Leases (the "Landlords") have
23　agreed to amend the Expiring Leases to, among other things, extend the terms of the
24　Expiring Leases and modify the monthly payments due under the Expiring Leases
25　pursuant to certain lease amendments (the "Lease Amendments").

26　　The Debtors believe that the Lease Amendments are supported by valid business

27

28

[1]　A summary of the terms of the Expiring Leases and the Lease Amendments is included on Exhibit 1 annexed hereto.

1    justification, are proposed in good faith, and are in the best interest of the Debtors' estates.

2    The Debtors' monthly lease payment obligations pursuant to the Lease Amendments will

3    be calculated based on a percentage of the Debtors' Gross Sales (as such term is defined

4    in the applicable Expiring Lease) at the Expiring Lease locations (the "Gross Rental").

5    While the percentage of Gross Sales due to the Landlord varies among Lease

6    Amendments, the Gross Rental will be substantially lower than the payments currently

7    made under the Expiring Leases.   The rent reduction and the amended percentage rent

8    structure are valid business justifications for the Lease Amendments and in the best

9    interest of the Debtors' estates.   Moreover, the Lease Amendments have been negotiated

10    in good faith "arms-length" transactions between the Landlords and the Debtors.

11        The Debtors believe that amending the Expiring Leases in the manner outlined

12    herein is within the ordinary course of their business, but they are filing this Motion out of

13    an abundance of caution.   The Debtors do not presently seek to assume the Expiring

14    Leases, and in fact, the Lease Amendments expressly provide that the Expiring Leases

15    will not be assumed at this time in connection with approval of the Lease Amendments.

16        **WHEREFORE**, the Debtors respectfully request that the Court enter an order: (1)

17    granting the Motion; (2) approving and authorizing the Debtors' entry into the Lease

18    Amendments; (3) authorizing the Debtors to perform under the Lease Amendments; and

19    (4) granting such other and further relief as is necessary and appropriate.

20
21    Dated: February 1, 2010                **ARENT FOX LLP**

22

23                                By: */s/ Mette H. Kurth*
24                                     Mette H. Kurth
                                     *Proposed* Attorneys for the
25                                     Debtors and Debtors in Possession

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### BACKGROUND

**A.    The Debtors' Real Estate Lease Locations**

Headquartered in Santa Barbara, California, the Debtors business consists of two distinct retail operations. The Debtors' operations are largely focused on The Walking Company, which is a leading specialty retailer of authentic comfort footwear. As of December 7, 2009 (the "Petition Date"), The Walking Company operated 210 stores in premium malls across the nation, and it generated approximately 93% of the Debtors' sales in 2009. Big Dog USA, Inc. is a retailer of a lifestyle collection of popular-priced T-shirts, casual sportswear, and accessories featuring the Big Dogs trademark. On a consolidated basis, the Company employs over 1,600 individuals across the country.

As set forth in greater detail in the *Declaration of Andrew D. Feshbach in Support of Emergency "First Day" Motions* [Docket No. 15], the Debtors engaged in a period of significant expansion throughout 2006, 2007, and 2008. Following the deterioration of the economy in the fall of 2008, the Debtors now finds themselves with a significant number of over-market leases and underperforming stores. Accordingly, the Debtors commenced these chapter 11 cases principally to pursue a "right sizing" strategy that will enable them to reorganize around their profitable stores and eliminate those whose continued operation would inhibit a successful reorganization.

**B.    The Debtors' Successful Renegotiation  of Their Real Estate Lease Portfolio**

On the Petition Date, the Debtors were parties to over 210 unexpired leases of non-residential real property, which included 210 retail stores, the Debtors' headquarters, and a distribution center. More specifically, the Debtors' corporate headquarters are located at an approximately 24,000 square foot leased office building in Santa Barbara, California, pursuant to a non-residential real property lease. The Debtors also lease a 17,000 square foot office for the TWC merchandising group in Westlake, California and Holdings leases

1    a 230,000 square foot distribution center in Lincolnton, North Carolina. The Debtors are

2    currently using the facilities in the ordinary course of their business operations. TWC is a

3    party to approximately 207 unexpired leases of non-residential real property relating to

4    TWC stores doing business in 38 states across the country. Big Dog is a party to two

5    unexpired leases of non-residential real property relating to Big Dog stores doing business

6    in California and Florida.

7        To further their "right-sizing" plan, shortly after commencing these chapter 11

8    cases, the Debtors filed a motion seeking authority to close approximately 130 of their

9    stores, all of which were at above-market rents, and establishing streamlined procedures to

10   handle the rejection of their non-residential real property leases. The Court approved the

11   Initial Store Closing Motion in December 2009, and in January 2010 the Debtors filed a

12   motion seeking authority to close approximately 40 additional stores. In the meantime,

13   however, in response to certain landlords' expressed desire to keep stores open, the

14   Debtors began reaching out to the landlords to explore the possibility of renegotiating

15   existing leases at market rents. Further, the Official Committee of Unsecured Creditors

16   (the "Committee") conducted its own lease analysis, and the Committee and Debtors are

17   in agreement that the Debtors' estates could benefit from the ability to keep additional

18   stores open at locations with more favorable lease terms.

19       Over the last month, the Debtors have engaged in extensive negotiations with

20   respect to their portfolio of commercial real estate leases. They have now successfully

21   negotiated agreements that provide for the modification of a significant number of their

22   leases, subject to Court approval of these lease modification agreements. While none of

23   the agreements are identical, the changes all follow a general model designed to reduce

24   the Debtors' monthly rent obligations. Based on the significant success that the Debtors

25   have achieved in their lease negotiations, assuming the Debtors' successfully enter into

26   the modified leases, it is the Debtors' intention that substantially all of their stores will be

27   retained, and substantially all their executory contracts and unexpired leases will be

28   assumed pursuant to their plan of reorganization (the "Plan").

### C.   The Expiring Leases

The terms of the Expiring Leases have either expired in the last month or are set to expire shortly hereafter.  The Debtors evaluated operations at the Expiring Lease locations (the "Expiring Lease Locations") and determined that each of the Expiring Lease Locations was valuable to the Debtors' operations.  Accordingly, over the last month, the Debtors engaged in negotiations with the Landlords about the possibility of extending the Expiring Leases based on modified and more favorable rent terms.  After several weeks of negotiations between the various parties, the Debtors and Landlords agreed to extend the lease terms and restructure the Debtors' lease payment obligations to a full percentage rent basis pursuant to the Lease Amendments.   Negotiations of the Lease Amendments were conducted in good faith.  The terms are clearly beneficial to both parties as the Landlords will retain anchor tenants during the depressed retail leasing market and the Debtors are not being financially strained by fixed rent obligations that are unsupported by operations at the Expiring Lease Locations.

### D.   Terms of the Lease Amendments

The following is a summary of the salient provisions on the Lease Amendments:

*Term:* The term of the Existing Leases will be extended for a period of two years (the "Extended Term").  The applicable effective date and specific dates for the Extended Term have been included on Exhibit 1 hereto.

*Reduced Rent:* During the Extended Term, the Debtors will pay, in lieu of the current rent, a percentage of Gross Sales (as such term is defined in the applicable Expiring Lease) at the Expiring Lease Location (the "Gross Rental").  The Debtors will deliver to the Landlords a statement of each month's sales within the timeframe outlined in the applicable Lease Amendment.  During the Extended Term, the Debtors will continue to be obligated to pay for all utilities consumed at the Expiring Lease Locations.  Any credit invoices or refunds due to the Debtors during the Extended Term for whatever reason will be taken as additional consideration by the Landlord.

*Termination Rights:* Both the Debtors and the Landlord have the right, at anytime after the date outlined in the Lease Amendment, to terminate the Expiring Lease upon advanced written notice.

*Payment of Prepetition and Postpetition Arrearages:* As applicable, the Debtors shall satisfy any postpetition administrative rent obligations due to the Landlord (the "Postpetition Arrearage"). Further, in accordance with the terms outlined in the Lease Amendments, the Debtors shall pay a portion of the cure amount prior to September 1, 2010 (the "Prepetition Arrearage"). A complete list of the applicable Postpetition Arrearage amounts and Prepetition Arrearage amounts are listed on Exhibit 1 hereto.

*Indemnification:* In addition to existing indemnification obligations under the Expiring Leases, the Debtors will indemnify the Landlords from any claim asserted alleging violation of consumer protection, unfair competition or similar laws, statutes, or regulations as a result of the Debtors' store closing sales conducted at the Expiring Lease Locations, if any.

*Bankruptcy Court Approval:* The effectiveness of the Lease Amendments are conditioned upon an approval of the Lease Amendments by the Court pursuant to a final order (the "Approval Order").

*No Assumption:* Neither the Lease Amendments, nor any approval by any of the parties, shall constitute an assumption of the Expiring Leases until the Expiring Leases as amended and/or modified by the Lease Amendments have been affirmatively assumed by the Debtors pursuant to Bankruptcy Code section 365.

## II.

## ARGUMENT

Bankruptcy Code section 363 provides that a debtor in possession "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate."[2] In this Circuit, a court should approve a debtor's use of assets outside the

---

[2]   11 U.S.C. § 363(b)(1).

1  ordinary course of business if the debtor can demonstrate a sound business justification

2  for the proposed transaction and that the transaction is proposed in good faith.[3]

3      In *In re 240 North Brand Partners*, the Ninth Circuit Bankruptcy Appellate Panel

4  addressed whether a bankruptcy court erred in denying a debtor's motion to modify a

5  commercial lease pursuant to Bankruptcy Code section 363(b). The debtor, as landlord,

6  sought to modify a lease that was profitable to the estate so that the lessee would be

7  released of its lease obligations in exchange for $180,000. The Bankruptcy Appellate

8  Panel ruled that the legal standards under Bankruptcy Code section 363 that pertain to the

9  sale of estate property outside of the ordinary course of business also apply to proposed

10 lease modifications outside of the ordinary course of business.[4] In upholding the

11 bankruptcy court's denial of the 363(b) motion, the Bankruptcy Appellate Panel found

12 that the debtor (1) did not demonstrate that the lease modifications had a valid business

13 justification because they allowed the lessee to "virtually walk away from a lucrative

14 lease, and (2) failed to show that the modifications had been proposed in good faith."[5]

15      With respect to the good faith element, courts in this District have held that good

16 faith exists where the transaction "is in the best interest of the estate, *i.e.* it is fair and

17 reasonable, that it has been given adequate marketing, that it has been negotiated and

18 proposed in good faith, that the purchaser is proceeding in good faith, and that it is an

19 'arms-length' transaction."[6] In short, "[g]ood faith encompasses fair value, and further

20 speaks to the integrity of the transaction."[7]

21      A.    **The Lease Amendments are Supported by Valid Business Justification**

22      The Lease Amendments are supported by valid business justification. First, based

23 on the current level of sales at the Expiring Lease Locations, the amended percentage rent

24 structure will immediately reduce the Debtors' rent expense and preserve assets for the

25

26  [3]  See, e.g., *240 North Brand Partners v. Colony GFP Partners, L.P. (In re 240 North Brand Partners)*, 200 B.R.
        653, 559 (B.A.P. 9th Cir. 1996).
27  [4]  *Id.*
    [5]  *Id.* at 660.
28  [6]  *In re Wilde Horse Enterprises, Inc.*, 136 B.R. 830, 841 (Bankr. C.D. Cal. 1991).
    [7]  *Id.* at 842; *In re 240 North Brand Partners*, 200 B.R. at 559.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

NYC/461395.2                                                                                9

1   estates.  Second, going forward, the Debtors will not be strained by minimum fixed rent

2   obligations that may be unsupported by sales at the Expiring Lease Locations.  Further, if

3   the economy does not improve and the Debtors cannot operate profitably in the Expiring

4   Lease Locations, the termination mechanism contained in the Lease Amendments will

5   allow the Debtors to simply terminate the Expiring Leases, and the Debtors' operations

6   can be downsized in an orderly fashion without exposing the Company to claims for early

7   termination or rejection damages.

8   **B.    The Lease Amendments are Proposed in Good Faith and Are in the**

9   **Best Interests of the Estates**

10      In addition to valid business justifications supporting the Lease Amendments, the

11  transactions are proposed in good faith and are in the best interest of the estates.  Not only

12  would the entry into these agreements be beneficial to the estates, but the Lease

13  Amendments are favorable to the Landlords as well as they permit the Landlords to retain

14  the Debtors as tenants in their shopping complexes during this difficult retail leasing

15  market.  Moreover, the Lease Amendments were negotiated over the course of several

16  weeks in "arms-length" transactions without any collusion between the parties.  Overall,

17  the transaction is fair and reasonable and in the best interest of the estates.

18                              **III.**

19                          **CONCLUSION**

20      For the reasons set forth herein, and based on the Motion, the notice of the Motion,

21  this Memorandum of Points and Authorities, the record in these cases, the Declaration of

22  Anthony J. Wall, the arguments of counsel at any hearing on this Motion, and other

23  admissible evidence properly brought before the Court at or before the hearing on this

24  Motion, there are good and sufficient grounds for this Court to enter an Order:

25  / / /

26  / / /

27  / / /

28  / / /

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES       NYC/461395.2                                                    10

1   (1) granting the Motion; (2) approving and authorizing the Debtors' entry into the Lease

2   Amendments; (3) authorizing the Debtors to perform under the Lease Amendments; and

3   (4) granting such other and further relief as it deems necessary and appropriate.

4

5   Dated: February 1, 2010           **ARENT FOX LLP**

6

7                          By: */s/ Mette H. Kurth*

8                            Mette H. Kurth
                            *Proposed* Attorneys for the

9                            Debtors and Debtors in Possession

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

NYC/461395.2

## DECLARATON OF ANTHONY J. WALL

I, Anthony J. Wall, declare as follows:

1.     I am over 18 years of age.  If called as a witness, I could and would competently testify with respect to the matters set forth in this declaration from my own personal knowledge or from knowledge gathered from others within the debtors' organization, my review of relevant documents, or my opinion based upon my experience concerning the debtors' operations.

2.     I am the Executive Vice President and General Counsel of The Walking Company Holdings, Inc., f/k/a Big Dog Holdings, Inc., and its two wholly owned subsidiaries, The Walking Company and Big Dog USA, Inc.  In this capacity, I am generally familiar with the legal, business, and financial affairs of the Debtors.  I submit this declaration in support of the Debtors' *Motion for Entry of an Order Authorizing the Debtors to Amend Certain Lease Agreements* (the "Motion").[8]

3.     I have reviewed the Motion and believe that the factual contentions therein are true and correct.  Further, I have reviewed the Lease Amendments and I believe that the Lease Amendments are supported by valid business justifications.  First, based on the current level of sales at the Expiring Lease Locations, the amended percentage rent structure will immediately reduce the Debtors' rent expense and preserve assets for the estates.  Second, going forward, the Debtors will not be strained by minimum fixed rent obligations that may be unsupported by sales at the Expiring Lease Locations.  Thus, the percentage rent structure assures the Debtors and Landlords that the Debtors can meet their payment obligations under the Expiring Leases and allows both parties to share greater proceeds if and when the sales at the stores improve.  Further, if the economy does not improve and the Debtors cannot operate profitably in the Expiring Lease Locations, the termination mechanism contained in the Lease Amendments will allow the Debtors to simply terminate the Expiring Leases and the Debtors' operations can be downsized in an

---

[8] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

NYC/461395.2

1    orderly fashion without exposing the Company to claims for early termination or rejection

2    damages.

3         4.    In addition to valid business justifications supporting the Lease

4    Amendments, I believe the transaction is proposed in good faith and is in the best interest

5    of the estates.  Both the Landlords and the Debtors would receive fair value because the

6    Landlords would retain an anchor tenant during a difficult retail leasing market and the

7    Debtors would benefit from an amended rent structure that is supported by current sales

8    levels at the Expiring Lease Location.  Moreover, the Lease Amendments were negotiated

9    over the course of several weeks in "arms-length" transactions without any collusion

10    between the parties.

11         5.    Overall, I believe the transactions are fair and reasonable and in the best

12    interest of the estates.

13         I declare under penalty of perjury under the laws of the United States of America

14    that the foregoing is true and correct.

15         Executed this 1st day of February, 2009, at Santa Barbara, California.

16

17

18    ANTHONY V. WALL

19

20

21

22

23

24

25

26

27

28

# EXHIBIT "1"

EXHIBIT 1

## SUMMARY OF THE TERMS OF THE
## EXISTING LEASES AND LEASE AMENDMENTS

| Landlord | Debtor Party to Lease | Store Number | Lease Location | Current Lease Expiration Date | Extended Lease Term | Prepetition Arrearage being paid | Postpetition Arrearage being paid |
|---|---|---|---|---|---|---|---|
| TRG Charlotte LLC | The Walking Company | | Store No. 242 in the Northlake Mall Shopping Center, Charlotte, North Carolina | January 31, 2010 | February 1, 2010 - January 31, 2012 | N/A | $1,449.24 |
| TJ Palm Beach Associates Limited Partnership | The Walking Company | | Store No. 229 in The Mall at Wellington Green Shopping Center, Village of Wellington, Florida | January 31, 2010 | February 1, 2010 - January 31, 2012 | N/A | $4,398.68 |
| New Orleans Riverwalk Associates | The Walking Company | | Store No. 1325, Riverwalk Marketplace Shopping Center, New Orleans, Louisiana | January 7, 2010 | January 8, 2010 – January 7, 2012 | $3,068.67 (representing a portion of cure costs due before September 1, 2010) | $3,049.49 |
| Pioneer Place Limited Partnership | The Walking Company | | Store No. 1631 in the Pioneer Place Shopping Center | January 31, 2010 | February 1, 2010 – January 31, 2012 | $9,912.54 (representing a portion of cure costs due before September 1, 2010) | $326.57 |
| Boise Mall, LLC | The Walking Company | | Store No. 1115 in Boise Town Square Shopping Center, Boise, Idaho | December 31, 2009 | January 1, 2010 – December 31, 2011 | $5,523.80 (representing a portion of cure costs due before September 1, 2010) | $0.00 |

NYC/461398.2

| In re: THE WALKING COMPANY, a Delaware corporation, d/b/a Alan's Shoes, Footworks, Overland Trading Co., Sole Outdoors, and Martini Shoes; f/k/a TWC Acquisition Corporation; BIG DOG USA, INC., a California corporation, d/b/a Big Dog Sportswear; f/k/a Fortune Dogs, Inc.; and THE WALKING COMPANY HOLDINGS, INC., a Delaware corporation, f/k/a Big Dog Holdings, Inc. and 190th Shelf Corporation, | CHAPTER: 11 |
|---|---|
| | CASE NUMBER: 9:09-bk-15138-RR |
| Debtor(s). | [Jointly Administered with Case Nos. 9:09-bk-15137-RR and 9:09-bk-15139-RR] |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: Arent Fox, LLP, 555 West Fifth Street, 48th Floor, Los Angeles, CA 90013-1065

A true and correct copy of the foregoing document described as <u>MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTORS TO AMEND CERTAIN LEASE AGREEMENTS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ANTHONY J. WALL</u> will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")</u>** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On <u>February 1, 2010</u> checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

**II. <u>SERVED BY U.S. MAIL OR OVERNIGHT MAIL</u>**(indicate method for each person or entity served):
On <u>February 1, 2010</u> I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

**<u>VIA U.S. MAIL</u>**
Honorable Robin Riblet
United States Bankruptcy Court
1415 State Street, Suite 103
Santa Barbara, California 93101-2511

☐ Service information continued on attached page

**III. <u>SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL</u>** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| February 1, 2010 | Simona Filip | */s/ Simona Filip* |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*
LA/233610.1

**F 9013-3.1**

| | |
|---|---|
| In re:  THE WALKING COMPANY, a Delaware corporation, d/b/a Alan's Shoes, Footworks, Overland Trading Co., Sole Outdoors, and Martini Shoes; f/k/a TWC Acquisition Corporation; BIG DOG USA, INC., a California corporation, d/b/a Big Dog Sportswear; f/k/a Fortune Dogs, Inc.; and THE WALKING COMPANY HOLDINGS, INC., a Delaware corporation, f/k/a Big Dog Holdings, Inc. and 190th Shelf Corporation,<br><br>Debtor(s). | CHAPTER: 11<br><br>CASE NUMBER: 9:09-bk-15138-RR<br>[Jointly Administered with Case Nos. 9:09-bk-15137-RR and 9:09-bk-15139-RR] |

## I.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF"):**

Craig H Averch on behalf of Creditor The Ad Hoc Committee of The Walking Company Holdings, Inc. Noteholders
caverch@whitecase.com

Lawrence Bass on behalf of Interested Party Gart Capital Partners
lbass@faegre.com

Shirley Cho on behalf of Creditor Committee Official Committee Of Unsecured Creditors
scho@pszjlaw.com

Emily R Culler on behalf of Interested Party Genesco, Inc.
eculler@omm.com

Lawrence A Diamant on behalf of Interested Party Kahala Mall
lad@lnbrb.com, katie@lnbrb.com

Denise Diaz on behalf of Debtor The Walking Company Holdings, Inc.
Denise.Diaz@rmsna.com

Robert K Edmunds on behalf of Interested Party Huntington National Bank
robert.edmunds@bipc.com

Brian D Fittipaldi on behalf of U.S. Trustee United States Trustee (ND)
brian.fittipaldi@usdoj.gov

Todd R Gabriel on behalf of Creditor Seaport Village Operating Company
tgabriel@sparberlaw.com

Brian D Huben on behalf of Creditor Crossgates Mall Company NewCo, LLC
brian.huben@kattenlaw.com,
carole.levine@kattenlaw.com;donna.carolo@kattenlaw.com;laura.nefsky@kattenlaw.com

William W Huckins on behalf of Creditor Federal Realty Investment Trust
whuckins@allenmatkins.com, clynch@allenmatkins.com

Steven G Polard on behalf of Creditor Bellevue Square LLC
spolard@perkinscoie.com

David L Pollack on behalf of Creditor Galleria Mall Investors, LP
pollack@ballardspahr.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*
LA/233610.1

**F 9013-3.1**

| | |
|---|---|
| In re:  THE WALKING COMPANY, a Delaware corporation, d/b/a Alan's Shoes, Footworks, Overland Trading Co., Sole Outdoors, and Martini Shoes; f/k/a TWC Acquisition Corporation; BIG DOG USA, INC., a California corporation, d/b/a Big Dog Sportswear; f/k/a Fortune Dogs, Inc.; and THE WALKING COMPANY HOLDINGS, INC., a Delaware corporation, f/k/a Big Dog Holdings, Inc. and 190th Shelf Corporation,<br><br>Debtor(s). | CHAPTER: 11<br><br>CASE NUMBER: 9:09-bk-15138-RR<br>[Jointly Administered with Case Nos. 9:09-bk-15137-RR and 9:09-bk-15139-RR] |

Hamid R Rafatjoo on behalf of Creditor Committee Official Committee Of Unsecured Creditors
hrafatjoo@pszjlaw.com, hrafatjoo@pszjlaw.com

David B Shemano on behalf of Interested Party Courtesy NEF
dshemano@pwkllp.com

Howard Steinberg on behalf of Creditor Richard A. Kayne, Trustee, Richard & Suzanne Kayne Living Trust
dated 1/14/99
hsteinberg@irell.com, awsmith@irell.com

Wayne R Terry on behalf of Creditor Request for Courtesy NEF
wterry@hemar-rousso.com

Ronald M Tucker on behalf of Creditor Simon Property Group, Inc.
rtucker@simon.com, psummers@simon.com;rwoodruff@simon.com;shclark@simon.com

United States Trustee (ND)
ustpregion16.nd.ecf@usdoj.gov

Kimberly S Winick on behalf of Creditor South Coast Plaza
kwinick@clarktrev.com

Rebecca J Winthrop on behalf of Interested Party Kravco Simon Company
winthropr@ballardspahr.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*    F 9013-3.1
LA/233610.1

18

<table>
<tr><td>In re:  THE WALKING COMPANY, a Delaware corporation, d/b/a Alan's Shoes, Footworks, Overland Trading Co., Sole Outdoors, and Martini Shoes; f/k/a TWC Acquisition Corporation; BIG DOG USA, INC., a California corporation, d/b/a Big Dog Sportswear; f/k/a Fortune Dogs, Inc.; and THE WALKING COMPANY HOLDINGS, INC., a Delaware corporation, f/k/a Big Dog Holdings, Inc. and 190th Shelf Corporation,<br><br>Debtor(s).</td><td>CHAPTER: 11<br><br>CASE NUMBER: 9:09-bk-15138-RR<br>[Jointly Administered with Case Nos. 9:09-bk-15137-RR and 9:09-bk-15139-RR]</td></tr>
</table>

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: Arent Fox, LLP, 555 West Fifth Street, 48th Floor, Los Angeles, CA  90013-1065

A true and correct copy of the foregoing document described as **NOTICE OF MOTION UNDER LOCAL BANKRUPTCY RULE 9013-1(o) FOR: MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTORS TO AMEND CERTAIN LEASE AGREEMENTS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ANTHONY J. WALL** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **February 3, 2010** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒  Service information continued on attached page

II.  **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On **February 3, 2010** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒  Service information continued on attached page

III.  **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| February 3, 2010 | Simona Filip | /s/ Simona Filip |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*
LA/234275.1

**F 9013-3.1**

| | |
|---|---|
| In re: THE WALKING COMPANY, a Delaware corporation, d/b/a Alan's Shoes, Footworks, Overland Trading Co., Sole Outdoors, and Martini Shoes; f/k/a TWC Acquisition Corporation; BIG DOG USA, INC., a California corporation, d/b/a Big Dog Sportswear; f/k/a Fortune Dogs, Inc.; and THE WALKING COMPANY HOLDINGS, INC., a Delaware corporation, f/k/a Big Dog Holdings, Inc. and 190th Shelf Corporation, <br><br> Debtor(s). | CHAPTER: 11 <br><br> CASE NUMBER: 9:09-bk-15138-RR <br> [Jointly Administered with Case Nos. 9:09-bk-15137-RR and 9:09-bk-15139-RR] |

## I. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")</u>:

- Craig H Averch    caverch@whitecase.com
- Lawrence Bass    lbass@faegre.com
- Shirley Cho    scho@pszjlaw.com
- Emily R Culler    eculler@omm.com
- Lawrence A Diamant    kfinn@rdwlawcorp.com
- Denise Diaz    Denise.Diaz@rmsna.com
- Robert K Edmunds    robert.edmunds@bipc.com
- Brian D Fittipaldi    brian.fittipaldi@usdoj.gov
- Brian D Huben    brian.huben@kattenlaw.com, carole.levine@kattenlaw.com;donna.carolo@kattenlaw.com;laura.nefsky@kattenlaw.com
- William W Huckins    whuckins@allenmatkins.com, clynch@allenmatkins.com
- Steven G Polard    spolard@perkinscoie.com
- David L Pollack    pollack@ballardspahr.com
- Hamid R Rafatjoo    hrafatjoo@pszjlaw.com, hrafatjoo@pszjlaw.com
- Howard Steinberg    hsteinberg@irell.com, awsmith@irell.com
- Wayne R Terry    wterry@hemar-rousso.com
- Ronald M Tucker    rtucker@simon.com, psummers@simon.com;rwoodruff@simon.com;shclark@simon.com
- United States Trustee (ND)    ustpregion16.nd.ecf@usdoj.gov
- Kimberly S Winick    kwinick@clarktrev.com
- Rebecca J Winthrop    winthropr@ballardspahr.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                    **F 9013-3.1**
LA/234275.1

| | |
|---|---|
| In re: THE WALKING COMPANY, a Delaware corporation, d/b/a Alan's Shoes, Footworks, Overland Trading Co., Sole Outdoors, and Martini Shoes; f/k/a TWC Acquisition Corporation; BIG DOG USA, INC., a California corporation, d/b/a Big Dog Sportswear; f/k/a Fortune Dogs, Inc.; and THE WALKING COMPANY HOLDINGS, INC., a Delaware corporation, f/k/a Big Dog Holdings, Inc. and 190th Shelf Corporation,<br><br>Debtor(s). | CHAPTER: 11<br><br>CASE NUMBER: 9:09-bk-15138-RR<br>[Jointly Administered with Case Nos. 9:09-bk-15137-RR and 9:09-bk-15139-RR] |

## II.  **SERVED BY U.S. MAIL:**

Honorable Robin Riblet
United States Bankruptcy Court
1415 State Street
Santa Barbara, California 93101-2511


Dennis Strayhan
Office of the United States Trustee
21051 Warner Center Lane, Suite 115
Woodland Hills, CA 91367

Brian Fittipaldi
Office of the United States Trustee
128 E. Carrillo Street
Santa Barbara, CA 93101

Jennifer Cann – Vice President / Account Executive
Joseph Burt – Vice President
Wells Fargo Retail Finance
One Boston Place, 18th Floor
Boston, MA 02108

Steven B. Levine, Esq.
Brown Rudnick, LLP
One Financial Center
Boston, MA 02111

Christopher Carolan, Esq.
Brown Rudnick, LLP
7 Times Square
New York, NY 10036

Wayne R. Terry, Esq.
Hemar, Rousso & Heald LLP
15910 Ventura Blvd., 12th Floor
Encino, CA 91436

Howard Steinberg, Esq.
Jeff Sklar
Irell & Manella LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067

Ivan M. Gold
Allen Matkins LLP
Three Embarcadero Center, 12th Flr.
San Francisco, CA 94111

Anthony Wall
760 Arcady
Santa Barbara, CA 93108

Bear Stearns Securities Corp Custodian
Robert Schnell IRA
10291 Century Woods Dr
Los Angeles, CA 90067

Cotsen Family Foundation
C/O Kayne Anderson Capital
1800 Ave of the Stars Fl. 2
Los Angeles, CA 90067

David Wolf
1956 East Valley Rd.
Santa Barbara, CA 93108

Doug Nilsen
2225 St. James Drive
Santa Barbara, CA 93105

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*
LA/234275.1

**F 9013-3.1**

In re: THE WALKING COMPANY, a Delaware corporation, d/b/a Alan's Shoes, Footworks, Overland Trading Co., Sole Outdoors, and Martini Shoes; f/k/a TWC Acquisition Corporation; BIG DOG USA, INC., a California corporation, d/b/a Big Dog Sportswear; f/k/a Fortune Dogs, Inc.; and THE WALKING COMPANY HOLDINGS, INC., a Delaware corporation, f/k/a Big Dog Holdings, Inc. and 190th Shelf Corporation,

Debtor(s).

CHAPTER: 11

CASE NUMBER: 9:09-bk-15138-RR
[Jointly Administered with Case Nos. 9:09-bk-15137-RR and 9:09-bk-15139-RR]

Gary Lieberthal, Trustee
Lieberthal Trust 3/23/99
991 Bel Air Road
Bel Air, CA 90077-3009

J Reims & Ka Reims, Ttees
Reims Family Trst 11/22/91
241 South Camden Drive
Beverly Hills, CA 90212

Kayne Anderson Capital
Income Partners (QP) LP
1800 Ave of the Stars Fl2
Los Angeles, CA 90067

Lee Cox
6726 Breakers Way
Ventura, CA 93001

Michael Grenley
24931 Marbella Court
Calabasas, CA 91302

Dumac LLC
Justin Nixon
406 Blackwell St Ste 300
Durham NC 27701-3984

RBC Dain Rauscher Cust
For C. Eric Warden Sep IRA
510 Marquette Ave
Minneapolis, MN 55402-1106

Richard & Suzanne Kayne
Living Trust dtd 1/14/09
1800 Ave of Stars 2nd Fl
Los Angeles, CA 90067

Robert P. Abate, Trustee
Robert P. Abate Rev Trust
Box 541
Elgin, IL 60123

Bobert Schnell Ira
C/O Kayne Anderson Capital
1800 Ave of the Stars Fl2
Los Angeles, CA 90067

Roberta Morris
1428 San Miguel Ave
Santa Barbara, CA 93108

Susie Minier
5694 Via Salerno
Goleta, CA 93117

The Kayne Foundation
C/O Kayne Anderson Capital
1800 Ave of the Stars Fl2
Los Angeles, CA 90067

Amfit, Inc.
5408 NE 88th Street, Suite D-406
Vancouver, WA 98665

Board of Equalization
PO Box 942879
Sacramento, CA 94279-0001

Kayne Anderson Capital Income partners (QP), LP
c/o Kayne Anderson Capital Advisors, LP
1800 Avenue of the Stars, Second Floor
Los Angeles, CA 90067

Bear Stearns Securities Corp. Custodian
Robert Schnell IRA
10291 Century Woods Dr.
Los Angeles, CA 90067

Blackwell Partners, LLC
406 Blackwell Street, Suite 300
Durham, NC 27701

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

F 9013-3.1

LA/234275.1

In re:  THE WALKING COMPANY, a Delaware corporation, d/b/a Alan's Shoes, Footworks, Overland Trading Co., Sole Outdoors, and Martini Shoes; f/k/a TWC Acquisition Corporation; BIG DOG USA, INC., a California corporation, d/b/a Big Dog Sportswear; f/k/a Fortune Dogs, Inc.; and THE WALKING COMPANY HOLDINGS, INC., a Delaware corporation, f/k/a Big Dog Holdings, Inc. and 190ᵗʰ Shelf Corporation,

Debtor(s).

CHAPTER: 11

CASE NUMBER: 9:09-bk-15138-RR
[Jointly Administered with Case Nos. 9:09-bk-15137-RR and 9:09-bk-15139-RR]

Robert P. Abate Rev Trust UA 8-29-95,
Robert P. Abate Trustee
P.O. Box 541N
Elgin, IL 60123

RBC Dain Raucher Cust. For Eric Warden SEP
IRA
510 Marquette Avenue
Minneapolis, MN 55402

Wells Fargo Retail Finance, LLC
2450 Colorado Avenue, Suite 3000W
Santa Monica, CA 90404

Wells Fargo Financial Leasing, Inc.
800 Walnut Street
Des Moines, IA 50309

CIT Technology Financing Services, Inc.
10201 Centurian Parkway North Suite 100
Jacksonville, FL 32256

Internal Revenue Service
P.O. Box 21126
Philadelphia, PA 19114

Robert K Edmunds
Buchanan Ingersoll & Rooney LLP
600 W Broadway Ste 1100
San Diego, CA 92101

Preit Services, LLC
Klehr Harrison Harvey Branzburg LLP
Jeffrey Kurtzman, Esq
1835 Market St, Ste 1400
Philadelphia, PA 19103

Primeshares
261 Fifth Avenue 22nd Flr
New York, NY 10016

Kevin M. Newman
Menter Rudin & Trivelpiece, PC
308 Maltbie Street, Suite 200
Syracuse, NY 13204

Maureen Bass
Buchanan Ingersoll & Rooney LLP
50 Fountain Plz Ste 800
Key Ctr at Fountain Plz
Buffalo, NY 14202

Mark E Felger
Cozen OConnor
1201 N. Market St Ste 1400
Wilmington, DE 19801

Neal D Colton
Cozen OConnor
1900 Market St
Philadelphia, PA 19103

Taubman Landlords
Andrew S Conway
200 East Long Lake Rd Ste 300
Bloomfield Hills, MI 48304

Linda Boyle
TW Telecom Inc.
10475 Park Meadows Dr No 400
Littleton, CO 80124

Craig Averch
White & Case LLP
633 West Fifth St Ste 1900
Los Angeles, CA 90071-2007

Eastview Mall, LLC
Thomas W. Daniels
1265 Scottsville Road
Rochester, NY 14624

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                           F 9013-3.1

LA/234275.1

In re:  THE WALKING COMPANY, a Delaware corporation, d/b/a Alan's Shoes, Footworks, Overland
Trading Co., Sole Outdoors, and Martini Shoes; f/k/a TWC Acquisition Corporation; BIG DOG USA,
INC., a California corporation, d/b/a Big Dog Sportswear; f/k/a Fortune Dogs, Inc.; and THE WALKING
COMPANY HOLDINGS, INC., a Delaware corporation, f/k/a Big Dog Holdings, Inc. and 190th Shelf
Corporation,

Debtor(s).

CHAPTER: 11

CASE NUMBER: 9:09-bk-15138-RR
[Jointly Administered with Case Nos. 9:09-bk-15137-RR
and 9:09-bk-15139-RR]

The Shops at Wailea, LP
Christopher J. Muzzi
Moseley Biehl Tsugawa Lau & Muzzi LLLC
Alakea Corporation Tower
1100 Alakea St., 23rd Flr.
Honolulu, HI 96813

Trustees of the Estate of Bernice Pauahi Bishop
Susan Tius
Rush Moore LLP
737 Bishop St., Ste. 2400
Honolulu, HI 96813

Bellevue Square LLC
John S. Kaplan
Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101

City of Grapevine, Grapevine-Colleyville ISD
City of Hurst, Arlington Independent School
District
c/o Elizabeth Banda
Perdue, Brandon, Fielder, Collins & Mott LLP
P.O. Box 13430
Arlington, TX 76094-0430

Lawrence Bass
Faegre & Benson LLP
3200 Wells Fargo Center
1700 Lincoln Street
Denver, CO 80203

UCC Lien Holder
Brightleaf Partners LP
c/o Brightleaf Capital LLC
324 Blackwell St Ste 520
Durham, NC 27701

UCC Lien Holder/Bonholder
Dumac LLC
406 Blackwell St., Ste 300
Durham, NC 27001-3984

UCC Lien Holder
The Huntington National Bank
Attn Edward J. Kitchen VP
650 Smithfield St., Ste. 1000
Centre City Tower
Pittsburgh, PA  15222

UCC Lien Holder
Varilease Finance Inc.
6340 South 3000 East, Ste. 250
Salt Lake City, UT  84121

Counsel for Missouri Department of Revenue
Richard M. Maseles
Missouri Department of Revenue
General Counsel's Office
301 W. High Street, Room 670
PO Box 475
Jefferson City, MO  65105

Patrick E. Mears
Barnes & Thornburg LLP
171 Monroe Avenue, NW, Suite 1000
Grand Rapids, Michigan  49503

Lawrence A. Diamant, Esq.
Levene, Neale, Bender, Rankin & Brill, LLP
10250 Constellation Boulevard, Suite 1700
Los Angeles, CA  90067

BDO Seidman, LLP
3200 Bristol Street, 5th Fl.
Costa Mesa, CA 92626

Todd R. Gabriel, Esq.
Sparber Annen Morris & Gabriel, APLC
701 "B" Street, Suite 1400
San Diego, CA  92101-8164

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

F 9013-3.1

LA/234275.1

| | |
|---|---|
| In re:  THE WALKING COMPANY, a Delaware corporation, d/b/a Alan's Shoes, Footworks, Overland Trading Co., Sole Outdoors, and Martini Shoes; f/k/a TWC Acquisition Corporation; BIG DOG USA, INC., a California corporation, d/b/a Big Dog Sportswear; f/k/a Fortune Dogs, Inc.; and THE WALKING COMPANY HOLDINGS, INC., a Delaware corporation, f/k/a Big Dog Holdings, Inc. and 190th Shelf Corporation,<br><br>Debtor(s). | CHAPTER: 11<br><br>CASE NUMBER: 9:09-bk-15138-RR<br>[Jointly Administered with Case Nos. 9:09-bk-15137-RR and 9:09-bk-15139-RR] |

Kevin Monahan, Account Resolution
Travelers
National Accounts
1 Tower Square – 5 MN
Hartford, CT  06183-4044

Kohner, Mann & Kailas, S.C.
Attn:  Samuel C. Wisotzkey
Washington Building
Barnabas Business Center
4650 N. Port Washington Rd.
Milwaukee, WI  53212-1059

Evan M. Jones, Esq.
Emily R. Culler, Esq.
Ana Acevedo, Esq.
O'Melveny & Myers LLP
400 South Hope Street
Los Angeles, CA  90071-2899

Michael Reed
McCreary, Veselka, Bragg & Allen, P.C.
P. O. Box 1269
Round Rock, Texas  78680

Charles M. Clark
Jackson, DeMarco, Tidus & Peckenpaugh
2030 Main Street, Suite 1200
Irvine, California  92614

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                   **F 9013-3.1**

LA/234275.1