Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY

Mette H. Kurth (SBN 187100)
Andy S. Kong (SBN 243933)
M. Douglas Flahaut (SBN 245558)
ARENT FOX LLP
555 West Fifth Street, 48th Floor
Los Angeles, CA 90013-1065
Telephone: 213.629.7400
Facsimile: 213.629.7401

*Attorney for* Proposed Attorneys for Debtors and Debtors in Possession

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA

In re:

THE WALKING COMPANY, a Delaware corporation, d/b/a Alan's Shoes, Footworks, Overland Trading Co., Sole Outdoors, and Martini Shoes; f/k/a TWC Acquisition Corporation; BIG DOG USA, INC., a California corporation, d/b/a Big Dog Sportswear; f/k/a Fortune Dogs, Inc.; and THE WALKING COMPANY HOLDINGS, INC., a Delaware corporation, f/k/a Big Dog Holdings, Inc. and 190th Shelf Corporation,

Debtor.

CHAPTER 11

CASE NUMBER 9:09-bk-15138-RR

Jointly Administered under
Case Nos. 09-15137 & 09-15139

(No Hearing Required)

## NOTICE OF MOTION UNDER LOCAL BANKRUPTCY RULE 9013-1(o) FOR:

DEBTORS' MOTION FOR AN ORDER PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 7023 AND 9019, CERTIFYING PUTATIVE CLASS FOR SETTLEMENT PURPOSES AND AUTHORIZING AND APPROVING SETTLEMENT WITH PUTATIVE CLASS; INCORPORATED MEMORANDUM OF POINTS AND AUTHORITIES

1. TO *(specify name)*: The Honorable Robin L. Riblet, United States Bankruptcy Judge and All Interested Parties

2. NOTICE IS HEREBY GIVEN that Movant in the above-captioned matter will move this Court for an Order granting the relief sought as set forth in the Motion filed by Movant, a brief description of which is contained in the Description of Relief Sought attached hereto and served and filed herewith. Said Motion is based upon the grounds set forth in the said Motion and accompanying Description of Relief Sought. Said Motion is made pursuant to Local Bankruptcy Rule 9013-1(o), which provides for granting of motions without a hearing. (Check appropriate box below):

☒ The full Motion is attached hereto.

☐ The full Motion has been filed with the Bankruptcy Court and a detailed description of the relief sought is attached hereto.

3. **Deadline for Opposition Papers and Request for a Hearing**: Pursuant to Local Bankruptcy Rule 9013-1(o), any party objecting to the accompanying Motion may file and serve a written objection and request a hearing of this Motion. If you fail to file a written response within 14 days of the date of service of this Notice, the Court may treat such failure as a waiver of your right to oppose this Motion and may grant the requested relief.

Dated: 2/10/10

Arent Fox LLP
*Law Firm Name*

By: ___/s/ Mette H. Kurth___

Date Notice Mailed: 02/10/10

Name: Mette H. Kurth
*Attorney for Movant*

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2009*                                                                                    F 9013-1.2

# ATTACHMENT "MOTION"

1  Mette H. Kurth (SBN 187100)
   Andy S. Kong (SBN 243933)
2  M. Douglas Flahaut (SBN 245558)
   **ARENT FOX LLP**
3  555 West Fifth Street, 48th Floor
   Los Angeles, CA  90013-1065
4  Telephone:    213.629.7400
   Facsimile:    213.629.7401
5  E-mail:       kurth.mette@arentfox.com
                 kong.andy@arentfox.com
6                flahaut.douglas@arentfox.com

7  *Proposed* Attorneys for Debtors and Debtors in Possession

8  Debtors' Mailing Address
   121 Gray Avenue
9  Santa Barbara, CA 93101

10                    **UNITED STATES BANKRUPTCY COURT**

11                    **CENTRAL DISTRICT OF CALIFORNIA**

12                        **SANTA BARBARA DIVISION**

13

14  In re:                                Case No. 09-15137, 09-15138, and 09-15139

15  **THE WALKING COMPANY**, a            Jointly Administered under Case No. 09-15138
    Delaware corporation, d/b/a Alan's Shoes,
16  Footworks, Overland Trading Co., Sole Chapter 11
    Outdoors, and Martini Shoes; f/k/a TWC
17  Acquisition Corporation; **BIG DOG USA,**   **DEBTORS' MOTION FOR AN ORDER**
    **INC.**, a California corporation, d/b/a Big   **PURSUANT TO SECTION 105(a) OF THE**
18  Dog Sportswear; f/k/a Fortune Dogs, Inc.;   **BANKRUPTCY CODE AND**
    and **THE WALKING COMPANY**   **BANKRUPTCY RULES 7023 AND 9019,**
19  **HOLDINGS, INC.**, a Delaware   **CERTIFYING PUTATIVE CLASS FOR**
    corporation, f/k/a Big Dog Holdings, Inc.   **SETTLEMENT PURPOSES AND**
20  and 190th Shelf Corporation,   **AUTHORIZING AND APPROVING**
                                    **SETTLEMENT WITH PUTATIVE CLASS;**
21                        Debtors.   **INCORPORATED MEMORANDUM OF**
                                    **POINTS & AUTHORITIES**
22  [ X ]  Affects all Debtors

23  [ ]  Applies only to The Walking
         Company
24
    [ ]  Applies only to Big Dog USA, Inc.
25
    [ ]  Applies only to The Walking
26       Company Holdings, Inc.

27

28

1    The Walking Company, Big Dog USA, Inc. and The Walking Company Holdings, Inc.

2    (collectively, the "Debtors"), submit this Motion (the "Motion") for the entry of an order

3    certifying a putative class of class action plaintiffs and authorizing and approving that certain

4    Settlement (as defined herein), by and between Debtor The Walking Company and the Putative

5    Class (as defined herein). In support thereof, the Debtors respectfully represent:

6                                    **JURISDICTION AND VENUE**

7         1.     The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. sections

8    157 and 1334. This is a core proceeding pursuant to 28 U.S.C. section 157(b). Venue is proper

9    pursuant to 28 U.S.C. sections 1408 and 1409.

10                                       **RELIEF REQUESTED**

11        By this Motion, the Debtors, pursuant to sections 105, 1107, and 1108 of title 11 of the

12   United States Code (the "Bankruptcy Code") and rules 7023 and 9019 of the Federal Rules of

13   Bankruptcy Procedure (the "Bankruptcy Rules"), seek entry of an order certifying the Putative

14   Class for settlement purposes and authorizing and approving the Settlement.

15                                         **BACKGROUND**

16        **1.    General**

17        On December 7, 2009 (the "Petition Date"), the Debtors commenced bankruptcy cases by

18   filing voluntary Chapter 11 petitions under the Bankruptcy Code. Since the Petition Date, as

19   authorized under Bankruptcy Code Sections 1107 and 1108, the Debtors have operated their

20   business and managed their affairs as debtors in possession. These Reorganization Cases are

21   being jointly administered before the Bankruptcy Court.

22        Shortly after the Debtors commenced their reorganization cases, the U.S. Trustee

23   appointed an Official Committees of Unsecured Creditors.

24        Founded in 1991, The Walking Company ("TWC") is a retailer of high-quality,

25   technically designed comfort footwear and accessories for men and women featuring leading

26   comfort brands from around the world, including ECCO®, Dansko®, UGG®, MBT®, and

27   Aetrex®. TWC stores are typically located in leading regional malls in prosperous urban areas

28   where TWC believes demographics are favorable. Today, TWC is the nation's leading specialty

1   retailer of authentic comfort footwear, operating 210 stores in premium malls across the nation.

2       **2.**     **The Andrews Class Action**

3       On December 31, 2008, Erin Andrews and Keith Park (the "Class Representatives" or

4   "Plaintiffs") filed a putative class action alleging that TWC incorrectly calculated the overtime

5   pay for commissioned employees. As a result of the miscalculation of overtime wages, it is

6   alleged that TWC violated Labor Code Sections  Sections 1194, 203 and 226 and Section 17200

7   of the California Business and Professions Code on behalf of themselves and all commissioned

8   employees of TWC during the approximate three year time period of December 31, 2004 through

9   May 31, 2008 (the "Putative Class" or "Plaintiffs") in the Los Angeles County Superior Court

10   (the "State Court"), Case No. BC404875 (the "Andrews Class Action").   A First Amended

11   Complaint was thereafter filed on February 11, 2009.  There are a total of 398 members of the

12   Putative Class.  The Andrews Action is automatically stayed pursuant to 11 U.S.C. § 362. The

13   declaration of Phillip R. Poliner ("Class Counsel"), attached hereto as **Exhibit A**, substantiates

14   the background and procedures of the State Court Action.

15       **a.**     **Plaintiffs' Allegations**

16       The Plaintiffs allege, <u>inter alia</u>, that TWC incorrectly calculated employees' overtime pay

17   for commissioned employees and, as a result, such commissioned employees are entitled to

18   wages, interest and penalties. The Plaintiffs further allege that TWC failed to provide accurate

19   itemized statements, failed to timely pay final wages on termination, and violated California's

20   unfair business practice laws.   The Action seeks recovery of inaccurate overtime pay

21   compensation, penalties, interest, restitution, injunctive relief, attorneys' fees and costs.

22       **b.**     **Pre-Petition Settlement**

23       Prior to the Petition Date, TWC and the Plaintiffs, and their respective counsel of record,

24   agreed to resolve the Andrews Class Action and entered into a stipulation of settlement and

25   release (as amended) (the "Pre-Petition Settlement"). The Pre-Petition Settlement provided for a

26   common fund of $225,000 to be allocated to members of the Putative Class who, at the time of

27   the Pre-Petition Settlement, had submitted timely and valid claims to the Settlement

28   Administrator. The common fund was "all-inclusive" and would be reduced by (i) the settlement

1    payments to individual class members; (ii) enhancements to the Class Representatives of up to

2    $3,500 each; (iii) costs of administration of up to $15,000; and (iv) payment of attorneys' fees

3    and costs to Plaintiffs' counsel in the amount of $75,000.

4          On September 11, 2009, the State Court entered an Order Granting Preliminary Approval

5    of the Pre-Petition Settlement and preliminarily and provisionally certifying the Putative Class

6    (the "Order").

7          Specifically, the State Court found that the proposed notice, claim form and request for

8    exclusion served on all members of the Putative Class (the "Class Action Settlement Package")

9    comported with all constitutional requirements, including those of due process. The Court further

10   found that mailing the Class Action Settlement Package to the last known address of each

11   member of the Putative Class constituted an effective method of notifying such class members of

12   their rights with respect to the Andrews Class Action and the proposed settlement.

13         Furthermore, the Court approved appointment of the Class Representatives, their counsel,

14   and the procedures related to the completion of Claim Forms, objection and opting-out of the Pre-

15   Petition Settlement and appointed Simpluris, Inc. as the Settlement Administrator.

16         Prior to entry of an order of final approval and judgment by the State Court, the Debtor

17   and its affiliates filed for bankruptcy protection.

18              c.      **Post-Petition Negotiations and Basis for Settlement**

19         Since the Petition Date, TWC, the Plaintiffs, and their respective counsel have engaged in

20   further settlement discussions.   Based on additional considerations, including the uncertainties of

21   bankruptcy and continued litigation, the parties have agreed to enter into the attached Stipulation

22   of Settlement (the "Settlement"), which shall be subject to this Court's approval.

23              d.      **Terms of the Settlement**

24         In short, the new settlement terms simply reduce the common fund from $225,000 to

25   $165,000 to resolve any and all issues, of the 398 class members (except for the one opt-out),

26   related to this litigation. The details of the process undertaken by the Settlement Administrator to

27   ascertain the last known addresses of the class members, to provide notice to the class, and to

28   determine the number and identity of class members who participated and/or opted out of the

4

1    settlement is set forth in the Declaration of Tony Dang, attached hereto as **Exhibit B.**  The

2    common fund will be "all-inclusive" and will be reduced by (i) the settlement payments to

3    individual class members; (ii) enhancements to the Class Representatives of up to $2,500 each;

4    (iii) costs of administration of up to $15,000; and (iv) payment of attorneys' fees to Plaintiffs'

5    counsel in the amount of $55,000 and costs of $5,000.  A true and correct copy of the Settlement

6    Agreement is attached hereto as **Exhibit C.**  Pursuant to the Settlement, the Class Representatives

7    and the members of the Putative Class, other than one putative class member who opted-out,

8    release TWC and its affiliates from any and all liability regarding to the "Released Claims" as

9    defined in the Settlement Agreement. .

10    This settlement is not conditioned on the approval of the award of Class Counsel

11    attorneys' fees and cost.  Class Counsel has agreed to accept, and Debtor has agreed to pay,

12    $60,000 for Class Counsels attorneys' fees and cost.  As seen in the declaration of Phillip R.

13    Poliner, Class Counsel has incurred over $175,000 in attorneys' fees and costs in pursing this

14    putative class action, but has agreed to accept a significantly lesser amount so that the matter may

15    be resolved expeditiously. See Exhibit A.

16

17    <u>**MEMORANDUM OF POINTS & AUTHORITIES**</u>

18

19    **1.    Certification of the Putative Class For Settlement Purposes Is Essential To
        The Debtors' Successful Reorganization And Is In The Estates' Best Interests.**

20    **a.    The Bankruptcy Court Should Certify This Class Action.**

21    Although not a common practice, class actions may be certified in bankruptcy cases.  *In re*

22    *Madison Assocs.*, 183 B.R. 206, 214 (Bankr.C.D. Cal. 1995); *In re Appliance Store, Inc.*, 158

23    B.R. 384, 386 (Bankr.W.D.Pa.1993) (class of debtor's former employees certified in action

24    against debtor's secured creditors); *Rosario v. Livaditis*, 963 F.2d 1013, 1017 (7th Cir.1992)

25    (certification of class of former students affirmed). *See also In re Drexel Burnham Lambert*

26    *Group, Inc.*, 960 F.2d 285, 292-293 (2nd Cir.1992) (class certification essential to successful

27    reorganization).  Bankruptcy Rule 7023 specifically incorporates Rule 23 of the Federal Rules of

28    Civil Procedure ("FRCP"), which governs class actions.

In order for an action to be certified as a class action, the movant must satisfy the requirements of Rule 23. *Madison Assocs.* at 214. Although the Andrews Class Action was commenced pursuant to California class action law, the requirements are generally the same because the California statute is modeled, in relevant part, after its federal counterpart.

**b.      The State Court Determined That The Requirements to Proceed as a Class Action Had Been Satisfied.**

Like Rule 23(a), *California Code of Civil Procedure* § 382 allows the Court to certify a class action "when the question is one of a common interest, of many persons, or when the parties are numerous, and it is impracticable to bring them all before the court..." Additionally, "[t]here must be questions of law or fact common to the class that are substantially similar and predominate over the questions affecting the individual members; the claims of the representatives must be typical of the claims or defenses of the class; and the class representatives must be able to fairly and adequately protect the interests of the class." *Wershba v. Apple Computer, Inc.* (2001) 91 Cal.App.4th 224, 237-238.      Stated differently, there are two requirements for a class action: (1) an ascertainable class; and (2) a well-defined community of interest. *Hicks v. Kaufman & Broad Home Corp.* (2001) 89 Cal.App.4th 908, 913.

In determining whether the class is ascertainable, courts consider the size of the class, the class definition, and the means to identify class members. *Reyes v. San Diego County Board of Supervisors* (1987) 89 Cal.App.3d 1263, 1274. The community of interest factor is established by showing: (1) predominant common questions of law or fact; (2) class representatives with claims or defenses typical of the class; and (3) class representatives who can adequately represent the class. *Linder v. Thrifty Oil Co.* (2000) 23 Cal.4th 429, 435.

In this case, the State Court already ruled (preliminarily) that all of the class action factors described above had been satisfied, finding that "provisional certification of the class for settlement purposes is appropriate." *Order Granting Preliminary Approval of Class Action Settlement*, Findings ¶ 2. A true and correct copy of the *Order Granting Preliminary Approval of Class Action Settlement* is attached hereto as **Exhibit D**. As such, the State Court ordered the approval of this litigation as a settlement class action and provisionally ordered certification of the settlement class. **Exhibit D**, Orders ¶¶ 1-2. Similarly, the State Court found that Plaintiffs' counsel is experienced in class action litigation and that Plaintiffs are adequate class

1    representatives.   **Exhibit D** Findings ¶ 3, Orders ¶ 3.

2          Accordingly, the Debtors respectfully request that this Court adopt the findings of the

3    State Court and certify the Andrews Class Action for settlement purposes, as more fully set forth

4    below.

5

6          **2.     Settlement Of The Andrews Class Action Is Reasonable And In The Best
          Interest Of The Estates.**

7          The Settlement proposed by this Motion is reasonable, was negotiated at arms-length and

8    has already been provisionally approved by the State Court.   In addition to satisfying the

9    reasonableness requirements of California class action settlements, the Settlement further

10   comports with the requirements of the Ninth Circuit.

11         Bankruptcy Rule 9019(a) provides that "on motion by the trustee and after a hearing, the

12   court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a).   The settlement of

13   time-consuming and burdensome litigation, especially in the bankruptcy context, is encouraged

14   and generally favored. *In re Blair*, 538 F.2d 849, 851 (9th Cir.1976); *Suter v. Goedert*, 396 B.R.

15   535, 546 (D.Nev. 2008).   For a bankruptcy court to approve a settlement agreement, the court

16   must conclude that the settlement is reasonable, fair and equitable. *In re A & C Properties*, 784

17   F.2d 1377, 1382 (9th Cir.), cert. denied 479 U.S. 854 (1986).

18         The settlement of this potential liability has two important consequences for the Debtors

19   and their estates.   First, it removes the uncertainty surrounding the possible favorable ruling in

20   favor of the Putative Class.   Second, it permits the Debtors the opportunity to focus their efforts

21   on proposing and confirming a viable Plan of Reorganization.

22         **a.     The Settlement Provides Necessary Finality.**

23         The Debtors vigorously dispute the allegations contained in the Andrews Class Action and

24   do not believe that, other than for settlement purposes, there is a basis for class certification or

25   liability for any damages.   Instead, TWC contends that is has complied, at all times, with the

26   California Labor Code, Industrial Welfare Wage Order and the California Business and

27   Professions Code.

28         Nonetheless, the sheer size of the Putative Class and the potential costs associated with

7

1    proceeding with litigation is sufficient to transform the otherwise minimal risk of loss into

2    potentially large, though unlikely, liability for the estates. Furthermore, a favorable ruling for the

3    Plaintiffs could be financially devastating to the Debtors and would, in any event, dilute the

4    amounts available to other unsecured creditors.

5        Settlement of the Andrews Class Action will provide necessary finality because the State

6    Court proceedings gave the Putative Class the opportunity to be included in the class action and

7    to benefit from settlement. The Debtors are confident that the notice procedures utilized in

8    connection with the Pre-Petition Settlement, coupled with the State Court's finding of

9    reasonableness, will preclude any additional claims against the estates upon approval of the

10   proposed Settlement.

11               **b.       The Settlement Is Essential For Reorganization.**

12       Although the Debtors dispute that any liability exists, the uncertainty surrounding the

13   Debtors' liability in the Andrews Class Action threatens to disrupt the Debtors' reorganization

14   efforts. If the Debtors were required to engage in lengthy, protracted litigation, their efforts

15   would be diverted from the seminal task of proposing and confirming their Plan of

16   Reorganization. As this Court is aware, the Debtors are on a very strict timeline which is heavily-

17   dictated by the provisions of the Final DIP Order. It is essential that the Debtors focus their

18   efforts on reorganizing and emerging as viable, reorganized entities.

19

20       **3.    The Settlement Satisfies The Ninth Circuit's Standard for Approval of
         Compromise or Settlement.**

21       The Ninth Circuit Court of Appeals has enumerated four factors that should be considered

22   in determining whether a compromise should be approved. The four enumerated factors are: (a)

23   The probability of success in the litigation; (b) the difficulties, if any, to be encountered in the

24   matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience

25   and delay necessarily attending it; (d) the paramount interest of the creditors and a proper

26   deference to their reasonable views in the premises. *In re A & C Properties* at 1381.

27       The Debtors believe that entering into the Settlement will provide a material benefit to

28   these estates for the benefit of all stakeholders by eliminating the uncertainty surrounding the

8

1  Andrews Class Action and by fixing the Debtors' liability and by allowing the Debtors to avoid

2  potentially time-consuming and costly litigation. Although the Debtors do not believe the

3  Plaintiffs' claims have merit, resolution of this as a class action in State Court or even its pursuit

4  before the Bankruptcy Court would be time-consuming and costly. Such litigation could delay

5  confirmation of the Debtors' Plan and, if successful, could have deleterious effects on the

6  interests of all other unsecured creditors whose claims would be diluted by the Plaintiffs' claims.

7        Pursuant to the Settlement, and subject to this Court's approval, the Settlement will be in

8  full and final satisfaction of any and all claims that the Class Representatives and remaining

9  members of the Putative Class (other than one potential class member that opted-out) have or may

10  have against the TWC, its affiliates, and their estates with respect to the allegations contained in

11  the Andrews Class Action.

12        The value of these benefits greatly exceeds the amount that the Debtors are required to

13  pay under the terms of the Settlement. As such, the Settlement is fair, reasonable, and in the best

14  interest of the estates. *In re A & C Properties, supra* at 1382.

15

16  **4.     The Bankruptcy Court has Wide Latitude to Approve the Settlement.**

17        Furthermore, the decision to approve a compromise is within the sound discretion of the

18  bankruptcy court. A bankruptcy court has wide latitude in approving compromise agreements

19  which it determines to be fair, reasonable and adequate. *In re Woodson*, 839 F.2d 610, 620 (9th

20  Cir. 1988); *In re A & C Properties, supra* at 1381. *See also Protective Committee for Independent

21  Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968).

22        The uncertainty surrounding the Andrews Class Action threatens to undermine

23  confirmation of the Debtors' Plan and thereby derail the Debtors' reorganization efforts. By

24  settling the Andrews Class Action, the Debtors have been able to eliminate this uncertainty and to

25  move forward with their reorganization efforts. At the same time, the Debtors have been able to

26  fix the amount of their potential liability.

27        In light of the foregoing, the Debtors, in their business judgment, believe that the

28  Settlement Agreement represents a compromise between the Debtors and the Putative Class

1    which is fair and equitable and advances the paramount interests of the creditors of these estates.

2    Accordingly, for the reasons set forth above, the Debtors submit that entering into the Settlement

3    Agreement is an exercise of sound business judgment and that the Court should therefore approve

4    the Settlement Agreement.

5                                                  **NOTICE**

6          No trustee or examiner has been appointed in these Chapter 11 Cases.  The Debtors have

7    provided notice of filing of the Motion to:  (a) the U.S. Trustee; (b) counsel to Wells Fargo Retail

8    Bank, as agent under the Debtors' Prepetition Credit Agreement and DIP Facility (as defined in

9    the Plan); (c) counsel to the Creditors' Committee; (d) counsel to the Plaintiffs; (e) all creditors

10   whose interests are affected by this Motion; and (f) any persons who have filed a request for

11   notice in the Chapter 11 Cases pursuant to Bankruptcy rule 2002.  Due to the nature of the relief

12   requested the Debtors respectfully submit that no further notice of this Motion is required.

13                                              **CONCLUSION**

14         For all of the foregoing reasons, this Court should enter an order granting the Motion and

15   authorizing the relief requested above as well as any other relief that is appropriate under the

16   circumstances.

17   DATED: February 8, 2010                    */s/ Mette H. Kurth*
                                                METTE H. KURTH, ESQ.
18                                              ARENT FOX LLP
                                                *Proposed* Attorneys for the Debtors and Debtors in
19                                              Possession

20

21

22

23

24

25

26

27

28

# EXHIBIT A

1                    **DECLARATION OF PHILLIP R. POLINER**

2    I Phillip R. Poliner, declare as follows:

3        1.      I am an attorney at law, duly licensed to practice before all of the courts of

4    the State of California, and am a partner at Westrup Klick, LLP, counsel for Plaintiffs Erin

5    Andrews and Keith Park ("Plaintiffs"), and the members of the putative class. The matters

6    set forth herein are true of my personal knowledge. If called upon as a witness, I could

7    and would testify competently to the truthfulness thereof.

8        2.      On September 11, 2009, the Honorable Judge Ruth A. Kwan preliminarily

9    approved the class action settlement on behalf of commissioned sales persons employed by

10   Defendant in California from December 31, 2004, through May 31, 2008 as it relates to

11   Defendant The Walking Company's ("Defendant") alleged miscalculation of overtime

12   pay.

13       3.      Plaintiffs do not allege that Defendant failed to pay overtime hours worked

14   by class members. Rather, Plaintiffs allege that when Defendant paid class members

15   overtime, it improperly calculated their overtime pay. In short, it is alleged that Defendant

16   failed to include the commissions earned by the class members' when calculating the class

17   members' regular rate of pay for purposes of overtime.

18       4.      Prior to reaching a resolution of the state court action, the parties exchanged

19   written discovery and documents, interviewed class members, conducted a damage

20   analysis, and analyzed the financial records of Defendant. The settlement reached

21   provided that Defendant would contribute $225,000 in a common fund to resolve any and

22   all issues relating to the litigation. An executed copy of the settlement agreement was

23   lodged with the state court as Exhibit "A," to the Declaration of Phillip R. Poliner that was

24   filed in support of the Motion for Preliminary Approval of the Settlement.

25       5.      The clearest indication of the propriety and desirability of the settlement is

26   the fact that not one class member, out of 398, objected to the terms and conditions of the

27   settlement.

LA/235247.2

1    6.    A Final Approval Hearing was set to be heard by the Honorable Judge Ruth

2    A. Kwan on January 5, 2010.  Prior the Final Approval Hearing, Defendant filed a

3    voluntary petition for bankruptcy.  In light of the bankruptcy, Defendants' financial

4    condition and expediting the payment to the Class Members, the Parties agreed to reduce

5    the common fund from $225,000 to $165,000 to resolve any and all issues related to this

6    litigation.

7    7.    Under the proposed settlement, a minimum fund of $85,000 is allocated to

8    class members who timely completed and returned a claim form pursuant to Preliminary

9    Approval granted by Judge Kwan.  The allocation of funds will be distributed

10    proportionally based on the number of work months each class member worked during the

11    class period. In this case, approximately 62% of the months were claimed by those who

12    submitted a claim form.  Therefore, based on the redistribution of unclaimed months, it is

13    expected that each class member who submitted a timely and valid claim form will receive

14    approximately $40.00 per work month, minus applicable taxes.

15    8.    The new Settlement Agreement provides that, subject to Court approval, the

16    named Plaintiffs may each receive up to $2,500 for an enhancement, as well as for waiving

17    any and all individual claims the named Plaintiffs may have had beyond the class claims.

18    With respect to the Class, Plaintiffs actively cooperated in the prosecution of this action

19    and took affirmative steps to monitor the progress of this case on behalf of all potential

20    class members. Plaintiffs gathered information, reviewed documents, located other class

21    members, and participated in interviews and meetings.  The enhancement is for

22    participating and bearing the risk of litigation as well as giving up their individual claims

23    beyond the class claims.

24    9.    The new Settlement Agreement also provides that, subject to Court approval,

25    Westrup Klick, LLP, and  Krieger & Krieger ("Class Counsel") may receive an award, in

26    the amount of $55,000 for attorneys' fees and $5,000 for costs incurred in litigating this

27    class action.  As outlined below, to date, Class Counsel has incurred over $175,000 in

LA/235247.2

000012

1    attorneys' fees and costs. Even though Class Counsel has incurred substantially more than

2    $60,000 in attorneys' fees and costs, Class Counsel has agreed to accept $60,000 in light of

3    the bankruptcy.

4         10.    The $175,000 number expressed above for attorneys' fees and costs is

5    comprised of our time as seen from the bookkeepers' time records and ledger sheets on

6    which the firm (Westrup Klick LLP) records its time relating to this case.  Copies of the

7    ledger sheets and/or bills underlying the ledger sheets are available for an *in camera*

8    inspection should such be desired

9         11.    As a partner of my firm, I bill at the rate of $450/hour.  The billing rate of

10   other members of my firm is as follows: (1) senior partners - $700 (2) partners - $450/hour,

11   (3) associates - $350/hour, and (4) paralegals/legal assistants - $75/hour.

12         13    Below is a breakdown of the time that was spent by the attorney, paralegal, or

13   legal assistant who was primarily response for working on this case:

| **Attorney** | **Total number of hours:** |
|---|---|
| Phillip R. Poliner, Esq. | 127.5 |
| Christine Choi, Esq. | 81.5 |
| R. Duane Westrup, Esq. | 46.2 |
| Cat-Tuong T. Nguyen, Esq. | 25.2 |
| **Paralegal/Legal Assistant** | |
| Elizabeth Brown | 107.3 |

21         14.    Despite the law permitting such, Class Counsel does not seek a multiplier.  In

22   fact, Class Counsel is requesting far less than the attorneys' fees costs they actually

23   incurred.

24         15    Given that Defendant has agreed to Class Counsels' request for fees and costs

25   in the amount of $60,000,  none of the class members objected to the request for fees and

26   costs as set forth in the class notice and that Class Counsel has actually incurred more than

27   triple the amount being requested, Class Counsels' request for attorneys' fees and

1

2  costs in the amount of $60,000.00 is reasonable and justified.

3        16.    It is respectfully submitted that the terms of the settlement, be approved as

4  fair, reasonable and adequate to all concerned.

5        I declare that the foregoing is true and correct to the best of my knowledge,

6  information and belief and that this declaration was executed in Long Beach, California on

7  February 8, 2010.

8

9

10                          PHILLIP R. POLINER

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

LA/235247.2

000014

# EXHIBIT B

## DECLARATION OF TONY DANG REGARDING CLAIMS ADMINISTRATION

I, Tony Dang, declare the following facts to be true and correct and if called as a witness would testify competently to the same:

1.    I am employed as a Case Manager by Simpluris, Inc. ("Simpluris"), the claims administrator in the above-entitled action. My business address is 3176 Pullman Street, Suite 123, Costa Mesa, CA 92626. My telephone number is (714) 824-8590. I am over twenty-one years of age and authorized to make this declaration on behalf of Simpluris and myself.

2.    Simpluris is a Class Action Settlement Administration company located in Costa Mesa, CA. It is founded by individuals who have each managed hundreds of settlements, along with professionals in the areas of Software Development, Third-Party Claims Administration, Mail House Operations and Call Center Support Management.

3.    Simpluris was engaged by Counsel for the Class ("Plaintiffs") and Counsel for The Walking Company ("Defendant") (collectively, the "Parties"), to provide settlement administration services in the *Andrews v. The Walking Company* Settlement ("Settlement"). Simpluris' duties in administering the Settlement included and/or will include: a) printing and mailing of the Notice of Class Action Settlement ("Notice"), Claim Form and Request for Exclusion; b) receipt of undeliverable Notices and Claim Forms; c) receipt and validation of Claim Forms and Requests for Exclusion from the Settlement; d) calculation of Settlement Payments, distribution of funds and distribution of tax documents to Class Members and Class Counsel following final approval; and e) answering questions from Class Members.

DECLARATION OF TONY DANG

4.      A toll-free telephone number was included in the Notice for the purpose of allowing Class Members to call Simpluris to make inquiries regarding the Settlement. The toll-free telephone number included in the Notice was 800-779-2104.

5.      On September 11, 2009, Simpluris received from Plaintiffs' Counsel the Court-approved Notice, Claim Form, Request for Exclusion Form. The Notice, Claim Form and Request for Exclusion Form shall be collectively referred to herein as the "Notice Packet."   A true and correct copy of the final formatted Notice Packet is attached hereto as Exhibit "A. The Notice advised Class Members that they could submit a Claim Form or a Request for Exclusion postmarked on or before November 23, 2009.

6.      On or about September 25, 2009, Counsel for Defendant provided Simpluris with a mailing list ("Class List"), containing Class Member names, last known addresses, months worked during the class period, settlement amounts owed, and Social Security Numbers. The Class List contained data for 398 eligible Class Members.

7.      Simpluris then processed and updated the mailing addresses contained in the Class List utilizing the National Change of Address Database ("NCOA") maintained by the U.S. Postal Service. The NCOA contains change of address requests filed with the U.S. Postal Service. In the event that any Class Member had filed a U.S. Postal Service change of address request, the address listed with the NCOA was utilized in connection with the mailing of the Notice Packets.

8.      On October 9, 2009, Notice Packets were mailed, via First Class U.S. Mail, to the 398 Class Members provided for in the Class List.   Each Claim Form contained the number of months worked by the Class Member during the Class Period based on the Defendant's records.

DECLARATION OF TONY DANG

000016

9.      On November 3, 2009, a reminder postcard was mailed to 331 Class members who had not yet submitted a response.

10.     Sixty-eight (68) Notice Packets were returned by the post office. For those without forwarding addresses, Simpluris performed a skip trace on those addresses using Accurint, a reputable research tool owned by the LexisNexis Company. Simpluris utilized the Class Member's name, previous address and Social Security Number to try to locate a current address. Forty-three (43) Notice Packets were re-mailed to new addresses, forwarding addresses provided by the U.S. Postal Service or the original address upon the request of Class Counsel or the Class Member. Ultimately, only forty-one (41) Notice Packets were undeliverable because Simpluris was unable to find a better address than the one originally provided by the Defendant.

11.     Simpluris received a total of 150 valid Claim Forms. Four (4) of the valid Claim Forms disputed their work months. We are actively resolving these disputes. In addition, three (3) Claim Forms are submitted passed the deadline date but these late Claim Forms were accepted by agreement of counsel.

12.     The 150 participating Class Members represent 37.69% of the entire Class. Of the 3465.69 total employment months of the entire Class, the participating Class Members claimed a total of 2118.92, or 61.14%.

13.     As of this date, Simpluris received one (1) valid Request for Exclusion from Class Member Leiren Marcelino.

14.     As of this date, Simpluris has not received any objections to the Settlement.

15.     Simpluris' costs to administer the Settlement are $10,000.00.

DECLARATION OF TONY DANG

000017

1    I declare under penalty of perjury under the laws of the State of California that

2    the foregoing is true and correct and that this declaration was executed on February 5,

3    2010, at Costa Mesa, California.

4

5

6    _____

7                                TONY DANG

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF TONY DANG

# EXHIBIT C

## STIPULATION OF SETTLEMENT AND RELEASE

This stipulation of settlement and release ("Stipulation of Settlement") is made and entered into by and between plaintiffs Erin Andrews and Keith Park ("Plaintiffs" or "Class Representatives"), individually and on behalf of all others similarly situated on the one hand, and defendant The Walking Company, presently a debtor and debtor-in-possession under Chapter 11 of Title 11 of the United States Code (the "Debtor", "Defendant" or "The Walking Company"), on the other hand, and their respective counsel of record, subject to the terms and conditions hereof and the Bankruptcy Court's approval.

### A.    Definitions.

1.    Plaintiffs and the Settlement Class (as defined below) and Defendant are collectively referred to herein as "the Parties."

2.    "Class Counsel" are R. Duane Westrup and Phillip R. Poliner of Westrup Klick, LLP and Linda Krieger of Krieger & Krieger.

3.    The "Action" or "Complaint" means the case entitled "Erin Andrews and Keith Park, on behalf of themselves and all others similarly situated, vs. The Walking Company, Does 1 through 100, Inclusive, Defendants," Los Angeles Superior Court, Case No. BC404875, which Action is automatically stayed pursuant to 11 U.S.C. § 362.

4.    The "State Court" means the Superior Court of the State of California for the County of Los Angeles.

5.    The "Covered Positions" are positions held by commissioned employees, including but not limited to, 3rd Key, assistant Manager, Sales Clerk, Store Manager, DTC and Key Holder. The "Covered Time Frame" is any time during the period beginning December 31, 2004, through May 31, 2008.

6.    The "Settlement Class" means commissioned employees of Defendant in California who were employed in Covered Positions during the Covered Time Frame except for the one employee who opted out of the Settlement Class. Individual members of the Settlement Class are referred to herein as a "Settlement Class Member" or "Settlement Class Members."

7.    The "Bankruptcy Case" or "Bankruptcy Cases" means the Chapter 11 proceedings of The Walking Company Holdings, Inc., Big Dog USA, Inc. and The Walking Company that were voluntarily commenced on December 7, 2009 (the "Petition Date") and are being jointly administered in the Bankruptcy Court.

8.    The "Bankruptcy Court" means the United States Bankruptcy Court for the Central District of California.

### B.    General.

9.    The Complaint was filed in the Los Angeles County Superior Court on December 31, 2008. A First Amended Complaint was thereafter filed on February 11, 2009. The Complaint seeks to certify a class of all non-exempt employees employed by the Debtor in California. The Complaint

alleges that the Debtor incorrectly calculated employees' overtime pay for commissioned employees and as a result, such commissioned employees are entitled to wages, interest and penalties. Plaintiffs allege that the Debtor failed to properly pay overtime wages in violation of Labor Code Section 1194, failed to provide accurate itemized statements in violation of Labor Code Section 226, failed to timely pay final wages on termination in violation of Labor Code Sections 201 and 202, and violated California Business and Professions Code Section 17200. The Action seeks recovery of inaccurate overtime pay compensation, Section 203 penalties, Section 226 penalties, interest, restitution, injunctive relief, attorneys' fees and costs.

10.    Prior to the Petition Date, the Parties, and their respective counsel of record, agreed to resolve the Action and entered into a stipulation of settlement and release (as amended) (the "Pre-Petition Settlement").

11.    On September 11, 2009, the State Court entered an order granting preliminary approval of the Pre-Petition Settlement (the "Order"). The Order preliminarily and provisionally certified the class pending a final determination of whether the Pre-Petition Settlement would be approved. The Order further concluded that the notice, claim form and request for exclusion served on the Settlement Class comported with all constitutional requirements, including those of due process. Prior to entry of an order of final approval and judgment by the State Court, the Debtor and its affiliates filed for bankruptcy protection. Pursuant to paragraph 15 of the Order, the proposed Pre-Petition Settlement is without prejudice to the status quo ante rights of the Parties and their respective attorneys.

12.    Since the Petition Date, the Parties and their respective counsel have engaged in further discussions and, based on additional considerations, including the uncertainties of bankruptcy and the effect of the Action on the Debtor's ability to reorganize, have agreed to this Stipulation of Settlement. The Parties shall seek Bankruptcy Court certification of the Settlement Class and approval of the Stipulation of Settlement.

13.    The Debtor denies any liability or wrongdoing of any kind associated with the claims alleged in the Action, and further denies that this Action is appropriate for class treatment for any purpose other than this settlement. The Debtor contends, among other things, that it has complied at all times with the California Labor Code, the applicable Industrial Welfare Commission Wage Order, and the California Business and Professions Code.

14.    The Class Representatives believe that the Action is meritorious and that class certification is appropriate.

15.    Class Counsel has conducted a thorough investigation into the facts of the Action, including extensive informal discovery and exchange of information. Class Counsel is both knowledgeable about and has done extensive research with respect to the applicable law and potential defenses to the claims of the Settlement Class. Class Counsel has diligently pursued an investigation of the Settlement Class Members' claims against the Debtor. Based on the foregoing data and on its own independent investigation and evaluation, Class Counsel is of the opinion that the settlement with the Debtor for the consideration and on the terms set forth in this Stipulation of Settlement is fair, reasonable, and adequate and is in the best interest of the Settlement Class Members in light of all known facts and circumstances, including the risk of significant delay and uncertainty associated with litigation, various defenses asserted by the Debtor, and numerous potential appellate issues.

16.    For settlement purposes only, the Debtor will stipulate that the class described herein may be certified.

17.    The Debtor's execution and performance of this Stipulation of Settlement are subject to Bankruptcy Court approval of the Stipulation of Settlement.

**C.    Terms of Settlement.**

18.    The financial terms of the settlement are as follows:

(a)    **Total Settlement Amount:**  The Parties agree to settle this Action for the total settlement amount of one hundred and sixty-five thousand dollars ($165,000) (the "Total Settlement Amount"), which shall not revert back to the Debtor.  The Total Settlement Amount includes, Individual Payment Amounts, the cost of third party administration, attorneys' fees of Class Counsel and its costs and expenses and the service payment to the Class Representatives as approved by the Bankruptcy Court.

(b)    **Net Settlement Amount:**  The "Net Settlement Amount" is defined as the Total Settlement Amount less the cost of third party administration, attorneys' fees and documented litigation costs and expenses incurred or advanced by Class Counsel as approved and awarded by the Bankruptcy Court, and the service payment to the Class Representatives as approved by the Bankruptcy Court.

(c)    **Calculation of the Individual Payment Amounts:**  "Individual Payment Amount" means the portion of the Net Settlement Amount distributable to each of the 153 Settlement Class Members who submitted a timely and valid claim form in connection with the Pre-Petition Settlement.  The initial Individual Payment Amount will be calculated using a three-step process, as follows: (1) determining the "Total Work Months" by adding together all of the months worked in Covered Position(s) by Settlement Class Members during the Covered Time Frame; (2) dividing the Net Settlement Amount by the Total Work Months, which will yield the "Dollars per Work Month;" and (3) multiplying the number of months worked in Covered Position(s) during the Covered Time Frame by each Settlement Class Member ("Individual Work Months") by the Dollars per Work Month.

(d)    **Allocation of Individual Payments and Remainder:**  The Individual Settlement Amounts will be allocated based on the allegations in the Complaint as follows:  Thirty percent (30%) constitutes wages subject to withholding of all applicable local, state and federal taxes, and seventy percent (70%) constitutes penalties and interest, from which no taxes will be withheld.  The Settlement Administrator will issue to each Class Member an Internal Revenue Service Form W-2 and comparable state forms with respect to the wage allocation and a Form 1099 with respect to the penalties and interest allocation.

(e)    **Service Payment to Class Representative:**  The amount, if any, awarded to the Class Representatives as service payments will be set by the Bankruptcy Court in its discretion, not to exceed two thousand and five hundred dollars ($2,500) for each Class Representative, and this amount will come from the Total Settlement Amount.  The Class Representatives will be issued an IRS Form 1099 in connection with this payment.

     (f)     **Attorneys' Fees and Costs**: The Debtor agrees, subject to the Bankruptcy Court's approval, that Class Counsel is entitled to an award of attorneys' fees from the Total Settlement Amount in an amount not to exceed fifty-five thousand dollars ($55,000) and costs not to exceed five thousand dollars ($5,000).

     (g)     **Settlement Administration Costs**: The cost of the third party administration shall not exceed $15,000 and shall be paid from the Total Settlement Fund. Debtor agrees to pay the Settlement Administrator the $15,000 for the cost of administration within ten days of entry of a non-appealable, final order of the Bankruptcy Court approving this Stipulation of Settlement.

     19.    The Parties agree that the settlement is fair and reasonable and will so represent to the Bankruptcy Court. The Parties further agree that when their counsel of record receives a fully-executed Stipulation of Settlement, the Debtor shall file a motion in the Bankruptcy Court seeking approval of the Stipulation of Settlement. The Stipulation of Settlement will not be effective or enforceable against the Debtor until the Stipulation of Settlement is approved by the Bankruptcy Court.

     20.    The Parties agree that upon entry of approval of this settlement by the Bankruptcy Court, the Parties shall cooperate to effect the entry of a judgment and/or dismissal of the Action in Bankruptcy and/or State Court.

**D.    Release by the Named Plaintiffs.**

     21.    Upon entry of the order granting final approval of the settlement by the Court, Plaintiffs on behalf of themselves, their spouses, and each of their successors, assigns, legatees, heirs, and personal representatives, release and forever discharge the Debtor, and any of its former and present parent companies, subsidiaries, and affiliates, and the officers, directors, employees, partners, representatives, shareholders, agents, attorneys, insurers, successors and assigns of all such entities ("Released Parties"), and all persons acting by, through, under or in concert with them, or any of them, from all manner of action, causes of action, claims, demands, rights, suits, obligations, debts, contracts, agreements, promises, liabilities, damages, charges, penalties, losses, costs, expenses, and attorneys' fees, of any nature whatsoever, known or unknown as of the date of the entry of the final approval order, in law or equity, fixed or contingent.

     Plaintiffs Erin Andrews and Keith Parks, on behalf of themselves and their spouses, agents, representatives, attorneys, insurers, trustees, assigns, heirs, executors and administrators, expressly waives and relinquishes, to the fullest extent permitted by law, the provisions, rights and benefits of California Civil Code Section 1542, or any other similar provision under federal or state law, which provides:

     **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

Plaintiffs Erin Andrews and Keith Parks are deemed to understand, and acknowledge the significance of this waiver of California Civil Code Section 1542 and/or of any other applicable law

relating to limitations on releases. Plaintiffs may hereafter discover facts in addition to or different from those which any of them now knows or believes to be true with respect to the subject matter of the released claims, but Plaintiffs, upon the entry of the final approval order, shall have fully, finally, and forever settled and released any and all such claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, without regard to the subsequent discovery or existence of such different or additional facts, as against the Released Parties.

E.    **Release by the Class Members**

22.    Upon entry of the order granting final approval of the settlement by the Bankruptcy Court, and except as to such rights or claims as may be created by this Stipulation of Settlement, the Settlement Class (other than those who object to the Stipulation of Settlement and whose objection is not overruled by the Court and/or who opted out of the Pre-Petition Settlement) and each member of the Settlement Class, will fully release and discharge the Released Parties from any and all claims, rights, demands, debts, obligations, guarantees, liabilities, costs, expenses, attorneys' fees, damages, actions and causes of action, contained in or arising out of the Action, including but not limited to claims and penalties for failure to accurately calculate and pay overtime, and those arising from such, including violation of Labor Code Sections 201 and 202 and/or penalties pursuant to Labor Code Section 203 (failure to pay timely wages), violation of Labor Code Section 1194 (failure to pay wages), violation of Labor Code Section 226 (accurate itemized statements), and California Business and Professions Code Section 17200 (unfair business practices) during the period from December 31, 2004, through May 31, 2008.

F.    **Notice and Claim Process.**

23.    The Parties have agreed to the appointment of Simpluris, Inc. ("Settlement Administrator") who will perform the duties of a settlement administrator, including mailing any requisite notices, claim forms, independently reviewing and verifying documentation associated with any submitted claims, resolving any disputes regarding the calculation or application of the formula for determining the Individual Settlement Amounts, drafting and mailing the settlement checks to authorized Claimants, issuing W-2 and 1099 forms, and performing such other tasks as set forth herein or as the Parties mutually agree or that the Bankruptcy Court orders. All disputes relating to administration of the settlement by the Settlement Administrator shall be referred to the Bankruptcy Court, if necessary, which will have continuing jurisdiction over the terms and conditions of this Stipulation of Settlement, until all payments and obligations contemplated by this Stipulation of Settlement have been fully carried out. Prior to presenting any issue to the Bankruptcy Court, counsel for the Parties will confer in good faith to resolve the dispute without the necessity of Bankruptcy Court intervention.

24.    In accordance with the Federal Rules of Bankruptcy Procedure, notice of the motion to approve this Stipulation of Settlement, a copy of the motion and Stipulation of Settlement, the right to object, and any other information required by applicable law shall be sent to all parties affected by the Settlement, including the Settlement Class Members and their counsel and the Class Member who opted out of the Pre-Petition Settlement, by first class mail upon filing of such motion with the Bankruptcy Court.

25.    To the extent a Settlement Class Member disputes the number of Individual Work Months listed on his or her Claim Form, the Settlement Class Member may produce evidence to the

Settlement Administrator establishing the Individual Work Months the Settlement Class Member contends to have worked. The Debtor's records will be presumed determinative, but the Parties will evaluate the evidence submitted by the Claimant and discuss in good faith how many Individual Work Months should be credited.

26.     Subject to Bankruptcy Court approval of the Stipulation of Settlement and the entry of a final, non-appealable order approving this Stipulation of Settlement, the Debtor will deliver the Total Settlement Amount to the Settlement Administrator within thirty (30) calendar days of the Effective Date of any plan of reorganization except the amount to the third party administrator shall be paid in accordance with paragraph 18(g) above

## G.    Duties of the Parties Following Final Court Approval.

27.     Except for the payment of the Total Settlement Amount, the Settlement Class Members shall have no allowed claim against, or right to payment from, whether as an administrative claim or otherwise, the Debtor in the Bankruptcy Case with respect to or arising out of the Action. The Settlement Class Members and/or their counsel shall withdraw any proofs of claim filed by them with respect to such claims and, to the extent they fail to do so, will not object to the disallowance of their claims in the Bankruptcy Case.

## H.    Voiding the Agreement.

28.     A failure of the Court to approve any material condition of this Stipulation of Settlement which effects a fundamental change of the Parties' settlement shall render the entire Stipulation of Settlement voidable and unenforceable as to all Parties herein at the option of either Party. Notwithstanding the foregoing, in the event that the Bankruptcy Court approves the Total Settlement Amount but not the Attorneys' Fees and Costs provision set forth in paragraph 18(f) above, then the Bankruptcy Court may approve this Stipulation of Settlement and authorize the Debtor to pay the Total Settlement Amount, but allocate a lesser amount of attorneys' fees and costs. In such case, Plaintiffs' counsel may elect to either (i) accept whatever reduced amount of attorneys' fees and costs is approved by the Bankruptcy Court or (ii) file a separate proof of claim for attorneys' fees and costs with the Bankruptcy Court. The Debtor shall retain any and all right to object to the allowance of any such claim. In no event will the Bankruptcy Court's approval or disapproval of such Attorneys' Fees and Costs impact any other term or condition of this Settlement Agreement.

## I.    Parties' Authority.

29.     The signatories hereto represent that they are fully authorized to enter into this Stipulation of Settlement and bind the Parties hereto to the terms and conditions hereof.

## J.    Mutual Full Cooperation.

30.     The Parties agree to fully cooperate with each other to accomplish the terms of this Stipulation of Settlement, including but not limited to, execution of such documents and to take such other action as may reasonably be necessary to implement the terms of this Stipulation of Settlement. The Parties to this Stipulation of Settlement shall use their best efforts, including all efforts contemplated by this Stipulation of Settlement and any other efforts that may become necessary by

order of the Bankruptcy Court, or otherwise, to effectuate this Stipulation of Settlement and the terms set forth herein.

**K.    No Prior Assignments.**

31.    The Parties hereto represent, covenant, and warrant that they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or rights released and discharged by this Stipulation of Settlement.

**L.    No Admission.**

32.    Nothing contained herein, nor the consummation of this Stipulation of Settlement, is to be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of the Debtor or any of the other Released Parties. Each of the Parties hereto has entered into this Stipulation of Settlement with the intention of avoiding further disputes and litigation with the attendant inconvenience and expenses. This Stipulation of Settlement is a settlement document and shall, pursuant to California Evidence Code section 1152 and/or Federal Rule of Evidence 408, be inadmissible in evidence in any proceeding, except an action or proceeding to approve the settlement, and/or interpret or enforce this Stipulation of Settlement. Any stipulation for class certification as part of this Stipulation of Settlement is for settlement purposes only and if, for any reason the settlement is not approved, the stipulation will be of no force or effect.

**M.    Enforcement Actions.**

33.    Except as otherwise provided in this Stipulation of Settlement, in the event that one or more of the Parties to this Stipulation of Settlement institutes any legal action or other proceeding against any other Party or Parties to enforce the provisions of this Stipulation of Settlement or to declare rights and/or obligations under this Stipulation of Settlement, the successful Party or Parties shall be entitled to recover from the unsuccessful Party or Parties reasonable attorneys' fees and costs, including expert witness fees, incurred in connection with any enforcement actions.

**N.    Notices.**

34.    Unless otherwise specifically provided herein, all notices, demands or other communications given hereunder shall be in writing and shall be deemed to have been duly given as of the third business day after mailing by United States registered or certified mail, return receipt requested, addressed:

To the Settlement Class:

Phillip R. Poliner, Esq.
Westrup Klick, LLP
444 West Ocean Boulevard
Suite 1614
Long Beach, California 90802-4524

To The Walking Company:

Anthony J. Wall, Esq.
Executive Vice President and General Counsel
The Walking Company
121 Gray Avenue
Santa Barbara, CA 93101

With a copy to:

Matthew R. Orr, Esq.
Call, Jensen & Ferrell
610 Newport Center Drive, Suite 700
Newport Beach, CA 92660

**O.    Construction.**

35.    The Parties hereto agree that the terms and conditions of this Stipulation of Settlement are the result of lengthy, intensive arms' length negotiations between the Parties and that this Stipulation of Settlement shall not be construed in favor of or against any Party by reason of the extent to which any Party or his or its counsel participated in the drafting of this Stipulation of Settlement.

**P.    Captions and Interpretations.**

36.    Paragraph titles or captions contained herein are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Stipulation of Settlement or any provision hereof. Each term of this Stipulation of Settlement is contractual and not merely a recital.

**Q.    Modification.**

37.    This Stipulation of Settlement may not be changed, altered, or modified, except in writing and signed by the Parties hereto, and approved by the Court. This Stipulation of Settlement may not be discharged except by performance in accordance with its terms or by a writing signed by all of the Parties hereto.

**R.    Integration Clause.**

38.    This Stipulation of Settlement contains the entire agreement between the Parties relating to the settlement and transaction contemplated hereby, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a Party or such Party's legal counsel, are merged herein. No rights hereunder may be waived except in writing.

**S.    Binding On Assigns.**

39.    This Stipulation of Settlement shall be binding upon and inure to the benefit of the Parties hereto and their respective heirs, trustees, executors, administrators, successors and assigns.

000026

**T.    Signatures of All Settlement Class Members Unnecessary to be Binding.**

    40.    It is agreed that, because the members of the Settlement Class are numerous, it is impossible or impractical to have each Settlement Class Member execute this Stipulation of Settlement. As set forth above, adequate notice shall be given to advise all Settlement Class Members of the binding nature of the release provided herein and such shall have the same force and effect as if this Stipulation of Settlement were executed by each Settlement Class Member.

**U.    Counterparts.**

    41.    This Stipulation of Settlement may be executed in counterparts, and when each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one fully-signed Stipulation of Settlement, which shall be binding upon and effective as to all Parties.

Dated:  January 29, 2010        **CLASS COUNSEL:**

                              **WESTRUP KLICK, LLP**
                              **KRIEGER & KREIGER**

                              By:_____
                                      **PHILLIP R. POLINER**

                              Attorneys for Plaintiffs and the Class

Dated:  January 29, 2010        **CLASS REPRESENTATIVE:**

                              _____
                              **ERIN ANDREWS**

Dated:  January 29, 2010        **CLASS REPRESENTATIVE:**

                              _____
                              **KEITH PARK**

**T.     Signatures of All Settlement Class Members Unnecessary to be Binding.**

40.    It is agreed that, because the members of the Settlement Class are numerous, it is impossible or impractical to have each Settlement Class Member execute this Stipulation of Settlement.   As set forth above, adequate notice shall be given to advise all Settlement Class Members of the binding nature of the release provided herein and such shall have the same force and effect as if this Stipulation of Settlement were executed by each Settlement Class Member.

**U.     Counterparts.**

41.    This Stipulation of Settlement may be executed in counterparts, and when each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one fully-signed Stipulation of Settlement, which shall be binding upon and effective as to all Parties.


Dated:  January 29, 2010         **CLASS COUNSEL:**

                                 WESTRUP KLICK, LLP
                                 KRIEGER & KREIGER

                                 By:  _____
                                          PHILLIP R. POLINER

                                 Attorneys for Plaintiffs and the Class

Dated:  January 29, 2010         **CLASS REPRESENTATIVE:**

                                 _____
                                 ERIN ANDREWS


Dated:  January 29, 2010         **CLASS REPRESENTATIVE:**

                                 _____
                                 KEITH PARK

**T.    Signatures of All Settlement Class Members Unnecessary to be Binding.**

40.    It is agreed that, because the members of the Settlement Class are numerous, it is impossible or impractical to have each Settlement Class Member execute this Stipulation of Settlement.    As set forth above, adequate notice shall be given to advise all Settlement Class Members of the binding nature of the release provided herein and such shall have the same force and effect as if this Stipulation of Settlement were executed by each Settlement Class Member.

**U.    Counterparts.**

41.    This Stipulation of Settlement may be executed in counterparts, and when each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one fully-signed Stipulation of Settlement, which shall be binding upon and effective as to all Parties.

Dated:  January 29, 2010        **CLASS COUNSEL:**

**WESTRUP KLICK, LLP**
**KRIEGER & KREIGER**


By: _____

    PHILLIP R. POLINER

Attorneys for Plaintiffs and the Class

Dated:  January 29, 2010        **CLASS REPRESENTATIVE:**

_____

ERIN ANDREWS


Dated:  January 29, 2010        **CLASS REPRESENTATIVE:**

_____

KEITH PARK

Dated: January 29, 2010

**DEFENDANT'S COUNSEL:**

**CALL, JENSEN & FERRELL**

By:_____

MATT ORR

Attorneys for Defendant
THE WALKING COMPANY

Dated: January 29, 2010

**DEFENDANT/DEBTOR:**

THE WALKING COMPANY

By:_____

Anthony Way
Executive Vice President

000030

# EXHIBIT D

72

1  R. Duane Westrup (State Bar No. 58610)
   Phillip R. Poliner (State Bar No. 156145)
2  Christine Choi (State Bar No. 205656)
   WESTRUP KLICK LLP
3  444 West Ocean Boulevard, Suite 1614
   Long Beach, California 90802-4524
4  Telephone: (562) 432-2551
   Telecopier: (562) 435-4856
5
   Linda Krieger (State Bar No. 148728)
6  Terrance B. Krieger (State Bar No. 162399)
   KRIEGER & KRIEGER, A LAW CORPORATION
7  249 East Ocean Boulevard, Suite 750
   Long Beach, California 90802
8  Telephone: (562) 901-2500
   Telecopier: (562) 901-2522
9
   Attorneys for Plaintiffs ERIN ANDREWS and KEITH PARK
10

**FILED**
LOS ANGELES SUPERIOR COURT

RECD
AUG 05 2009
FILING WINDOW

SEP 11 2009

JOHN A. CLARKE, CLERK

*Stephanie Valente*

BY STEPHANIE VALENTE, DEPUTY

11              SUPERIOR COURT OF THE STATE OF CALIFORNIA

12                  FOR THE COUNTY OF LOS ANGELES

13

                                              BC404875

14  ERIN ANDREWS and KEITH PARK, on      )   Case No.: ~~BC346922~~
    behalf of themselves and all others similarly )
15  situated,                           )   Honorable Ruth A. Kwan
                                         )   Department 72
16                      Plaintiff,        )
                                         )   **CLASS ACTION**
17      vs.                              )
                                         )   [~~PROPOSED~~] **ORDER GRANTING**
18  THE WALKING COMPANY, a Delaware     )   **PRELIMINARY APPROVAL OF CLASS**
    corporation, and DOES 1 through 100, )   **ACTION SETTLEMENT**
19  inclusive,                          )
                                         )
20                      Defendants.      )
                                         )
21

22

23

24

25

26

27

28

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**    000031

1  **Recitals:**

2      This matter came on for hearing on August 31, 2009, at 9:00 a.m. in Department 72 of the

3  above-captioned court on Plaintiff's Unopposed Motion for Preliminary Approval of Class Action

4  Settlement.

5      The Court, having fully reviewed Plaintiff's Unopposed Motion for Preliminary Approval of

6  Class Action Settlement, the supporting Points and Authorities and Declaration filed in support thereof,

7  including the Stipulation of Settlement and Release ("Settlement Agreement"), the Notice of Class

8  Action Settlement, the Claim Form, and the Request for Exclusion Form, which are attached to the

9  declaration of Phillip R. Poliner filed in support of Plaintiff's Unopposed Motion for Preliminary

10  Approval attached hereto as Exhibits "A", "B", "C", and "D" respectively, incorporated by reference,

11  hereby makes the following findings and orders:

12      **The Court hereby makes the following findings:**

13      1.      The Court finds on a preliminary basis that the Settlement Agreement, incorporated in

14  full by this reference and made a part of this Order of Preliminary Approval, appears to be within the

15  range of reasonableness of a settlement which could ultimately be given final approval by this Court;

16  the Court notes that Defendant The Walking Company ("Defendant"), has agreed to create a common

17  fund of $225,000, which shall be all-inclusive, to pay all settlement payments to class members who

18  submit a valid and timely claim form (and do not opt-out), enhancements in the amount of $3,500 to

19  each of the named Plaintiffs, cost of administration not to exceed $15,000, and payment of attorneys'

20  fees and costs in the amount of $75,000, and does not include the employer's portion of FICA, FUTA

21  and/or employer-paid legal standard tax withholdings which will be paid separately from the common

22  fund by Defendant.

23      2.      The Court finds that the provisional certification of the class for settlement purposes is

24  appropriate and that the class shall include "all commissioned salesperson employed by Defendant from

25  December 31, 2004, through May 31, 2008".

26      3.      The Court finds that Westrup Klick, LLP and Krieger & Krieger are experienced in class

27  action litigation and that Erin Andrews and Keith Park are adequate class representatives. The Court

28  also approves Simpluris Inc. to act as the class action administrator.

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**    000032

4.    The Court finds that the notice, claim form and request for exclusion, attached hereto as Exhibits "B", "C" and "D" comport with all constitutional requirements including those of due process.

5.    The Court further finds that the proposed Notice to the class adequately advise the class about:

    (a)    The class action;

    (b)    The terms of the proposed settlement and the benefits available to each class member;

    (c)    Each class member's right to file a claim form, object and/or to "opt out" and the timing and procedures for doing so;

    (d)    The temporary and conditional certification of the class for settlement purposes only;

    (e)    Preliminary court approval of the proposed settlement;

    (f)    Timing and procedures for distributing the settlement funds to the class; and

    (g)    The date of the final fairness hearing as well as the rights of members of the class to file documentation in support of or in opposition to and appear in connection with said hearing.

6.    The Court further finds that the that the mailing to the last known address for members of the class, as specifically described within the Settlement Agreement, constitutes an effective method of notifying class members of their rights with respect to the Class Action and proposed settlement.

**Based on the above, the Court hereby makes the following Orders:**

1.    The Court orders the approval of this litigation as a settlement class action and the provisionally orders certification of the settlement class of "all commissioned salesperson employed by Defendant from December 31, 2004, through May 31, 2008".

2.    The Court orders that the preliminary approval of the Settlement Agreement as being fair, reasonable, and adequate to the settlement class.

3.    The Court orders the appointment of Westrup Klick, LLP and Krieger & Krieger as class counsel and orders the appointment of Erin Andrews and Keith Park as the class representatives. The

1    Court further approves and appoints Simpluris Inc. to act as the class action administrator, subject to

2    Simpluris providing written confirmation to the Parties of its agreement to provide the requested

3    settlement administration services set forth in the Settlement Agreement for an amount of no more than

4    $15,000.

5        4.    Defendant shall within fifteen (15) calendar days after entry of this Order provide

6    Simpluris Inc., the claims administrator, with a class list with last known addresses and social security

7    numbers. The class list will also contain the number of months of employment credited to each class

8    member.

9        5.    The Court orders that eighteen (18) court days prior to the final approval hearing, a

10    declaration shall be filed with the Court by Simpluris Inc. expressing that the Notices were mailed and

11    re-mailed to the class members, in accordance with the Settlement Agreement. Simpluris Inc., shall

12    include in the declaration that is filed with the Court, the number of Notices mailed, the number of

13    Notices re-mailed with forwarding addresses, the number of Notices returned as undeliverable.

14        6.    The Court orders that any claim form must be postmarked no later than forty-five (45)

15    calendar days after the Notice is mailed to the class (or re-mailed to the class member) and must be

16    received by Simpluris Inc. to be valid.

17        7.    The Court orders that any request for exclusion form must be postmarked no later than

18    forty-five (45) calendar days after the Notice is mailed to the class (or re-mailed to the class member)

19    and must be received by Simpluris Inc. to be valid.

20        8.    The Court orders that any dispute submitted by a class member regarding the months

21    of employment credited to that class member under the proposed settlement must be postmarked no

22    later than forty-five (45) calendar days after the Notice is mailed to the class (or re-mailed to the class

23    member) and must be received by Simpluis Inc. to be considered. Simpluris Inc. shall review all

24    disputes with the parties in accordance with the terms of the proposed settlement.

25        9.    The Court orders that any class member may object to the settlement, or to class

26    counsel's request for attorneys' fees, or to any other settlement term. Class members may object in

27    writing, or by appearing at the final approval hearing either in person or through an attorney at their

28    own expense (provided they notify the Court of their intent to do so), or by both a writing and

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**    000034

1 | appearance. All written objections, supporting papers and/or notices to the Court of intent to appear

2 | at the final approval hearing, must (a) clearly identify the case name and number (Andrews, et al. vs.

3 | The Walking Company, Case No. BC346922); (b) be submitted to the Court; and (c) also be mailed

4 | to Class Counsel and Attorneys for Defendant and filed or postmarked no later than forty-five (45)

5 | calendar days after the Notice Packet is mailed to the Class (or re-mailed to the Class Member).

6 |      10.    The Court orders that the Final Fairness Hearing shall be held before the undersigned

7 | at 9:00 a.m. on December 21, 2009, in Department 72 of the Los Angeles County Superior Court,

8 | located at 111 North Hill Street, Los Angeles, California, to consider the fairness, adequacy and

9 | reasonableness of the proposed settlement preliminarily approved by this Order of Preliminary

10 | Approval, and to consider the application of Class Counsel for an award of reasonable attorneys' fees

11 | and costs, and the named Plaintiffs' enhancements.

12 |      11.    The Court orders that pending final determination of whether this proposed settlement

13 | should be granted final approval, no member of the class, either directly or representatively, or in any

14 | other capacity, shall commence or prosecute any action or proceeding asserting any of the Released

15 | Claims against the Released Parties, as defined in the Settlement Agreement.

16 |      12.    The Court orders that any party to this case, including any class member, in person or

17 | by counsel, may be heard, to the extent allowed by the Court, in support of, or in opposition to, the

18 | Court's determination of the good faith, fairness, reasonableness and adequacy of the proposed

19 | settlement, the requested attorneys' fees and costs, the requested named Plaintiffs' enhancements, and

20 | any order of final approval and Judgment regarding such settlement, fees, costs and enhancements;

21 | provided, however, that no person, except class counsel and counsel for Defendant shall be heard in

22 | opposition to such matters unless such person has complied with the conditions set forth in the Notice

23 | to the class.

24 |      13.    The Court orders that all briefs regarding the settlement shall be served and filed in

25 | accordance with the following briefing schedule: All briefs and materials in support of an order of final

26 | approval and application for attorneys' fees and costs shall be filed with this Court no later than

27 | eighteen (18) court days before the final approval hearing date. Any objections to the settlement shall

28 |

1  be filed and served in accordance with this Order. Response briefs, if any, in opposition to objections

2  shall be filed with this Court no later than ten (10) business days after the deadline for filing objections.

3        14.    The Court orders that in the event of the occurrence of the effective settlement date as

4  defined in the Settlement Agreement, all class members, other than opt outs, and their successors shall

5  conclusively be deemed to have given full releases of the released claims against the released parties

6  (as defined in the Settlement Agreement), and to have waived the provisions of <u>Civil Code</u> § 1542, and

7  all class members (other than opt-outs) and their successors, shall be permanently enjoined and forever

8  barred from asserting any Released Claims against any Released Party as described by the Settlement

9  Agreement.

10        15.    The Court orders that if for any reason the Court does not execute and file an order of

11  final approval and judgment, or if the Effective Settlement Date, as defined in the Settlement

12  Agreement, does not occur for any reason whatsoever, the Settlement Agreement and the proposed

13  settlement which is the subject of this Order and all and all evidence and proceedings had in connection

14  therewith shall be without prejudice to the status quo ante rights of the Parties to the litigation as more

15  specifically set forth in the Settlement Agreement.

16        16.    The Court orders that, pending further order of this Court, all proceedings in this matter

17  except those contemplated herein and in the Settlement Agreement are stayed.

18        17.    The Court orders that Class Counsel submit a proposed Judgment in connection with

19  the Motion for Final Approval of Class Action Settlement that complies with California Rule of Court

20  3.769(h).

21        18.    The Court expressly reserves the right to adjourn or continue the Final Fairness Hearing

22  from time to time without further notice to the Class.

23

24      **IT IS SO ORDERED.**

25

26  Dated: ___9/11/09___                _____

27                                        Ruth A. Kwan

28                                        JUDGE OF THE SUPERIOR COURT

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**    000036

**PROOF OF SERVICE**

At the time of service I was over 18 years of age and not a party to this action. My business address is 444 West Ocean Boulevard, Suite 1614, Long Beach, California 90802-4524.

On, August 5, 2009, I served the following documents described as [PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT. I served the documents on all interested parties, as follows:

*By Federal Express:*
Scott J. Ferrell
Matthew R. Orr
Call, Jensen & Ferrell, APC
610 Newport Center Drive, Suite 700
Newport Beach, California 92660
Telephone: (949) 717-3000
Facsimile: (949) 717-3100

Attorneys for Defendant The Walking Company

*By First Class Mail:*
Linda Guthmann Krieger
Krieger & Krieger
249 East Ocean Boulevard, Suite 750
Long Beach, California 90802
Telephone: (562) 901-2500
Facsimile: (562) 901-2522

Attorneys for Plaintiffs Erin Andrews and Keith Park

The documents were served by the following means (specify):

a. [ ] **By Personal Service.** I personally delivered the documents to the persons at the addresses listed above. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

b. [X] **By United States Mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above. I placed the envelope for collection and mailing, following our ordinary business practice. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am employed in the county were the mailing occurred. The envelope or package was placed in the mail at Long Beach, California.

c. [X] **By Overnight Delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at he addresses listed above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: August 5, 2009

Liz Brown
LIZ BROWN

000037

| In re:  THE WALKING COMPANY, a Delaware corporation, d/b/a Alan's Shoes, Footworks, Overland Trading Co., Sole Outdoors, and Martini Shoes; f/k/a TWC Acquisition Corporation; BIG DOG USA, INC., a California corporation, d/b/a Big Dog Sportswear; f/k/a Fortune Dogs, Inc.; and THE WALKING COMPANY HOLDINGS, INC., a Delaware corporation, f/k/a Big Dog Holdings, Inc. and 190ᵗʰ Shelf Corporation,<br><br>Debtor(s). | CHAPTER: 11<br><br>CASE NUMBER: 9:09-bk-15138-RR<br><br>[Jointly Administered with Case Nos. 9:09-bk-15137-RR and 9:09-bk-15139-RR] |
|---|---|

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: Arent Fox, LLP, 555 West Fifth Street, 48th Floor, Los Angeles, CA  90013-1065

A true and correct copy of the foregoing document described as **DEBTORS' MOTION FOR AN ORDER PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 7023 AND 9019, CERTIFYING PUTATIVE CLASS FOR SETTLEMENT PURPOSES AND AUTHORIZING AND APPROVING SETTLEMENT WITH PUTATIVE CLASS; INCORPORATED MEMORANDUM OF POINTS AND AUTHORITIES** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **February 10, 2010** checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On **February 10, 2010** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| February 10, 2010 | Adriane Lark Madkin | */s/ Adriane Lark Madkin* |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*
LA/235916.1

**F 9013-3.1**

| In re: THE WALKING COMPANY, a Delaware corporation, d/b/a Alan's Shoes, Footworks, Overland Trading Co., Sole Outdoors, and Martini Shoes; f/k/a TWC Acquisition Corporation; BIG DOG USA, INC., a California corporation, d/b/a Big Dog Sportswear; f/k/a Fortune Dogs, Inc.; and THE WALKING COMPANY HOLDINGS, INC., a Delaware corporation, f/k/a Big Dog Holdings, Inc. and 190th Shelf Corporation, <br><br>Debtor(s). | CHAPTER: 11 <br><br> CASE NUMBER: 9:09-bk-15138-RR <br> [Jointly Administered with Case Nos. 9:09-bk-15137-RR and 9:09-bk-15139-RR] |
| --- | --- |

## I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF"):

- Craig H Averch    caverch@whitecase.com

- Lawrence Bass    lbass@faegre.com

- Shirley Cho    scho@pszjlaw.com

- Emily R Culler    eculler@omm.com

- Lawrence A Diamant    kfinn@rdwlawcorp.com

- Denise Diaz    Denise.Diaz@rmsna.com

- Robert K Edmunds    robert.edmunds@bipc.com

- Brian D Fittipaldi    brian.fittipaldi@usdoj.gov

- Brian D Huben    brian.huben@kattenlaw.com,
  carole.levine@kattenlaw.com;donna.carolo@kattenlaw.com;laura.nefsky@kattenlaw.com

- William W Huckins    whuckins@allenmatkins.com, clynch@allenmatkins.com

- Steven G Polard    spolard@perkinscoie.com

- David L Pollack    pollack@ballardspahr.com

- Hamid R Rafatjoo    hrafatjoo@pszjlaw.com, hrafatjoo@pszjlaw.com

- Howard Steinberg    hsteinberg@irell.com, awsmith@irell.com

- Wayne R Terry    wterry@hemar-rousso.com

- Ronald M Tucker    rtucker@simon.com,
  psummers@simon.com;rwoodruff@simon.com;shclark@simon.com

- United States Trustee (ND)    ustpregion16.nd.ecf@usdoj.gov

- Kimberly S Winick    kwinick@clarktrev.com

- Rebecca J Winthrop    winthropr@ballardspahr.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*
LA/235916.1

**F 9013-3.1**

| | |
|---|---|
| In re:  THE WALKING COMPANY, a Delaware corporation, d/b/a Alan's Shoes, Footworks, Overland Trading Co., Sole Outdoors, and Martini Shoes; f/k/a TWC Acquisition Corporation; BIG DOG USA, INC., a California corporation, d/b/a Big Dog Sportswear; f/k/a Fortune Dogs, Inc.; and THE WALKING COMPANY HOLDINGS, INC., a Delaware corporation, f/k/a Big Dog Holdings, Inc. and 190th Shelf Corporation,<br><br>Debtor(s). | CHAPTER: 11<br><br>CASE NUMBER: 9:09-bk-15138-RR<br>[Jointly Administered with Case Nos. 9:09-bk-15137-RR and 9:09-bk-15139-RR] |

## II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL:

## VIA OVERNIGHT MAIL

Honorable Robin Riblet
United States Bankruptcy Court
1415 State Street
Santa Barbara, California 93101-2511

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*
LA/235916.1

**F 9013-3.1**

| | |
|---|---|
| In re:  THE WALKING COMPANY, a Delaware corporation, d/b/a Alan's Shoes, Footworks, Overland Trading Co., Sole Outdoors, and Martini Shoes; f/k/a TWC Acquisition Corporation; BIG DOG USA, INC., a California corporation, d/b/a Big Dog Sportswear; f/k/a Fortune Dogs, Inc.; and THE WALKING COMPANY HOLDINGS, INC., a Delaware corporation, f/k/a Big Dog Holdings, Inc. and 190ᵗʰ Shelf Corporation,<br><br>Debtor(s). | CHAPTER: 11<br><br>CASE NUMBER: 9:09-bk-15138-RR<br><br>[Jointly Administered with Case Nos. 9:09-bk-15137-RR and 9:09-bk-15139-RR] |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
Arent Fox, LLP, 555 West Fifth Street, 48th Floor, Los Angeles, CA  90013-1065

A true and correct copy of the foregoing document described as <u>**NOTICE OF MOTION UNDER LOCAL BANKRUPTCY RULE 9013-1(o) FOR:    DEBTORS' MOTION FOR AN ORDER PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 7023 AND 9019, CERTIFYING PUTATIVE CLASS FOR SETTLEMENT PURPOSES AND AUTHORIZING AND APPROVING SETTLEMENT WITH PUTATIVE CLASS; INCORPORATED MEMORANDUM OF POINTS AND AUTHORITIES [with Motion attached]**</u> will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I.  <u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**</u> – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On <u>**February 10, 2010**</u> I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒  Service information continued on attached page

II.  <u>**SERVED BY U.S. MAIL OR OVERNIGHT MAIL**</u>(indicate method for each person or entity served):
On <u>**February 10, 2010**</u> I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☒  Service information continued on attached page

III.  <u>**SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL**</u> (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| February 10, 2010 | Adriane Lark Madkin | */s/ Adriane Lark Madkin* |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*
LA/236285.1

**F 9013-3.1**

| | |
|---|---|
| In re:  THE WALKING COMPANY, a Delaware corporation, d/b/a Alan's Shoes, Footworks, Overland Trading Co., Sole Outdoors, and Martini Shoes; f/k/a TWC Acquisition Corporation; BIG DOG USA, INC., a California corporation, d/b/a Big Dog Sportswear; f/k/a Fortune Dogs, Inc.; and THE WALKING COMPANY HOLDINGS, INC., a Delaware corporation, f/k/a Big Dog Holdings, Inc. and 190th Shelf Corporation, <br><br> Debtor(s). | CHAPTER: 11 <br><br> CASE NUMBER: 9:09-bk-15138-RR <br> [Jointly Administered with Case Nos. 9:09-bk-15137-RR and 9:09-bk-15139-RR] |

## I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF"):

- Craig H Averch    caverch@whitecase.com
- Lawrence Bass    lbass@faegre.com
- Shirley Cho    scho@pszjlaw.com
- Emily R Culler    eculler@omm.com
- Lawrence A Diamant    kfinn@rdwlawcorp.com
- Denise Diaz    Denise.Diaz@rmsna.com
- Robert K Edmunds    robert.edmunds@bipc.com
- Brian D Fittipaldi    brian.fittipaldi@usdoj.gov
- Brian D Huben    brian.huben@kattenlaw.com, carole.levine@kattenlaw.com;donna.carolo@kattenlaw.com;laura.nefsky@kattenlaw.com
- William W Huckins    whuckins@allenmatkins.com, clynch@allenmatkins.com
- Steven G Polard    spolard@perkinscoie.com
- David L Pollack    pollack@ballardspahr.com
- Hamid R Rafatjoo    hrafatjoo@pszjlaw.com, hrafatjoo@pszjlaw.com
- Howard Steinberg    hsteinberg@irell.com, awsmith@irell.com
- Wayne R Terry    wterry@hemar-rousso.com
- Ronald M Tucker    rtucker@simon.com, psummers@simon.com;rwoodruff@simon.com;shclark@simon.com
- United States Trustee (ND)    ustpregion16.nd.ecf@usdoj.gov
- Kimberly S Winick    kwinick@clarktrev.com
- Rebecca J Winthrop    winthropr@ballardspahr.com

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                F 9013-3.1
LA/236285.1

| | |
|---|---|
| In re: THE WALKING COMPANY, a Delaware corporation, d/b/a Alan's Shoes, Footworks, Overland Trading Co., Sole Outdoors, and Martini Shoes; f/k/a TWC Acquisition Corporation; BIG DOG USA, INC., a California corporation, d/b/a Big Dog Sportswear; f/k/a Fortune Dogs, Inc.; and THE WALKING COMPANY HOLDINGS, INC., a Delaware corporation, f/k/a Big Dog Holdings, Inc. and 190th Shelf Corporation,<br><br>                                 Debtor(s). | CHAPTER: 11<br><br>CASE NUMBER: 9:09-bk-15138-RR<br>[Jointly Administered with Case Nos. 9:09-bk-15137-RR and 9:09-bk-15139-RR] |

## II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL:

### VIA OVERNIGHT MAIL

Honorable Robin Riblet
United States Bankruptcy Court
1415 State Street
Santa Barbara, California 93101-2511

### VIA U.S. MAIL

Dennis Strayhan
Office of the United States Trustee
21051 Warner Center Lane, Suite 115
Woodland Hills, CA 91367

Brian Fittipaldi
Office of the United States Trustee
128 E. Carrillo Street
Santa Barbara, CA 93101

Jennifer Cann – Vice President / Account Executive
Joseph Burt – Vice President
Wells Fargo Retail Finance
One Boston Place, 18th Floor
Boston, MA 02108

Steven B. Levine, Esq.
Brown Rudnick, LLP
One Financial Center
Boston, MA 02111

Christopher Carolan, Esq.
Brown Rudnick, LLP
7 Times Square
New York, NY 10036

Wayne R. Terry, Esq.
Hemar, Rousso & Heald LLP
15910 Ventura Blvd., 12th Floor
Encino, CA 91436

Howard Steinberg, Esq.
Jeff Sklar
Irell & Manella LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067

Ivan M. Gold
Allen Matkins LLP
Three Embarcadero Center, 12th Flr.
San Francisco, CA 94111

Anthony Wall
760 Arcady
Santa Barbara, CA 93108

Bear Stearns Securities Corp Custodian
Robert Schnell IRA
10291 Century Woods Dr
Los Angeles, CA 90067

Cotsen Family Foundation
C/O Kayne Anderson Capital
1800 Ave of the Stars Fl. 2
Los Angeles, CA 90067

David Wolf
1956 East Valley Rd.
Santa Barbara, CA 93108

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*
LA/236285.1

**F 9013-3.1**

In re: THE WALKING COMPANY, a Delaware corporation, d/b/a Alan's Shoes, Footworks, Overland Trading Co., Sole Outdoors, and Martini Shoes; f/k/a TWC Acquisition Corporation; BIG DOG USA, INC., a California corporation, d/b/a Big Dog Sportswear; f/k/a Fortune Dogs, Inc.; and THE WALKING COMPANY HOLDINGS, INC., a Delaware corporation, f/k/a Big Dog Holdings, Inc. and 190th Shelf Corporation,

CHAPTER: 11

CASE NUMBER: 9:09-bk-15138-RR
[Jointly Administered with Case Nos. 9:09-bk-15137-RR and 9:09-bk-15139-RR]

Debtor(s).

Doug Nilsen
2225 St. James Drive
Santa Barbara, CA 93105

Gary Lieberthal, Trustee
Lieberthal Trust 3/23/99
991 Bel Air Road
Bel Air, CA 90077-3009

J Reims & Ka Reims, Ttees
Reims Family Trst 11/22/91
241 South Camden Drive
Beverly Hills, CA 90212

Kayne Anderson Capital
Income Partners (QP) LP
1800 Ave of the Stars Fl2
Los Angeles, CA 90067

Lee Cox
6726 Breakers Way
Ventura, CA 93001

Michael Grenley
24931 Marbella Court
Calabasas, CA 91302

Dumac LLC
Justin Nixon
406 Blackwell St Ste 300
Durham NC 27701-3984

RBC Dain Rauscher Cust
For C. Eric Warden Sep IRA
510 Marquette Ave
Minneapolis, MN 55402-1106

Richard & Suzanne Kayne
Living Trust dtd 1/14/09
1800 Ave of Stars 2nd Fl
Los Angeles, CA 90067

Robert P. Abate, Trustee
Robert P. Abate Rev Trust
Box 541
Elgin, IL 60123

Bobert Schnell Ira
C/O Kayne Anderson Capital
1800 Ave of the Stars Fl2
Los Angeles, CA 90067

Roberta Morris
1428 San Miguel Ave
Santa Barbara, CA 93108

Susie Minier
5694 Via Salerno
Goleta, CA 93117

The Kayne Foundation
C/O Kayne Anderson Capital
1800 Ave of the Stars Fl2
Los Angeles, CA 90067

Amfit, Inc.
5408 NE 88th Street, Suite D-406
Vancouver, WA 98665

Board of Equalization
PO Box 942879
Sacramento, CA 94279-0001

Kayne Anderson Capital Income partners (QP), LP
c/o Kayne Anderson Capital Advisors, LP
1800 Avenue of the Stars, Second Floor
Los Angeles, CA 90067

Bear Stearns Securities Corp. Custodian
Robert Schnell IRA
10291 Century Woods Dr.
Los Angeles, CA 90067

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*

**F 9013-3.1**

LA/226285.1

| | |
|---|---|
| In re: THE WALKING COMPANY, a Delaware corporation, d/b/a Alan's Shoes, Footworks, Overland Trading Co., Sole Outdoors, and Martini Shoes; f/k/a TWC Acquisition Corporation; BIG DOG USA, INC., a California corporation, d/b/a Big Dog Sportswear; f/k/a Fortune Dogs, Inc.; and THE WALKING COMPANY HOLDINGS, INC., a Delaware corporation, f/k/a Big Dog Holdings, Inc. and 190th Shelf Corporation,<br><br>Debtor(s). | CHAPTER: 11<br><br>CASE NUMBER: 9:09-bk-15138-RR<br>[Jointly Administered with Case Nos. 9:09-bk-15137-RR and 9:09-bk-15139-RR] |

Blackwell Partners, LLC
406 Blackwell Street, Suite 300
Durham, NC 27701

Robert P. Abate Rev Trust UA 8-29-95,
Robert P. Abate Trustee
P.O. Box 541N
Elgin, IL 60123

RBC Dain Raucher Cust. For Eric Warden SEP
IRA
510 Marquette Avenue
Minneapolis, MN 55402

Wells Fargo Retail Finance, LLC
2450 Colorado Avenue, Suite 3000W
Santa Monica, CA 90404

Wells Fargo Financial Leasing, Inc.
800 Walnut Street
Des Moines, IA 50309

CIT Technology Financing Services, Inc.
10201 Centurian Parkway North Suite 100
Jacksonville, FL 32256

Internal Revenue Service
P.O. Box 21126
Philadelphia, PA 19114

Robert K Edmunds
Buchanan Ingersoll & Rooney LLP
600 W Broadway Ste 1100
San Diego, CA 92101

Preit Services, LLC
Klehr Harrison Harvey Branzburg LLP
Jeffrey Kurtzman, Esq
1835 Market St, Ste 1400
Philadelphia, PA 19103

Primeshares
261 Fifth Avenue 22nd Flr
New York, NY 10016

Kevin M. Newman
Menter Rudin & Trivelpiece, PC
308 Maltbie Street, Suite 200
Syracuse, NY 13204

Maureen Bass
Buchanan Ingersoll & Rooney LLP
50 Fountain Plz Ste 800
Key Ctr at Fountain Plz
Buffalo, NY 14202

Mark E Felger
Cozen OConnor
1201 N. Market St Ste 1400
Wilmington, DE 19801

Neal D Colton
Cozen OConnor
1900 Market St
Philadelphia, PA 19103

Taubman Landlords
Andrew S Conway
200 East Long Lake Rd Ste 300
Bloomfield Hills, MI 48304

Linda Boyle
TW Telecom Inc.
10475 Park Meadows Dr No 400
Littleton, CO 80124

Craig Averch
White & Case LLP
633 West Fifth St Ste 1900
Los Angeles, CA 90071-2007

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                    **F 9013-3.1**

LA/226285.1

| In re:  THE WALKING COMPANY, a Delaware corporation, d/b/a Alan's Shoes, Footworks, Overland Trading Co., Sole Outdoors, and Martini Shoes; f/k/a TWC Acquisition Corporation; BIG DOG USA, INC., a California corporation, d/b/a Big Dog Sportswear; f/k/a Fortune Dogs, Inc.; and THE WALKING COMPANY HOLDINGS, INC., a Delaware corporation, f/k/a Big Dog Holdings, Inc. and 190th Shelf Corporation, <br><br>                                              Debtor(s). | CHAPTER: 11 <br><br> CASE NUMBER: 9:09-bk-15138-RR <br> [Jointly Administered with Case Nos. 9:09-bk-15137-RR and 9:09-bk-15139-RR] |
|---|---|

Eastview Mall, LLC
Thomas W. Daniels
1265 Scottsville Road
Rochester, NY 14624

The Shops at Wailea, LP
Christopher J. Muzzi
Moseley Biehl Tsugawa Lau & Muzzi LLLC
Alakea Corporation Tower
1100 Alakea St., 23rd Flr.
Honolulu, HI 96813

Trustees of the Estate of Bernice Pauahi Bishop
Susan Tius
Rush Moore LLP
737 Bishop St., Ste. 2400
Honolulu, HI 96813

Bellevue Square LLC
John S. Kaplan
Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101

City of Grapevine, Grapevine-Colleyville ISD
City of Hurst, Arlington Independent School District
c/o Elizabeth Banda
Perdue, Brandon, Fielder, Collins & Mott LLP
P.O. Box 13430
Arlington, TX 76094-0430

Lawrence Bass
Faegre & Benson LLP
3200 Wells Fargo Center
1700 Lincoln Street
Denver, CO 80203

UCC Lien Holder
Brightleaf Partners LP
c/o Brightleaf Capital LLC
324 Blackwell St Ste 520
Durham, NC  27701

UCC Lien Holder/Bonholder
Dumac LLC
406 Blackwell St., Ste 300
Durham, NC  27001-3984

UCC Lien Holder
The Huntington National Bank
Attn Edward J. Kitchen VP
650 Smithfield St., Ste. 1000
Centre City Tower
Pittsburgh, PA  15222

UCC Lien Holder
Varilease Finance Inc.
6340 South 3000 East, Ste. 250
Salt Lake City, UT  84121

Counsel for Missouri Department of Revenue
Richard M. Maseles
Missouri Department of Revenue
General Counsel's Office
301 W. High Street, Room 670
PO Box 475
Jefferson City, MO  65105

Patrick E. Mears
Barnes & Thornburg LLP
171 Monroe Avenue, NW, Suite 1000
Grand Rapids, Michigan  49503

Lawrence A. Diamant, Esq.
Levene, Neale, Bender, Rankin & Brill, LLP
10250 Constellation Boulevard, Suite 1700
Los Angeles, CA  90067

BDO Seidman, LLP
3200 Bristol Street, 5th Fl.
Costa Mesa, CA 92626

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

LA\226285.1

| In re: THE WALKING COMPANY, a Delaware corporation, d/b/a Alan's Shoes, Footworks, Overland Trading Co., Sole Outdoors, and Martini Shoes; f/k/a TWC Acquisition Corporation; BIG DOG USA, INC., a California corporation, d/b/a Big Dog Sportswear; f/k/a Fortune Dogs, Inc.; and THE WALKING COMPANY HOLDINGS, INC., a Delaware corporation, f/k/a Big Dog Holdings, Inc. and 190th Shelf Corporation.<br><br>Debtor(s). | CHAPTER: 11<br><br>CASE NUMBER: 9:09-bk-15138-RR<br>[Jointly Administered with Case Nos. 9:09-bk-15137-RR and 9:09-bk-15139-RR] |
|---|---|

Todd R. Gabriel, Esq.
Sparber Annen Morris & Gabriel, APLC
701 "B" Street, Suite 1400
San Diego, CA  92101-8164

Kevin Monahan, Account Resolution
Travelers
National Accounts
1 Tower Square – 5 MN
Hartford, CT  06183-4044

Kohner, Mann & Kailas, S.C.
Attn:  Samuel C. Wisotzkey
Washington Building
Barnabas Business Center
4650 N. Port Washington Rd.
Milwaukee, WI  53212-1059

Evan M. Jones, Esq.
Emily R. Culler, Esq.
Ana Acevedo, Esq.
O'Melveny & Myers LLP
400 South Hope Street
Los Angeles, CA  90071-2899

Michael Reed
McCreary, Veselka, Bragg & Allen, P.C.
P. O. Box 1269
Round Rock, Texas  78680

Charles M. Clark
Jackson, DeMarco, Tidus & Peckenpaugh
2030 Main Street, Suite 1200
Irvine, California  92614

R. Duane Westup
Phillip R. Poliner
Christine Choi
Westrup Klick LLP
444 West Ocean Boulevard, Suite 1614
Long Beach, CA  90802-4524

Linda Krieger
Terrance B. Krieger
Krieger & Krieger, A Law Corporation
249 East Ocean Boulevard, Suite 750
Long Beach, CA  90802

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                    **F 9013-3.1**

LA:226285.1