| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| Mette H. Kurth (SBN 187100)<br>Andy S. Kong (SBN 243933)<br>M. Douglas Flahaut (SBN 245558)<br>ARENT FOX LLP<br>555 West Fifth Street, 48th Floor<br>Los Angeles, CA 90013-1065<br>Telephone: 213.629.7400<br>Facsimile: 213.629.7401<br><br>*Attorney for* Attorneys for Debtors and Debtors in Possession | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| In re:<br><br>THE WALKING COMPANY, a Delaware corporation, d/b/a Alan's Shoes, Footworks, Overland Trading Co., Sole Outdoors, and Martini Shoes; f/k/a TWC Acquisition Corporation; BIG DOG USA, INC., a California corporation, d/b/a Big Dog Sportswear; f/k/a Fortune Dogs, Inc.; and THE WALKING COMPANY HOLDINGS, INC., a Delaware corporation, f/k/a Big Dog Holdings, Inc. and 190th Shelf Corporation,<br><br>Debtor. | CHAPTER 11<br><br>CASE NUMBER 9:09-bk-15138-RR<br>Jointly Administered with<br>Case Nos. 09-15137 & 09-15139<br><br>(No Hearing Required) |

## NOTICE OF MOTION UNDER LOCAL BANKRUPTCY RULE 9013-1(o) FOR:

MOTION FOR ENTRY OF AN ORDER (1) APPROVING A LEASE AMENDMENT BETWEEN 551 MADISON AVENUE OFFICE LLC AND THE WALKING COMPANY DATED JANUARY 28, 2010 AND (2) PERMITTING THE DEBTORS TO ASSUME THE LEASE BETWEEN MADISON AVENUE OFFICE LLC AND THE WALKING COMPANY AS AMENDED PURSUANT TO SECTION 365; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ANTHONY J. WALL

1. TO *(specify name):* The Honorable Robin L. Riblet, United States Bankruptcy Judge and All Interested Parties

2. NOTICE IS HEREBY GIVEN that Movant in the above-captioned matter will move this Court for an Order granting the relief sought as set forth in the Motion filed by Movant, a brief description of which is contained in the Description of Relief Sought attached hereto and served and filed herewith. Said Motion is based upon the grounds set forth in the said Motion and accompanying Description of Relief Sought. Said Motion is made pursuant to Local Bankruptcy Rule 9013-1(o), which provides for granting of motions without a hearing. (Check appropriate box below):

   ☒ The full Motion is attached hereto.

   ☐ The full Motion has been filed with the Bankruptcy Court and a detailed description of the relief sought is attached hereto.

3. **Deadline for Opposition Papers and Request for a Hearing**: Pursuant to Local Bankruptcy Rule 9013-1(o), any party objecting to the accompanying Motion may file and serve a written objection and request a hearing of this Motion. If you fail to file a written response within 14 days of the date of service of this Notice, the Court may treat such failure as a waiver of your right to oppose this Motion and may grant the requested relief.

Dated: 2/12/10

Arent Fox LLP
*Law Firm Name*

By: _____ /s/ Mette H. Kurth _____

Date Notice Mailed: 02/12/10

Name: Mette H. Kurth
*Attorney for Movant*

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

# ATTACHED

# "Motion"

1  Mette H. Kurth (SBN 187100)
   Andy S. Kong (SBN 243933)
2  M. Douglas Flahaut (SBN 245558)
   **ARENT FOX LLP**
3  555 West Fifth Street, 48th Floor
   Los Angeles, CA  90013-1065
4  Telephone:    213.629.7400
   Facsimile:    213.629.7401
5  E-mail:       kurth.mette@arentfox.com
                 kong.andy@arentfox.com
6                flahaut.douglas@arentfox.com

7  Attorneys for Debtors and Debtors in Possession

8  Debtors' Mailing Address
   121 Gray Avenue
9  Santa Barbara, CA 93101

10                **UNITED STATES BANKRUPTCY COURT**

11                **CENTRAL DISTRICT OF CALIFORNIA**

12                    **SANTA BARBARA DIVISION**

13  In re:                              Case No.: 9:09-bk-15138-RR

14  **THE WALKING COMPANY**, a          [Jointly Administered with Case Nos.: 9:09-bk-
    Delaware corporation, d/b/a Alan's Shoes,   15137-RR; 9:09-bk-15139-RR]
15  Footworks, Overland Trading Co., Sole
    Outdoors, and Martini Shoes; f/k/a TWC
16  Acquisition Corporation; **BIG DOG USA,
    INC.**, a California corporation, d/b/a Big   **MOTION FOR ENTRY OF AN ORDER (1)**
17  Dog Sportswear; f/k/a Fortune Dogs, Inc.;   **APPROVING A LEASE AMENDMENT**
    and **THE WALKING COMPANY**          **BETWEEN 551 MADISON AVENUE**
18  **HOLDINGS, INC.**, a Delaware       **OFFICE LLC AND THE WALKING**
    corporation, f/k/a Big Dog Holdings, Inc.   **COMPANY DATED JANUARY 28, 2010**
19  and 190th Shelf Corporation,         **AND (2) PERMITTING THE DEBTORS**
                                         **TO ASSUME THE LEASE BETWEEN**
20                      Debtors.         **MADISON AVENUE OFFICE LLC AND**
                                         **THE WALKING COMPANY AS**
21  ────────────────────────────        **AMENDED PURSUANT TO SECTION**
    [X]  Affects all Debtors            **365; MEMORANDUM OF POINTS AND**
22                                       **AUTHORITIES; DECLARATION OF**
    [ ]  Applies only to The Walking    **ANTHONY J. WALL**
23       Company

24  [ ]  Applies only to Big Dog USA, Inc.

25  [ ]  Applies only to The Walking     No Hearing Required Unless Requested
         Company Holdings, Inc.               Pursuant to LBR 9013-1(o)
26

27

28

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES     LA/236106.1

1   **TO THE HONORABLE ROBIN L. RIBLET, UNITED STATES**
2   **BANKRUPTCY JUDGE; THE OFFICE OF THE UNITED STATES TRUSTEE;**
3   **THE LANDLORDS AFFECTED BY THIS MOTION; THE DEBTORS' SECURED**
4   **CREDITORS; COUNSEL FOR THE CREDITORS COMMITTEE; AND ALL**
5   **PARTIES ENTITLED TO SPECIAL NOTICE:**

6       The Walking Company ("TWC") and its debtor affiliates, The Walking Company
7   Holdings, Inc. ("Holdings") and Big Dog USA, Inc. ("Big Dog,") (collectively, the
8   "Debtors"), hereby move the Court (1) for entry of an order pursuant to Bankruptcy Code
9   section 363(b) authorizing the Debtors to enter into an amendment to a lease dated July
10  10, 2008 between 551 Madison Avenue Office LLC ("Madison") and TWC (the
11  "Lease")[1] and (2) approving the Debtors' assumption of said Lease as amended on
12  January 28, 2010 pursuant to Bankruptcy Code section 365.

13      As set forth in the *Emergency Motion for Order (1) Authorizing the Debtors to*
14  *Conduct Store Closing Sales; (2) Establishing Procedures for the Rejection of Non-*
15  *Residential Real Property Leases; and (3) Authorizing the Immediate Rejection of Certain*
16  *Nonresidential Real Property Leases* (the "Initial Store Closing Motion") [Docket No. 3],
17  the Debtors commenced these chapter 11 cases principally to pursue a "right sizing"
18  strategy that will enable them to reorganize around their profitable stores.  To that end,
19  over the last months, the Debtors have engaged in extensive negotiations regarding their
20  portfolio of commercial real estate leases.

21      Subject to this Court's approval, the Debtors and Madison have agreed to amend
22  the Lease to, among other things, substantially reduce the monthly payments due under
23  the Lease through February 28, 2013 subject to a retroactive readjustment upwards should
24  gross sales exceed a certain target.  Additionally, by way of the amendment the Debtors
25  have agreed that Holdings will guarantee payment under the Lease.  A written agreement
26  dated January 28, 2010 memorializing the terms of the lease amendment was signed by
27  the Debtors and Madison (the "Lease Amendment").  The Debtors believe that the Lease

28

---

[1]   A summary of the terms of the Lease and the Lease Amendments are included as Exhibit 1 annexed hereto.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

LA/236106.1

1   Amendment is supported by a valid business justification, is proposed in good faith, and is

2   in the best interest of the Debtors' estates.  More specifically, the Lease Amendment was

3   negotiated in a good faith "arms-length" transaction between the Madison and the

4   Debtors.  Moreover the rent under the Lease Amendment will be substantially lower than

5   the payments under the original Lease.   The rent reductions are a valid business

6   justification for the Lease Amendment and the Lease Amendment is in the best interest of

7   the Debtors' estates.

8        The Debtors believe that the Lease Amendment has been entered into in the

9   ordinary course; however to the extent the Debtors require Court approval of the Lease

10   Amendment, they seek an order approving the Lease Amendment.  The Debtors also seek

11   court approval of their assumption of the Lease as amended by the Lease Amendment.

12        **WHEREFORE,** the Debtors respectfully request that the Court enter an order: (1)

13   granting the Motion; (2) approving and authorizing the Debtors' entry into the Lease

14   Amendment; (3) approving Debtors' assumption of the Lease as amended by the Lease

15   Amendment; and (4) granting such other and further relief as is necessary and appropriate.

16

17   Dated: February 12, 2010                  **ARENT FOX LLP**

18

19                               By: */s/ Mette H. Kurth*

20                                  Mette H. Kurth
                                    *Proposed* Attorneys for the

21                                    Debtors and Debtors in Possession

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## BACKGROUND

### A.    The Debtors' Retail Operations

Headquartered in Santa Barbara, California, the Debtors business consists of two distinct retail operations.  The Debtors' operations are largely focused on The Walking Company, which is a leading specialty retailer of authentic comfort footwear.  As of December 7, 2009 (the "Petition Date"), The Walking Company operated 210 stores in premium malls across the nation, and it generated approximately 93% of the Debtors' sales in 2009. Big Dog USA, Inc. is a retailer of a lifestyle collection of popular-priced T-shirts, casual sportswear, and accessories featuring the Big Dogs trademark.  On a consolidated basis, the Company employs over 1,600 individuals across the country.

As set forth in greater detail in the *Declaration of Andrew D. Feshbach in Support of Emergency "First Day" Motions* [Docket No. 15], the Debtors engaged in a period of significant expansion throughout 2006, 2007, and 2008.  Following the deterioration of the economy in the fall of 2008, the Debtors now find themselves with a significant number of over-market leases and underperforming stores.  Accordingly, the Debtors commenced these chapter 11 cases principally to pursue a "right sizing" strategy that will enable them to reorganize around their profitable stores and eliminate those whose continued operation would inhibit a successful reorganization.

### B.    The Debtors' Successful Renegotiation of Their Real Estate Lease Portfolio

On the Petition Date, the Debtors were parties to over 210 unexpired leases of non-residential real property, which included 210 retail stores, the Debtors' headquarters, and a distribution center. More specifically, the Debtors' corporate headquarters are located at an approximately 24,000 square foot leased office building in Santa Barbara, California, pursuant to a non-residential real property lease.  The Debtors also lease a 17,000 square foot office for the TWC merchandizing group in Westlake, California and Holdings leases

a 230,000 square foot distribution center in Lincolnton, North Carolina. The Debtors are currently using the facilities in the ordinary course of their business operations. TWC is a party to approximately 207 unexpired leases of non-residential real property relating to TWC stores doing business in 38 states across the country. Big Dog is a party to two unexpired leases of non-residential real property relating to Big Dog stores doing business in California and Florida.

To further their "right-sizing" plan, shortly after commencing these chapter 11 cases, the Debtors filed a motion seeking authority to close approximately 130 of their stores, all of which were at above-market rents, and establishing streamlined procedures to handle the rejection of their non-residential real property leases. The Court approved the Initial Store Closing Motion in December 2009, and in January 2010 the Debtors filed a motion seeking authority to close approximately 40 additional stores. In the meantime, however, in response to certain landlords' expressed desire to keep stores open, the Debtors began reaching out to the landlords to explore the possibility of renegotiating existing leases at market rents. Further, the Official Committee of Unsecured Creditors (the "Committee") conducted its own lease analysis, and the Committee and Debtors are in agreement that the Debtors' estates could benefit from the ability to keep additional stores open at locations with more favorable lease terms.

Over the last month, the Debtors have engaged in extensive negotiations with respect to their portfolio of commercial real estate leases. They have now successfully negotiated agreements that provide for the modification of a significant number of their leases, subject to Court approval of these lease modification agreements. While none of the agreements are identical, the changes all follow a general model designed to reduce the Debtors' monthly rent obligations. Based on the significant success that the Debtors have achieved in their lease negotiations, assuming the Debtors' successfully enter into the modified leases, it is the Debtors' intention that substantially all of their stores will be retained, and substantially all their executory contracts and unexpired leases will be assumed pursuant to their plan of reorganization (the "Plan").

1

### C.    The Lease

2       The Debtors evaluated operations at the location covered by the Lease and have

3   determined that location is valuable to the Debtors' operations if the rent could be reduced

4   to reflect the current market or if sales exceed projections.  Accordingly, the Debtors

5   engaged in negotiations with Madison about the possibility of more favorable rent terms.

6   After several weeks of negotiations between the parties, the Debtors and Madison agreed

7   to the Lease Amendment wherein the monthly rents are substantially reduced through

8   2013 subject to a retroactive readjustment upwards should Debtors' gross sales at the store

9   exceed a certain target.  Moreover Holdings agreed to guarantee the payment of the

10  monthly rents.  Negotiations of the Lease Amendment were conducted in good faith.  The

11  terms are clearly beneficial to both parties as Madison will retain an anchor tenant during

12  the depressed retail leasing market and the Debtors will not have to close an additional

13  location because of an over-market lease.

14

### D.    Terms of the Lease Amendment

15      The following is a summary of the salient provisions of the Lease Amendment:

16      ***Reduced Rent:*** Pursuant to the Lease Amendment the monthly payment owed

17  Madison under the Lease will be substantially reduced through 2013 subject to certain

18  retroactive readjustments upward if Debtors gross sales at the store exceed a certain target.

19  General terms are set forth in more detail in the Lease Agreement as well as Exhibit 1.

20      ***Guarantee:*** Holdings agrees to guarantee the payment of the obligations under the

21  Lease as amended by the Lease Amendment.

22      ***Payment of Prepetition and Postpetition Arrearages:*** As applicable, the Debtors

23  shall satisfy any postpetition administrative rent obligations due to Madison (the

24  "Postpetition Arrearage").

25      ***Bankruptcy Court Approval:*** The effectiveness of the Lease Amendment is

26  conditioned upon an approval of the Lease Amendment as well as Debtors assumption of

27  the Lease and Lease Amendment by way of a final order (the "Approval Order").

28

## II.

## ARGUMENT

Bankruptcy Code section 363 provides that a debtor in possession "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate."[2]  In this Circuit, a court should approve a debtor's use of assets outside the ordinary course of business if the debtor can demonstrate a sound business justification for the proposed transaction and that the transaction is proposed in good faith.[3]

In *In re 240 North Brand Partners*, the Ninth Circuit Bankruptcy Appellate Panel addressed whether a bankruptcy court erred in denying a debtor's motion to modify a commercial lease pursuant to Bankruptcy Code section 363(b).  The debtor, as landlord, sought to modify a lease that was profitable to the estate so that the lessee would be released of its lease obligations in exchange for $180,000.  The Bankruptcy Appellate Panel ruled that the legal standards under Bankruptcy Code section 363 that pertain to the sale of estate property outside of the ordinary course of business also apply to proposed lease modifications outside of the ordinary course of business.[4]  In upholding the bankruptcy court's denial of the 363(b) motion, the Bankruptcy Appellate Panel found that the debtor (1) did not demonstrate that the lease modifications had a valid business justification because they allowed the lessee to "virtually walk away from a lucrative lease, and (2) failed to show that the modifications had been proposed in good faith."[5]

With respect to the good faith element, courts in this District have held that good faith exists where the transaction "is in the best interest of the estate, *i.e.* it is fair and reasonable, that it has been given adequate marketing, that it has been negotiated and proposed in good faith, that the purchaser is proceeding in good faith, and that it is an 'arms-length' transaction."[6]  In short, "[g]ood faith encompasses fair value, and further

---

[2]   11 U.S.C. § 363(b)(1).

[3]   *See, e.g., 240 North Brand Partners v. Colony GFP Partners, L.P. (In re 240 North Brand Partners)*,  200 B.R. 653, 559 (B.A.P. 9th Cir. 1996).

[4]   *Id.*

[5]   *Id.* at 660.

[6]   *In re Wilde Horse Enterprises, Inc.*, 136 B.R. 830, 841 (Bankr. C.D. Cal. 1991).

1   speaks to the integrity of the transaction."[7]

2       Under Bankruptcy Code section 365 the propriety of a decision to assume or reject

3   an executory contract or unexpired lease is determined by the business judgment test.[8]

4   Essentially the court puts itself in the shoes of the DIP to determine whether assuming the

5   contract or lease would be a good or bad business decision.[9]

6     **A.**   <u>**The Lease Amendment is Supported by a Valid Business Justification**</u>

7       The Lease Amendment is supported by a valid business justification because the

8   Lease Amendment results in a significant reduction in rent payments such that the Debtors

9   believe they can operate a profitable store at the location and will not have to close the

10   store and reject the lease.

11     **B.**   <u>**The Lease Amendment is Proposed in Good Faith and is in the Best**</u>

12   <u>**Interest of the Estates**</u>

13       In addition to valid business justifications supporting the Lease Amendment, the

14   transaction is proposed in good faith and is in the best interest of the estates.  Not only

15   would the entry into these agreements be beneficial to the estates, but the Lease

16   Amendment is favorable to Madison as well as the Debtors since it permits Madison to

17   retain the Debtors as tenants during this difficult retail leasing market rather than have

18   their lease rejected under the Plan on account of the over-market contractual rent set forth

19   in the Lease.  Moreover, the Lease Amendment was negotiated over the course of several

20   weeks in "arms-length" transactions without any collusion between the parties.  Overall,

21   the transaction is fair and reasonable and in the best interest of the estates.

22     **C.**   <u>**Assuming the Lease as Amended by the Lease Amendment is a Good**</u>

23   <u>**Business Decision and the Assumption Should be Approved**</u>

24       As set forth above, assuming the Lease as amended by the Lease Agreement is a

25   good business decision because at the current market rental rate agreed to under the Lease

26

27   [7]   *Id.* at 842; *In re 240 North Brand Partners*, 200 B.R. at 559.

28   [8]   *See Group of Institutional Investors v. Chicago, Milwaukee, St. Paul & Pc. R.R. Co.* 318 U.S. 523, 550 (1943); *Sharon Steel Corp. v. National Fuel Gas Distribution Corp.*, 872 F.2d 36, 39-40 (3rd. Cir. 1989).
      [9]   *See In re Orion Pictures Corp.*, 4 F.3d 1095, 1099 (2nd Cir. 1993).

Amendment, the Debtors can make a profit at the store given their current sales projections. Furthermore, to the extent the Debtors' sales exceed expectations and reach the agreed upon target thereby triggering higher rent, it is anticipated that the profits from those increased sales will be sufficient to pay the higher rate while still allowing the store to remain profitable. Accordingly the Debtors have determined that it is in their best interest to assume the Lease as amended by the Lease Amendment.

### III.

### CONCLUSION

For the reasons set forth herein, and based on this motion, the notice of this motion, this memorandum of points and authorities, the record in these cases, the declaration of Anthony J. Wall, and all other admissible evidence properly brought before the Court, there are good and sufficient grounds for this Court to enter an Order: (1) granting the Motion; (2) approving and authorizing the Debtors' entry into the Lease Amendment; (3) approving Debtors' assumption of the Lease as amended by the Lease Amendment; and (4) granting such other and further relief as is necessary and appropriate.

Dated: February 12, 2010                    **ARENT FOX LLP**


By: */s/ Mette H. Kurth*
    Mette H. Kurth
    *Proposed* Attorneys for the
    Debtors and Debtors in Possession

# DECLARATON OF ANTHONY J. WALL

I, Anthony J. Wall, declare as follows:

1.    I am over 18 years of age.  If called as a witness, I could and would competently testify with respect to the matters set forth in this declaration from my own personal knowledge or from knowledge gathered from others within the debtors' organization, my review of relevant documents, or my opinion based upon my experience concerning the debtors' operations.

2.    I am the Executive Vice President and General Counsel of The Walking Company Holdings, Inc., f/k/a Big Dog Holdings, Inc., and its two wholly owned subsidiaries, The Walking Company and Big Dog USA, Inc.  In this capacity, I am generally familiar with the legal, business, and financial affairs of the Debtors.  I submit this declaration in support of the Debtors' *Motion for Entry of an Order (1) Approving a Lease Amendment Between 551 Madison Avenue Office LLC and The Walking Company Dated January 28, 2010; and (2) Permitting The Debtors to Assume the Lease Between Madison Avenue Office LLC and The Walking Company as Amended Pursuant to Section 365* (the "Motion").[10]

3.    I have reviewed the Motion and believe that the factual contentions therein are true and correct.  Further, I have reviewed the Lease Amendment and I believe that the Lease Amendment is supported by valid business justifications – specifically the substantial reduction in rental payments is in the interest of the Debtors because it will allow the Debtors to keep the store open and remain profitable at the location.  The benefits of the substantial reduction in rent far outweigh the additional guarantee that Madison has requested of Holdings.  In short, without the reduced rental payments contained in the Lease Agreement, the Debtors would have likely had to reject the Lease.

4.    In addition to valid business justifications supporting the Lease Amendment, I believe the transaction is proposed in good faith and is in the best interest of the estates. Both the Madison and the Debtors are benefited by the Lease Amendment because

---

[10] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Madison retains an anchor tenant during a difficult retail leasing market and the Debtors benefit from a significant reduction in monthly rental payments. Moreover, the Lease Amendment was negotiated with Madison over the course of several weeks in "arms-length" transactions without any collusion between the parties.

5. Overall, I believe the Lease Amendment is fair and reasonable and in the best interest of the estates. Furthermore, to the extent the court approves the Lease Amendment, I believe it to be in the Debtors' best interest to assume the Lease as modified by the Lease Amendment pursuant to section 365 of the Bankruptcy Code.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 10th day of February, 2010, at Santa Barbara, California.

ANTHONY J. WALL

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

LA/236106.1

# EXHIBIT 1

1

## EXHIBIT 1

2

## SUMMARY OF THE TERMS OF THE
## EXISTING LEASE AND LEASE AMENDMENT

3

4

5

| Landlord | Debtor Party to Lease | Store Number | Lease Location | Lease Expiration Date Prior to Amendment | Extended Lease Term Pursuant to Amendment | Prepetition Arrearage being paid | Postpetition Arrearage being paid |
|---|---|---|---|---|---|---|---|
| 551 Madison Avenue Office LLC | The Walking Company | 382 | 551 Madison Avenue, New York, NY 10022 | April 30, 2024 | N/A | N/A | $1,449.24 |

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| | |
|---|---|
| In re:  THE WALKING COMPANY, a Delaware corporation, d/b/a Alan's Shoes, Footworks, Overland Trading Co., Sole Outdoors, and Martini Shoes; f/k/a TWC Acquisition Corporation; BIG DOG USA, INC., a California corporation, d/b/a Big Dog Sportswear; f/k/a Fortune Dogs, Inc.; and THE WALKING COMPANY HOLDINGS, INC., a Delaware corporation, f/k/a Big Dog Holdings, Inc. and 190th Shelf Corporation,<br><br>Debtor(s). | CHAPTER: 11<br><br>CASE NUMBER: 9:09-bk-15138-RR<br>[Jointly Administered with Case Nos. 9:09-bk-15137-RR and 9:09-bk-15139-RR] |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: Arent Fox, LLP, 555 West Fifth Street, 48th Floor, Los Angeles, CA  90013-1065

A true and correct copy of the foregoing document described as **MOTION FOR ENTRY OF AN ORDER (1) APPROVING A LEASE AMENDMENT BETWEEN 551 MADISON AVENUE OFFICE LLC AND THE WALKING COMPANY DATED JANUARY 28, 2010 AND (2) PERMITTING THE DEBTORS TO ASSUME THE LEASE BETWEEN MADISON AVENUE OFFICE LLC AND THE WALKING COMPANY AS AMENDED PURSUANT TO SECTION 365; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ANTHONY J. WALL** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **February 12, 2010** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒  Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On **February 12, 2010** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒  Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served)**:** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| February 12, 2010 | Adriane Lark Madkin | */s/ Adriane Lark Madkin* |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

| | |
|---|---|
| In re:  THE WALKING COMPANY, a Delaware corporation, d/b/a Alan's Shoes, Footworks, Overland Trading Co., Sole Outdoors, and Martini Shoes; f/k/a TWC Acquisition Corporation; BIG DOG USA, INC., a California corporation, d/b/a Big Dog Sportswear; f/k/a Fortune Dogs, Inc.; and THE WALKING COMPANY HOLDINGS, INC., a Delaware corporation, f/k/a Big Dog Holdings, Inc. and 190th Shelf Corporation,<br><br>Debtor(s). | CHAPTER: 11<br><br>CASE NUMBER: 9:09-bk-15138-RR<br>[Jointly Administered with Case Nos. 9:09-bk-15137-RR and 9:09-bk-15139-RR] |

## I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF"):

- Craig H Averch   caverch@whitecase.com

- Lawrence Bass   lbass@faegre.com

- Shirley Cho   scho@pszjlaw.com

- Emily R Culler   eculler@omm.com

- Lawrence A Diamant   kfinn@rdwlawcorp.com

- Denise Diaz   Denise.Diaz@rmsna.com

- Robert K Edmunds   robert.edmunds@bipc.com

- Brian D Fittipaldi   brian.fittipaldi@usdoj.gov

- Brian D Huben   brian.huben@kattenlaw.com, carole.levine@kattenlaw.com;donna.carolo@kattenlaw.com;laura.nefsky@kattenlaw.com

- William W Huckins   whuckins@allenmatkins.com, clynch@allenmatkins.com

- Steven G Polard   spolard@perkinscoie.com

- David L Pollack   pollack@ballardspahr.com

- Hamid R Rafatjoo   hrafatjoo@pszjlaw.com, hrafatjoo@pszjlaw.com

- Howard Steinberg   hsteinberg@irell.com, awsmith@irell.com

- Wayne R Terry   wterry@hemar-rousso.com

- Ronald M Tucker   rtucker@simon.com, psummers@simon.com;rwoodruff@simon.com;shclark@simon.com

- United States Trustee (ND)   ustpregion16.nd.ecf@usdoj.gov

- Kimberly S Winick   kwinick@clarktrev.com

- Rebecca J Winthrop   winthropr@ballardspahr.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*
LA/237270.1

**F 9013-3.1**

| | |
|---|---|
| In re:  THE WALKING COMPANY, a Delaware corporation, d/b/a Alan's Shoes, Footworks, Overland Trading Co., Sole Outdoors, and Martini Shoes; f/k/a TWC Acquisition Corporation; BIG DOG USA, INC., a California corporation, d/b/a Big Dog Sportswear; f/k/a Fortune Dogs, Inc.; and THE WALKING COMPANY HOLDINGS, INC., a Delaware corporation, f/k/a Big Dog Holdings, Inc. and 190th Shelf Corporation,<br><br><div align="center">Debtor(s).</div> | CHAPTER: 11<br><br>CASE NUMBER: 9:09-bk-15138-RR<br>[Jointly Administered with Case Nos. 9:09-bk-15137-RR and 9:09-bk-15139-RR] |

## II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL:

## VIA OVERNIGHT MAIL

Honorable Robin Riblet
United States Bankruptcy Court
1415 State Street
Santa Barbara, California 93101-2511

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009
LA/237270.1

**F 9013-3.1**

| | |
|---|---|
| In re:  THE WALKING COMPANY, a Delaware corporation, d/b/a Alan's Shoes, Footworks, Overland Trading Co., Sole Outdoors, and Martini Shoes; f/k/a TWC Acquisition Corporation; BIG DOG USA, INC., a California corporation, d/b/a Big Dog Sportswear; f/k/a Fortune Dogs, Inc.; and THE WALKING COMPANY HOLDINGS, INC., a Delaware corporation, f/k/a Big Dog Holdings, Inc. and 190th Shelf Corporation,<br><br><div align="center">Debtor(s).</div> | CHAPTER: 11<br><br>CASE NUMBER: 9:09-bk-15138-RR<br>[Jointly Administered with Case Nos. 9:09-bk-15137-RR and 9:09-bk-15139-RR] |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: Arent Fox, LLP, 555 West Fifth Street, 48th Floor, Los Angeles, CA  90013-1065

A true and correct copy of the foregoing document described as **NOTICE OF MOTION UNDER LOCAL BANKRUPTCY RULE 9013-1(o) FOR:  MOTION FOR ENTRY OF AN ORDER (1) APPROVING A LEASE AMENDMENT BETWEEN 551 MADISON AVENUE OFFICE LLC AND THE WALKING COMPANY DATED JANUARY 28, 2010 AND (2) PERMITTING THE DEBTORS TO ASSUME THE LEASE BETWEEN MADISON AVENUE OFFICE LLC AND THE WALKING COMPANY AS AMENDED PURSUANT TO SECTION 365; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ANTHONY J. WALL [with Motion attached]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **February 12, 2010** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

<div align="right">☒  Service information continued on attached page</div>

II.  **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On **February 12, 2010** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

<div align="right">☒  Service information continued on attached page</div>

III.  **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

<div align="right">☐  Service information continued on attached page</div>

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| February 12, 2010 | Adriane Lark Madkin | /s/ Adriane Lark Madkin |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*
LA/237075.1                                                                                                    **F 9013-3.1**

| In re:  THE WALKING COMPANY, a Delaware corporation, d/b/a Alan's Shoes, Footworks Overland Trading Co., Sole Outdoors, and Martini Shoes; f/k/a TWC Acquisition Corporation; BIG DOG USA, INC., a California corporation, d/b/a Big Dog Sportswear; f/k/a Fortune Dogs, Inc.; and THE WALKING COMPANY HOLDINGS, INC., a Delaware corporation, f/k/a Big Dog Holdings, Inc. and 190th Shelf Corporation, | CHAPTER: 11 |
|---|---|
| Debtor(s). | CASE NUMBER: 9:09-bk-15138-RR<br>[Jointly Administered with Case Nos. 9:09-bk-15137-RR and 9:09-bk-15139-RR] |

## I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF"):

- Craig H Averch    caverch@whitecase.com
- Lawrence Bass    lbass@faegre.com
- Shirley Cho    scho@pszjlaw.com
- Emily R Culler    eculler@omm.com
- Lawrence A Diamant    kfinn@rdwlawcorp.com
- Denise Diaz    Denise.Diaz@rmsna.com
- Robert K Edmunds    robert.edmunds@bipc.com
- Brian D Fittipaldi    brian.fittipaldi@usdoj.gov
- Brian D Huben    brian.huben@kattenlaw.com,
  carole.levine@kattenlaw.com;donna.carolo@kattenlaw.com;laura.nefsky@kattenlaw.com
- William W Huckins    whuckins@allenmatkins.com, clynch@allenmatkins.com
- Steven G Polard    spolard@perkinscoie.com
- David L Pollack    pollack@ballardspahr.com
- Hamid R Rafatjoo    hrafatjoo@pszjlaw.com, hrafatjoo@pszjlaw.com
- Howard Steinberg    hsteinberg@irell.com, awsmith@irell.com
- Wayne R Terry    wterry@hemar-rousso.com
- Ronald M Tucker    rtucker@simon.com,
  psummers@simon.com;rwoodruff@simon.com;shclark@simon.com
- United States Trustee (ND)    ustpregion16.nd.ecf@usdoj.gov
- Kimberly S Winick    kwinick@clarktrev.com
- Rebecca J Winthrop    winthropr@ballardspahr.com

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*
LA/237075.1

**F 9013-3.1**

| | |
|---|---|
| In re: THE WALKING COMPANY, a Delaware corporation, d/b/a Alan's Shoes, Footworks, Overland Trading Co., Sole Outdoors, and Martini Shoes; f/k/a TWC Acquisition Corporation; BIG DOG USA, INC., a California corporation, d/b/a Big Dog Sportswear; f/k/a Fortune Dogs, Inc.; and THE WALKING COMPANY HOLDINGS, INC., a Delaware corporation, f/k/a Big Dog Holdings, Inc. and 190th Shelf Corporation, <br><br>Debtor(s). | **CHAPTER: 11** <br><br> **CASE NUMBER: 9:09-bk-15138-RR** <br> [Jointly Administered with Case Nos. 9:09-bk-15137-RR and 9:09-bk-15139-RR] |

## II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL:**

### **VIA OVERNIGHT MAIL**

Honorable Robin Riblet
United States Bankruptcy Court
1415 State Street
Santa Barbara, California 93101-2511

### **VIA U.S. MAIL**

Dennis Strayhan
Office of the United States Trustee
21051 Warner Center Lane, Suite 115
Woodland Hills, CA 91367

Brian Fittipaldi
Office of the United States Trustee
128 E. Carrillo Street
Santa Barbara, CA 93101

Jennifer Cann – Vice President / Account Executive
Joseph Burt – Vice President
Wells Fargo Retail Finance
One Boston Place, 18th Floor
Boston, MA 02108

Steven B. Levine, Esq.
Brown Rudnick, LLP
One Financial Center
Boston, MA 02111

Christopher Carolan, Esq.
Brown Rudnick, LLP
7 Times Square
New York, NY 10036

Wayne R. Terry, Esq.
Hemar, Rousso & Heald LLP
15910 Ventura Blvd., 12th Floor
Encino, CA 91436

Howard Steinberg, Esq.
Jeff Sklar
Irell & Manella LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067

Ivan M. Gold
Allen Matkins LLP
Three Embarcadero Center, 12th Flr.
San Francisco, CA 94111

Anthony Wall
760 Arcady
Santa Barbara, CA 93108

Bear Stearns Securities Corp Custodian
Robert Schnell IRA
10291 Century Woods Dr
Los Angeles, CA 90067

Cotsen Family Foundation
C/O Kayne Anderson Capital
1800 Ave of the Stars Fl. 2
Los Angeles, CA 90067

David Wolf
1956 East Valley Rd.
Santa Barbara, CA 93108

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                        **F 9013-3.1**
LA/237075.1

In re:  THE WALKING COMPANY, a Delaware corporation, d/b/a Alan's Shoes, Footworks, Overland Trading Co., Sole Outdoors, and Martini Shoes; f/k/a TWC Acquisition Corporation; BIG DOG USA, INC., a California corporation, d/b/a Big Dog Sportswear; f/k/a Fortune Dogs, Inc.; and THE WALKING COMPANY HOLDINGS, INC., a Delaware corporation, f/k/a Big Dog Holdings, Inc. and 190th Shelf Corporation,

Debtor(s).

CHAPTER: 11

CASE NUMBER: 9:09-bk-15138-RR
[Jointly Administered with Case Nos. 9:09-bk-15137-RR and 9:09-bk-15139-RR]

Doug Nilsen
2225 St. James Drive
Santa Barbara, CA 93105

Gary Lieberthal, Trustee
Lieberthal Trust 3/23/99
991 Bel Air Road
Bel Air, CA 90077-3009

J Reims & Ka Reims, Ttees
Reims Family Trst 11/22/91
241 South Camden Drive
Beverly Hills, CA 90212

Kayne Anderson Capital
Income Partners (QP) LP
1800 Ave of the Stars Fl2
Los Angeles, CA 90067

Lee Cox
6726 Breakers Way
Ventura, CA 93001

Michael Grenley
24931 Marbella Court
Calabasas, CA 91302

Dumac LLC
Justin Nixon
406 Blackwell St Ste 300
Durham NC 27701-3984

RBC Dain Rauscher Cust
For C. Eric Warden Sep IRA
510 Marquette Ave
Minneapolis, MN 55402-1106

Richard & Suzanne Kayne
Living Trust dtd 1/14/09
1800 Ave of Stars 2nd Fl
Los Angeles, CA 90067

Robert P. Abate, Trustee
Robert P. Abate Rev Trust
Box 541
Elgin, IL 60123

Bobert Schnell Ira
C/O Kayne Anderson Capital
1800 Ave of the Stars Fl2
Los Angeles, CA 90067

Roberta Morris
1428 San Miguel Ave
Santa Barbara, CA 93108

Susie Minier
5694 Via Salerno
Goleta, CA 93117

The Kayne Foundation
C/O Kayne Anderson Capital
1800 Ave of the Stars Fl2
Los Angeles, CA 90067

Amfit, Inc.
5408 NE 88th Street, Suite D-406
Vancouver, WA 98665

Board of Equalization
PO Box 942879
Sacramento, CA 94279-0001

Kayne Anderson Capital Income partners (QP), LP
c/o Kayne Anderson Capital Advisors, LP
1800 Avenue of the Stars, Second Floor
Los Angeles, CA 90067

Bear Stearns Securities Corp. Custodian
Robert Schnell IRA
10291 Century Woods Dr.
Los Angeles, CA 90067

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                F 9013-3.1

LA/227075.1

| In re: THE WALKING COMPANY, a Delaware corporation, d/b/a Alan's Shoes, Footworks, Overland Trading Co., Sole Outdoors, and Martini Shoes; f/k/a TWC Acquisition Corporation; BIG DOG USA, INC., a California corporation, d/b/a Big Dog Sportswear; f/k/a Fortune Dogs, Inc.; and THE WALKING COMPANY HOLDINGS, INC., a Delaware corporation, f/k/a Big Dog Holdings, Inc. and 190th Shelf Corporation, | CHAPTER: 11 |
|---|---|
| | CASE NUMBER: 9:09-bk-15138-RR |
| | [Jointly Administered with Case Nos. 9:09-bk-15137-RR and 9:09-bk-15139-RR] |
| Debtor(s). | |

Blackwell Partners, LLC
406 Blackwell Street, Suite 300
Durham, NC 27701

Robert P. Abate Rev Trust UA 8-29-95,
Robert P. Abate Trustee
P.O. Box 541N
Elgin, IL 60123

RBC Dain Raucher Cust. For Eric Warden SEP
IRA
510 Marquette Avenue
Minneapolis, MN 55402

Wells Fargo Retail Finance, LLC
2450 Colorado Avenue, Suite 3000W
Santa Monica, CA 90404

Wells Fargo Financial Leasing, Inc.
800 Walnut Street
Des Moines, IA 50309

CIT Technology Financing Services, Inc.
10201 Centurian Parkway North Suite 100
Jacksonville, FL 32256

Internal Revenue Service
P.O. Box 21126
Philadelphia, PA 19114

Robert K Edmunds
Buchanan Ingersoll & Rooney LLP
600 W Broadway Ste 1100
San Diego, CA 92101

Preit Services, LLC
Klehr Harrison Harvey Branzburg LLP
Jeffrey Kurtzman, Esq
1835 Market St, Ste 1400
Philadelphia, PA 19103

Primeshares
261 Fifth Avenue 22nd Flr
New York, NY 10016

Kevin M. Newman
Menter Rudin & Trivelpiece, PC
308 Maltbie Street, Suite 200
Syracuse, NY 13204

Maureen Bass
Buchanan Ingersoll & Rooney LLP
50 Fountain Plz Ste 800
Key Ctr at Fountain Plz
Buffalo, NY 14202

Mark E Felger
Cozen OConnor
1201 N. Market St Ste 1400
Wilmington, DE 19801

Neal D Colton
Cozen OConnor
1900 Market St
Philadelphia, PA 19103

Taubman Landlords
Andrew S Conway
200 East Long Lake Rd Ste 300
Bloomfield Hills, MI 48304

Linda Boyle
TW Telecom Inc.
10475 Park Meadows Dr No 400
Littleton, CO 80124

Craig Averch
White & Case LLP
633 West Fifth St Ste 1900
Los Angeles, CA 90071-2007

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                 **F 9013-3.1**

LA/227075.1

In re: THE WALKING COMPANY, a Delaware corporation, d/b/a Alan's Shoes, Footworks, Overland Trading Co., Sole Outdoors, and Martini Shoes; f/k/a TWC Acquisition Corporation; BIG DOG USA, INC., a California corporation, d/b/a Big Dog Sportswear; f/k/a Fortune Dogs, Inc.; and THE WALKING COMPANY HOLDINGS, INC., a Delaware corporation, f/k/a Big Dog Holdings, Inc. and 190th Shelf Corporation,

CHAPTER: 11

CASE NUMBER: 9:09-bk-15138-RR
[Jointly Administered with Case Nos. 9:09-bk-15137-RR and 9:09-bk-15139-RR]

Debtor(s).

Eastview Mall, LLC
Thomas W. Daniels
1265 Scottsville Road
Rochester, NY 14624

The Shops at Wailea, LP
Christopher J. Muzzi
Moseley Biehl Tsugawa Lau & Muzzi LLLC
Alakea Corporation Tower
1100 Alakea St., 23rd Flr.
Honolulu, HI 96813

Trustees of the Estate of Bernice Pauahi Bishop
Susan Tius
Rush Moore LLP
737 Bishop St., Ste. 2400
Honolulu, HI 96813

Bellevue Square LLC
John S. Kaplan
Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101

City of Grapevine, Grapevine-Colleyville ISD
City of Hurst, Arlington Independent School
District
c/o Elizabeth Banda
Perdue, Brandon, Fielder, Collins & Mott LLP
P.O. Box 13430
Arlington, TX 76094-0430

Lawrence Bass
Faegre & Benson LLP
3200 Wells Fargo Center
1700 Lincoln Street
Denver, CO 80203

UCC Lien Holder
Brightleaf Partners LP
c/o Brightleaf Capital LLC
324 Blackwell St Ste 520
Durham, NC 27701

UCC Lien Holder/Bonholder
Dumac LLC
406 Blackwell St., Ste 300
Durham, NC 27001-3984

UCC Lien Holder
The Huntington National Bank
Attn Edward J. Kitchen VP
650 Smithfield St., Ste. 1000
Centre City Tower
Pittsburgh, PA 15222

UCC Lien Holder
Varilease Finance Inc.
6340 South 3000 East, Ste. 250
Salt Lake City, UT 84121

Counsel for Missouri Department of Revenue
Richard M. Maseles
Missouri Department of Revenue
General Counsel's Office
301 W. High Street, Room 670
PO Box 475
Jefferson City, MO 65105

Patrick E. Mears
Barnes & Thornburg LLP
171 Monroe Avenue, NW, Suite 1000
Grand Rapids, Michigan 49503

Lawrence A. Diamant, Esq.
Levene, Neale, Bender, Rankin & Brill, LLP
10250 Constellation Boulevard, Suite 1700
Los Angeles, CA 90067

BDO Seidman, LLP
3200 Bristol Street, 5th Fl.
Costa Mesa, CA 92626

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

F 9013-3.1

LA/227075.1

| | |
|---|---|
| In re:  THE WALKING COMPANY, a Delaware corporation, d/b/a Alan's Shoes, Footworks, Overland Trading Co., Sole Outdoors, and Martini Shoes; f/k/a TWC Acquisition Corporation; BIG DOG USA, INC., a California corporation, d/b/a Big Dog Sportswear; f/k/a Fortune Dogs, Inc.; and THE WALKING COMPANY HOLDINGS, INC., a Delaware corporation, f/k/a Big Dog Holdings, Inc. and 190th Shelf Corporation, <br><br>                                             Debtor(s). | CHAPTER: 11 <br><br> CASE NUMBER: 9:09-bk-15138-RR <br> [Jointly Administered with Case Nos. 9:09-bk-15137-RR and 9:09-bk-15139-RR] |

Todd R. Gabriel, Esq.
Sparber Annen Morris & Gabriel, APLC
701 "B" Street, Suite 1400
San Diego, CA  92101-8164

Kevin Monahan, Account Resolution
Travelers
National Accounts
1 Tower Square – 5 MN
Hartford, CT  06183-4044

Kohner, Mann & Kailas, S.C.
Attn:  Samuel C. Wisotzkey
Washington Building
Barnabas Business Center
4650 N. Port Washington Rd.
Milwaukee, WI  53212-1059

Evan M. Jones, Esq.
Emily R. Culler, Esq.
Ana Acevedo, Esq.
O'Melveny & Myers LLP
400 South Hope Street
Los Angeles, CA  90071-2899

Michael Reed
McCreary, Veselka, Bragg & Allen, P.C.
P. O. Box 1269
Round Rock, Texas  78680

Charles M. Clark
Jackson, DeMarco, Tidus & Peckenpaugh
2030 Main Street, Suite 1200
Irvine, California  92614

551 Madison Avenue Office LLC
c/o LaSalle Investment Management, Inc.
33rd Floor
153 E. 53rd Street
New York, NY  10022

Jim Irving
DLA Piper LLP
203 North LaSalle Street, Suite 1900
Chicago, IL  60601-1293

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                     **F 9013-3.1**

LA/227975.1