| | |
|---|---|
| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
| Mette H. Kurth (SBN 187100)<br>Andy S. Kong (SBN 243933)<br>M. Douglas Flahaut (SBN 245558)<br>ARENT FOX LLP<br>555 West Fifth Street, 48th Floor<br>Los Angeles, CA 90013-1065<br>Telephone: (213) 629-7400<br>Facsimile: (213) 629-7401<br>*Attorney for* Debtors and Debtors in Possession | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re:<br>THE WALKING COMPANY, a Delaware corporation, d/b/a Alan's Shoes, Footworks, Overland Trading Co., Sole Outdoors, and Martini Shoes; f/k/a TWC Acquisition Corporation; BIG DOG USA, INC., a California corporation, d/b/a Big Dog Sportswear; f/k/a Fortune Dogs, Inc.; and THE WALKING COMPANY HOLDINGS, INC., a Delaware corporation, f/k/a Big Dog Holdings, Inc. and 190th Shelf Corporation, | CHAPTER 11<br><br>CASE NUMBER<br>9:09-bk-15138-RR<br>[Jointly Administered with Case Nos.:<br>9:09-bk-15137-RR and 9:09-bk-15139-RR] |
| Debtor. | (No Hearing Required) |

## NOTICE OF MOTION UNDER LOCAL BANKRUPTCY RULE 9013-1(o) FOR:

> Motion for Order Authorizing Customary Severance Payments for Certain Store-Level Employees; Memorandum of Points and Authorities in Support Thereof; Declaration of Anthony J. Wall in Support Thereof

1. TO *(specify name)*: The Honorable Robin L. Riblet, United States Bankruptcy Judge and All Interested Parties

2. NOTICE IS HEREBY GIVEN that Movant in the above-captioned matter will move this Court for an Order granting the relief sought as set forth in the Motion filed by Movant, a brief description of which is contained in the Description of Relief Sought attached hereto and served and filed herewith. Said Motion is based upon the grounds set forth in the said Motion and accompanying Description of Relief Sought. Said Motion is made pursuant to Local Bankruptcy Rule 9013-1(o), which provides for granting of motions without a hearing. (Check appropriate box below):

   ☒ The full Motion is attached hereto.
   ☐ The full Motion has been filed with the Bankruptcy Court and a detailed description of the relief sought is attached hereto.

3. **Deadline for Opposition Papers and Request for a Hearing:** Pursuant to Local Bankruptcy Rule 9013-1(o), any party objecting to the accompanying Motion may file and serve a written objection and request a hearing of this Motion. If you fail to file a written response within 14 days of the date of service of this Notice, the Court may treat such failure as a waiver of your right to oppose this Motion and may grant the requested relief.

Dated: March 3, 2010

Arent Fox LLP
*Law Firm Name*

By: /s/ M. Douglas Flahaut

Date Notice Mailed: March 3, 2010

Name: M. Douglas Flahaut
*Attorney for Movant*

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2009*

**F 9013-1.2**

American LegalNet, Inc.
www.FormsWorkFlow.com

# Attachment
# "Full Motion"

Mette H. Kurth (SBN 187100)
Andy S. Kong (SBN 243933)
M. Douglas Flahaut (SBN 245558)
**ARENT FOX LLP**
555 West Fifth Street, 48th Floor
Los Angeles, CA 90013-1065
Telephone:    213.629.7400
Facsimile:    213.629.7401
E-mail:        kurth.mette@arentfox.com
               kong.andy@arentfox.com
               flahaut.douglas@arentfox.com

Attorneys for Debtors and Debtors in Possession

Debtors' Mailing Address
121 Gray Avenue
Santa Barbara, CA 93101

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SANTA BARBARA DIVISION

| | |
|---|---|
| In re:<br><br>**THE WALKING COMPANY**, a Delaware corporation, d/b/a Alan's Shoes, Footworks, Overland Trading Co., Sole Outdoors, and Martini Shoes; f/k/a TWC Acquisition Corporation; **BIG DOG USA, INC.**, a California corporation, d/b/a Big Dog Sportswear; f/k/a Fortune Dogs, Inc.; and **THE WALKING COMPANY HOLDINGS, INC.**, a Delaware corporation, f/k/a Big Dog Holdings, Inc. and 190th Shelf Corporation,<br><br>                       Debtors.<br><br>[ X ]  Affects all Debtors<br><br>[ ]  Applies only to The Walking Company<br><br>[ ]  Applies only to Big Dog USA, Inc.<br><br>[ ]  Applies only to The Walking Company Holdings, Inc. | Case No.: 9:09-bk-15138-RR<br><br>[Jointly Administered with Case Nos.: 9:09-bk-15137-RR; 9:09-bk-15139-RR]<br><br>**MOTION FOR ORDER AUTHORIZING CUSTOMARY SEVERANCE PAYMENTS FOR CERTAIN STORE-LEVEL EMPLOYEES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF ANTHONY J. WALL IN SUPPORT THEREOF**<br><br><br>No hearing required pursuant to LBR 9013-1(o) |

1  **TO THE HONORABLE ROBIN L. RIBLET, UNITED STATES**

2  **BANKRUPTCY JUDGE; THE OFFICE OF THE UNITED STATES TRUSTEE;**

3  **THE DEBTORS' SECURED CREDITORS; COUNSEL FOR THE CREDITORS**

4  **COMMITTEE; AND ALL PARTIES ENTITLED TO SPECIAL NOTICE:**

5  The Walking Company and its debtor affiliates, The Walking Company Holdings,

6  Inc. and Big Dog USA, Inc. (collectively, the "Company" or "Debtors"), commenced

7  these chapter 11 cases principally to pursue a "right sizing" strategy that would enable

8  them to reorganize around their profitable stores.  As the first step in this process, the

9  Debtors received authorization to close many of their unprofitable or marginally profitable

10  stores.  The Debtors thereafter successfully renegotiated many of the leases in their

11  portfolio and their recently filed a chapter 11 plan reflects that substantially all of their

12  stores will now remain open, pursuant to these lease modifications.  The few stores to be

13  closed are comprised primarily of stores in the Big Dog chain which the Debtors had

14  begun to shut down well before commencing these chapter 11 cases.

15  By this motion, the Debtors also seek authorization to pay 17 store-level employees

16  at the closed Big Dog stores customary severance payments pursuant to severance

17  commitments made prepetition or, in some cases, pursuant to severance agreements

18  negotiated and entered into postpetition, subject to Bankruptcy Court Approval.

19  The Debtors believe the severance payments are appropriate as an ordinary course

20  business practice under 363(c) of the Bankruptcy Code.  Even if the payments do not

21  constitute an ordinary course business practice, however, the Court has the power to

22  authorize the payments under section 105 and 363(b) of the Bankruptcy Code.[1]

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28

---

[1] Section 105 gives the court equitable powers to enter orders as necessary preserve or protect the value of a debtor's estate. *See In re Chinichian*, 784 F.2d 1440, 1443 (9th Cir. 1986).

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

1    **WHEREFORE**, the Company respectfully requests that the Court enter an order

2    (1) authorizing the Company to pay customary severance payments to 17 store-level

3    employees as set forth in more detail in **Exhibit 1**; and (2) granting to the Debtors such

4    other and further relief as is necessary and appropriate.

5    Dated:  March 3, 2010                    **ARENT FOX LLP**

6

7

8                                     By: */s/ M. Douglas Flahaut*

9                                        M. Douglas Flahaut
                                        Attorneys for the
10                                       Debtors and Debtors in Possession

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## BACKGROUND

### A.    General Background

Headquartered in Santa Barbara, California, the Debtors consist of two distinct retail operations. The Debtors' operations are largely focused on The Walking Company, which is a leading specialty retailer of authentic comfort footwear. As of December 7, 2009 (the "Petition Date"), The Walking Company operated 210 stores in premium malls across the nation. The Walking Company generated approximately 93% of the Debtors' sales in 2009. Big Dog USA, Inc. is a retailer of a lifestyle collection of popular-priced T-shirts, casual sportswear, and accessories featuring the Big Dogs trademark. On a consolidated basis, the Debtors employ over 1,600 individuals across the country. As set forth in greater detail in the *Declaration of Andrew D. Feshbach in Support of Emergency "First Day'" Motions* [Docket No. 15], incorporated herein by reference, the Debtors engaged in a period of significant expansion throughout 2006, 2007, and 2008. Following the deterioration of the economy in the fall of 2008, the Debtors found themselves with a significant number of overmarket leases and underperforming stores. Accordingly, the Debtors commenced these chapter 11 cases principally to pursue a "right sizing" strategy that will enable them to reorganize around their profitable stores and eliminate those whose continued operation would inhibit a successful reorganization. After successfully renegotiating many of the leases in their portfolio of store leases, on February 1, 2010, the Debtors filed a chapter 11 plan of reorganization that contemplates that substantially all of their stores will remain open, pursuant to certain lease modifications to be approved in connection with plan confirmation, and that substantially all of the creditors of these estates will be paid in full.

### B.    The Big Dog Store-Level Employee Severance Payments

After years of early growth, Big Dog reached a level of maturity in its number of stores and breadth of product. In 2007 and 2008, Big Dog began to incur significant

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

1  losses as customer traffic and sales in these outlet-based stores declined.  After attempts to

2  sell Big Dog in the fall 2007 and early 2008 were unsuccessful, in mid-2008 the Debtors

3  initiated a successful out-of-court workout of Big Dog, through which Big Dog was able

4  to stem further losses by reducing the chain from over 140 stores to the eight stores that

5  remained on the Petition Date, all of which were scheduled to be closed by the end of

6  2010.  As part of this process, during 2009 Big Dog implemented a severance plan for the

7  employees who remained with the company during this operational wind-down.

8      The store-level severance plan with respect to the closing of the last Big Dog stores

9  will affect 17 employees and former employees of six Big Dog stores that were recently

10  closed pursuant to the Court's *Order (1) Authorizing the Debtors to Conduct Store*

11  *Closing Sales; (2) Establishing Procedures for the Rejection of Non-Residential Real*

12  *Property Leases; and (3) Authorizing Immediate Rejection of Certain Nonresidential Real*

13  *Property Leases* [Doc. No. 187] entered on January 21, 2010.  A list of the affected

14  individuals and the amount of severance they are scheduled to receive is attached hereto

15  as **Exhibit 1**. [2]

16      As indicated in the supporting declaration of Anthony J. Wall attached hereto, the

17  store-level severance payments range from $300 to $12,000 per employee and are based,

18  at the Debtors' discretion, on a number of factors including primarily (1) the employee's

19  length of service; (2) the employee's performance during the store closing phase; and (3)

20  the relative necessity of the employee's continued services during the closing period.  The

21  severance amounts to be paid and factors considered by the Company when setting the

22  store-level employee severance amounts are substantially similar to those amounts paid

23  and the factors considered by the Debtors when setting and paying out similar severance

24  benefits prior to the Petition Date.

25  [2]  This store-level severance program is being implemented in connection with the closing of

26  substantially all remaining Big Dog store locations.  The Company has historically provided
modest severance payments to corporate-level employees in the ordinary course of business to

27  reflect changing corporate overhead and staffing needs, and as indicated in the annexed
Declaration of Anthony J. Wall, these customary payments are unaffected by this Motion or the

28  one-time severance program being implemented with respect to the closing of the Big Dog stores.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

1  As set forth in **Exhibit 1,** the total payout pursuant to the store-level severance plan

2  will be approximately $36,000 which represents a very small percentage of the Debtors'

3  payroll for store-level employees for the 90-days following the Petition Date.

**II.**

**ARGUMENT**

A.    **The Store-Level Employee Severance Payments Represent a Continuation of**

**the Company's Customary Business Practices and are Essential to the Success of the**

**Company's Store Closing and Reorganization Efforts**

Section 363(c) of the Bankruptcy Code permits a debtor to "use property of the

estate in the ordinary course of business without notice or a hearing." Here store closing

benefits have long constituted part of the ordinary compensation practices of the Debtors.

Accordingly, the Debtors believe that payment of the proposed severance payments

discussed above constitute an ordinary course business transaction authorized by section

363(c).   However, out of an abundance of caution and because the Debtors are closing

entire stores, the Debtors request the authority to pay such routine severance payments

upon completion of the store closings.

Should the court find that the store-level severance payments do not constitute an

ordinary course business practice under 363(c) of the Bankruptcy Code, the Debtors

request that the court authorize the payments under section 105 and 363(b) of the

Bankruptcy Code.  Section 105 of the Bankruptcy Code gives the court equitable powers

to enter orders as necessary preserve or protect the value of a debtor's estate.[3]   More

specifically, the payment of employees outside of the ordinary course should be approved

when there is a sound business purpose justifying the payments.[4]

Here, not only does the payment of customary severance payments to the store-

level employees align their interests with those of the Debtors, their estates, and their

creditors during the crucial store-closing period, but it sends a signal to the remaining

---

[3] *See In re Chinichian,* 784 F.2d 1440, 1443 (9th Cir. 1986).
[4] *See In re Martin,* 91 F.3d, 389, 395 (3rd Cir. 1996); *In re Montgomery Ward Holding Corp.,* 242 B.R. 147, 153 (Bankr. D. Del 1999).

employees that the Debtors remain committed to their employees despite the filing of the instant bankruptcy. For these reasons, such severance plans are a customary part of store closings in both bankruptcy and non-bankruptcy scenarios. Here, as set forth in the attached declaration of Anthony J. Wall, the proposed severance payments are substantially similar to those the Company made when successfully closing other Big Dog stores prior to the Petition Date.

### III.

### CONCLUSION

For the reasons set forth herein, and based on the Debtors' motion, the notice of motion filed and served concurrently herewith, this memorandum of points and authorities, the record in these cases, the declaration of Anthony J. Wall, and other admissible evidence properly brought before the Court, there are good and sufficient grounds for this Court to enter an order (1) authorizing the Company to pay customary severance payments to certain store-level employees as set forth in more detail in **Exhibit 1**; and (2) granting to the Debtors such other and further relief as is necessary and appropriate.

Dated: March 3, 2010                                    **ARENT FOX LLP**


                                                        By: */s/ M. Douglas Flahaut*
                                                        M. Douglas Flahaut
                                                        Attorneys for the Debtors and Debtors
                                                        in Possession

### DECLARATION OF ANTHONY J. WALL

I, Anthony J. Wall, declare as follows:

  a. I am over 18 years of age.  If called as a witness, I could and would competently testify with respect to the matters set forth in this declaration from my own personal knowledge or from knowledge gathered from others within the Company's[5] organization, my review of relevant documents, or my opinion based upon my experience concerning the Company's operations.

  b. I submit this declaration in support of the Company's *Motion for an Order Authorizing Customary Severance Payments for Certain Store-Level Employees* (the "Motion").

  c. I am the Executive Vice President and General Counsel of The Walking Company Holdings, Inc., f/k/a Big Dog Holdings, Inc., a Delaware corporation ("Holdings"), and its two wholly owned subsidiaries, The Walking Company, a Delaware corporation ("TWC"), and Big Dog USA, Inc. ("Big Dog," and collectively with Holdings and TWC, the "Company" or "Debtors").  I am the Senior Vice President of Special Projects for the Debtors.  Except as otherwise stated, all facts contained within this Declaration are based upon personal knowledge (albeit my own or that gathered from others within the Debtors' organization), my review of relevant documents, or my opinion based upon my experience concerning the operations of the Debtors.  If called upon to testify, I would testify to the facts set forth in this Declaration.

  d. Headquartered in Santa Barbara, California, the Company consists of two distinct retail operations.  The Company's operations are largely focused on TWC, which is a leading specialty retailer of authentic comfort footwear, operating 210 stores in premium malls across the nation.  TWC generated approximately 93% of the Company's in 2009.  Big Dog is a retailer of a lifestyle collection of popular-priced T-shirts, casual sportswear, and accessories featuring the Big Dogs trademark.  Together, TWC and Big Dog employ over 1,600 individuals across the country.

---

[5] Capitalized terms used but not defined herein are defined in the forgoing motion.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

e.     As Executive Vice President and General Counsel, I have been actively involved in developing and implementing the Company's business strategies. I have also been serving—and will continue to serve—as the point person for the Company's efforts in these chapter 11 cases. I have worked extensively with the books and records of the Company, including its financial statements and projections, business plans, business analyses and reports, lease obligations, contracts and other legal documents, notes and correspondence, and the like. On a regular basis, I have witnessed and/or participated in negotiations with lenders, landlords, vendors, and customers of the Company, and I have worked closely with personnel from the Company's development, marketing, retailing, and sales operations in order to oversee all aspects of the Company's business and coordinate its financial affairs. Based on all of the foregoing, I have developed an intimate familiarity with the Company's books and records, its business and financial history, its operations, its current business and financial situation, and with the retail industry generally.

f.     In 2008 I oversaw a significant reduction in the Big Dog chain - from over 110 stores to eight. Through the downsizing of the Big Dog chain—which was successfully conducted out-of-court with the cooperation of Big Dog's landlords—I gained highly relevant experience and built a track-record of success in downsizing retail operations.

g.     Since the filing of the petition the Company, in the ordinary course of its business has paid severance payments, to three corporate-level employees that were laid off: Charles Saggau, Nikki Reid, and Brian Winchel. In the near future the Company expects to pay severance payments in the ordinary course to three additional corporate-level employees: Catherine Swain, Vicki Lane, and Charles Titlow. As these payments were made in the ordinary course pursuant to the Debtors' customary severance plan, no motion for approval was filed. Counsel for the committee, however, was notified.

h.     The Motion seeks court approval of severance payments to certain store-level employees that have been let go on account of their stores being closed. The store-

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

level employees and amounts to be paid are described in more detail in **Exhibit 1**. I have been actively involved in creating and implementing the Company's policy with respect to severance payments. I have thoroughly reviewed the Motion as well as **Exhibit 1** and believe the severance payments contemplated therein to be substantially similar to those severance payments paid by the Company in similar situations prior to the Petition Date.

i. With respect to the proposed store-level employee payments, the amounts to be paid to each individual range from $300 to $12,000 and are based, at the Company's discretion, on a number of factors including primarily (1) the employee's length of service; (2) the employee's performance during the store closing phase; and (3) the relative necessity of the employee's continued services during the closing period.

j. It is my belief that the payment of the severance payments described in the Motion serves a sound business purpose. First, the payments will help to align the interests of the employees/former employees with those of the Company, its estates, and its creditors during this critical bankruptcy period. Second, the payments send a signal that the Company remains committed to its employees. Finally, the severance payments are important because they, in many cases, will constitute consideration for a release of all claims the employee may have against the Company, thereby reducing the likelihood of future claims and/or lawsuits against Company.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 2, 2010, at Santa Barbara, California.

_____
ANTHONY J. WALL

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 10 -

# EXHIBIT 1

## Big Dog Severance Summary

### 2/22/2010

| | STORE # | NAME | HIRE DATE | TITLE | TYPE | | Proposed Severance Amount |
|---|---|---|---|---|---|---|---|
| Pigeon Forge 1 | 000254 | Bevins, Sherry | 6/26/2006 | STOREMGR | FT | | $5,400 |
| | 000254 | Rose, Carolyn | 9/22/2006 | ASSTMGR | FT | | $880 |
| | 000254 | Richardson, Susan | 10/16/2006 | 3RDKEY | FT | | $720 |
| Pismo Beach | 000265 | Lewis, Susan | 6/13/2005 | STOREMGR | FT | | $2,236 |
| Opry Mills | 000277 | White, Haley | 8/10/2009 | STOREMGR | FT | | $0 |
| Lake George | 000306 | Strassburg, Fay | 6/26/1996 | STOREMGR | FT | | $9,000 |
| | 000306 | Lewry, Samantha | 4/11/2008 | ASSTMGR | FT | | $920 |
| | 000306 | Palazzo, Florence | 7/12/2008 | 3RDKEY | PT | | $350 |
| | 000306 | Traver, Jennifer | 9/29/2007 | 3RDKEY | PT | | $400 |
| | 000306 | Frasier, Melissa | 6/8/2008 | SALES | PT | | $300 |
| Pigeon Forge/Red Roof | 000445 | Hassen, Sandra | 12/4/1995 | STOREMGR | FT | | $12,000 |
| | 000445 | Renaud, Kathryn | 9/19/2006 | ASSTMGR | FT | | $880 |
| | 000445 | Berry, Julia | 9/22/2006 | 3RDKEY | FT | | $800 |
| | 000445 | Walbolt, Karen M. | 10/30/2006 | STOCK | FT | | $800 |
| | 000445 | Cain, Dawn | 6/9/2007 | 3RDKEY | PT | | $400 |
| | 000445 | Gibson, Mary | 7/1/2008 | SALES | PT | | $300 |
| | 000445 | Wagner, Edward | 6/26/2008 | SALES | PT | | $300 |
| | 000445 | Blanchard, Alanna | 10/8/2008 | STOCK | PT | | $300 |
| Williamsburg, VA | 000460 | Branden, Julia | 6/19/2009 | STOREMGR | FT | | 0 |

| | |
|---|---|
| In re: THE WALKING COMPANY, a Delaware corporation, d/b/a Alan's Shoes, Footworks, Overland Trading Co., Sole Outdoors, and Martini Shoes; f/k/a TWC Acquisition Corporation; BIG DOG USA, INC., a California corporation, d/b/a Big Dog Sportswear; f/k/a Fortune Dogs, Inc.; and THE WALKING COMPANY HOLDINGS, INC., a Delaware corporation, f/k/a Big Dog Holdings, Inc. and 190th Shelf Corporation,<br><br>                             Debtor(s). | CHAPTER: 11<br><br>CASE NUMBER: 9:09-bk-15138-RR<br>[Jointly Administered with Case Nos. 9:09-bk-15137-RR and 9:09-bk-15139-RR] |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: Arent Fox, LLP, 555 West Fifth Street, 48th Floor, Los Angeles, CA  90013-1065

A true and correct copy of the foregoing document described as **MOTION FOR ORDER AUTHORIZING CUSTOMARY SEVERANCE PAYMENTS FOR CERTAIN STORE-LEVEL EMPLOYEES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF ANTHONY J. WALL IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **March 3, 2010** checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

II.  **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On **March 3, 2010** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

III.  **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **March 3, 2010** I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| | | |
|---|---|---|
| March 3, 2010 | Adriane Lark Madkin | */s/ Adriane Lark Madkin* |
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                    **F 9013-3.1**

| | |
|---|---|
| In re:  THE WALKING COMPANY, a Delaware corporation, d/b/a Alan's Shoes, Footworks, Overland Trading Co., Sole Outdoors, and Martini Shoes; f/k/a TWC Acquisition Corporation; BIG DOG USA, INC., a California corporation, d/b/a Big Dog Sportswear; f/k/a Fortune Dogs, Inc.; and THE WALKING COMPANY HOLDINGS, INC., a Delaware corporation, f/k/a Big Dog Holdings, Inc. and 190th Shelf Corporation, <br><br> Debtor(s). | CHAPTER: 11 <br><br> CASE NUMBER: 9:09-bk-15138-RR <br> [Jointly Administered with Case Nos. 9:09-bk-15137-RR and 9:09-bk-15139-RR] |

## I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")

- Craig H Averch     caverch@whitecase.com
- Lawrence Bass     lbass@faegre.com
- William C Beall     artyc@aol.com
- Shirley Cho     scho@pszjlaw.com
- Emily R Culler     eculler@omm.com
- Lawrence A Diamant     lad@lnbrb.com, katie@lnbrb.com
- Denise Diaz     Denise.Diaz@rmsna.com
- Robert K Edmunds     robert.edmunds@bipc.com, timothy.palmer@bipc.com;jacqueline.forjais@bipc.com
- Belkys Escobar     belkys.escobar@loudoun.gov
- Brian D Fittipaldi     brian.fittipaldi@usdoj.gov
- Todd R Gabriel     tgabriel@sparberlaw.com
- Brian D Huben     brian.huben@kattenlaw.com, carole.levine@kattenlaw.com;donna.carolo@kattenlaw.com;laura.nefsky@kattenlaw.com
- William W Huckins     whuckins@allenmatkins.com, clynch@allenmatkins.com
- Steven G Polard     spolard@perkinscoie.com
- David L Pollack     pollack@ballardspahr.com
- Hamid R Rafatjoo     hrafatjoo@pszjlaw.com, hrafatjoo@pszjlaw.com
- Diane W Sanders     austin.bankruptcy@publicans.com
- David B Shemano     dshemano@pwkllp.com
- Howard Steinberg     hsteinberg@irell.com, awsmith@irell.com
- Wayne R Terry     wterry@hemar-rousso.com
- Ronald M Tucker     rtucker@simon.com, psummers@simon.com;rwoodruff@simon.com;shclark@simon.com
- United States Trustee (ND)     ustpregion16.nd.ecf@usdoj.gov
- Kimberly S Winick     kwinick@clarktrev.com
- Rebecca J Winthrop     winthropr@ballardspahr.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

| | |
|---|---|
| In re:  THE WALKING COMPANY, a Delaware corporation, d/b/a Alan's Shoes, Footworks, Overland Trading Co., Sole Outdoors, and Martini Shoes; f/k/a TWC Acquisition Corporation; BIG DOG USA, INC., a California corporation, d/b/a Big Dog Sportswear; f/k/a Fortune Dogs, Inc.; and THE WALKING COMPANY HOLDINGS, INC., a Delaware corporation, f/k/a Big Dog Holdings, Inc. and 190th Shelf Corporation,<br><br>                                                         Debtor(s). | CHAPTER: 11<br><br>CASE NUMBER: 9:09-bk-15138-RR<br>[Jointly Administered with Case Nos. 9:09-bk-15137-RR and 9:09-bk-15139-RR] |

## II. SERVED BY U.S. MAIL:

### VIA U.S. MAIL

Honorable Robin Riblet
United States Bankruptcy Court
1415 State Street, Suite 103
Santa Barbara, California 93101-2511

Dennis Strayhan
Office of the United States Trustee
21051 Warner Center Lane, Suite 115
Woodland Hills, CA 91367

Brian Fittipaldi
Office of the United States Trustee
128 E. Carrillo Street
Santa Barbara, CA 93101

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                    **F 9013-3.1**

| In re: THE WALKING COMPANY, a Delaware corporation, d/b/a Alan's Shoes, Footworks, Overland Trading Co., Sole Outdoors, and Martini Shoes; f/k/a TWC Acquisition Corporation; BIG DOG USA, INC., a California corporation, d/b/a Big Dog Sportswear; f/k/a Fortune Dogs, Inc.; and THE WALKING COMPANY HOLDINGS, INC., a Delaware corporation, f/k/a Big Dog Holdings, Inc. and 190th Shelf Corporation, <br><br> Debtor(s). | CHAPTER: 11 <br><br> CASE NUMBER: 9:09-bk-15138-RR <br> [Jointly Administered with Case Nos. 9:09-bk-15137-RR and 9:09-bk-15139-RR] |
| --- | --- |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: Arent Fox, LLP, 555 West Fifth Street, 48th Floor, Los Angeles, CA 90013-1065

A true and correct copy of the foregoing document described as **NOTICE OF MOTION UNDER LOCAL BANKRUPTCY RULE 9013-1(o) FOR: MOTION FOR ORDER AUTHORIZING CUSTOMARY SEVERANCE PAYMENTS FOR CERTAIN STORE-LEVEL EMPLOYEES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF ANTHONY J. WALL IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **March 3, 2010** checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On **March 3, 2010** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served)**:** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **March 3, 2010** I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| March 3, 2010 | Adriane Lark Madkin | */s/ Adriane Lark Madkin* |
| --- | --- | --- |
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

| | |
|---|---|
| In re: THE WALKING COMPANY, a Delaware corporation, d/b/a Alan's Shoes, Footworks, Overland Trading Co., Sole Outdoors, and Martini Shoes; f/k/a TWC Acquisition Corporation; BIG DOG USA, INC., a California corporation, d/b/a Big Dog Sportswear; f/k/a Fortune Dogs, Inc.; and THE WALKING COMPANY HOLDINGS, INC., a Delaware corporation, f/k/a Big Dog Holdings, Inc. and 190th Shelf Corporation, <br><br>Debtor(s). | CHAPTER: 11 <br><br> CASE NUMBER: 9:09-bk-15138-RR <br> [Jointly Administered with Case Nos. 9:09-bk-15137-RR and 9:09-bk-15139-RR] |

## I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")

- Craig H Averch    caverch@whitecase.com
- Lawrence Bass    lbass@faegre.com
- William C Beall    artyc@aol.com
- Shirley Cho    scho@pszjlaw.com
- Emily R Culler    eculler@omm.com
- Lawrence A Diamant    lad@lnbrb.com, katie@lnbrb.com
- Denise Diaz    Denise.Diaz@rmsna.com
- Robert K Edmunds    robert.edmunds@bipc.com, timothy.palmer@bipc.com;jacqueline.forjais@bipc.com
- Belkys Escobar    belkys.escobar@loudoun.gov
- Brian D Fittipaldi    brian.fittipaldi@usdoj.gov
- Todd R Gabriel    tgabriel@sparberlaw.com
- Brian D Huben    brian.huben@kattenlaw.com, carole.levine@kattenlaw.com;donna.carolo@kattenlaw.com;laura.nefsky@kattenlaw.com
- William W Huckins    whuckins@allenmatkins.com, clynch@allenmatkins.com
- Steven G Polard    spolard@perkinscoie.com
- David L Pollack    pollack@ballardspahr.com
- Hamid R Rafatjoo    hrafatjoo@pszjlaw.com, hrafatjoo@pszjlaw.com
- Diane W Sanders    austin.bankruptcy@publicans.com
- David B Shemano    dshemano@pwkllp.com
- Howard Steinberg    hsteinberg@irell.com, awsmith@irell.com
- Wayne R Terry    wterry@hemar-rousso.com
- Ronald M Tucker    rtucker@simon.com, psummers@simon.com;rwoodruff@simon.com;shclark@simon.com
- United States Trustee (ND)    ustpregion16.nd.ecf@usdoj.gov
- Kimberly S Winick    kwinick@clarktrev.com
- Rebecca J Winthrop    winthropr@ballardspahr.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                 F 9013-3.1

In re:  THE WALKING COMPANY, a Delaware corporation, d/b/a Alan's Shoes, Footworks, Overland Trading Co., Sole Outdoors, and Martini Shoes; f/k/a TWC Acquisition Corporation; BIG DOG USA, INC., a California corporation, d/b/a Big Dog Sportswear; f/k/a Fortune Dogs, Inc.; and THE WALKING COMPANY HOLDINGS, INC., a Delaware corporation, f/k/a Big Dog Holdings, Inc. and 190th Shelf Corporation,

Debtor(s).

CHAPTER: 11

CASE NUMBER: 9:09-bk-15138-RR
[Jointly Administered with Case Nos. 9:09-bk-15137-RR and 9:09-bk-15139-RR]

## II. SERVED BY U.S. MAIL:

### VIA U.S. MAIL

Honorable Robin Riblet
United States Bankruptcy Court
1415 State Street, Suite 103
Santa Barbara, California 93101-2511

Dennis Strayhan
Office of the United States Trustee
21051 Warner Center Lane, Suite 115
Woodland Hills, CA 91367

Brian Fittipaldi
Office of the United States Trustee
128 E. Carrillo Street
Santa Barbara, CA 93101

Jennifer Cann – Vice President / Account Executive
Joseph Burt – Vice President
Wells Fargo Retail Finance
One Boston Place, 18th Floor
Boston, MA 02108

Ivan M. Gold
Allen Matkins LLP
Three Embarcadero Center, 12th Flr.
San Francisco, CA 94111

Anthony Wall
760 Arcady
Santa Barbara, CA 93108

Bear Stearns Securities Corp Custodian
Robert Schnell IRA
10291 Century Woods Dr
Los Angeles, CA  90067

Cotsen Family Foundation
C/O Kayne Anderson Capital
1800 Ave of the Stars Fl. 2
Los Angeles, CA 90067

David Wolf
1956 East Valley Rd.
Santa Barbara, CA 93108

Doug Nilsen
2225 St. James Drive
Santa Barbara, CA 93105

Gary Lieberthal, Trustee
Lieberthal Trust 3/23/99
991 Bel Air Road
Bel Air, CA 90077-3009

J Reims & Ka Reims, Ttees
Reims Family Trst 11/22/91
241 South Camden Drive
Beverly Hills, CA 90212

Kayne Anderson Capital
Income Partners (QP) LP
1800 Ave of the Stars Fl2
Los Angeles, CA 90067

Lee Cox
6726 Breakers Way
Ventura, CA 93001

Michael Grenley
24931 Marbella Court
Calabasas, CA 91302

his form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                    **F 9021-1.1**

In re: THE WALKING COMPANY, a Delaware corporation, d/b/a Alan's Shoes, Footworks, Overland Trading Co., Sole Outdoors, and Martini Shoes; f/k/a TWC Acquisition Corporation; BIG DOG USA, INC., a California corporation, d/b/a Big Dog Sportswear; f/k/a Fortune Dogs, Inc.; and THE WALKING COMPANY HOLDINGS, INC., a Delaware corporation, f/k/a Big Dog Holdings, Inc. and 190th Shelf Corporation,

Debtor(s).

CHAPTER: 11

CASE NUMBER: 9:09-bk-15138-RR
[Jointly Administered with Case Nos. 9:09-bk-15137-RR and 9:09-bk-15139-RR]

Dumac LLC
RBC Dain Rauscher Cust
For C. Eric Warden Sep IRA
510 Marquette Ave
Minneapolis, MN 55402-1106

Richard & Suzanne Kayne
Living Trust dtd 1/14/09
1800 Ave of Stars 2nd Fl
Los Angeles, CA 90067

Robert P. Abate, Trustee
Robert P. Abate Rev Trust
Box 541
Elgin, IL 60123

Robert Schnell Ira
C/O Kayne Anderson Capital
1800 Ave of the Stars Fl2
Los Angeles, CA 90067

Roberta Morris
1428 San Miguel Ave
Santa Barbara, CA 93108

Susie Minier
5694 Via Salerno
Goleta, CA 93117

The Kayne Foundation
C/O Kayne Anderson Capital
1800 Ave of the Stars Fl2
Los Angeles, CA 90067

Amfit, Inc.
5408 NE 88th Street, Suite D-406
Vancouver, WA 98665

Board of Equalization
PO Box 942879
Sacramento, CA 94279-0001

Kayne Anderson Capital Income partners (QP), LP
c/o Kayne Anderson Capital Advisors, LP
1800 Avenue of the Stars, Second Floor
Los Angeles, CA 90067

Bear Stearns Securities Corp. Custodian
Robert Schnell IRA
10291 Century Woods Dr.
Los Angeles, CA 90067

Blackwell Partners, LLC
406 Blackwell Street, Suite 300
Durham, NC 27701

Robert P. Abate Rev Trust UA 8-29-95,
Robert P. Abate Trustee
P.O. Box 541N
Elgin, IL 60123

RBC Dain Raucher Cust. For Eric Warden SEP IRA
510 Marquette Avenue
Minneapolis, MN 55402

Wells Fargo Retail Finance, LLC
2450 Colorado Avenue, Suite 3000W
Santa Monica, CA 90404

Wells Fargo Financial Leasing, Inc.
800 Walnut Street
Des Moines, IA 50309

CIT Technology Financing Services, Inc.
10201 Centurian Parkway North Suite 100
Jacksonville, FL 32256

Internal Revenue Service
P.O. Box 21126
Philadelphia, PA 19114

his form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

F 9021-1.1

In re: THE WALKING COMPANY, a Delaware corporation, d/b/a Alan's Shoes, Footworks, Overland Trading Co., Sole Outdoors, and Martini Shoes; f/k/a TWC Acquisition Corporation; BIG DOG USA, INC., a California corporation, d/b/a Big Dog Sportswear; f/k/a Fortune Dogs, Inc.; and THE WALKING COMPANY HOLDINGS, INC., a Delaware corporation, f/k/a Big Dog Holdings, Inc. and 190th Shelf Corporation,

Debtor(s).

CHAPTER: 11

CASE NUMBER: 9:09-bk-15138-RR

[Jointly Administered with Case Nos. 9:09-bk-15137-RR and 9:09-bk-15139-RR]

Preit Services, LLC
Klehr Harrison Harvey Branzburg LLP
Primeshares
261 Fifth Avenue 22nd Flr
New York, NY 10016

Kevin M. Newman
Menter Rudin & Trivelpiece, PC
308 Maltbie Street, Suite 200
Syracuse, NY 13204

Eastview Mall, LLC
Thomas W. Daniels
1265 Scottsville Road
Rochester, NY 14624

The Shops at Wailea, LP
Trustees of the Estate of Bernice Pauahi Bishop
Susan Tius
Rush Moore LLP
737 Bishop St., Ste. 2400
Honolulu, HI 96813

Bellevue Square LLC
City of Grapevine, Grapevine-Colleyville ISD
City of Hurst, Arlington Independent School District
c/o Elizabeth Banda
Perdue, Brandon, Fielder, Collins & Mott LLP
P.O. Box 13430
Arlington, TX 76094-0430

UCC Lien Holder
Brightleaf Partners LP
c/o Brightleaf Capital LLC
324 Blackwell St Ste 520
Durham, NC 27701

UCC Lien Holder/Bonholder
Dumac LLC
406 Blackwell St., Ste 300
Durham, NC 27001-3984

UCC Lien Holder
The Huntington National Bank
Attn Edward J. Kitchen VP
650 Smithfield St., Ste. 1000
Centre City Tower
Pittsburgh, PA 15222

UCC Lien Holder
Varilease Finance Inc.
6340 South 3000 East, Ste. 250
Salt Lake City, UT 84121

BDO Seidman, LLP
3200 Bristol Street, 5th Fl.
Costa Mesa, CA 92626

Todd R. Gabriel, Esq.
Sparber Annen Morris & Gabriel, APLC
701 "B" Street, Suite 1400
San Diego, CA 92101-8164

Kevin Monahan, Account Resolution
Travelers
National Accounts
1 Tower Square – 5 MN
Hartford, CT 06183-4044

Kohner, Mann & Kailas, S.C.
Attn: Samuel C. Wisotzkey
Washington Building
Barnabas Business Center
4650 N. Port Washington Rd.
Milwaukee, WI 53212-1059

Evan M. Jones, Esq.
Michael Reed
McCreary, Veselka, Bragg & Allen, P.C.
P. O. Box 1269
Round Rock, Texas 78680

his form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

F 9021-1.1

| | |
|---|---|
| In re:  THE WALKING COMPANY, a Delaware corporation, d/b/a Alan's Shoes, Footworks, Overland Trading Co., Sole Outdoors, and Martini Shoes; f/k/a TWC Acquisition Corporation; BIG DOG USA, INC., a California corporation, d/b/a Big Dog Sportswear; f/k/a Fortune Dogs, Inc.; and THE WALKING COMPANY HOLDINGS, INC., a Delaware corporation, f/k/a Big Dog Holdings, Inc. and 190th Shelf Corporation,<br><br>                                                              Debtor(s). | CHAPTER: 11<br><br>CASE NUMBER: 9:09-bk-15138-RR<br>[Jointly Administered with Case Nos. 9:09-bk-15137-RR and 9:09-bk-15139-RR] |

Alberto Burnstein
Paralegal Collection Specialist
Miami Dade Bankruptcy Unite
140 West Flagler Street, Suite 1403
Miami, Florida  33130-1575

his form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                    **F 9021-1.1**

| | |
|---|---|
| In re:  THE WALKING COMPANY, a Delaware corporation, d/b/a Alan's Shoes, Footworks, Overland Trading Co., Sole Outdoors, and Martini Shoes; f/k/a TWC Acquisition Corporation; BIG DOG USA, INC., a California corporation, d/b/a Big Dog Sportswear; f/k/a Fortune Dogs, Inc.; and THE WALKING COMPANY HOLDINGS, INC., a Delaware corporation, f/k/a Big Dog Holdings, Inc. and 190th Shelf Corporation,<br><br>Debtor(s). | CHAPTER: 11<br><br>CASE NUMBER: 9:09-bk-15138-RR<br>[Jointly Administered with Case Nos. 9:09-bk-15137-RR and 9:09-bk-15139-RR] |

## III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL:

### VIA EMAIL (Pursuant to Written Agreement)

- Acevedo, Ana:            aacevedo@omm.com

- Bass, Maureen T.:         maureen.bass@bipc.com

- Boyle, Linda:             linda.boyle@twtelecom.com

- Carolan, Christopher J.    ccarolan@brownrudnick.com

- Clark, Charles:           cclark@jdtplaw.com

- Colton, Neal:            ncolton@cozen.com

- Conway, Andrew:         aconway@taubman.com

- Cruz, Lisa:             lcruz@thekeithcorp.com

- Felger, Mark            mfelger@cozen.com

- Freeland, Dirk and Jill:     freeland@cox.net

- Kaplan, John S.:          jkaplan@perkinscoie.com

- Kurtzman, Jeffrey:        jkurtzman@klehr.com

- Lawrence, Stefan S.:       stefan.s.lawrence@wellsfargo.com

- Levine, Steven B.:         slevine@brownrudnick.com

- Maseles, Richard:         richard.maseles@dor.mo.gov

- Mears, Patrick:          patrick.mears@btlaw.com

- Muzzi, Christopher J.:      cmuzzi@hilaw.us

- Nixon, Justin B.:          jnixon@dumac.duke.edu

- Shladovsky, David:        dshladovsky@kaynecapital.com

- Suss, J.:               jsuss@gte.net

- Ward, Rebecca:          rebeccaward@forestcity.net

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                      **F 9013-3.1**