Mette H. Kurth (SBN 187100)
Andy S. Kong (SBN 243933)
M. Douglas Flahaut (SBN 245558)
**ARENT FOX LLP**
555 West Fifth Street, 48th Floor
Los Angeles, CA 90013-1065
Telephone: 213.629.7400
Facsimile: 213.629.7401
E-mail:     kurth.mette@arentfox.com
            kong.andy@arentfox.com
            flahaut.douglas@arentfox.com

Attorneys for Debtors and Debtors in Possession

Debtors' Mailing Address

121 Gray Avenue
Santa Barbara, CA 93101

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA
### SANTA BARBARA DIVISION

| | |
|---|---|
| In re:<br><br>**THE WALKING COMPANY,** a Delaware corporation, d/b/a Alan's Shoes, Footworks, Overland Trading Co., Sole Outdoors, and Martini Shoes; f/k/a TWC Acquisition Corporation; **BIG DOG USA, INC.,** a California corporation, d/b/a Big Dog Sportswear; f/k/a Fortune Dogs, Inc.; and **THE WALKING COMPANY HOLDINGS, INC.,** a Delaware corporation, f/k/a Big Dog Holdings, Inc. and 190th Shelf Corporation,<br><br>Debtors.<br><br>[X] Affects all Debtors<br><br>[ ] Applies only to The Walking Company<br><br>[ ] Applies only to Big Dog USA, Inc.<br><br>[ ] Applies only to The Walking Company Holdings, Inc. | Case No.: 9:09-bk-15138-RR<br><br>[Jointly Administered with Case Nos.: 9:09-bk-15137-RR and 9:09-bk-15139-RR]<br><br>Chapter 11<br><br>**APPLICATION FOR A SUPPLEMENTAL ORDER (I) APPROVING THE EMPLOYMENT OF KURTZMAN CARSON CONSULTANTS LLC AS CLAIMS AND NOTICING AGENT PURSUANT TO 28 U.S.C. § 156(c) AND LOCAL RULE 5075-1; AND (II) MODIFYING THE COURT'S KCC EMPLOYMENT ORDER PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE, FED. R. CIV. P. 60(b) AND FED. R. BANKR. P. 9024; MEGA CASE PROCEDURES CHECKLIST; LOCAL FORM 5075-1; DECLARATION OF DRAKE D. FOSTER** |

1    The Walking Company, Inc., together with its debtor affiliates, Big Dog USA, Inc.

2    and The Walking Company Holdings, Inc. (collectively, the "Debtors"), hereby file this

3    *Application for a Supplemental Order (I) Approving the Employment of Kurtzman Carson*

4    *Consultants LLC as Claims and Noticing Agen*t *Pursuant to 28 U.S.C § 156(c) and Local*

5    *Rule 5075-1; and (II) Modifying the Court's KCC Order Pursuant to, Section 105(a) of*

6    *the Bankruptcy Code, Fed. R. Civ. P. 60(b) and Fed. R. Bankr. P. 9024* (the

7    "Supplemental Application") and respectfully represent as follows:

8                                                    **I.**

9                            **JURISDICTION AND VENUE**

10    This Supplemental Application is brought pursuant to 28 U.S.C. §156(c), Section

11    105(a) of the Bankruptcy Code, Federal Rule of Civil Procedure 60(b), Federal Rule of

12    Bankruptcy Procedure 9024, and Local Bankruptcy Rules 2014-1 and 5075-1.  Venue of

13    these proceedings is proper in this judicial district pursuant to 28 U.S.C. §§ 1408 and

14    1409.

15                                                    **II.**

16                    **FACTS RELEVANT TO REQUESTED RELIEF**

17    On December 7, 2009 (the "Petition Date"), the Debtors each filed voluntary

18    petitions for relief under Chapter 11 of the Bankruptcy Code.  The Debtors continue to

19    operate their business and manage their properties as debtors in possession pursuant to

20    Bankruptcy Code sections 1107(a) and 1108. No trustee or examiner has been appointed

21    in these cases.

22    On December 24, 2009, the Debtors filed and served on all parties an application

23    for an order approving the terms of that certain *Engagement Letter and Corporate*

24    *Restructuring Fee Structure* between Kurtzman Carson Consultants LLC ("KCC") and the

25    Debtors (the "KCC Agreement") pursuant to 28 U.S.C. § 156(c), appointing KCC as the

26    Debtors' claims and noticing agent for the Court and the Clerk of the Bankruptcy Court,

27    and authorizing compensation in the ordinary course of business (the "Application")

28

GENBUS/726281.3

[Docket No. 119].[1]    The Debtors appended certain declarations in support of the Application together with a copy of the KCC Agreement; they referenced Local Rule 5075-1, and they addressed KCC's compliance with the requisite filing of Local Form 5075-1.1.  The KCC Agreement was served on all parties entitled to notice together with the Application.

On January 26, 2010, pursuant to Local Rule 2014-1, the Court entered an order partially granting the relief sought in the Application, and authorizing the retention of KCC as claims and noticing agent, but denying approval of certain terms and conditions contained in the KCC Agreement (the "KCC Order") [Docket No. 209].[2]  Although the KCC Agreement had been attached as an Exhibit to the Application that was filed with the Court and that was served on all parties entitled to notice, the KCC Order noted that this Exhibit was inadvertently omitted from the copy of the Application submitted with the Debtors' Declaration of Nonopposition.  Accordingly—although the Debtors and KCC requested entry of an administrative order pursuant to 28 U.S.C. §156(c), which would permit compensation in the ordinary course of business—the KCC Order requires that KCC submit applications and obtain Court approval of any compensation of fees and expenses.

## III.

## RELIEF REQUESTED

By this Supplemental Application, the Debtors respectfully seek entry of an order modifying the KCC Order to expressly approve employment of KCC as claims and noticing agent pursuant to 28 U.S.C. § 156(c) and authorizing the Debtors to pay the cost of such services *in the ordinary course of business as contemplated by 28 U.S.C. § 156(c), and authorizing such ordinary course payments to KCC without further application or order of the Court*.  As affirmed by the *Declaration To Be Filed With Motion Establishing*

---

[1]    The KCC Agreement was attached as Exhibit 2 to the Application.  A true and correct copy of the Application and its attachments is attached as Exhibit 1 to this Supplemental Application.

[2]    A true and correct copy of the KCC Order is attached as Exhibit 2 to this Supplemental Application.

GENBUS/726281.3

1   *Administrative Procedures Re 28 U.S.C. § 156(c)*[3], the terms and conditions of the KCC

2   Agreement comport with the *Mega Case Procedures Checklist.*[4]

3                                          **IV.**

4                                       **ARGUMENT**

5   **A.      28 U.S.C. 156(c) Authorizes Ordinary Course Administrative Payments to**

6   **         Claims And Noticing Agents Without Further Application to the Court**

7            KCC is a claims and noticing agent whose business services include providing

8   notice, dockets, calendars, and other administrative information to parties in a bankruptcy

9   case.  One of the key elements of KCC's business model is that such services are provided

10  for the benefit of the estate, the Court, and parties in interest pursuant to 28 U.S.C. § 156(c);

11  the firm does not provide such services to the debtor pursuant to Section 327 of the

12  Bankruptcy Code.

13           Pursuant to 28 U.S.C. § 156(c), the Court is empowered to utilize outside agents and

14  facilities for the purpose of providing notice, dockets, calendars, and other administrative

15  information to parties in a bankruptcy case where the cost is paid for out of the assets of the

16  estate and is not charged to the United States.[5]  The Application therefore sought approval

17  of KCC's employment pursuant to 28 U.S.C. § 156(c), which contemplates payment to a

18  claims and noticing agent in the ordinary course of business, rather than by requiring

19  separate application to the Court as is the case for Section 327 professionals.  As is set

20  forth above, the Court has already approved KCC's employment, finding that employment

21  of KCC in the best interest of the Debtors and their estates.  By this Supplemental

22  Application, the Debtors seek authorization to employ KCC pursuant to 28 U.S.C. §

23  156(c), with compensation in the ordinary course, rather than after application.

24

25  _____
    [3]  The Declaration to be Filed with Motion Establishing Administrative Procedures re 28 U.S.C. §156(c) is
26       attached as Exhibit 3 to this Supplemental Application.

    [4]  The Mega Case Procedures Checklist is attached as Exhibit 4 to this Supplemental Application.
27
    [5]   28 U.S.C. § 156(c) provides: "Any court may utilize facilities or services, either on or off the court's premises,
28       which pertain to the provision of notices, dockets, calendars, and other administrative information to parties in
         case filed under the provisions of title 11, United States Code, where the cost of such facilities or services are
         paid for out of the assets of the estate and are not charged to the United States.  The utilization of such facilities
         or services shall be subject to such conditions and limitations as the pertinent circuit counsel may prescribe."
    GENBUS/726281.3

                                              4

1  Since filing the Application, the Debtors and KCC have diligently corresponded

2  and consulted with the Clerk of the Court to solicit and address the Clerk's comments

3  with respect to KCC's employment and to ensure that the Debtors and KCC have fully

4  complied with the procedures necessary to obtain an administrative order pursuant to 28

5  U.S.C. § 156(c).  The Debtors and KCC believe that the terms of the KCC Agreement

6  fully conform with the *Mega Case Procedures Checklist* submitted herewith and comply

7  with the requirements that must be satisfied for KCC to be employed pursuant to 28

8  U.S.C. § 156(c).

9  KCC has been retained pursuant to 28 U.S.C. § 156(c) in numerous cases filed

10  across the country, as well as in the Central District of California.  *See, e.g., In re*

11  *Fleetwood Enterprises, Inc.*, Case No. 09-14254 (Bankr. C.D. Cal. 2009);  *In re Bordier's*

12  *Nursery, Inc.*, Case No. 08-18501 (Bankr. C.D. Cal. 2008); *In re Fremont General Corp.,*

13  Case No. 08-13421 (ES) (Bankr. C.D. Ca. Jun. 19, 2008); *In re Woodside Group, LLC, et*

14  *al.*, Case No. 08-20682 (Bankr. C.D. Cal. 2008);.  This Court has employed claims and

15  notice agents pursuant to 28 U.S.C. § 156(c) in cases pending before it.  *See, e.g., In re*

16  *Estates Financial,* Case No. 08-11457 (RR) (Bankr. C.D. Ca. October 10, 2008).[6]  In these

17  cases, the Courts have approved KCC's and other claims agent's fees as an expense of the

18  Debtors' estates to be paid directly by the Debtors and their estates in the ordinary course

19  of business as administrative expenses of the Debtors' chapter 11 estates without further

20  application or other filing with this Court.  The Debtors believe that such a process is

21  appropriate in these cases and respectfully submit that this Supplemental Application and

22  its exhibits support entry of an order authorizing such further relief.

23  **B.    Entry of a Supplemental Order or Modification of the KCC Order is**

24  **Appropriate Under Rule 60(b) or Section 105 of the Bankruptcy Code**

25  Federal Rule of Civil Procedure 60(b), made applicable by Federal Rule of

26  Bankruptcy Procedure 9024, permits this Court to alter or amend the KCC Order.[7]  Here,

27

28

[6]  True and correct copies of the *Fremont General* and *Estates Financial* orders are attached to this Supplemental
Application as Exhibits 5 and 6, respectively.

[7]  Fed. R. Bankr. P. 9024.

GENBUS/726281.3

5

1   entry of a supplemental order modifying the KCC Order is appropriate. Rule 60(b)(1)

2   provides, in pertinent part, that "the court may relieve a party or a party's legal

3   representative from a final judgment, order, or proceeding for: (1) mistake, inadvertence,

4   surprise or excusable neglect."[8]   Rule 60(b) compliments the discretionary power that

5   bankruptcy courts have as courts of equity "to reconsider, modify or vacate their previous

6   orders so long as no intervening rights have become vested in reliance on the orders."[9]

7   That equitable power is established by § 105(a) of the Bankruptcy Code, which provides

8   that a bankruptcy court may, "sua sponte, tak[e] any action or mak[e] any determination

9   necessary or appropriate to enforce or implement court orders or rules, or to prevent an

10  abuse of process."[10]  Types of mistakes by a party that may be raised by a Rule 60(b)(1)

11  motion are (a) litigation mistakes that a party could not have protected against, such as a

12  party's counsel acting without authority of the party to that party's detriment;[11] (b) a

13  party's failure to comply with procedural rules;[12] (c) a settlement that was made by an

14  attorney who lacked authority;[13] and (d) a misunderstanding over ambiguous terms of an

15  agreement.[14]

16      Here, although the Debtors attached a copy of the KCC Agreement to the

17  Application that was filed with this Court, they inadvertently neglected to attach a further

18  copy of the KCC Agreement to the Declaration of Nonopposition that was filed.

19  Apparently due to this oversight, the KCC Order requires that KCC submit applications to

20  the Court that must be approved before its expenses can be paid.  Such procedure, usually

21  reserved for applications pursuant to 11 U.S.C. § 327, is unduly burdensome and deprives

22  KCC of the right to be paid for the services it has been rendering since the first days of

23

---

24  [8]   Fed. R. Civ. P. 60(b)(1); *Meyer v. Lenox (In re Lenox)*, 902 F.2d 737, 740 (9th Cir.1990).

25  [9]   *Lenox* citing *Chinichian v. Campolongo (In re Chinichian)*, 784 F.2d 1440, 1443 (9th Cir.1986); *Taylor v. Lake ( In re CADA Invs., Inc.)*, 664 F.2d 1158, 1161 (9th Cir.1981)).

26  [10]  11 U.S.C. § 105(a).

    [11]  *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 577 (10th Cir. 1996).

27  [12]  See *id.*

28  [13]  *Surety Ins. Co. of California v. Williams*, 729 F.2d 581, 582-83 (8th Cir. 1984).

    [14]  *INVST Financial Group, Inc. v. Chem-Nuclear Systems, Inc.*, 815 F.2d 391, 400 (6th Cir. 1987), cert. denied, 484 U.S. 927, 98 L.Ed.2d 251, 108 S. Ct. 291 (1987).

GENBUS/726281.3

these cases.   Accordingly, the Debtors respectfully request that the Court enter a supplemental order authorizing employment of KCC pursuant to 28 U.S.C. § 156(c) and authorizing ordinary course payment to KCC without further application to the Court.

Furthermore, pursuant to the catch-all provision of Rule 60(b)(6), a bankruptcy court may relieve a party from an order for "any other reason justifying relief from the operation of the judgment."[15]   Applying these common standards to the present proceedings, it is clear that entry of a supplemental order modifying the KCC Order would further justice and would not be to the detriment of any other party.   The Debtors and KCC have complied with the procedures and disclosures necessary for KCC to be paid pursuant to 28 U.S.C. § 156(c), and the Court approved KCC's retention as being in the best interest of the estates.   Based on the foregoing, the Debtors and KCC believe that there is good reason for the Court to conclude that supplementing or modifying the KCC Order consistent with the KCC Agreement is equitable and appropriate pursuant to the standards in Rule 60(b).

Alternatively, relief from the KCC Order is warranted pursuant to Section 105 of the Bankruptcy Code.   This Court has the authority under Section 105(a) of the Bankruptcy Code to vacate or modify its own order, including the KCC Order, to afford the parties in these proceedings substantial justice.[16]   Accordingly, pursuant to Section 105(a) of the Bankruptcy Code, the KCC Order can and should be modified to provide for employment and payment of KCC in the ordinary course of business as contemplated by 28 U.S.C. § 156(c).

## VI.

## <u>NOTICE</u>

Notice of this Supplemental Application has been given to the following parties: (a) the United States Trustee for the Central District of California; (b) the Official Committee of Unsecured Creditors; (c) the Debtors' secured lender and its counsel; (d) counsel for Richard Kayne; (e) the Ad Hoc Noteholders' Committee; (e) parties who filed

---

[15]   Fed.R.Civ.P. 60(b)(6).  *See Liberty Mut. Ins. Co. v. EEOC*, 691 F.2d 438, 441 (9th Cir.1982).

[16]   See In re International Fibercom, Inc., 503 F.3d 933 (9th Cir. 2007).

GENBUS/726281.3

UCC-1 financing statements against the Company; (f) the Internal Revenue Service; and (g) all other parties entitled to special notice in these cases.  In light of the nature of the relief requested, the Debtors respectfully submit that no further notice is necessary.

## VII.

## CONCLUSION

**WHEREFORE**, the Debtors respectfully request that the Court enter a supplemental order: (a) employing KCC pursuant to 28 U.S.C. § 156(c); (b) approving the terms of the KCC Agreement; (c) authorizing compensation of KCC as claims and noticing agent in the ordinary course of business and as set forth in the Application and exhibits thereto, this Supplemental Application, Local Form 5075-1.1, and *Mega Case Procedures Checklist*, and (d) granting such other and further relief to the Debtors as the Court may deem proper.

Dated:  March 17, 2010                    **ARENT FOX LLP**


                                          By:  */s/ M. Douglas Flahaut*
                                               M. Douglas Flahaut
                                               Arent Fox, LLP
                                               Attorneys for the
                                               Debtors and Debtors in Possession

### DECLARATION OF DRAKE D. FOSTER

I, Drake D. Foster, hereby declare under penalty of perjury:

1.     I am the General Counsel of Kurtzman Carson Consultants, LLC ("KCC"), which maintains offices at 2335 Alaska Avenue, El Segundo, California, 90245, telephone number (310) 823-9000.   I submit this declaration in support of the above *Application for a Supplemental Order (I) Approving the Employment of Kurtzman Carson Consultants LLC as Claims and Noticing Agent Pursuant to 28 U.S.C. § 156 (c) and Local Rule 5075-1; and (II) Modifying the Court's KCC Employment Order Pursuant to Section 105(a) of the Bankruptcy Code, Fed. R. Civ. P. 60(b) and Fed. R. Bankr. P. 9024*   (the "Supplemental Application") by the above-captioned debtors and debtors in possession.

2.     As stated in the declaration of Drake D. Foster in support of KCC's original employment application in this case, KCC is one of the country's leading chapter 11 administrators, with experience in noticing, claims administration, solicitation, balloting and facilitating other administrative aspects of chapter 11 cases.   KCC specializes in providing bankruptcy administrative services related to the orderly administration of pending bankruptcy proceedings.   KCC employs personnel experienced in the field of bankruptcy and bankruptcy procedures.   KCC has substantial experience in the matters of this size and complexity, and has acted as the official notice and claims agent in many large bankruptcy cases pending in this District and other districts nationwide.

3.     KCC's services are provided for the benefit of the estate, the Court, and parties in interest pursuant to 28 U.S.C. § 156(c).   KCC has been retained under 28 U.S.C. § 156(c) in numerous cases filed across the country, as well as in the Central District of California.. *See, e.g., In re Fremont General Corp.*, Case No. 08-13421 (Bankr. C.D.Ca. Jan. 19, 2008); *In re Woodside Group, LLC, et al.*, Case No. 08-20682 (Bankr. C.D. Cal. 2008); *In re Black Gaming, LLC*, Case No. 10-13301 (Bankr. D. Nev. 2010); *In re Movie Gallery, Inc., et al.*, Case No. 10-30696 (Bankr. E.D. Va. 2010); In re Uno Restaurant Holdings Corporation, Case No. 10-10209 (Bankr. S.D.N.Y. 2010); *In re Lear Corporation*, Case No. 09-14326 (Bankr. S.D.N.Y. 2009); *In re Charter Communications, Inc., et al.*, Case No. 09-11435 (Bankr. S.D.N.Y. 2009); *In re Gen. Growth Props., Inc.*,

GENBUS/726281.3

*Corporation*, Case No. 09-14326 (Bankr. S.D.N.Y. 2009); *In re Charter Communications, Inc., et al.*, Case No. 09-11435 (Bankr. S.D.N.Y. 2009); *In re Gen. Growth Props., Inc.*, Case No. 09-11977 (ALG) (Bankr. S.D.N.Y. Apr. 16, 2009); *In re International Aluminum Corporation*, Case No. 10-10003 (Bankr. D. Del. January 4, 2010); *In re Eddie Bauer Holdings, Inc.*, Case No. 09-12099 (MFW) (Bankr. D. Del. June 18, 2009); *In re Premier Int'l Holdings Inc.*, Case No. 09-12019 (CSS) (Bankr. D. Del. June 15, 2009); *In re Visteon*, Case No. 09-11786 (CSS) (Bankr. D. Del. May 29, 2009); *In re Anchor Blue Retail Group, Inc.*, Case No. 09-11770 (PJW) (Bankr. D. Del. May 28, 2009); *In re Grede Foundries, Inc.*, Case No. 09-14337 (Bankr. D. Wisc. 2009); *In re Idearc Inc., et al.*, Case No. 09-31828 (Bankr. N.D. Tex. 2009); *In re Shane Co.*, Case No. 09-10367 (Bankr. D. Col. 2009); *In re Mercedes Homes, Inc., et al.*, Case No. 09-11191 (Bankr. S.D. Fla. 2009).

4.    For the reasons stated above, I submit that KCC is qualified and competent to serve as the claims and noticing agent in this chapter 11 proceeding and it is appropriate in these cases for the Debtors to pay KCC's fees in the ordinary course of business as administrative expenses of the Debtors' chapter 11 estates without further application or other filing with this Court.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 16th day of March, 2010, in Los Angeles, California.

Drake D. Foster

# EXHIBIT 1

1    Mette H. Kurth (SBN 187100)
     Andy S. Kong (SBN 243933)
2    **ARENT FOX LLP**
     555 West Fifth Street, 48th Floor
3    Los Angeles, CA 90013-1065
     Telephone:    213.629.7400
4    Facsimile:    213.629.7401
     E-mail:      kurth.mette@arentfox.com
5             kong.andy@arentfox.com

6    *Proposed* Attorneys for Debtors and Debtors in Possession

7    Debtors' Mailing Address
8    121 Gray Avenue
     Santa Barbara, CA 93101

9

**UNITED STATES BANKRUPTCY COURT**

10

**CENTRAL DISTRICT OF CALIFORNIA**

11

**SANTA BARBARA DIVISION**

12

13

| | |
|---|---|
| In re: | Case No.: 9:09-bk-15138-RR |
| **THE WALKING COMPANY**, a Delaware corporation, d/b/a Alan's Shoes, Footworks, Overland Trading Co., Sole Outdoors, and Martini Shoes; f/k/a TWC Acquisition Corporation; **BIG DOG USA, INC.**, a California corporation, d/b/a Big Dog Sportswear; f/k/a Fortune Dogs, Inc.; and **THE WALKING COMPANY HOLDINGS, INC.**, a Delaware corporation, f/k/a Big Dog Holdings, Inc. and 190th Shelf Corporation, | [Jointly Administered with Case Nos.: 9:09-bk-15137-RR and 9:09-bk-15139-RR]<br><br>Chapter 11<br><br>**APPLICATION FOR ORDER APPROVING THE EMPLOYMENT OF KURTZMAN CARSON CONSULTANTS LLC AS CLAIMS AND NOTICING AGENT**<br><br>*[No Hearing Required Unless Requested Pursuant to L.B.R. 2014-1(b)]* |
|            Debtors. | |
| [X] Affects all Debtors<br><br>[ ] Applies only to The Walking Company<br><br>[ ] Applies only to Big Dog USA, Inc.<br><br>[ ] Applies only to The Walking Company Holdings, Inc. | |

The Walking Company, Inc., together with its debtor affiliates, Big Dog USA, Inc. and The Walking Company Holdings, Inc. (collectively, the "Debtors"), hereby move this Court for entry of an order approving the Debtors' agreement with Kurtzman Carson Consultants LLC ("KCC") and appointing KCC as the Debtors' claims and noticing agent for the Court and the Clerk of the Bankruptcy Court. In support of the Application, the Debtors rely upon and incorporate by reference the *Declaration of Michael J. Frishberg, Vice President of Corporate Restructuring Services for Kurtzman Carson Consultants LLC in Support of the Application for Order Approving the Employment of Kurtzman Carson Consultants LLC as Claims and Noticing Agent*, annexed hereto as Exhibit 1 (the "Frishberg Declaration"). In further support of this Application, the Debtors rely upon the *Declarations of Andrew Feshback and Roberta J. Morris, In Support of First Day Pleadings* which were filed with the Court, and respectfully they represent as follows:

## I.

## JURISDICTION AND VENUE

1. This Application is brought pursuant to Bankruptcy Code section 1107, Federal Rule of Bankruptcy Procedure 2014, and Local Bankruptcy Rule 2014-1. Venue of these proceedings is proper in this judicial district pursuant to 28 U.S.C. §§ 1408 and 1409.

## II.

## FACTS

2. On December 7, 2009 (the "Petition Date"), the Debtors filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

3. The Debtors continue to operate their business and manage their properties as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. No creditors' committee, trustee, or examiner has been appointed in these cases.

## III.

## RELIEF REQUESTED

4. By this Application, the Debtors seek authorization to employ KCC as the Debtors' claims and noticing agent in connection with the Debtor's Chapter 11 cases pursuant to

the terms and conditions of the engagement letter between the Debtors and KCC dated on or about December 1, 2009 and the KCC Corporate Restructuring Fee Structure attached thereto (collectively the "KCC Agreement"), annexed hereto as Exhibit 2. The Debtors propose to retain KCC on the terms and conditions set forth in the KCC Agreement, with the cost of such services to be paid from the Debtors' estate as contemplated by 28 U.S.C. § 156(c).

5.　　As required by Federal Bankruptcy Rule 2014(a), this Application sets forth below: (a) the specific facts showing the necessity for KCC's employment; (b) the reasons for the Debtors' selection of KCC as its claims and noticing agent in connection with their Chapter 11 cases; (c) the professional services to be provided by KCC; (d) the arrangement between the Debtors and KCC with respect to KCC's compensation; and (e) to the best of the Debtors' knowledge, the extent of KCC's connections, if any, to certain parties in interest in these matters.

## IV.

### FACTS RELEVANT TO REQUESTED RELIEF

6.　　By this Application, the Debtors seek authority to retain KCC on the terms and conditions set forth in the KCC Agreement to act as the Debtors' claims and noticing agent. The Debtors shall be directly responsible for the cost of any additional space or equipment, such as designated phone lines and automation equipment, etc., if necessary, and for payment of the designated post office boxes retained for receiving filings in these cases.

7.　　Pursuant to the KCC Agreement, KCC may, at the Debtors' request, provide some or all of the following services:

　　　　a.　　Prepare and serve required notices in these Chapter 11 cases, including

　　　　　　(1)　　a notice of the commencement of the cases and the initial meeting of creditors under Bankrutpcy Code section 341(a);

　　　　　　(2)　　a notice of the claims bar date;

　　　　　　(3)　　notices of any hearings on a disclosure statement and confirmation of a chapter 11 plan; and

　　　　　　(4)　　such other miscellaneous notices as the Debtors or the Court may deem necessary or appropriate for the orderly administration of these cases.

b. Within five business days after the service of a particular notice, file with the Clerk's Office a declaration of service that includes (i) an alphabetical list of persons on whom KCC served the notice, along with their addresses, and (ii) the date and manner of service;

c. Maintain copies of all proofs of claim and proofs of interest filed in this case at a location other than where the originals are maintained;

d. Maintain an official claims register in this case by docketing all proofs of claim and proofs of interest in a claims database that includes the following information for each such claim or interest asserted:

    (1) The name and address of the claimant or interest holder and any agent thereof, if the proof of claim or proof of interest was filed by an agent;

    (2) The date that the proof of claim or proof of interest was received by KCC and/or the Court;

    (3) The claim number assigned to the proof of claim or proof of interest; and

    (4) The asserted amount and classification of the claim.

e. Implement necessary security measures to ensure the completeness and integrity of the claims register as approved by the Clerk of the Court;

f. Periodically audit the claims information to assure the Clerk's Office that the claims information is being appropriately and accurately recorded in the official claims register;

g. Allow the Clerk's Office to independently audit the claims information during regular business hours;

h. Mail a notice of the bar date approved by the Court for the filing of a proof of claim and a form for filing of a proof of claim to each creditor notified of the filing;

i. Transmit to the Clerk's Office a copy of the claims register on a bi-weekly basis or at such other times as the Clerk's Office may direct;

j. Maintain an up-to-date mailing list for all entities that have filed proofs of claim or proofs of interest and make such list available upon request to the Clerk's Office or any party in interest;

k. Maintain a public website, www.kccllc.net/thewalkingcompany, specifically for the Debtors' bankruptcy cases from which anyone may download the claims register and obtain other relevant information and documents pertaining to the Debtors' cases at no charge;

l.   Maintain a call center;

m.   Provide the public and the Clerk's Office access to copies of the proofs of claim or proofs of interest filed in these Chapter 11 cases without charge during regular business hours (9:00 a.m. - 4:00 p.m. Pacific Time) in a viewing area at the following address:  2335 Alaska Avenue, El Segundo, California 90245;

n.   Allow the Clerk's Office to inspect KCC's premises at anytime during regular business hours;

o.   Record all transfers of claims pursuant to Federal Bankruptcy Rule 3001(e) and provide notice of such transfers as required by Federal Bankruptcy Rule 3001(e);

p.   Comply with applicable federal, state, municipal and local statutes, ordinances, rules, regulations, orders and other requirements;

q.   Provide temporary employees to process claims as necessary;

r.   Promptly comply with such further conditions and requirements as the Clerk's Office or the Court may at any time prescribe; and

s.   Provide such other claims processing, noticing, and related administrative services as may be requested from time to time by the Debtors.

8.   In addition to the foregoing, in accordance with the KCC Agreement and to the extent requested by the Debtors, KCC shall assist the Debtors with, among other things, (a) Schedules of Assets and Liabilities and Statements of Financial Affairs; (b) maintenance of the Debtors' master creditor list, and (c) the preparation, mailing, and tabulation of ballots for the purpose of voting to accept or reject a Chapter 11 plan.

9.   Notwithstanding the relief requested herein and the services proposed to be provided by KCC, except for the Debtors, any party submitting a particular pleading or other document with the Court shall be responsible for all noticing and service functions relevant to the particular matters as may be required under applicable rules and shall file with the Clerk's Office a declaration of service regarding such noticing and service.  In addition, except for the Debtors' attorneys, the attorney submitting a proposed order or judgment shall serve copies upon all parties entitled to receive notice of entry of the order or judgment as soon as practicable and shall be responsible for photocopying the conformed copies in order to relieve the Clerk's Office of the

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

NYC/457132.1

5

1    large burden of photocopying these orders.

2       10.    As set forth in the Frishberg Declaration, KCC represents, among other things,

3    that:

4           a.    KCC shall be under the supervision and control of the Clerk of Court but not be an employee of the United States government, nor consider itself employed by the United States government, and shall not seek any compensation from the United States government in its capacity as the claims and noticing agent in these chapter 11 cases;

7           b.    by accepting employment in these chapter 11 cases, KCC waives any right to receive compensation from the United States government in its capacity as Agent in these cases;

9           c.    in its capacity as the claims and noticing agent in these cases, KCC will not be an agent of the United States government and will not act on behalf of the United States; and

12           d.    KCC will not employ any past or present employees of the Debtors in connection with its work as the claims and noticing agent in these chapter 11 cases unless otherwise approved by the Clerk of Court.

14       11.    In addition to the foregoing, the Debtors seek to employ KCC to assist with data collection and processing required for, among other things: (a) the reconciliation and resolution of claims; (b) preparation of Schedules of Assets and Liabilities and Statements of Financial Affairs; and (c) the preparation, mailing and tabulation of ballots by the Debtors in these cases. Notwithstanding the foregoing, KCC may, with the Debtor's consent, provide services to any official committee, such as mailing or website creation/maintenance.

20       12.    KCC has been retained in large and complex cases filed in the Central District of California as well as other courts across the country. The Debtors believe in their business judgment, that KCC has the necessary experience and expertise to render the necessary services in a professional and efficient manner in accordance with the Federal Bankruptcy Rules and Local Bankruptcy Rules. The compensation to be provided by the Debtors to KCC for services rendered is set forth in the fee schedule included in Exhibit 2 attached hereto. The amounts paid to KCC in connection with this appointment will not exceed the amounts set forth in the KCC Agreement, except to the extent such amounts are subject to ordinary increases in accordance with KCC's established billing practices and procedures. The Debtors believe that such

1  compensation is fair and reasonable. KCC's fees shall be at the expense of the Debtors' estates
2  and shall be paid directly by the Debtors and their estates in the ordinary course of business as
3  administrative expenses of the Debtors' chapter 11 estate.  No fee application or other filing with
4  this Court will be required.  The Debtors will be shortly filing a *Motion Establishing*
5  *Administrative Procedures re 28 U.S.C. § 156(c)* along with the court mandated form F 5075-1.1
6  and *Mega Case Procedures Checklist.*

7      13.    The Debtors have many creditors, and accordingly, KCC may have rendered and
8  may continue to render services to certain of these creditors.  KCC has not and will not represent
9  the separate interests of any such creditor in these cases.  Additionally, KCC employees may, in
10  the ordinary course of their personal affairs, have relationships with certain creditors of the
11  Debtors.  For example, one or more of KCC's employees many have obligations outstanding with
12  financial institutions that are creditors of the Debtors or may have used the Debtors' services.

13      14.    Although the Debtors do not propose to retain KCC under Bankruptcy Code section
14  327, to the best of the Debtors' knowledge, KCC does not hold any interest adverse to the Debtors
15  with respect to the matters for which it is to be employed.  KCC is not a creditor in these cases.  To
16  the best of the Debtors' knowledge, KCC: (a) is a "disinterested person" as that term is used in
17  Bankruptcy Code section 327 and defined in section 101(14), except that KCC was employed by
18  the Debtors immediately prior to the Petition Date as allowed by Bankruptcy Cocde section
19  1107(b); and (b) does not hold or represent an interest adverse to these chapter 11 estates and does
20  not have any connection either with the Debtors, their creditors, or any other party in interest in
21  these cases or with their respective attorneys or accountants, or with the United States Trustee or
22  any person employed in the Office of the United States Trustee in connection with any matter upon
23  which KCC would be employed. KCC has informed the Debtors that it will conduct an ongoing
24  review of its files to ensure that no disqualifying circumstances arise, and KCC will supplement its
25  disclosure to the Court if any facts or circumstances are discovered that would require disclosure.

26      15.    The relief requested herein is necessary to relieve the Clerk of obligations which,
27  given the facts and circumstances of these cases, would be burdensome to the Clerk if the Debtors
28  did not undertake the obligations, and to establish orderly procedures for processing certain notices.

1 Pursuant to section 156(c) of the Judicial Code, the Court is empowered to utilize outside agents
2 and facilities for these purposes, provided that the Debtors' estates pay the cost of such services.[1]
3 The Debtors believe that the retention of KCC as their claims and noticing agent is in the best
4 interests of the Debtors, their estate and creditors.

5      16.    KCC is fully equipped to handle the volume of mailing involved in properly sending
6 required notices to and processing the claims of creditors and other interested parties in these
7 Chapter 11 cases. KCC is one of the country's leading chapter 11 administrators, with experience
8 in noticing, claims administration, solicitation, balloting, and facilitating other administrative
9 aspects of chapter 11 cases. KCC has substantial experience in matters of this size and complexity,
10 and has acted as the official notice, claims, solicitation and balloting agent in many large
11 bankruptcy cases pending in this District and other districts nationwide. *See, e.g., In re Fremont*
12 *General Corp.,* Case No. 08-13421 (ES) (Bankr. C.D.Ca. Jan. 19, 2008); *In re Woodside Group,*
13 *LLC, et al.,* Case No. 08-20682 (Bankr. C.D. Cal. 2008); *In re Lear Corporation,* Case No. 09-
14 14326 (Bankr. S.D.N.Y. 2009); *In re Charter Communications, Inc., et al.,* Case No. 09-11435
15 (Bankr. S.D.N.Y. 2009); *In re Gen. Growth Props., Inc.,* Case No. 09-11977 (ALG) (Bankr.
16 S.D.N.Y. Apr. 16, 2009); *In re Tronox, Inc.,* Case No. 09-10156 (Bankr. S.D.N.Y. Jan. 13, 2009);
17 *In re Eddie Bauer Holdings, Inc.,* Case No. 09-12099 (MFW) (Bankr. D. Del. June 18, 2009); *In re*
18 *Premier Int'l Holdings Inc.,* Case No. 09-12019 (CSS) (Bankr. D. Del. June 15, 2009); *In re*
19 *Visteon,* Case No. 09-11786 (CSS) (Bankr. D. Del. May 29, 2009); *In re Anchor Blue Retail Group,*
20 *Inc.,* Case No. 09-11770 (PJW) (Bankr. D. Del. May 28, 2009); *In re Accredited Home Lender*
21 *Holding Co.,* Case No. 09-11516 (MFW) (Bankr. D. Del. May 6, 2009); *In re Source Interlink Cos.,*
22 *Inc.,* Case No. 09-11424 (KG) (Bankr. D. Del. Apr. 29, 2009).

23      17.    The Debtors have determined in the exercise of their business judgment to engage
24 KCC for the matters described herein. The Debtors' business judgment is entitled to substantial
25 deference. It is well established that courts accord great weight to the debtor-in-possession's

26

---

[1]   28 U.S.C. § 156(c) provides: "Any court may utilize facilities or services, either on or off the court's premises,
27   which pertain to the provision of notices, dockets, calendars, and other administrative information to parties in
case filed under the provisions of title 11, United States Code, where the cost of such facilities or services are paid
28   for out of the assets of the estate and are not charged to the United States. The utilization of such facilities or
services shall be subject to such conditions and limitations as the pertinent circuit counsel may prescribe."

business judgment on matters that would be beneficial to its estate. *See NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 523 (1984).

## VI.

## NOTICE AND NO PRIOR APPLICATION

18.    Notice of this Application has been given to the following parties, or in lieu thereof, to their counsel: (a) the United States Trustee for the Central District of California; (b) the Official Committee of Unsecured Creditors; (c) the Debtors' secured lender and its counsel; (d) counsel for Richard Kayne; (e) the holders of the 8.375% Convertible Notes issued in 2007; (e) parties who filed UCC-1 financing statements against the Company; (f) the Internal Revenue Service; and (g) all other parties entitled to special notice in these cases. In light of the nature of the relief requested, the Debtors respectfully submit that no further notice is necessary.

**WHEREFORE**, the Debtors respectfully requests that the Court enter an order granting (a) approval of the employment and retention of KCC as claims and noticing agent as set forth in the Application, and (b) such other and further relief to the Debtors as the Court may deem proper.

Dated: December __, 2009

THE WALKING COMPANY

By: _____
       Anthony J. Wall
       Executive Vice President

Submitted by:

By: */s/ Mette H. Kurth*
       Mette H. Kurth
       ARENT FOX LLP
       *Proposed* Attorneys for Debtors and
       Debtors in Possession

# Exhibit 1

Mette H. Kurth (SBN 187100)
Andy S. Kong (SBN 243933)
**ARENT FOX LLP**
555 West Fifth Street, 48th Floor
Los Angeles, CA 90013-1065
Telephone: 213.629.7400
Facsimile: 213.629.7401
E-mail: kurth.mette@arentfox.com
kong.andy@arentfox.com

*Proposed* Attorneys for Debtors and Debtors in Possession

Debtors' Mailing Address
121 Gray Avenue
Santa Barbara, CA 93101

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SANTA BARBARA DIVISION

| | |
|---|---|
| In re:<br><br>**THE WALKING COMPANY**, a Delaware corporation, d/b/a Alan's Shoes, Footworks, Overland Trading Co., Sole Outdoors, and Martini Shoes; f/k/a TWC Acquisition Corporation; **BIG DOG USA, INC.**, a California corporation, d/b/a Big Dog Sportswear; f/k/a Fortune Dogs, Inc.; and **THE WALKING COMPANY HOLDINGS, INC.**, a Delaware corporation, f/k/a Big Dog Holdings, Inc. and 190th Shelf Corporation,<br><br>Debtors.<br><br>[X] Affects all Debtors<br><br>[ ] Applies only to The Walking Company<br><br>[ ] Applies only to Big Dog USA, Inc.<br><br>[ ] Applies only to The Walking Company Holdings, Inc. | Case No.: 9:09-bk-15138-RR<br><br>[Jointly Administered with Case Nos.: 9:09-bk-15137-RR and 9:09-bk-15139-RR]<br><br>Chapter 11<br><br>**DECLARATION OF MICHAEL J. FRISHBERG IN SUPPORT OF APPLICATION FOR ORDER APPROVING THE EMPLOYMENT OF KURTZMAN CARSON CONSULTANTS LLC AS CLAIMS AND NOTICING AGENT**<br><br>*[No Hearing Required Unless Requested Pursuant to L.B.R. 2014-1(b)]* |

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

NYC/457133.1

22

I, Michael J. Frishberg, hereby declare under penalty of perjury:

1. I am the Vice President of Corporate Restructuring Services of Kurtzman Carson Consultants, LLC ("KCC"), which maintains offices at 2335 Alaska Avenue, El Segundo, California, 90245, telephone number (310) 823-9000. I submit this declaration in support of the application (the "Application") by the above-captioned debtors and debtors in possession for an order approving the Debtors' agreement with KCC and appointing KCC as the Debtors' claims and noticing agent (the "Claims and Noticing Agent") for the Court and the Clerk of the Bankruptcy Court (the "Clerk's Office").

2. KCC is one of the country's leading chapter 11 administrators, with experience in noticing, claims administration, solicitation, balloting and facilitating other administrative aspects of chapter 11 cases. KCC specializes in providing bankruptcy administrative services related to the orderly administration of pending bankruptcy proceedings. KCC employs personnel experienced in the field of bankruptcy and bankruptcy procedures. KCC has substantial experience in the matters of this size and complexity, and has acted as the official notice and claims agent in many large bankruptcy cases pending in this District and other districts nationwide. *See, e.g., In re Fremont General Corp.*, Case No. 08-13421 (ES) (Bankr. C.D.Ca. Jan. 19, 2008); *In re Woodside Group, LLC, et al.*, Case No. 08-20682 (Bankr. C.D. Cal. 2008); *See, e.g., In re Fremont General Corp.*, Case No. 08-13421 (ES) (Bankr. C.D.Ca. Jan. 19, 2008); *In re Woodside Group, LLC, et al.*, Case No. 08-20682 (Bankr. C.D. Cal. 2008); *In re Lear Corporation*, Case No. 09-14326 (Bankr. S.D.N.Y. 2009); *In re Charter Communications, Inc., et al.*, Case No. 09-11435 (Bankr. S.D.N.Y. 2009); *In re Gen. Growth Props., Inc.*, Case No. 09-11977 (ALG) (Bankr. S.D.N.Y. Apr. 16, 2009); *In re Tronox, Inc.*, Case No. 09-10156 (Bankr. S.D.N.Y. Jan. 13, 2009); *In re Eddie Bauer Holdings, Inc.*, Case No. 09-12099 (MFW) (Bankr. D. Del. June 18, 2009); *In re Premier Int'l Holdings Inc.*, Case No. 09-12019 (CSS) (Bankr. D. Del. June 15, 2009); *In re Visteon*, Case No. 09-11786 (CSS) (Bankr. D. Del. May 29, 2009); *In re Anchor Blue Retail Group, Inc.*, Case No. 09-11770 (PJW) (Bankr. D. Del. May 28, 2009); *In re Accredited Home Lender Holding Co.*, Case No. 09-11516 (MFW) (Bankr. D. Del. May 6, 2009); *In re Source Interlink Cos.*, Inc., Case No. 09-11424 (KG) (Bankr. D. Del. Apr. 29, 2009).

1  Accordingly, I submit that KCC is qualified and competent to serve as Claims and Noticing

2  Agent in this chapter 11 proceeding.

3  　　　　3.　　　The Debtors propose to employ KCC on the terms set forth in that certain

4  agreement for services by and between the Debtors and KCC, entered into on or about December

5  1, 2009 (the "KCC Agreement"), a copy of which is attached to the Application as Exhibit 2. The

6  services to be performed by KCC as Claims and Noticing Agent are described in the Application.

7  　　　　4.　　　The fees to be charged by KCC are set forth in the KCC Agreement.

8  　　　　5.　　　The Debtors have proposed, subject to the to the Court's approval, that the fees

9  and expenses incurred by KCC are to be treated as an administrative expense of the Debtors'

10  chapter 11 estates and will be paid by the Debtors in accordance with the terms of the Agreement,

11  without the necessity of KCC filing formal interim or final fee applications or otherwise

12  complying with the monthly, quarterly or final compensation procedures applicable to

13  professionals.

14  　　　　6.　　　The Debtors have many creditors, and accordingly, KCC may have rendered and

15  may continue to render services to certain of these creditors. KCC has not and will not represent

16  the separate interests of any such creditor in these cases. Additionally, KCC employees may, in

17  the ordinary course of their personal affairs, have relationships with certain creditors of the

18  Debtors. For example, one of more of KCC's employees may have obligations outstanding with

19  financial institutions that are creditors of the Debtors or may have purchased the Debtors'

20  products.

21  　　　　7.　　　To the best of my knowledge, neither KCC, nor any of its professional personnel,

22  has any relationship with the Debtors, or any potential party in interest that would impair KCC's

23  ability to serve as the official Claims and Noticing Agent.

24  　　　　8.　　　KCC represents:

25  　　　　　　　a.　　　KCC shall be under the supervision and control of the Clerk of Court but
26  not be an employee of the United States government, nor consider itself
   employed by the United States government, and shall not seek any
27  compensation from the United States government in its capacity as the
   Claims and Noticing Agent in these chapter 11 cases;

28

24

b.      by accepting employment in these chapter 11 cases, KCC waives any right to receive compensation from the United States government in its capacity as Agent in these cases;

c.      in its capacity as the Claims and Noticing Agent in this case, KCC will not be an agent of the United States government and will not act on behalf of the United States; and

d.      KCC will not employ any past or present employees of the Debtors in connection with its work as the Claims and Noticing Agent in these chapter 11 cases unless otherwise approved by the Clerk of Court.

9.      Although the Debtors do not propose to retain KCC under section 327 of the Bankruptcy Code, KCC believes that it is a "disinterested person," as that term is defined in 11 U.S.C. § 101(14), in that KCC and its staff:

a.      are not creditors, equity security holders or insiders of the Debtors;

b.      are not and were not, within two (2) years of the date of the filing of the Debtors' chapter 11 petition, directors, officers or employees of the Debtors; and

c.      do not hold or represent an interest materially adverse to the interest of the Debtors' estate or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors.

10.      KCC is an indirect subsidiary of Computershare Limited. Computershare is a financial services and technologies provider for the global securities industry. Within the Computershare corporate structure, KCC operates as a separate segregated business unit. As such, any relationships that Computershare Limited and its affiliates maintain do not create an interest of KCC that would be adverse to the Debtors' estate or any class of creditors or equity security holders. Administar, a claims and noticing agent, is also an indirect subsidiary of Computershare Limited. On June 10, 2009, the marketing and operation of Administar's restructuring services were consolidated under KCC.

11.      KCC has not been retained to assist any entity or person other than the Debtors on matters relating to, or in connection with, these chapter 11 cases. If this court approves KCC's proposed retention, KCC will not accept any engagement or perform any service for any entity or person other than the Debtors in these chapter 11 cases. KCC may, however, provide services to

entities or persons that may be creditors or parties in interest in these chapter 11 cases, provided that such services do not relate to, or have any direct connection with, this chapter 11 case or the Debtors.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 23rd day of December 2009, at Los Angeles, California.

M.

Michael J. Frishberg

# Exhibit 2

KURTZMAN
CARSON
CONSULTANTS

# KCC AGREEMENT FOR SERVICES

This Agreement is entered into as of the 1st day of December, 2009, between The Walking Company (together with its affiliates and subsidiaries, the "Company"),[1] and Kurtzman Carson Consultants LLC (together with its affiliates and subcontractors, "KCC").

In consideration of the premises set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

## Terms and Conditions

I.     SERVICES

A.     KCC agrees to provide the Company with consulting services regarding noticing, claims management and reconciliation, plan solicitation, balloting, disbursements and any other services agreed upon by the parties or otherwise required by applicable law, government regulations or court rules or orders.

B.     KCC further agrees to provide (i) computer software support and training in the use of the support software, (ii) KCC's standard reports as well as consulting and programming support for the Company requested reports, (iii) program modifications, (iv) data base modifications, and/or (v) other features and services in accordance with the fees outlined in a pricing schedule provided to the Company (the "KCC Fee Structure").

C.     Without limiting the generality of the foregoing, KCC may, upon request by the Company, (i) provide a communications plan including, but not limited to, preparation of communications materials, dissemination of information and a call center staffed by KCC and/or (ii) provide confidential on-line workspaces or virtual data rooms and publish documents to such workspaces or data rooms (which publication shall not be deemed to violate the confidentiality provisions of this Agreement).

D.     The price listed for each service in the KCC Fee Structure represents a bona fide proposal for such services, which may be accepted in whole or in part. Services will be provided when requested by the Company or required by applicable law, government regulations or court rules or orders. Services are mutually exclusive and are deemed delivered and accepted by the Company when provided by KCC.

E.     The Company acknowledges and agrees that KCC will often take direction from the Company's representatives, employees, agents and/or professionals (collectively, the "Company Parties") with respect to the services being provided under this Agreement. The parties agree that KCC may rely upon, and the Company agrees to be bound by, any requests, advice or information provided by the Company Parties to the same extent as if such requests, advice or

---

[1] The term Company shall include, to the extent applicable, the Company, as debtor and debtor in possession in its chapter 11 case, together with any affiliated debtors and debtors in possession whose chapter 11 cases are jointly administered with the Company's chapter 11 case.

1

KURTZMAN
CARSON
CONSULTANTS

# KCC AGREEMENT FOR SERVICES

information were provided by the Company. The Company agrees and understands that KCC shall not provide the Company or any other party with any legal advice.

II.     PRICES, CHARGES AND PAYMENT

A.      KCC agrees to charge and the Company agrees to pay KCC for its services, expenses and supplies at the rates or prices set by KCC and in effect as of the date of this Agreement in accordance with the KCC Fee Structure. KCC's prices are generally adjusted periodically to reflect changes in the business and economic environment. KCC reserves the right to reasonably increase its prices, charges and rates annually. If any price increases exceed 10%, KCC will give thirty (30) days written notice to the Company.

B.      The Company agrees to pay the reasonable out of pocket expenses incurred by KCC in connection with services provided under this Agreement, including but not limited to, transportation, lodging, and meals.

C.      In addition to all fees for services and expenses hereunder, the Company shall pay to KCC (i) any fees and expenses related to, arising out of, or as a result of any error or omission made by the Company or the Company Parties, as mutually determined by KCC and the Company, and (ii) all taxes that are applicable to this Agreement or that are measured by payments made under this Agreement and are required to be collected by KCC or paid by KCC to a taxing authority.

D.      Where the Company requires services that are unusual or beyond the normal business practices of KCC, or are otherwise not provided for in the KCC Fee Structure, the cost of such services shall be charged to the Company at a competitive rate.

E.      KCC agrees to submit its invoices to the Company monthly and the Company agrees that the amount invoiced is due and payable upon the Company's receipt of the invoice. However, where total fees and expenses are expected to exceed $10,000 in any single month, KCC may require advance payment from the Company due and payable upon demand and prior to the performance of services hereunder. If any amount is unpaid as of thirty (30) days from the receipt of the invoice, the Company further agrees to pay a late charge, calculated as one and one-half percent (1-1/2%) of the total amount unpaid every thirty (30) days. In the case of a dispute in the invoice amount, the Company shall give written notice to KCC within ten (10) days of receipt of the invoice by the Company. The undisputed portion of the invoice will remain due and payable immediately upon receipt of the invoice. Late charges shall not accrue on any amounts in dispute. Unless otherwise agreed to in writing, the fees for print notice and media publication (including commissions) as well as certain expenses must be paid at least three (3) days in advance of those fees and expenses being incurred.

F.      In the event that the Company files for protection pursuant to chapter 11 of the United States Bankruptcy Code (a "Chapter 11 Filing"), the parties intend that KCC shall be employed pursuant to 28 U.S.C. § 156(c) ("Section 156(c)") and that all fees and expenses due under this Agreement shall be paid as administrative expenses of the Company's chapter 11 estate. As soon as practicable following a Chapter 11 Filing (and otherwise in accordance with applicable law and rules and orders of the Bankruptcy Court), the Company shall cause a motion to be filed with the Bankruptcy Court seeking entry of an order pursuant to Section 156(c) approving this

2



# KCC AGREEMENT FOR SERVICES

Agreement in its entirety (the "Section 156(c) Order"). The form and substance of the motion and the Section 156(c) Order shall be reasonably acceptable to KCC. If any Company chapter 11 case.converts to a case under chapter 7 of the Bankruptcy Code, KCC will continue to be paid for its services in accordance with Section 156(c) and under the terms of this Agreement.

G.    To the extent permitted by applicable law, KCC shall receive a retainer in the amount of $20,000 (the "Retainer") that may be held by KCC as security for the Company's payment obligations under the Agreement. The Retainer is due upon execution of this Agreement. KCC shall be entitled to hold the Retainer until the termination of the Agreement. Following termination of the Agreement, KCC shall return to the Company any amount of the Retainer that remains following application of the Retainer to the payment of unpaid invoices.

## III.    RIGHTS OF OWNERSHIP

A.    The parties understand that the software programs and other materials furnished by KCC pursuant to this Agreement and/or developed during the course of this Agreement by KCC are the sole property of KCC. The term "program" shall include, without limitation, data processing programs, specifications, applications, routines, and documentation. The Company agrees not to copy or permit others to copy the source code from the support software or any other programs or materials furnished pursuant to this Agreement.

B.    The Company further agrees that any ideas, concepts, know-how or techniques relating to data processing or KCC's performance of its services developed or utilized during the term of this Agreement by KCC shall be the exclusive property of KCC. Fees and expenses paid by the Company do not vest in the Company any rights in such property, it being understood that such property is only being made available for the Company's use during and in connection with the services provided by KCC under this Agreement.

## IV.    NON-SOLICITATION

The Company agrees that neither it nor its subsidiaries or other affiliated companies shall directly or indirectly solicit for employment, employ or otherwise retain employees of KCC during the term of this Agreement and for a period of twelve (12) months after termination of this Agreement unless KCC provides prior written consent to such solicitation or retention.

## V.    CONFIDENTIALITY

Each of KCC and the Company, on behalf of themselves and their respective employees, agents, professionals and representatives, agrees to keep confidential all non-public records, systems, procedures, software and other information received from the other party in connection with the services provided under this Agreement; provided, however, that if either party reasonably believes that it is required to produce any such information by order of any governmental agency or other regulatory body it may, upon not less than five (5) business days' written notice to the other party, release the required information.

3

KURTZMAN
CARSON
CONSULTANTS

# KCC AGREEMENT FOR SERVICES

VI.    SUSPENSION OF SERVICE AND TERMINATION

A.    This Agreement shall remain in force until terminated or suspended by either party (i) upon thirty (30) days' written notice to the other party or (ii) immediately upon written notice for Cause (defined herein). As used herein, the term "Cause" means (i) gross negligence or willful misconduct of KCC that causes serious and material harm to the Company's reorganization under chapter 11 of the Bankruptcy Code, (ii) the failure of the Company to pay KCC invoices for more than sixty (60) days from the date of invoice, or (iii) the accrual of invoices or unpaid services in excess of the retainer held by KCC where KCC reasonably believes it will not be paid.

B.    In the event that this contract is terminated, regardless of the reason for such termination, KCC shall coordinate with the Company and, to the extent applicable, the clerk of the Bankruptcy Court, to maintain an orderly transfer of record keeping functions and KCC shall provide all necessary staff, services and assistance required for an orderly transfer. The Company agrees to pay for such services in accordance with KCC's then existing prices for such services. If such termination occurs following entry of the Section 156(c) Order, the Company shall immediately seek entry of an order (in form and substance reasonably acceptable to KCC) that discharges KCC from service and responsibility under Section 156(c) and this Agreement.

C.    Any data, programs, storage media or other materials furnished by the Company to KCC or received by KCC in connection with the services provided under the terms of this Agreement may be retained by KCC until the services provided are paid for, or until this Agreement is terminated with the services paid in full. The Company shall remain liable for all fees and expenses imposed under this Agreement as a result of data or physical media maintained or stored by KCC. KCC shall dispose of the data and media in the manner requested by the Company. The Company agrees to pay KCC for reasonable expenses incurred as a result of the disposition of data or media. If the Company has not utilized KCC's services under this Agreement for a period of at least ninety (90) days, KCC may dispose of the data or media, and be reimbursed by the Company for the expense of such disposition, after giving the Company thirty (30) days' notice. Notwithstanding any term herein to the contrary, following entry of the Section 156(c) Order, the disposition of any data or media by KCC shall be in accordance with any applicable instructions from the clerk of the Bankruptcy Court, local Bankruptcy Court rules and orders of the Bankruptcy Court.

VII.    SYSTEM IMPROVEMENTS

KCC strives to provide continuous improvements in the quality of service to its clients. KCC, therefore, reserves the right to make changes in operating procedure, operating systems, programming languages, general purpose library programs, application programs, time period of accessibility, types of terminal and other equipment and the KCC data center serving the Company, so long as any such changes do not materially interfere with ongoing services provided to the Company in connection with the Company's chapter 11 case.

4


KURTZMAN
CARSON
CONSULTANTS

# KCC AGREEMENT FOR SERVICES

VIII. BANK ACCOUNTS

At the Company's request, KCC shall be authorized to establish accounts with financial institutions in the name of and as agent for the Company. To the extent that certain financial products are provided to the Company pursuant to KCC's agreement with financial institutions, KCC may receive compensation from such financial institutions for the services KCC provides pursuant to such agreement.

IX. LIMITATIONS OF LIABILITY AND INDEMNIFICATION

A. The Company shall indemnify and hold KCC, its affiliates, members, directors, officers, employees, consultants, subcontractors and agents (collectively, the "Indemnified Parties") harmless, to the fullest extent permitted by applicable law, from and against any and all losses, claims, damages, judgments, liabilities and expenses (including reasonable counsel fees and expenses) (collectively, "Losses") resulting from, arising out of or related to KCC's performance under this Agreement. Such indemnification shall exclude Losses resulting from KCC's gross negligence or willful misconduct. Without limiting the generality of the foregoing, Losses include any liabilities resulting from claims by any third-parties against any Indemnified Party. The Company shall notify KCC in writing promptly upon the assertion, threat or commencement of any claim, action, investigation or proceeding that the Company becomes aware of with respect to the services provided by KCC under this Agreement. The Company's indemnification obligations hereunder shall survive the termination of this Agreement.

B. Except as provided herein, KCC's liability to the Company or any person making a claim through or under the Company for any Losses of any kind, even if KCC has been advised of the possibility of such Losses, whether direct or indirect and unless due to gross negligence or willful misconduct of KCC, shall be limited to the total amount billed or billable to the Company for the portion of the particular work which gave rise to the alleged Loss. In no event shall KCC's liability to the Company for any Losses, whether direct or indirect, arising out of this Agreement exceed the total amount billed to the Company and actually paid to KCC for the services contemplated under the Agreement. In no event shall KCC be liable for any indirect, special or consequential damages such as loss of anticipated profits or other economic loss in connection with or arising out of the services provided for in this Agreement.

C. The Company is responsible for the accuracy of the programs, data and information it or any Company Party submits for processing to KCC and for the output of such information. KCC does not verify information provided by the Company and, with respect to the preparation of schedules and statements, all decisions are at the sole discretion and direction of the Company. The Company reviews and approves all schedules and statements filed on behalf of, or by the Company; KCC bears no responsibility for the accuracy or contents therein. The Company agrees to initiate and maintain backup files that would allow the Company to regenerate or duplicate all programs and data submitted by the Company to KCC.

D. The Company agrees that except as expressly set forth herein, KCC makes no representations or warranties, express or implied, including, but not limited to, any implied or express warranty of merchantability, fitness or adequacy for a particular purpose or use, quality, productiveness or capacity.

5

KURTZMAN
CARSON
CONSULTANTS

# KCC AGREEMENT FOR SERVICES

**X. FORCE MAJEURE**

Whenever performance by KCC of any of its obligations hereunder is materially prevented or impacted by reason of any act of God, strike, lock-out or other industrial or transportation disturbance, fire, lack of materials, law, regulation or ordinance, war or war condition, or by reason of any other matter beyond KCC's reasonable control, then such performance shall be excused and this Agreement shall be deemed suspended during the continuation of such prevention and for a reasonable time thereafter.

**XI. INDEPENDENT CONTRACTORS**

The Company and KCC are and shall be independent contractors of each other and no agency, partnership, joint venture or employment relationship shall arise, directly or indirectly, as a result of this Agreement.

**XII. NOTICES**

All notices and requests in connection with this Agreement shall be given or made upon the respective parties in writing and shall be deemed as given as of the third day following the day it is deposited in the U.S. Mail, postage pre-paid or on the day it is given if sent by facsimile or on the day after the day it is sent if sent by overnight courier to the appropriate address set forth below:

Kurtzman Carson Consultants LLC
2335 Alaska Ave.
El Segundo, CA 90245
Attn: Drake D. Foster
Tel: (310) 823-9000
Fax: (310) 823-9133

Arent Fox PLLC
555 W. Fifth St., 48th Floor
Los Angeles, CA 90013
Attn: Mette H. Kurth, Esq.
Tel: (213) 443-7547
Fax: (213) 629-7401

Or to such other address as the party to receive the notice or request so designates by written notice to the other.

**XIII. APPLICABLE LAW**

The validity, enforceability, and performance of this Agreement shall be governed by and construed in accordance with the laws of the State of California.

**XIV. ENTIRE AGREEMENT/ MODIFICATIONS**

Each party acknowledges that it has read this Agreement, understands it, and agrees to be bound by its terms and further agrees that it is the complete and exclusive statement of the agreement between the parties, which supersedes and merges all prior proposals, understandings, other agreements, and communications oral and written between the parties relating to the subject matter of this Agreement. The Company represents that it has the authority to enter into this Agreement, and the Agreement is non-dischargeable under any applicable statute or law. If any provision of this Agreement shall be held to be invalid, illegal or unenforceable, the validity, legality and enforceability of the remaining provisions shall in no way be affected or impaired

6



# KCC AGREEMENT FOR SERVICES

thereby. This Agreement may be modified only by a written instrument duly executed by an authorized representative of the Company and an officer of KCC.

## XV. ASSIGNMENT

This Agreement and the rights and duties hereunder shall not be assignable by the parties hereto except upon written consent of the other, with the exception that this Agreement can be assigned without written consent by KCC to a wholly-owned subsidiary or affiliate of KCC.

## XVI. ARBITRATION

Any controversy or claim arising out of or relating to this Agreement, or the breach thereof, shall be settled by arbitration in accordance with the rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrator(s) shall be entered in any court having jurisdiction thereof. For that purpose, the parties hereto consent to the jurisdiction and venue of an appropriate court located in Los Angeles County, State of California.

## XVII. ATTORNEYS' FEES

In the event that any legal action, including an action for declaratory relief, is brought to enforce the performance or interpret the provisions of this Agreement, the parties agree to reimburse the prevailing party's reasonable attorneys' fees, court costs, and all other related expenses, which may be set by the court in the same action or in a separate action brought for that purpose, in addition to any other relief to which the prevailing party may be entitled.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement effective as of the first date mentioned above.

Kurtzman Carson Consultants LLC

BY:     Eric Kurtzman              DATE: 11/30/09
TITLE: Chief Executive Officer

The Walking Company

BY: ROBERTA MORRIS         DATE: 12/01/09
TITLE: CFO

7

34



# KCC CORPORATE RESTRUCTURING
# FEE STRUCTURE

### Solicitation & Vote Tabulation

| | |
|---|---|
| Set-up, tabulation and vote verification | Applicable consulting fees only |
| Printing and mailing ballots | Subject to unit pricing for mailing and noticing above |

### Public Securities Services

Quotes for the following services are available upon request:

- Notice Event
- Voting Event
- Voting and Corporate Action Event
- Security Holder Identification Report

### Disbursements

| | |
|---|---|
| Check issuance | Quote prior to printing |
| W-9 mailing and maintenance of TIN database | See hourly rates and noticing charges |

### Other Services

| | |
|---|---|
| KCC's proprietary Avoidance Application Systems | Quote upon request |
| Call Center Services | Quote upon request |

### Other Expenses

| | |
|---|---|
| Printing, photocopies and labels | $0.10 per image |
| Facsimile – standard incoming/outgoing | No charge |
| CD-ROMs (Mass Document Storage) | Varies upon requirements |

3


KORTZMAN
CARSON
CONSULTANTS

# KCC CORPORATE RESTRUCTURING
# FEE STRUCTURE

### Notice Printing & Publication Services

| | |
|---|---|
| Set-up | Waived |
| Electronic noticing (e-mail) | $150.00 per 1,000 |
| Electronic noticing (domestic facsimile) | $0.20 per page |
| Claim Acknowledgement Card | $0.25 per notice |
| Insert creditor information into customized documents | $0.10 per piece |
| Document folding and inserting | $0.10 per document |
| Finishing – tape binding[3] | $1.25 per document |
| Legal notice publishing | Quote prior to publishing |

### Document Management/Imaging

| | |
|---|---|
| Electronic imaging (scanning & bar-coding) | $0.30 per imaged page |
| Virtual data room | Quote prior to VDR set-up[4] |

### Standard and Customized Reporting

*The following services are available at consulting rates:*

- Preparation of Service Lists
- Preparation of Claims Registers & Claims Reports
- Claims Reconciliation
- Preparation of Claims Objection Exhibits
- Custom Data Extraction & Forensics
- Preference Data Compilation
- Preparation of Schedules & SOFA
- Preparation of Ballot Tabulations/Disbursements Reports
- Contract and Lease Analysis
- Preparation of Claim Transfer Reports
- Preparation of Exhibits to Plan and Disclosure Statement
- Preparation of Custom Reports
- Other Services as Requested by Client

---

[3] This is an optional service for documents exceeding 200 images.
[4] Regular set-up fee is $5,000. Includes two (2) users. Additional users cost $250 per month.



# KCC CORPORATE RESTRUCTURING
# FEE STRUCTURE

**FEES**

## Consulting Services & Rates[1]

| | |
|---|---|
| Clerical | $45.00 - $65.00 per hour |
| Project Specialist | $80.00 - $140.00 per hour |
| Consultant | $165.00 - $245.00 per hour |
| Senior Consultant | $255.00 - $275.00 per hour |
| Senior Managing Consultant | $295.00 per hour |
| Technology/Programming Consultant | $145.00 - $195.00 per hour |
| Weekend, holidays and overtime | Waived |

**EXPENSES[2]**

## KCC CaseView – Application Licensing, Web Hosting & Database Storage

| | |
|---|---|
| Case configuration | Applicable consulting fees |
| Remote set-up; training | Applicable consulting fees |
| Permitted users | $250.00 per month |
| | (unlimited users) |
| License fee and data storage | $0.10 per record per month |
| Case-specific public website set-up | Waived |
| Case-specific public website hosting | $200.00 per month |
| Case-specific voicemail box for creditor inquiries | Waived |
| Case-specific e-mail box for creditor inquiries | Waived |

## Claims Management & Administration

| | |
|---|---|
| Creditor import | $0.10 per creditor |
| Proof of Claim input | $0.15 per claim |

---

[1] Please note that additional professional services not covered by this proposal will be charged at hourly rates, including any outsourced services performed under our supervision and control.
[2] Expenses shall be consistent with the general practice procedures authorized in the District of _____.

1

Kurtzman Carson Consultants LLC  2335 Alaska Avenue El Segundo, California 90245  PHONE 310-823-9000  FAX 310-823-9133  kccllc.com

37

In re: THE WALKING COMPANY, a Delaware corporation, d/b/a Alan's Shoes, Footworks, Overland Trading Co., Sole Outdoors, and Martini Shoes; f/k/a TWC Acquisition Corporation; BIG DOG USA, INC., a California corporation, d/b/a Big Dog Sportswear; f/k/a Fortune Dogs, Inc.; and THE WALKING COMPANY HOLDINGS, INC., a Delaware corporation, f/k/a Big Dog Holdings, Inc. and 190th Shelf Corporation.

Debtor(s).

CHAPTER 11

CASE NUMBER: 9:09-bk-15138-RR
[Jointly Administered with Case Nos. 9:09-bk-15137-RR and 9:09-bk-15139-RR]

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**Arent Fox, LLP, 555 West Fifth Street, 48th Floor, Los Angeles, CA 90013-1065**

A true and correct copy of the foregoing document described as **Application for Order Approving the Employment of Kurtzman Carson Consultants LLC as Claims and Noticing Agent** _____

_____ will be served or was served
**(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **December 24, 2009** checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On **December 24, 2009** _____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| December 24, 2009 | Judy Brown | /s/ Judy Brown |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

**F 9013-3.1**

38

In re: THE WALKING COMPANY, a Delaware corporation, d/b/a Alan's Shoes, Footworks, Overland Trading Co., Sole Outdoors, and Martini Shoes; f/k/a TWC Acquisition Corporation; BIG DOG USA, INC., a California corporation, d/b/a Big Dog Sportswear; f/k/a Fortune Dogs, Inc.; and THE WALKING COMPANY HOLDINGS, INC., a Delaware corporation, f/k/a Big Dog Holdings, Inc. and 190th Shelf Corporation,

Debtor(s).

CHAPTER: 11

CASE NUMBER: 9:09-bk-15138-RR
[Jointly Administered with Case Nos. 9:09-bk-15137-RR and 9:09-bk-15139-RR]

## I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

- Lawrence Bass    lawrence.bass@hro.com, kris.lundstrom@hro.com
- Shirley Cho    scho@pszjlaw.com
- Brian D Fittipaldi    brian.fittipaldi@usdoj.gov
- Brian D Huben    brian.huben@kattenlaw.com, carole.levine@kattenlaw.com;donna.carolo@kattenlaw.com;laura.nefsky@kattenlaw.com
- William W Huckins    whuckins@allenmatkins.com, clynch@allenmatkins.com
- Andy Kong    Kong.Andy@ArentFox.com
- Mette H Kurth    kurth.mette@arentfox.com
- Steven G Polard    spolard@perkinscoie.com
- David L Pollack    pollack@ballardspahr.com
- Hamid R Rafatjoo    hrafatjoo@pszjlaw.com, hrafatjoo@pszjlaw.com
- Howard Steinberg    hsteinberg@irell.com, awsmith@irell.com
- Wayne R Terry    wterry@hemar-rousso.com
- Ronald M Tucker    rtucker@simon.com, psummers@simon.com;rwoodruff@simon.com;sHclark@simon.com
- United States Trustee (ND)    ustpregion16.nd.ecf@usdoj.gov
- Kimberly S Winick    kwinick@clarktrev.com
- Rebecca J Winthrop    winthropr@ballardspahr.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

F 9013-3.1

39

In re: THE WALKING COMPANY, a Delaware corporation, d/b/a Alan's Shoes, Footworks, Overland Trading Co., Sole Outdoors, and Martini Shoes; f/k/a TWC Acquisition Corporation; BIG DOG USA, INC., a California corporation, d/b/a Big Dog Sportswear; f/k/a Fortune Dogs, Inc.; and THE WALKING COMPANY HOLDINGS, INC., a Delaware corporation, f/k/a Big Dog Holdings, Inc. and 190th Shelf Corporation,

Debtor(s).

CHAPTER: 11

CASE NUMBER: 9:09-bk-15138-RR

[Jointly Administered with Case Nos. 9:09-bk-15137-RR and 9:09-bk-15139-RR]

## II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL (indicate method for each person or entity served):

VIA OVERNIGHT DELIVERY
Honorable Robin Riblet
United States Bankruptcy Court
1415 State Street
Santa Barbara, California 93101-2511

VIA U.S. Mail
Dennis Strayhan
Office of the United States Trustee
21051 Warner Center Lane, Suite 115
Woodland Hills, CA 91367

Brian Fittipaldi
Office of the United States Trustee
128 E. Carrillo Street
Santa Barbara, CA 93101

Jennifer Cann – Vice President / Account Executive
Joseph Burt – Vice President
Wells Fargo Retail Finance
One Boston Place, 18th Floor
Boston, MA 02108

Steven B. Levine, Esq.
Brown Rudnick, LLP
One Financial Center
Boston, MA 02111

Christopher Carolan, Esq.
Brown Rudnick, LLP
7 Times Square
New York, NY 10036

Wayne R. Terry, Esq.
Hemar, Rousso & Heald LLP
15910 Ventura Blvd., 12th Floor
Encino, CA 91436

Howard Steinberg, Esq.
Jeff Sklar
Irell & Manella LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067

Anthony Wall
760 Arcady
Santa Barbara, CA 93108

Bear Stearns Securities Corp Custodian

Robert Schnell IRA
10291 Century Woods Dr
Los Angeles, CA 90067

Cotsen Family Foundation
C/O Kayne Anderson Capital
1800 Ave of the Stars Fl. 2
Los Angeles, CA 90067

David Wolf
1956 East Valley Rd.
Santa Barbara, CA 93108

Doug Nilsen
2225 St. James Drive
Santa Barbara, CA 93105

Gary Lieberthal, Trustee
Lieberthal Trust 3/23/99
991 Bel Air Road
Bel Air, CA 90077-3009

J Reims & Ka Reims, Ttees
Reims Family Trst 11/22/91
241 South Camden Drive
Beverly Hills, CA 90212

Kayne Anderson Capital
Income Partners (QP) LP
1800 Ave of the Stars Fl2
Los Angeles, CA 90067

Lee Cox
6726 Breakers Way
Ventura, CA 93001

Michael Grenley
24931 Marbella Court
Calabasas, CA 91302

Morgan Stanley Prime
Attn: Tammie Koo 4th fl.
1221 Ave of the Americas
New York, NY 10020

RBC Dain Rauscher Cust
For C. Eric Warden Sep IRA
510 Marquette Ave
Minneapolis, MN 55402-1106

Richard & Suzanne Kayne

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

F 9013-3.1

40

In re: THE WALKING COMPANY, a Delaware corporation, d/b/a Alan's Shoes, Footworks, Overland Trading Co., Sole Outdoors, and Martini Shoes; f/k/a TWC Acquisition Corporation; BIG DOG USA, INC., a California corporation, d/b/a Big Dog Sportswear; f/k/a Fortune Dogs, Inc.; and THE WALKING COMPANY HOLDINGS, INC., a Delaware corporation, f/k/a Big Dog Holdings, Inc. and 190th Shelf Corporation,

Debtor(s).

CHAPTER: 11

CASE NUMBER: 9:09-bk-15138-RR

[Jointly Administered with Case Nos. 9:09-bk-15137-RR and 9:09-bk-15139-RR]

Living Trust dtd 1/14/09
1800 Ave of Stars 2nd Fl
Los Angeles, CA 90067

Robert P. Abate, Trustee
Robert P. Abate Rev Trust
Box 541 Elgin, IL 60123

Bobert Schnell Ira
C/O Kayne Anderson Capital
1800 Ave of the Stars Fl2
Los Angeles, CA 90067

Roberta Morris
1428 San Miguel Ave
Santa Barbara, CA 93108

Susie Minier
5694 Via Salerno
Goleta, CA 93117

The Kayne Foundation
C/O Kayne Anderson Capital
1800 Ave of the Stars Fl2
Los Angeles, CA 90067

Amfit, Inc.
5408 NE 88th Street, Suite D-406
Vancouver, WA 98665

Board of Equalization
PO Box 942879
Sacramento, CA 94279-0001

Kayne Anderson Capital Income partners (QP), LP
c/o Kayne Anderson Capital Advisors, LP
1800 Avenue of the Stars, Second Floor
Los Angeles, CA 90067

Bear Stearns Securities Corp. Custodian
Robert Schnell IRA
10291 Century Woods Dr.
Los Angeles, CA 90067

Blackwell Partners, LLC
406 Blackwell Street, Suite 300
Durham, NC 27701

Robert P. Abate Rev Trust UA 8-29-95, Robert P. Abate
Trustee

Mark E Felger

P.O. Box 541N
Elgin, IL 60123

RBC Dain Raucher Cust. For Eric Warden SEP IRA
510 Marquette Avenue
Minneapolis, MN 55402

Wells Fargo Retail Finance, LLC
2450 Colorado Avenue, Suite 3000W
Santa Monica, CA 90404

Wells Fargo Financial Leasing, Inc.
46956 MacArthur Court, Suite 350
Newport Beach, CA 92660

CIT Technology Financing Services, Inc.
10201 Centurian Parkway North Suite 100
Jacksonville, FL 32256

The Internal Revenue Service
P.O. Box 21126
Philadelphia, PA 19114

Robert K Edmunds
Buchanan Ingersoll & Rooney LLP
600 W Broadway Ste 1100
San Diego, CA 92101

Preit Services, LLC
Klehr Harrison Harvey Branzburg LLP
Jeffrey Kurtzman, Esq
1835 Market St, Ste 1400
Philadelphia, PA 19103

Primeshares
261 Fifth Avenue 22nd Flr
New York, NY 10016

Kevin M. Newman
Menter Rudin & Trivelpiece, PC
308 Maltbie Street, Suite 200
Syracuse, NY 13204

Maureen Bass
Buchanan Ingersoll & Rooney LLP
50 Fountain Plz Ste 800
Key Ctr at Fountain Plz
Buffalo, NY 14202

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

F 9013-3.1

41

| In re: THE WALKING COMPANY, a Delaware corporation, d/b/a Alan's Shoes, Footworks, Overland Trading Co., Sole Outdoors, and Martini Shoes; f/k/a TWC Acquisition Corporation; BIG DOG USA, INC., a California corporation, d/b/a Big Dog Sportswear; f/k/a Fortune Dogs, Inc.; and THE WALKING COMPANY HOLDINGS, INC., a Delaware corporation, f/k/a Big Dog Holdings, Inc. and 190th Shelf Corporation, <br><br>Debtor(s). | CHAPTER: 11 <br><br> CASE NUMBER: 9:09-bk-15138-RR <br><br> [Jointly Administered with Case Nos. 9:09-bk-15137-RR and 9:09-bk-15139-RR] |
|---|---|

Cozen OConnor
1201 N. Market St Ste 1400
Wilmington, DE 19801

Neal D Colton
Cozen OConnor
1900 Market St
Philadelphia, PA 19103

Taubman Landlords
Andrew S Conway
200 East Long Lake Rd Ste 300
Bloomfield Hills, MI 48304

Linda Boyle
TW Telecom Inc.
10475 Park Meadows Dr No 400
Littleton, CO 80124

Craig Averch
White & Case LLP
633 West Fifth St Ste 1900
Los Angeles, CA 90071-2007

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

**F 9013-3.1**

42

# EXHIBIT 2

1 | Mette H. Kurth (SBN 187100)
2 | Andy S. Kong (SBN 243933)
M. Douglas Flahaut (SBN 245558)
**ARENT FOX LLP**
3 | 555 West Fifth Street, 48th Floor
Los Angeles, CA 90013-1065
4 | Telephone:    213.629.7400
Facsimile:    213.629.7401
5 | E-mail:    kurth.mette@arentfox.com
kong.andy@arentfox.com
6 | flahaut.douglas@arentfox.com

7 | *Proposed* Attorneys for Debtors and Debtors in Possession

8 | Debtors' Mailing Address
121 Gray Avenue
9 | Santa Barbara, CA 93101

```
FILED & ENTERED

JAN 26 2010

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY rust       DEPUTY CLERK
```

CHANGES MADE BY COURT

10

## UNITED STATES BANKRUPTCY COURT

11

## CENTRAL DISTRICT OF CALIFORNIA

12

### SANTA BARBARA DIVISION

13

14 | In re:

15 | **THE WALKING COMPANY**, a
16 | Delaware corporation, d/b/a Alan's Shoes,
Footworks, Overland Trading Co., Sole
17 | Outdoors, and Martini Shoes; f/k/a TWC
Acquisition Corporation; **BIG DOG USA,**
18 | **INC.**, a California corporation, d/b/a Big
Dog Sportswear; f/k/a Fortune Dogs, Inc.;
19 | and **THE WALKING COMPANY**
**HOLDINGS, INC.**, a Delaware
20 | corporation, f/k/a Big Dog Holdings, Inc.
and 190th Shelf Corporation,

21

22 | Debtors.

23 | [X] Affects all Debtors

24 | [ ] Applies only to The Walking
Company

25 | [ ] Applies only to Big Dog USA, Inc.

26 | [ ] Applies only to The Walking
Company Holdings, Inc.

27

28

Case No.: 9:09-bk-15138-RR

[Jointly Administered with Case Nos.: 9:09-
bk-15137-RR and 9:09-bk-15139-RR]

[Chapter 11]

**ORDER AUTHORIZING
RETENTION OF KURTZMAN
CARSON CONSULTANTS LLC AS
CLAIMS AND NOTICING AGENT**

*[No Hearing Required Unless Requested
Pursuant to L.B.R. 2014-1(b)]*

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

GENBUS/718021.1

44

1    Upon consideration of the application (the "Application") of The Walking Company, Inc.

2  and its debtor affiliates, (the "Debtors"), as debtor and debtor in possession for entry of an order

3  approving the Debtors' agreement with Kurtzman Carson Consultants LLC (" KCC") and

4  appointing KCC as the claims and noticing agent (the "Claims and Noticing Agent") for the Court

5  and the Clerk of the Bankruptcy Court (the "Clerk's Office"); and upon the Declaration of

6  Michael J. Frishberg in support there of; and it appearing that the relief is in the best interest of

7  the Debtors and their estates and creditors; and it appearing that due and proper notice of the

8  Application having been given; and any objections to the Application having been overruled; and

9  after due deliberation and sufficient cause appearing therefor,

10    **IT IS HEREBY ORDERED:**

11    1.    The Application is granted.

12    2.    The Debtors are hereby authorized to retain KCC as the Claims and Noticing

13  Agent in these chapter 11 cases. The KCC Agreement for services was not attached as an exhibit

14  to the Application submitted to the court with the Declaration of Nonopposition. Accordingly,

15  none of the terms contained in the KCC Agreement are approved, particularly any terms

16  addressing compensation. Any compensation shall be paid in such amounts as allowed by this

17  court after Application.

18    3.    At the request of the Debtors and/or the Clerk's Office, the Debtors' Claims and

19  Noticing Agent, KCC, shall, subject to the terms of the KCC Agreement, provide some or all of

20  the following services:

21        a.    Prepare and serve required notices in these chapter 11 cases, including

22        (1)    a notice of the commencement of the cases and the initial meeting of
23             creditors under section 341(a) of the Bankruptcy Code;

24        (2)    a notice of the claims bar date;

25        (3)    notices of any hearings on a disclosure statement and confirmation
              of a chapter 11 plan; and
26
27        (4)    such other miscellaneous notices as the Debtors or the Court may
              deem necessary or appropriate for an orderly administration of this
28             cases.

b.   Within five (5) business days after the service of a particular notice, file with the Clerk's Office a declaration of service that includes (i) an alphabetical list of persons on whom KCC served the notice, along with their addresses, and (ii) the date and manner of service;

c.   Maintain copies of all proofs of claim and proofs of interest filed in these cases at a location other than where the originals are maintained;

d.   Maintain an official claims register in these cases by docketing all proofs of claim and proofs of interest in a claims database that includes the following information for each such claim or interest asserted:

   (1)   The name and address of the claimant or interest holder and any agent thereof, if the proof of claim or proof of interest was filed by an agent;

   (2)   The name of the particular debtor against which the claim is asserted;

   (3)   The date that the proof of claim or proof of interest was received by the Court;

   (4)   The claim number assigned to the proof of claim or proof of interest; and

   (5)   The asserted amount and classification of the claim.

e.   Implement necessary security measures to ensure the completeness and integrity of the claims register as approved by the Clerk of the Court;

f.   Periodically audit the claims information to assure the Clerk's Office that the claims information is being appropriately and accurately recorded in the official claims register;

g.   Allow the Clerk's Office to independently audit the claims information during regular business hours;

h.   Mail a notice of the bar date approved by the Court for the filing of a proof of claim with the Clerk's office and a form for filing of a proof of claim to each creditor notified of the filing;

i.   Maintain an up-to-date mailing list for all entities that have filed proofs of claim or proofs of interest and make such list available upon request to the Clerk's Office or any party in interest;[1]

---

[1]    KCC also will maintain a public access website, www.kccllc.net/thewalkingcompany, specifically for the Debtors' bankruptcy cases from which anyone may download the claims register and obtain other relevant information and documents pertaining to the Debtors' cases at no charge.

j.   Provide the public and the Clerk's Office access to copies of the proofs of claim or proofs of interest filed in these chapter 11 cases without charge during regular business hours (9:00 a.m. - 4:00 p.m. Pacific Time) in a viewing area at the following address:  2335 Alaska Avenue, El Segundo, California 90245;

k.   Allow the Clerk's Office to inspect KCC's premises at anytime during regular business hours;

l.   Record all transfers of claims pursuant to Federal Bankruptcy Rule 3001(e) and provide notice of such transfers as required by Federal Bankruptcy Rule 3001(e);

m.   Comply with applicable federal, state, municipal and local statutes, ordinances, rules, regulations, orders and other requirements;

n.   Provide temporary employees to process claims as necessary;

o.   Promptly comply with such further conditions and requirements as the Clerk's Office or the Court may at any time prescribe; and

p.   Provide such other claims processing, noticing, and related administrative services as may be requested from time to time by the Debtors, except that KCC shall not send claims acknowledgement cards to those filing claims, and before KCC undertakes any manual linking of filed claims to the Debtors' schedules, the Debtors and any statutory committee shall be given notice of the scope and approximate cost of such labor by KCC.

4.   In addition to the foregoing, in accordance with the KCC Agreement and to the extent requested by the Debtors, KCC shall assist the Debtors with, among other things, (a) Schedules of Assets and Liabilities and Statements of Financial Affairs; (b) maintenance of the Debtors' master creditor list, and (c) the preparation, mailing and tabulation of ballots for the purpose of voting to accept or reject a chapter 11 plan; except that the Debtors shall give advance notice to any statutory committee appointed in the chapter 11 cases for any additional tasks which require KCC employees at the consultant level or higher.

5.   If and when the Court determines it is necessary for the Debtors to retain an estate professional, contractor, or temporary employee to assist the Clerk's Office with claims processing and other administrative burdens associated with the Debtors' cases, such person may be retained at the expense of the estates without further order of the Court.

1    6.    The Debtors shall be responsible for payment for the designated post office boxes

2    retained and for receiving filings in the Debtors' cases. .

3    7.    To the extent that the Debtors and KCC modify the KCC Agreement, the Debtors

4    shall file with the Court a Notice of Modification of the KCC Agreement (the "Notice") and serve

5    such Notice upon the Office of the Untied States Trustee, counsel for any statutory committee

6    appointed in the Debtors' chapter 11 cases pursuant to 1102 of the Bankruptcy Code, and any

7    other party requesting notice of matters herein; and if no objections are filed to the Notice within

8    twenty (20) days after service of the Notice, then the proposed modifications set for the in the

9    Notice shall be deemed approved without the necessity of a hearing or further order of this Court.

10    8.    In the event that KCC's employment as Claims and Noticing Agent for the

11    Debtors is terminated, KCC shall work with the Clerk's Office and the Debtors to ensure the

12    orderly transition of services provided by KCC.

13    9.    The Debtors and KCC are authorized to take all actions necessary to effectuate the

14    relief granted pursuant to this Order in accordance with the Application.

15    10.    This Order shall be immediately effective and enforceable upon its entry.

16    ###

17

18

19

20

21

22

23

24

25    DATED: January 26, 2010

_Robin Riblet_
United States Bankruptcy Judge

26

27

28

# EXHIBIT 3

| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| Mette H. Kurth (SBN 187100)<br>Andy S. Kong (SBN 243933)<br>M. Douglas Flahaut (SBN 245558)<br>ARENT FOX LLP<br>555 West Fifth Street, 48th Floor<br>Los Angeles, CA  90013-1065<br>Telephone: 213.629.7400<br>Facsimile: 213.629.7401 | |

| UNITED STATES BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA | CHAPTER: 11 |
|---|---|
| | CASE NO.: Case No.: 9:09-bk-15138-RR |

| In re:<br>    THE WALKING COMPANY, et al.<br><br><br><br><br>                                        Debtor(s). | **DECLARATION TO BE FILED WITH MOTION ESTABLISHING ADMINISTRATIVE PROCEDURES RE 28 U.S.C. § 156(c)** |
|---|---|

I have obtained the most recent and applicable version of the Mega Case Procedures Checklist from the Clerk of Court and have consulted with the Clerk or designee.  The completed checklist is attached.

**I declare under penalty of perjury under the laws of the United States of America that the attached Mega Case Procedures Checklist is true and correct and that this Declaration was executed on** March 8                                        , 2010    , **at** Los Angeles, California                                        **(city, state).**

M. Douglas Flahaut
*Print Declarant's Name*

*Signature of Declarant*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*January 2009*

**F 5075-1.1**

50

# EXHIBIT 4

| | |
|---|---|
| Mette H. Kurth (SBN 187100)<br>Andy S. Kong (SBN 243933)<br>M. Douglas Flahaut (SBN 245558)<br>ARENT FOX LLP<br>555 West Fifth Street, 48th Floor<br>Los Angeles, CA 90013-1065<br>Telephone: 213.629.7400<br>Facsimile: 213.629.7401 | CASE NO.: 09-15137 through 15139 |
| **UNITED STATES BANKRUPTCY COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA** | CASE NAME:<br>The Walking Company, et al. |

## MEGA CASE PROCEDURES CHECKLIST

Estimate of:

| | | | |
|---|---|---|---|
| Number of Creditors | 7,000 | Assets | $80,000,000.00 |
| Number of Claims to be filed | 1,500 | | |
| Number of Pleadings to be filed | 1,000 | | |
| Number of Adversary Proceedings to be filed | | | |

It is proposed the following will be employed by the estate *(check all that apply)*:

Noticing Agent/Claims Processor ___✓___  Estate Clerk _____  Independent Printer _____  Other _____

| | |
|---|---|
| Instructions: | Mark either the "YES" or "NO" box for each question listed in this declaration. For each question that a "NO" box is marked (other than question 1, 20 or 30), an explanation must be provided on the "COMMENTS" page. |

**I. Noticing Agent/Claims Processor**

Delegation of Noticing/Claims Service Functions - The noticing/claims agent ("Agent") maintains the claims docket for the Court and performs all claims functions required by statute. The noticing/claims agent also maintains a database of all creditors in the case and sends notices to these creditors, as requested by the Court.

**YES   NO**

☑ ☐ 1. Are you proposing the estate hire a Noticing Agent/Claims Processor? *(If no, skip to Section II.)*

☑ ☐ 2. Is the price list attached to the motion and are the service charges fair and reasonable?

☐ ☑ 3. Does the motion state the Debtor has surveyed or solicited bids from different claims processing and noticing agents before designating a proposed agent?

    3a. If no, what criteria was used to select the agent?  Management consulted with their legal and financial advisors, who after consultation with others, determined that based on the size, scope and geography of these cases, Kurtsman Carson Consultants, LLC was the appropriate choice.

☑ ☐ 4. Does the motion state the Agent is not a creditor in the case?

☑ ☐ 5. Does the motion state the Agent shall be subject to the consent and approval of the Clerk of Court?

☑ ☐ 6. Does the motion state the Agent shall be at the expense of the estate and be paid directly by the Debtor?

*June 19, 2003*

| YES | NO | | |
|-----|-----|-----|-----|
| ☑ | ☐ | 7. | Does the motion state the Agent shall be under the supervision and control of the Clerk of Court but not be an employee of the United States government? |
| ☑ | ☐ | 8. | Does the motion state the Agent shall waive any rights to receive compensation from the United States government in its capacity as Agent in this case? |
| ☑ | ☐ | 9. | Does the motion state the Agent shall not employ any past or present employees of the Debtor in connection with its work as the Agent in this case unless otherwise approved by the Clerk of Court? |
| ☑ | ☐ | 10. | Does the motion state the Agent shall maintain copies of all proofs of claim or interest at a location other than where the originals are maintained? |
| ☑ | ☐ | 11. | Does the motion state the Agent shall implement security measures to ensure the completeness and integrity of the claims registers as approved by the Clerk of Court? |
| ☑ | ☐ | 12. | Does the motion state the Agent shall transmit to the Clerk of Court a copy of the claims registers every week or as frequently as requested by the Clerk of Court? |
| ☑ | ☐ | 13. | Does the motion state the Agent shall provide a proof of claim viewing area **without charge** during normal business hours (9:00 a.m.-4:00 p.m. Pacific Time)? |
| | | 13a. | In what city is the viewing area located? *(provide address)* 2335 Alaska Ave, El Segundo, CA 90245 |
| ☑ | ☐ | 14. | Does the motion state the Clerk of Court shall be entitled to inspect the Agent's premises at anytime? |
| ☑ | ☐ | 15. | Does the motion state the Agent shall audit the claims information periodically to satisfy the Clerk of Court that the claims information is being appropriately and accurately recorded in the Court's claims register? |
| ☑ | ☐ | 16. | Does the motion state the Clerk of Court shall be able to independently audit the claims information at anytime? |

## II. Motions and Other Pleadings

| YES | NO | | |
|-----|-----|-----|-----|
| ☑ | ☐ | 17. | Does the motion state the party submitting a particular pleading or other document with the Court shall be responsible for all noticing and service functions relevant to the particular matter as may be required under applicable rules and shall file with the Clerk of Court a declaration of service regarding such noticing and service? |

## III. Notice of Entry of Order or Judgment

| YES | NO | | |
|-----|-----|-----|-----|
| ☑ | ☐ | 18. | Does the motion state the attorney for the party submitting the proposed order or judgment shall serve copies upon all parties entitled to receive notice of the entry of the order or judgment as soon as practicable? |
| ☑ | ☐ | 19. | Does the motion state the attorney shall be responsible for photocopying the conformed copies in order to relieve the Clerk's Office from the large burden of photocopying these orders? |

## IV. Employment of Special Employees of the Estate (Estate Clerk)

**YES**    **NO**

☐  ☑  20. Does the motion state the Debtor shall furnish one or more employees to assist the Clerk's Office in the administration of this case as the Clerk of Court deems necessary. *(If no, skip to Section V.)*

☐  ☐  21. The employee shall not be designated as a part-time employee in the motion or order?

☐  ☐  22. Does the motion state the employee of the Estate shall be subject to the consent and approval of the Clerk of Court?

☐  ☐  23. Does the motion state the employee of the Estate shall be at the expense of the estate and be paid directly by the Debtor?

☐  ☐  24. Does the motion state the employee of the Estate shall be under the supervision and control of the Clerk of Court but not be an employee of the United States government?

☐  ☐  25. Does the motion state an employee of the Estate shall waive any rights to receive compensation from the United States government in its capacity as an employee in this case?

☐  ☐  26. Does the motion state an employee of the Estate shall not be a past or present employee of the Debtor unless otherwise approved by the Clerk of Court?

☐  ☐  27. Does the motion state an employee of the Estate may perform non-estate functions as the Clerk of Court deems necessary in exchange for Clerk's Office employees performing court-related docketing functions for the Estate?

## V. Additional Space and Equipment

☑  ☐  28. Does the motion state the Debtor shall be directly responsible for the cost of any additional space or equipment such as designated telephone lines and automation equipment, etc., if necessary?

☑  ☐  29. Does the motion state the Debtor shall be responsible for payment for the designated post office boxes retained for receiving filings in this case?

## VI. Independent Printer

Delegation of Printer Functions - At an offsite location near the Court, the independent printer ("Printer") maintains copies of all orders, pleadings and other documents filed in the case for inspection by the public during business hours. The printer also provides copies of these documents and case dockets to the public for a fee.

☐  ☑  30. Are you proposing the estate hire a Printer? *(If no, skip to the signature section VII.)*

☐  ☐  31. Is the Printer located off the Court's premises but in close proximity to the appropriate divisional office of the Court?

☐  ☐  32. Is the price list attached to the motion and are the service charges fair and reasonable?

☐  ☐  33. Does the motion state the service charges cannot be changed without prior approval from the Clerk of Court?

| YES | NO | | |
|-----|-----|-----|-----|
| ☐ | ☐ | 34. | Does the motion state the Debtor has surveyed or solicited bids from different printing services before designating a proposed printer? |
| | | 34a. | If no, what criteria was used to select the proposed Printer? _____ |
| | | | _____ |
| ☐ | ☐ | 35. | Does the motion state the Printer shall not be a creditor in the case? |
| ☐ | ☐ | 36. | Does the motion state the Printer shall be subject to the consent and approval of the Clerk of Court? |
| ☐ | ☐ | 37. | Does the motion state the Printer shall be at the expense of the estate and be paid directly by the Debtor? |
| ☐ | ☐ | 38. | Does the motion state the Printer shall be under the supervision and control of the Clerk of Court but not be an employee of the United States government? |
| ☐ | ☐ | 39. | Does the motion state the Printer shall waive any rights to receive compensation from the United States government in its capacity as Printer in this case? |
| ☐ | ☐ | 40. | Does the motion state the Printer shall not employ any past or present employees of the Debtor in connection with its work as the Printer in this case unless otherwise approved by the Clerk of Court? |
| ☐ | ☐ | 41. | Does the motion state the Printer shall provide a proof of claim viewing area **without charge** during normal business hours (9:00 a.m.–4:00 p.m. Pacific Time)? |
| | | 41a. | In what city is the viewing area located? *(provide address)* _____ |
| | | | _____ |
| ☐ | ☐ | 42. | Does the motion state the Printer shall provide the Clerk of Court copies of any document filed in this case without charge? |
| ☐ | ☐ | 43. | Does the motion state the Printer shall implement security measures to ensure the completeness and integrity of the set of pleadings as approved by the Clerk of Court? |
| ☐ | ☐ | 44. | Does the motion state the Clerk of Court shall be entitled to inspect the Printer's premises at anytime? |

| **COMMENTS:** If you need additional space, please attach an additional piece of paper. | |
|---|---|
| Item # _____ | Comment: _____ |
| Item # _____ | Comment: _____ |
| Item # _____ | Comment: _____ |
| Item # _____ | Comment: _____ |
| Item # _____ | Comment: _____ |

## COMMENTS OF THE CLERK'S OFFICE

☐ The Clerk's Office has no objection.

☐ The Clerk's Office objects as set forth below.

☐ Other:

Dated: _____     By: _____
                                        *Signature*

                                        _____
                                        *Print Name and Title*

# EXHIBIT 5

THEODORE B. STOLMAN (State Bar No. CA 52099)
TStolman@Stutman.com
SCOTT H. YUN (State Bar No. CA 185190)
SYun@Stutman.com
WHITMAN L. HOLT (State Bar No. CA 238198)
WHolt@Stutman.com
STUTMAN, TREISTER & GLATT, P.C.
1901 Avenue of the Stars, 12th Floor
Los Angeles, CA  90067
Telephone:     (310) 228-5600
Facsimile:     (310) 228-5788

ROBERT W. JONES (State Bar No. TX 10951200)
RWJones@pattonboggs.com
J. MAXWELL TUCKER (State Bar No. TX 20270900)
MTucker@pattonboggs.com
PATTON BOGGS LLP
2001 Ross Avenue, Suite 3000
Dallas, TX  75201-8001
Telephone:     (214) 758-1500
Facsimile:     (214) 758-1550

Proposed Bankruptcy Counsel for the Debtor and Debtor in Possession

Debtor's Mailing Address
2727 East Imperial Highway
Brea, California  92821

**FILED**

JUN 1 9 2008

**ENTERED**

JUN 1 9 2008

ORIGINAL

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
SANTA ANA DIVISION**

| | |
|---|---|
| In re | ) CASE NO. 8:08-bk-13421-ES |
| | ) |
| FREMONT GENERAL CORPORATION, | ) CHAPTER 11 |
| a Nevada corporation, | ) |
| | ) ORDER APPROVING MOTION OF DEBTOR |
| Debtor. | ) AND DEBTOR IN POSSESSION FIXING |
| | ) PROCEDURES FOR PROVIDING CERTAIN |
| Tax I.D. 95-281560 | ) NOTICES AND AUTHORIZING DEBTOR TO |
| | ) RETAIN AND COMPENSATE KURTZMAN |
| | ) CARSON CONSULTANTS LLC AS |
| | ) NOTICING AGENT/CLAIMS |
| | ) |
| | ) |
| | ) |

1        Upon review and consideration of the "Emergency Motion of

2  Debtor and Debtor in Possession Fixing Procedures for Providing

3  Certain Notices and Authorizing Debtor to Retain and Compensate

4  Kurtzman Carson Consultants LLC as Noticing Agent/Claims Processor"

5  (the "Motion"), all other pleadings and evidence submitted in

6  connection with the Motion, and the arguments of counsel whose

7  appearances are noted on the record, the Court hereby finds that

8  notice was appropriate under the circumstances, and that granting

9  the relief requests in the Motion is in the best interest of the

10  Debtor and/or the Debtor's estate.

11        Therefore, it is hereby **ORDERED THAT:**

12        1.    The Motion is granted;

13        2.    The Debtor is authorized to process the Full Notice

14  Items (as that term is defined in the Motion) that may otherwise be

15  required to be processed by the Clerk of the Bankruptcy Court;

16        3.    The Debtor is authorized to retain Kurtzman Carson

17  Consultants LLC ("KCC") in connection with claims and interest

18  filed in the case;

19        4.    The Debtor is authorized to retain KCC in connection

20  with assisting the Debtor with the foregoing matters and to

21  compensate KCC for such services in accordance with the terms and

22  conditions set forth in KCC's Retention Agreement (the "Retention

23  Agreement" which is attached to the Motion as Exhibit "A");

24  IT IS SO ORDERED.

25  Dated:  June _19_, 2008      THE HONORABLE ERITHE A. SMITH
                                UNITED STATES BANKRUPTCY JUDGE

26

27

28

026463.0107\480281.01
475181v2

| In re      (SHORT TITLE)<br>**FREMONT GENERAL CORPORATION, A NEVADA CORPORATION,**<br><br>               Debtor. | CHAPTER **11** CASE NUMBER:<br>8:08-BK-13421-ES<br>ADV. NO. |
|---|---|

## NOTICE OF ENTRY OF JUDGMENT OR ORDER
## AND CERTIFICATE OF MAILING

**TO ALL PARTIES IN INTEREST ON THE ATTACHED SERVICE LIST:**

1.     You are hereby notified, pursuant to Local Bankruptcy Rule 9021-1(a)(1)(E), that a judgment or order entitled (specify):

     **ORDER APPROVING MOTION OF DEBTOR AND DEBTOR IN POSSESSION FIXING PROCEDURES FOR PROVIDING CERTAIN NOTICES AND AUTHORIZING DEBTOR TO RETAIN AND COMPENSATE KURTZMAN CARSON CONSULTANTS LLC AS NOTICING AGENT/CLAIMS**

     was entered on (specify date):     **JUN 1 9 2008**

2.     I hereby certify that I mailed a copy of this notice and a true copy of the order or judgment to the persons and entities on the attached service list on (specify date):

     **JUN 1 9 2008**

Dated:     **JUN 1 9 2008**        **JON D. CERETTO**
                                     **Clerk of the Bankruptcy Court**

                                     By: _____
                                         Deputy Clerk

Service List
Order Fixing Procedures
Case No. 8:08-bk-13421-ES

Fremont General Corporation
2727 E. Imperial Highway
Brea, CA 92821-6713
Attn: General Counsel

Theodore B. Stolman
Scott H. Yun
Stutman, Treister & Glatt, PC
1901 Avenue of the Stars, 12th Floor
Los Angeles, CA 90067

Robert W. Jones
PATTON BOGGS LLP
2001 Ross Avenue, Suite 3000
Dallas, TX 75201-8001

United States Trustee
411 West Fourth Street, Suite 9041
Santa Ana, CA 92701-4593

United States Attorney's Office Tax Division
Federal Building, Room 7211
300 North Los Angeles Street
Los Angeles, CA 90012

Bank of New York
Attn: Bridget Schessler
301 Grant Street, Suite 1100
Pittsburgh, PA 15219

HSBC Bank USA, N.A.
Attn: Robert A. Conrad
452 Fifth Avenue
New York, NY 10016

Tennenbaum Capital Partners, LLC
Attn: Steve Wilson
2951 28th Street, Suite 1000
Santa Monica, CA 90405

475265v.1

Howard Amster
23811 Chagrin Blvd., Suite 200
Beachwood, OH 44122

Evan D. Smiley, Esq.
Weiland, Golden, Smiley, Wang Ekvall & Strok,
LLP
650 Town Center Drive, Suite 950
Costa Mesa, CA 92626

Federal Deposit Insurance Corporation
Division of Supervision and Consumer Protection
San Francisco Regional Office
25 Jessie Street at Ecker Square, Suite 2300
San Francisco, CA 94105

State of California
Department of Financial Institutions
111 Pine Street, Suite 1100
San Francisco, CA 94111-5613

# EXHIBIT 6

Robert B. Orgel (CA Bar No. 101875)
Samuel R. Maizel (CA Bar No. 189301)
**PACHULSKI STANG ZIEHL & JONES LLP**
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Telephone: 310/277-6910
Facsimile: 310/201-0760
Email: smaizel@pszjlaw.com

Attorneys for Thomas P. Jeremiassen, Trustee

FILED & ENTERED

OCT 10 2008

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY mcnabb DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### NORTHERN DIVISION

| | |
|---|---|
| In re: | Case No.: 9:08-bk-11457-RR |
| ESTATE FINANCIAL, INC., | Chapter 11 |
| Debtor | **ORDER GRANTING APPLICATION OF TRUSTEE'S FOR ORDER UNDER 28 U.S.C. § 156(c) AUTHORIZING RETENTION OF OMNI MANAGEMENT GROUP, LLC AS NOTICING, CLAIMS AND BALLOTING AGENT FOR CLERK OF THE BANKRUPTCY COURT *NUNC PRO TUNC* AS OF JULY 1, 2008 [DOCKET NO. 84]** |
| | [No Hearing Unless Required By The Bankruptcy Court] |

The Court has considered the *Application Of Trustee For Order Under 28 U.S.C. § 156(c) Authorizing The Retention Of Omni Management Group, LLC As Noticing, Claims and Balloting Agent For Clerk Of The Bankruptcy Court Nunc Pro Tunc As Of July 1, 2008*, (the "Application") **[Docket No. 84]**, *Declarations of Thomas P. Jeremiassen and Robert Berger in Support Thereof* **[Docket Nos. 85 and 86, respectively]**, and the *Declaration of Samuel R. Maizel Regarding Non-Opposition to Application Of Trustee For Order Under 28 U.S.C. § 156(c) Authorizing The Retention Of Omni Management Group, LLC As Noticing, Claims and Balloting Agent For Clerk Of The Bankruptcy Court Nunc Pro Tunc As Of July 1, 2008,* (the "Maizel Declaration") filed by Samuel R. Maizel, of Pachulski Stang Ziehl & Jones LLP ("PSZJ"), counsel to the Trustee in the

above-referenced case. Based upon the record before the Court, it appears that Omni Management Group, LLC ("Omni") does not hold or represent any material interest adverse to the Debtor's estate in the matters on which it is to be employed, that Omni is a disinterested person, and that no hearing on the Application is required pursuant to the Local Bankruptcy Rules. Accordingly, it is hereby

**ORDERED** that the Trustee is authorized to employ Omni as Noticing, Claims and Balloting Agent For Clerk Of The Bankruptcy Court *Nunc Pro Tunc* herein, effective as of July 1, 2008, on the terms and conditions set forth more fully in the Application and the Declaration of Samuel R. Maizel filed in support thereof.

Submitted by:

PACHULSKI STANG ZIEHL & JONES LLP

By:  /s/  *Samuel R. Maizel*
Samuel R. Maizel
Attorneys for the Trustee

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

DATED: October 10, 2008

*Robin Riblet*

United States Bankruptcy Judge

## In Re ESTATE FINANCIAL, INC.
## Entered Order Service List

| **SERVED ELECTRONICALLY** | |
|---|---|
| **Debtor**<br>Estate Financial Inc.<br>c/o M. Freddie Reiss<br>*Email: freddie.reiss@fticonsulting.com*<br><br>**Chapter 11 Trustee**<br>Thomas P. Jeremiassen<br>LECG LLC<br>*Email: tjeremiassen@lecg.com*<br><br>**Counsel to Chapter 11 Trustee**<br>Robert B. Orgel<br>Samuel R. Maizel<br>Pachulski Stang Ziehl & Jones LLP<br>*Email: rorgel@pszjlaw.com*<br>       *smaizel@pszjlaw.com*<br><br>**Counsel to U.S. Trustee**<br>Office of the U.S. Trustee<br>Marjorie L. Erickson<br>*Email: marjorie.erickson@usdoj.gov*<br>Kevin R. Farrell<br>2192 N. Slope Terrace<br>Spring Valley, CA 91977<br>*Email: kevinfarrell@yahoo.com*<br><br>Klocksiem, Steven J.<br>*Email: sklocksiem@aol.com*<br><br>Erbes, Marjorie E.<br>*Email: mtchat761@hotmail.com*<br><br>Williams, Gary L.<br>*Email: garytfi@sbcglobal.net*<br><br>Zum Mallen, Frank K.<br>*Email: zummallen@thegrid.net*<br><br>Wobber, Trustee, Donna L.<br>*Email: dwobber@infostations.com*<br><br>Bell. Sherri G.<br>*Email: sgliddenbell@charter.net*<br><br>Dawson, Trustee, Virgil E.<br>*Email: virgil10@verizon.net* | Office of the U.S. Trustee<br>Attn: Jennifer Braun<br>21051 Warner Center Lane, Suite 115<br>Woodland Hills, CA 91367 |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

| | |
|---|---|
| Eyre, Arnold T.<br>*Email: a.eyre@verizon.net*<br><br>David Gould<br>Former Dissolution Mgr. Estate Financial<br>*Via Email: wgould@troygould.com*<br><br>**Counsel for TM Cobb**<br>George Sykulski<br>*Via Email: georgesykulski@roadrunner.com*<br><br>Brad D. Sharp<br>Development Specialists, Inc.<br>*Via Email: bsharp@dsi.biz*<br><br>**COUNSEL TO BRAD SHARP**<br>David M. Poitras, Esq.<br>Jeffer, Mangels, Butler & Marmaro<br>*Via Email: dpoitras@jmbm.com*<br><br>**FORMER DEBTOR'S COUNSEL**<br>William C. Beall<br>Beall and Burkhardt<br>*Via Email: artyc@aol.com*<br><br>Lewis Landau, Esq.<br>Law Offices of Lewis Landau<br>*Via Email: lew@landaunet.com*<br><br>Martin J. Brill, Esq.<br>Levene, Neale, Bender, Rankin & Brill L.L.P.<br>*Via Email: mjb@lnbrb.com*<br><br>**COUNSEL FOR CENTENNIAL LIVESTOCK**<br>Peter Susi, Esq.<br>Michaelson, Susi & Michaelson<br>*Via Email: peter@msmlaw.com*<br><br>Bryan Cave LLP<br>c/o Katherine M. Windler, Esq.<br>*Via Email: Katherine.windler@BryanCave.com* | |

2

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

## PROOF OF SERVICE

STATE OF CALIFORNIA ）
）
COUNTY OF LOS ANGELES ）

I, Joyce A. Higgins, am employed in the city and county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 10100 Santa Monica Boulevard, Suite 1100, Los Angeles, California 90067.

On October 10, 2008, I caused to be served the **ORDER GRANTING APPLICATION OF TRUSTEE'S FOR ORDER UNDER 28 U.S.C. § 156(c) AUTHORIZING RETENTION OF OMNI MANAGEMENT GROUP, LLC AS NOTICING, CLAIMS AND BALLOTING AGENT FOR CLERK OF THE BANKRUPTCY COURT *NUNC PRO TUNC* AS OF JULY 1, 2008 [DOCKET NO. 84]**, in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

**Office of the U.S. Trustee
Attn: Jennifer Braun
21051 Warner Center Lane, Suite 115
Woodland Hills, CA 91367**

☑ **(BY MAIL)** I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **(BY NOTICE OF ELECTRONIC SERVICE)** I caused to be served the above-described document by means of electronic transmission to those parties on the attached List with e-mail addresses indicated on the attached Service List.

☐ **(BY FAX)** I caused to be transmitted the above-described document by facsimile machine to the fax number(s) as shown. The transmission was reported as complete and without error. (Service by Facsimile Transmission to those parties on the attached List with fax numbers indicated.)

☐ **(BY PERSONAL SERVICE)** By causing to be delivered by hand to the offices of the addressee(s).

☐ **(BY OVERNIGHT DELIVERY)** By sending by          to the addressee(s) as indicated on the attached list.

I declare under penalty of perjury under the laws of the United States of America that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on October 10, 2008, at Los Angeles, California.

/s/ *Joyce A. Higgins*
Joyce A. Higgins

| In re:  THE WALKING COMPANY, a Delaware corporation, d/b/a Alan's Shoes, Footworks, Overland Trading Co., Sole Outdoors, and Martini Shoes; f/k/a TWC Acquisition Corporation; BIG DOG USA, INC., a California corporation, d/b/a Big Dog Sportswear; f/k/a Fortune Dogs, Inc.; and THE WALKING COMPANY HOLDINGS, INC., a Delaware corporation, f/k/a Big Dog Holdings, Inc. and 190ᵗʰ Shelf Corporation,<br><br>                                        Debtor(s). | CHAPTER: 11<br><br>CASE NUMBER: 9:09-bk-15138-RR<br>[Jointly Administered with Case Nos. 9:09-bk-15137-RR and 9:09-bk-15139-RR] |
|---|---|

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: Arent Fox, LLP, 555 West Fifth Street, 48th Floor, Los Angeles, CA  90013-1065

A true and correct copy of the foregoing document described as **APPLICATION FOR A SUPPLEMENTAL ORDER (I) APPROVING THE EMPLOYMENT OF KURTZMAN CARSON CONSULTANTS LLC AS CLAIMS AND NOTICING AGENT PURSUANT TO 28 U.S.C. § 156(c) AND LOCAL RULE 5075-1; AND (II) MODIFYING THE COURT'S KCC EMPLOYMENT ORDER  PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE, FED. R. CIV. P. 60(b) AND FED. R. BANKR. P. 9024; MEGA CASE PROCEDURES CHECKLIST; LOCAL FORM 5075-1; DECLARATION OF DRAKE D. FOSTER** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I.  __TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")__ – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On __March 17, 2010__ checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒  Service information continued on attached page

II.  __SERVED BY U.S. MAIL OR OVERNIGHT MAIL__(indicate method for each person or entity served)__:__
On __March 17, 2010__ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒  Service information continued on attached page

III.  __SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL__ (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on __March     , 2010__ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| March 17, 2010 | Adriane Lark Madkin | */s/ Adriane Lark Madkin* |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                      **F 9013-3.1**

| | |
|---|---|
| In re:  THE WALKING COMPANY, a Delaware corporation, d/b/a Alan's Shoes, Footworks, Overland Trading Co., Sole Outdoors, and Martini Shoes; f/k/a TWC Acquisition Corporation; BIG DOG USA, INC., a California corporation, d/b/a Big Dog Sportswear; f/k/a Fortune Dogs, Inc.; and THE WALKING COMPANY HOLDINGS, INC., a Delaware corporation, f/k/a Big Dog Holdings, Inc. and 190th Shelf Corporation,<br><br>Debtor(s). | CHAPTER: 11<br><br>CASE NUMBER: 9:09-bk-15138-RR<br>[Jointly Administered with Case Nos. 9:09-bk-15137-RR and 9:09-bk-15139-RR] |

## I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

Craig H Averch on behalf of Creditor The Ad Hoc Committee of The Walking Company Holdings, Inc. Noteholders
caverch@whitecase.com

Lawrence Bass on behalf of Interested Party Gart Capital Partners
lbass@faegre.com

William C Beall on behalf of Interested Party Courtesy NEF
artyc@aol.com

Shirley Cho on behalf of Creditor Committee Official Committee Of Unsecured Creditors
scho@pszjlaw.com

Emily R Culler on behalf of Interested Party Genesco, Inc.
eculler@omm.com

Lawrence A Diamant on behalf of Interested Party Kahala Mall
lad@lnbrb.com, katie@lnbrb.com

Denise Diaz on behalf of Debtor The Walking Company Holdings, Inc.
Denise.Diaz@rmsna.com

Robert K Edmunds on behalf of Interested Party Huntington National Bank
robert.edmunds@bipc.com, timothy.palmer@bipc.com;jacqueline.forjais@bipc.com

Belkys Escobar on behalf of Creditor County of Loudoun
belkys.escobar@loudoun.gov

Brian D Fittipaldi on behalf of U.S. Trustee United States Trustee (ND)
brian.fittipaldi@usdoj.gov

Todd R Gabriel on behalf of Creditor Seaport Village Operating Company
tgabriel@sparberlaw.com

Brian D Huben on behalf of Creditor Crossgates Mall Company NewCo, LLC
brian.huben@kattenlaw.com,
carole.levine@kattenlaw.com;donna.carolo@kattenlaw.com;laura.nefsky@kattenlaw.com

William W Huckins on behalf of Creditor Federal Realty Investment Trust
whuckins@allenmatkins.com, clynch@allenmatkins.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                    **F 9013-3.1**

<table>
<tr><td>In re:  THE WALKING COMPANY, a Delaware corporation, d/b/a Alan's Shoes, Footworks, Overland Trading Co., Sole Outdoors, and Martini Shoes; f/k/a TWC Acquisition Corporation; BIG DOG USA, INC., a California corporation, d/b/a Big Dog Sportswear; f/k/a Fortune Dogs, Inc.; and THE WALKING COMPANY HOLDINGS, INC., a Delaware corporation, f/k/a Big Dog Holdings, Inc. and 190th Shelf Corporation,<br><br>Debtor(s).</td><td>CHAPTER: 11<br><br>CASE NUMBER: 9:09-bk-15138-RR<br>[Jointly Administered with Case Nos. 9:09-bk-15137-RR and 9:09-bk-15139-RR]</td></tr>
</table>

Nathan E Jones on behalf of Creditor US Debt Recovery III, LP
info@usdrllc.com

Steven G Polard on behalf of Creditor Bellevue Square LLC
spolard@perkinscoie.com

David L Pollack on behalf of Creditor Galleria Mall Investors, LP
pollack@ballardspahr.com

Hamid R Rafatjoo on behalf of Creditor Committee Official Committee Of Unsecured Creditors
hrafatjoo@pszjlaw.com, hrafatjoo@pszjlaw.com

Diane W Sanders on behalf of Creditor San Marcos CISD
austin.bankruptcy@publicans.com

David B Shemano on behalf of Interested Party Courtesy NEF
dshemano@pwkllp.com

Howard Steinberg on behalf of Creditor Richard A. Kayne, Trustee, Richard & Suzanne Kayne Living Trust dated 1/14/99
hsteinberg@irell.com, awsmith@irell.com

Wayne R Terry on behalf of Creditor Request for Courtesy NEF
wterry@hemar-rousso.com

Ronald M Tucker on behalf of Creditor Simon Property Group, Inc.
rtucker@simon.com, psummers@simon.com;rwoodruff@simon.com;shclark@simon.com

United States Trustee (ND)
ustpregion16.nd.ecf@usdoj.gov

Kimberly S Winick on behalf of Creditor South Coast Plaza
kwinick@clarktrev.com

Rebecca J Winthrop on behalf of Interested Party Kravco Simon Company
winthropr@ballardspahr.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                    F 9013-3.1

| In re:  THE WALKING COMPANY, a Delaware corporation, d/b/a Alan's Shoes, Footworks, Overland Trading Co., Sole Outdoors, and Martini Shoes; f/k/a TWC Acquisition Corporation; BIG DOG USA, INC., a California corporation, d/b/a Big Dog Sportswear; f/k/a Fortune Dogs, Inc.; and THE WALKING COMPANY HOLDINGS, INC., a Delaware corporation, f/k/a Big Dog Holdings, Inc. and 190th Shelf Corporation,<br><br><div align=center>Debtor(s).</div> | CHAPTER: 11<br><br>CASE NUMBER: 9:09-bk-15138-RR<br>[Jointly Administered with Case Nos. 9:09-bk-15137-RR and 9:09-bk-15139-RR] |
|---|---|

## II.  SERVED BY U.S. MAIL OR OVERNIGHT:

## VIA OVERNIGHT DELIVERY

Honorable Robin Riblet
United States Bankruptcy Court
1415 State Street, Suite 103
Santa Barbara, California 93101-2511

his form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                          **F 9021-1.1**