Mette H. Kurth (SBN 187100)
Andy S. Kong (SBN 243933)
M. Douglas Flahaut (SBN 245558)
**ARENT FOX LLP**
555 West Fifth Street, 48th Floor
Los Angeles, CA  90013-1065
Telephone:   213.629.7400
Facsimile:   213.629.7401
E-mail:       kurth.mette@arentfox.com
               kong.andy@arentfox.com
               flahaut.douglas@arentfox.com

Attorneys for Debtors and Debtors in Possession

Debtors' Mailing Address
121 Gray Avenue
Santa Barbara, CA 93101

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SANTA BARBARA DIVISION

| | |
|---|---|
| In re:<br><br>**THE WALKING COMPANY**, a Delaware corporation, d/b/a Alan's Shoes, Footworks, Overland Trading Co., Sole Outdoors, and Martini Shoes; f/k/a TWC Acquisition Corporation; **BIG DOG USA, INC.**, a California corporation, d/b/a Big Dog Sportswear; f/k/a Fortune Dogs, Inc.; and **THE WALKING COMPANY HOLDINGS, INC.**, a Delaware corporation, f/k/a Big Dog Holdings, Inc. and 190th Shelf Corporation,<br><br>Debtors.<br><br>[X]  Affects all Debtors<br><br>[ ]  Applies only to The Walking Company<br><br>[ ]  Applies only to Big Dog USA, Inc.<br><br>[ ]  Applies only to The Walking Company Holdings, Inc. | Case No.: 9:09-bk-15138-RR<br><br>[Jointly Administered with Case Nos.: 9:09-bk-15137-RR; 9:09-bk-15139-RR]<br><br>**MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTORS TO AMEND CERTAIN LEASE AGREEMENTS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ANTHONY J. WALL**<br><br>DATE:      TBD<br>TIME:      TBD<br>PLACE:   1415 State Street<br>              Santa Barbara, CA 93101 |

1    **TO THE HONORABLE ROBIN L. RIBLET, UNITED STATES**

2    **BANKRUPTCY JUDGE; THE OFFICE OF THE UNITED STATES TRUSTEE;**

3    **THE LANDLORDS AFFECTED BY THIS MOTION; THE DEBTORS' SECURED**

4    **CREDITORS; COUNSEL FOR THE CREDITORS COMMITTEE; AND ALL**

5    **PARTIES ENTITLED TO SPECIAL NOTICE:**

6    The Walking Company ("TWC") and its debtor affiliates, The Walking Company

7    Holdings, Inc. ("Holdings") and Big Dog USA, Inc. ("Big Dog") (collectively, the

8    "Debtors"), hereby move the Court for entry of an order pursuant to Bankruptcy Code

9    section 363(b) authorizing the Debtors to enter into lease amendments with respect to

10    certain non-residential real property leases listed on Exhibit 1 hereto (collectively, the

11    "Lease Amendments").

12    The Debtors commenced these chapter 11 cases principally to pursue a "right

13    sizing" strategy that would enable them to reorganize around their profitable stores. As

14    the first step in this process, the Debtors sought and received authorization to close many

15    of their unprofitable or marginally profitable stores. The Debtors thereafter successfully

16    renegotiated many of the leases in their portfolio, and their chapter 11 plan reflects that

17    substantially all of their stores will now remain open, pursuant to these lease

18    modifications. The few stores to be closed are comprised primarily of stores in the Big

19    Dog chain, which the Debtors had begun to shut down well before commencing these

20    chapter 11 cases.

21    The Debtors believe that the Lease Amendments are supported by valid business

22    justifications, are proposed in good faith, and are in the best interest of the Debtors'

23    estates. Although the individual Lease Amendments differ, the primary object of each

24    Lease Amendment is to lower the Debtors' monthly lease payment obligations to a current

25    market level. Whatever its form, an agreement to reduce the rent paid on an over-market

26    lease to reflect the current depressed real estate market makes good business sense and is

27    in the best interest of the Debtors' estates. Moreover, the Lease Amendments have been

28    negotiated in good faith "arms-length" transactions between the affected landlords and the

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

LA/246556.2

1 | Debtors.

2     The Debtors believe that amending their leases in the manner outlined herein is

3 within the ordinary course of their business, but they are filing this motion out of an

4 abundance of caution. The Debtors do not by this motion presently seek to assume the

5 leases as amended by the Lease Amendments. The assumption of these leases is provided

6 for pursuant to the *Debtors' Second Amended Joint Chapter 11 Plan (Dated March 9,*

7 *2010)* (the "Plan") scheduled for a confirmation hearing on April 23, 2010 at 1:00 p.m.

8     **WHEREFORE,** the Debtors respectfully request that the Court enter an order: (1)

9 granting the Motion; (2) approving, and authorizing the Debtors to enter into, the Lease

10 Amendments; (3) authorizing the Debtors to perform under the Lease Amendments; and

11 (4) granting such other and further relief as it deems necessary and appropriate.

12

13 Dated: March 24, 2010              **ARENT FOX LLP**

14

15                        By: */s/ M. Douglas Flahaut*

16                          M. Douglas Flahaut
                         Attorneys for the

17                          Debtors and Debtors in Possession

18

19

20

21

22

23

24

25

26

27

28

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES
LA/246556.2

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

### I.

3

### BACKGROUND

4

#### A.    The Debtors' Retail Operation

5    Headquartered in Santa Barbara, California, the Debtors' business consists of two

6    distinct retail operations.  The Debtors' operations are largely focused on TWC, which is a

7    leading specialty retailer of authentic comfort footwear.  As of December 7, 2009 (the

8    "Petition Date"), TWC operated over 200 stores in premium malls across the nation, and it

9    generated approximately 93% of the Debtors' sales in 2009.  Big Dog is a retailer of a

10    lifestyle collection of popular-priced T-shirts, casual sportswear, and accessories featuring

11    the Big Dog's trademarks.  On a consolidated basis, the Debtors employ over 1,600

12    individuals across the country.

13    As set forth in greater detail in the *Declaration of Andrew D. Feshbach in Support*

14    *of Emergency "First Day" Motions* [Docket No. 15], the Debtors engaged in a period of

15    significant expansion throughout 2006, 2007, and 2008.  Following the deterioration of

16    the economy in the fall of 2008, the Debtors found themselves with a significant number

17    of over-market leases and underperforming stores.  Accordingly, the Debtors commenced

18    these chapter 11 cases principally to pursue a "right sizing" strategy that would enable

19    them to reorganize around their profitable stores and eliminate those whose continued

20    operation would inhibit a successful reorganization.

21    #### B.    The Debtors' Successful Renegotiation of Their Real Estate Lease

22    #### Portfolio

23    On the Petition Date, the Debtors were parties to approximately 215 unexpired

24    leases of non-residential real property, which included approximately 210 retail stores, the

25    Debtors' headquarters, and a distribution center.  More specifically, the Debtors'

26    corporate headquarters are located at an approximately 24,000 square foot leased office

27    building in Santa Barbara, California, pursuant to a non-residential real property lease

28    entered into by Holdings.  The Debtors also lease a 17,000 square foot office for the TWC

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

LA/246556.2

merchandizing group in Westlake Village, California, and Holdings leases a 230,000 square foot distribution center in Lincolnton, North Carolina. The total monthly rent under these leases is approximately $116,000.  The Debtors are currently using the facilities in the ordinary course of their business operations.  In addition, as of the Petition Date, TWC was a party to approximately 207 unexpired leases of non-residential real property relating to TWC stores doing business in 38 states across the country.  As of the Petition Date, the total monthly rent under these leases was approximately $2.8 million.  In addition, Big Dog was a party to a small number of unexpired leases of non-residential real property relating to Big Dog stores.  The total monthly rent under these leases was approximately $100,000.

As required under the Bankruptcy Code, the Debtors have timely satisfied all of their postpetition rent and other obligations under their real estate leases.

To further their "right-sizing" plan, shortly after commencing these chapter 11 cases, the Debtors filed a motion seeking authority to close approximately 130 of their stores, all of which were at above-market rents, and establishing streamlined procedures to handle the rejection of their non-residential real property leases.  The Court approved this motion in December 2009, and in January 2010 the Debtors filed a motion seeking authority to close approximately 40 additional stores.  In the meantime, however, in response to certain landlords' expressed desire to keep stores open, the Debtors began reaching out to the landlords to explore the possibility of renegotiating existing leases at market rents.  Further, the Official Committee of Unsecured Creditors (the "Committee") conducted its own lease analysis, and the Committee and Debtors agreed that the Debtors' estates could benefit from the ability to keep additional stores open at locations with more favorable lease terms.

In the months following the Petition Date, the Debtors engaged in extensive negotiations with respect to their portfolio of commercial real estate leases.  They have now successfully negotiated agreements that provide for the modification of a significant number of their leases, subject to Bankruptcy Court approval of these lease modification

agreements.  The Lease Amendments affect approximately 145 of the Debtors' leases. The terms of the Lease Amendments vary, but a significant number have similar provisions.  By way of summary, and as discussed in greater detail below, a significant number of the Lease Amendments provide for a reduction of the Debtors' rent for a period of, typically, about 2 years.  After that time, the Debtors (and in some instances the landlords) have the right to terminate many of the amended leases.  If the amended leases are not terminated, then the rent will reset, on a prospective basis only, to the rental rates otherwise provided for in the original, unmodified leases.

Based on the significant success that the Debtors have achieved in their lease negotiations, The Debtors have modified their reorganization plan to provide for the closing of only one TWC store.  The rest of the TWC stores originally slated for closure now remain open pursuant to lease modification agreements, pending Bankruptcy Court approval.  The Debtors' Plan therefore contemplates that substantially all of their stores will be retained on the Effective Date, and substantially all their executory contracts and unexpired leases will be assumed, subject to the negotiated lease modifications.

### C.    Terms of the Lease Amendments

Generally, as summarized below, the Lease Amendments all provide for one or more of the following concessions in favor of the Debtors: (1) reduced montly rental obligations for a period of approximately 2 years; (2) a modification to the length of the lease; (3) a negotiated right to terminate the lease early; and/or (4) a settlement of pre-petition cure amounts and other claims against the Debtors.

*Reduced Rent*: Many of the leases listed on Exhibit 1 were overmarket in the fall of 2009.  Accordingly, as indicated in detail in Exhibit 1, most of the Lease Amendments that the Debtors have entered into provide for a reduction of the Debtors' monthly rent payments to reflect current market conditions.

*Modification of the Length of the Lease:* As set forth in Exhibit 1, some of the Lease Amendments call for a change in the term of the lease.

*Termination Rights:* As indicated in Exhibit 1, many of the Lease Amendments

1  contain a provision such that either party may terminate the amended lease at any time

2  subject to certain notice requirements.  This gives the Debtors much more freedom going

3  forward as the Debtors are free to close a store if it becomes unprofitable, rather than

4  continue to operate a poorly performing store on account of ongoing lease commitments.

5      ***Resolution of Cure Payments and Other Claims:*** As indicated in Exhibit 1, many

6  of the Debtors' landlords have, as part of a Lease Amendment, agreed to settle pre-

7  petition cure amounts /claims that the landlords may have had against the Debtors.

8      Together the Lease Amendments provide the Debtors with significant protection.

9  First, the Debtors obtain immediate rent relief which will reduce their aggregate monthly

10  store rent from approximately $2.8 million to $2.4 million.   As a result of their

11  restructuring and cost reduction initiatives, together with these rent reductions, the

12  company expects to generate annual cost savings of approximately $3 million.   The

13  savings will begin immediately, with substantially all of the benefit of these cost

14  initiatives expected to be realized by the end of 2010.

15      Second, if the economy improves over the next 24 months, then even at higher rent

16  rates when the Lease Amendments terminate, the Debtors will be well positioned to

17  continue their business operations with substantially all of their current stores in place.  If

18  the economy does not improve and the Debtors cannot operate profitably under higher

19  rents after this period of adjusted rent, the leases can simply be terminated and the

20  Debtors' operations can be downsized in an orderly fashion without exposing the Debtors

21  to claims for early termination or rejection damages.

22      Neither the Lease Amendments themselves, nor any approval of the Lease

23  Amendments pursuant to this Motion, shall constitute an assumption of any lease.  Rather,

24  the Debtors' Plan provides for the assumption of the leases.  A confirmation hearing with

25  respect to the Plan has been set for April 23, 2010 at 1:00 p.m.

26  **II.**

27  **ARGUMENT**

28      Bankruptcy Code section 363 provides that a debtor in possession "after notice and

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

LA/246556.2

1    a hearing, may use, sell, or lease, other than in the ordinary course of business, property of

2    the estate."[1]  In the Ninth Circuit, a court should approve a debtor's use of assets outside

3    the ordinary course of business if the debtor can demonstrate: (1) a sound business

4    justification for the proposed transaction; and (2) that the transaction is proposed in good

5    faith.[2]

6        In *In re 240 North Brand Partners*, the Ninth Circuit Bankruptcy Appellate Panel

7    addressed whether a bankruptcy court erred in denying a debtor's motion to modify a

8    commercial lease pursuant to Bankruptcy Code section 363(b).  The debtor, as landlord,

9    sought to modify a lease that was profitable to the estate so that the lessee would be

10    released of its lease obligations in exchange for $180,000.  The Bankruptcy Appellate

11    Panel ruled that the legal standards under Bankruptcy Code section 363 that pertain to the

12    sale of estate property outside of the ordinary course of business also apply to proposed

13    lease modifications outside of the ordinary course of business.[3]  In upholding the

14    bankruptcy court's denial of the 363(b) motion, the Bankruptcy Appellate Panel found

15    that the debtor: (1) did not demonstrate that the lease modifications had a valid business

16    justification because they allowed the lessee to "virtually walk away from a lucrative

17    lease; and (2) failed to show that the modifications had been proposed in good faith."[4]

18        With respect to the good faith element, courts in the Central District of California

19    have held that good faith exists where the transaction "is in the best interest of the estate,

20    *i.e.* it is fair and reasonable, that it has been given adequate marketing, that it has been

21    negotiated and proposed in good faith, that the purchaser is proceeding in good faith, and

22    that it is an 'arms-length' transaction."[5]  In short, "[g]ood faith encompasses fair value,

23    and further speaks to the integrity of the transaction."[6]

24

25

26    [1]    11 U.S.C. § 363(b)(1).
       [2]    See, e.g., *240 North Brand Partners v. Colony GFP Partners, L.P. (In re 240 North Brand Partners)*, 200 B.R.
            653, 559 (B.A.P. 9th Cir. 1996).
27    [3]    *Id.*
       [4]    *Id.* at 660.
28    [5]    *In re Wilde Horse Enterprises, Inc.*, 136 B.R. 830, 841 (Bankr. C.D. Cal. 1991).
       [6]    *Id.* at 842; *In re 240 North Brand Partners*, 200 B.R. at 559.

1    **A.    The Lease Amendments are Supported by Valid Business Justification**

2    The Lease Amendments are supported by valid business justifications because the

3    landlord concessions - such as reduced rent and the settlement of cure amounts and claims

4    will immediately reduce the Debtors' rent expenses and preserve assets for the estates.

5    Further, if the economy worsens and the Debtors cannot later operate profitably at certain

6    locations, the termination rights contained in the Lease Amendments will allow the

7    Debtors to simply terminate the lease associated with an underperforming store, and the

8    Debtors' operations can be downsized in an orderly fashion without exposing the Debtors

9    to additional liability for early termination or rejection damages.

10    **B.    The Lease Amendments are Proposed in Good Faith and Are in the**

11    **Best Interests of the Estates**

12    Not only are there valid business justifications to support the Lease Amendments,

13    but the Lease Amendments are also proposed in good faith and are in the best interest of

14    the estates.   As set forth in the supporting declaration, the Lease Amendments were

15    negotiated over the course of the past three months in "arms-length" transactions, without

16    any collusion between the parties.   After extensive negotiation, many landlords agreed to

17    significant concessions because, in their business judgment, retaining the Debtors as

18    tenants under the Lease Amendments was better than having an empty store in their

19    shopping complexes.   In short, each landlord and the Debtors had an economic incentive

20    to come to an agreement that would allow the Debtors to continue to operate a profitable

21    store.  Accordingly, each individual agreement reflects the market reality at that particular

22    store.

23    **III.**

24    **CONCLUSION**

25    For the reasons set forth herein, and based on the Motion, the notice of the Motion,

26    this Memorandum of Points and Authorities, the record in these cases, the Declaration of

27    Anthony J. Wall, the arguments of counsel at any hearing on this Motion, and other

28    admissible evidence properly brought before the Court at or before the hearing on this

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

LA/246556.2

1    Motion, there are good and sufficient grounds for this Court to enter an Order: (1)

2    granting the Motion; (2) approving, and authorizing the Debtors to enter into, the Lease

3    Amendments; (3) authorizing the Debtors to perform under the Lease Amendments; and

4    (4) granting such other and further relief as it deems necessary and appropriate.

5

6    Dated: March 24, 2010              **ARENT FOX LLP**

7

8                                       By: */s/ M. Douglas Flahaut*

9                                           M. Douglas Flahaut
                                            Attorneys for the
10                                          Debtors and Debtors in Possession

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES      LA/246556.2

1                              **DECLARATON OF ANTHONY J. WALL**

2        I, Anthony J. Wall, declare as follows:

3        1.     I am over 18 years of age. If called as a witness, I could and would

4 competently testify with respect to the matters set forth in this declaration from my own

5 personal knowledge or from knowledge gathered from others within the debtors'

6 organization, my review of relevant documents, or my opinion based upon my experience

7 concerning the debtors' operations.

8        2.     I am the Executive Vice President and General Counsel of The Walking

9 Company Holdings, Inc., f/k/a Big Dog Holdings, Inc., and its two wholly owned

10 subsidiaries, The Walking Company and Big Dog USA, Inc. In this capacity, I am

11 generally familiar with the legal, business, and financial affairs of the Debtors. I submit

12 this declaration in support of the Debtors' *Motion for Entry of an Order Authorizing the*

13 *Debtors to Amend Certain Lease Agreements* (the "Motion").*

14        3.     Headquartered in Santa Barbara, California, the Debtors business consists of

15 two distinct retail operations. The Debtors' operations are largely focused on TWC,

16 which is a leading specialty retailer of authentic comfort footwear. TWC generated

17 approximately 93% of the Debtors' sales in 2009. Big Dog is a retailer of a lifestyle

18 collection of popular-priced T-shirts, casual sportswear, and accessories featuring the Big

19 Dog's trademarks. On a consolidated basis, the Debtors employ over 1,600 individuals

20 across the country.

21        4.     The Debtors engaged in a period of significant expansion throughout 2006,

22 2007, and 2008. Following the deterioration of the economy in the fall of 2008, the

23 Debtors found themselves with a significant number of over-market leases and

24 underperforming stores. Accordingly, the Debtors commenced these chapter 11 cases

25 principally to pursue a "right sizing" strategy that would enable them to reorganize around

26 their profitable stores and eliminate those whose continued operation would inhibit a

27 successful reorganization.

28

---

* Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

LA/246556.2

5.      On the Petition Date, the Debtors were parties to approximately 215 unexpired leases of non-residential real property, which included approximately 210 retail stores, the Debtors' headquarters, and a distribution center.   More specifically, the Debtors' corporate headquarters are located at an approximately 24,000 square foot leased office building in Santa Barbara, California, pursuant to a non-residential real property lease entered into by Holdings.  The Debtors also lease a 17,000 square foot office for the TWC merchandizing group in Westlake Village, California and Holdings leases a 230,000 square foot distribution center in Lincolnton, North Carolina. The total monthly rent under these leases is approximately $116,000.   The Debtors are currently using the facilities in the ordinary course of their business operations.

6.      As of the Petition Date, TWC was a party to approximately 207 unexpired leases of non-residential real property relating to TWC stores doing business in 38 states across the country.  As of the Petition Date, the total monthly rent under these leases was approximately $2.8 million.   In addition, Big Dog was a party to a small number of unexpired leases of non-residential real property relating to Big Dog stores.   The total monthly rent under these leases was approximately $100,000.

7.      The Debtors have timely satisfied all of their postpetition rent and other obligations under all their real estate leases.

8.      Shortly after commencing these chapter 11 cases, the Debtors filed a motion seeking authority to close approximately 130 of their stores, all of which were at above-market rents, and establishing streamlined procedures to handle the rejection of their non-residential real property leases.  The Court approved the Initial Store Closing Motion in December 2009, and in January 2010 the Debtors filed a motion seeking authority to close approximately 40 additional stores.  In the meantime, however, in response to certain landlords' expressed desire to keep stores open, the Debtors began reaching out to the landlords to explore the possibility of renegotiating existing leases at market rents. Further, the Official Committee of Unsecured Creditors (the "Committee") conducted its own lease analysis, and the Committee and Debtors agreed that the Debtors' estates could

1   benefit from the ability to keep additional stores open at locations with more favorable

2   lease terms.

3        9.    In the months following the Petition Date, the Debtors engaged in extensive

4   negotiations with respect to their portfolio of commercial real estate leases.  They have

5   now successfully negotiated agreements that provide for the modification of a significant

6   number of their leases, subject to Bankruptcy Court approval of these lease modification

7   agreements.  The Lease Amendments affect approximately 145 of the Debtors' leases.

8   The terms of the Lease Amendments vary, but a significant number have similar

9   provisions.  The Lease Amendments all provide for one of more of the following

10  concessions in favor of the Debtors: (1) rent reduction, (2) a modification to the length of

11  the lease; (3) a negotiated right to terminate the lease early, and/or (4) a settlement of pre-

12  petition cure amounts/claims against the Debtors.  By way of summary, a significant

13  number of the Lease Amendments provide for a reduction of the Debtors' rent for a period

14  of, typically, about 2 years.  After that time, the Debtors (and in some instances the

15  landlords) have the right to terminate many of the amended leases.  If the amended leases

16  are not terminated, then the rent will reset, on a prospective basis only, to the rental rates

17  otherwise provided for in the original, unmodified leases.

18      10.   Based on the significant success that the Debtors have achieved in their

19  lease negotiations, the Debtors have modified their reorganization plan to provide for the

20  closing of only one TWC store.   The Debtors' Plan therefore contemplates that

21  substantially all of their stores will be retained on the Effective Date, and substantially all

22  their executory contracts and unexpired leases will be assumed, subject to the negotiated

23  lease modifications.

24      11.   I have reviewed the Motion and believe that the factual contentions therein

25  are true and correct.  Further, I have reviewed each Lease Amendment and I believe each

26  Lease Amendment is supported by valid business justification because the landlord

27  concessions - such as reduced rent and settlement of cure amounts - will immediately

28  reduce the Debtors' rent expenses and preserve assets for the estates as well as allow the

1  Debtors more operating capital upon their exit from bankruptcy. If the economy improves

2  over the next 24 months, then even at the higher reset rental rates, the Debtors will be well

3  positioned to continue their business operations with substantially all of their current

4  stores in place.  If the economy does not improve and the Debtors cannot operate

5  profitably under higher rents after this period of adjusted rent, the leases can simply be

6  terminated and the Debtors' operations can be downsized in an orderly fashion without

7  exposing the Debtors to claims for early termination or rejection damages.

8      12.    In  addition  to  valid  business  justifications  supporting  the  Lease

9  Amendments, the Lease Amendments were executed in good faith and are the product of

10  arm's length negotiations between the Debtors and the various landlords. Over the course

11  of the past three months I personally was involved in the negotiations leading to the Lease

12  Amendments and can attest that the final agreements struck by the parties were done so

13  without any collusion between the parties.  Rather, as discussed above, there were valid

14  business reasons for each of the agreements.

15      13.    Overall, I believe the Lease Amendments are fair and reasonable and in the

16  best interest of the estates.

17      I declare under penalty of perjury under the laws of the United States of America

18  that the foregoing is true and correct.

19      Executed this 24th day of March, 2010, at Santa Barbara, California.

20

21

22      ANTHONY J. WALL

23

24

25

26

27

28

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES
LA/246556.2

# EXHIBIT 1

| # | Store Name | Landlord | | | | | | Store Address | Date | Term |
|---|---|---|---|---|---|---|---|---|---|---|
| 382* | Madison Avenue | 551 Madison Ave Office LLC | ✓ | | | | | 551 Madison Avenue, New York, NY, 10022 | 1/28/2010 | three years |
| 282 | Arlington Highlands | Arlington Highlands, Ltd. | ✓ | | | | ✓ | 4001 Arlington Highlands Blvd, Ste 115, Arlington, TX, 76018 | 1/28/2010 | two years |
| 323 | Brookfield Square | CBL | | | ✓ | | ✓ | 95 N. Moorland Road, Brookfield, WI, 53005 | 1/27/2010 | n/a |
| 358 | Cary Towne Center | CBL | | | | ✓ | ✓ | 1105 Walnut St. Space#1126, Cary, NC, 27511 | 1/27/2010 | n/a |
| 298 | Chesterfield Mall | CBL | ✓ | | | ✓ | ✓ | 231A Chesterfield Mall, Chesterfield, MO, 63017 | 1/27/2010 | 25 months |
| 332 | Fayette Mall | CBL | | | | ✓ | ✓ | 3401 Nicholasville Road, Lexington, KY, 40503 | 1/27/2010 | n/a |
| 308 | Oak Park Mall | CBL | ✓ | | | ✓ | ✓ | 11709 W. 95th Street, Overland Park, KS, 66214 | 1/27/2010 | 25 months |
| 207 | Triangle Town Center | CBL | | | | ✓ | ✓ | 5959 Triangle Town Blvd, FU2069, Raleigh, NC, 27616 | 1/27/2010 | n/a |
| 272 | West Towne | CBL | | | | ✓ | ✓ | 66 West Towne Mall, C-12, Madison, WI, 53719 | 1/27/2010 | n/a |
| 354 | Gardens Of El Paseo | Davis Street Land Company | ✓ | | | ✓ | ✓ | 73-585 El Paseo, Ste 1136, Palm Desert, CA, 92260 | 1/27/2010 | 2 years |
| 261 | Green Hills Mall | Davis Street Land Company | | | | ✓ | ✓ | 2126 Abbot Martin Rd., Nashville, TN, 37215 | 1/27/2010 | n/a |
| 384 | Meadows@lake St Louis | Davis Street Land Company | | | | ✓ | ✓ | 10 Meadows Circle Drive, Suit 102, Lake St. Louis, MO, 63367 | 1/27/2010 | n/a |
| 267 | Bolingbrook Promenade | Forest City | ✓ | | | ✓ | ✓ | 639 E. Boughton Rd., Ste. 145, Bolingbrook, IL, 60440 | 2/18/2010 | 2 years |
| 103 | Galleria @ South Bay | Forest City | ✓ | | | ✓ | ✓ | 1815 Hawthorne Blvd., Ste.158, Redondo Beach, CA, 90278 | 2/1/2010 | 2 years |
| 356 | Shops At Wiregrass | Forest City | ✓ | | | ✓ | ✓ | 28330 Paseo Drive, Suite 120, Wesley Chapel, FL, 33544 | 2/9/2010 | 2 years |
| 387 | Temecula Promenade | Forest City | ✓ | | | ✓ | ✓ | 40756 Winchester Road, #230, Temecula, CA, 92591 | 2/1/2010 | 2 years |

| No. | Center | Company | | | | | Address | | Date | Term |
|---|---|---|---|---|---|---|---|---|---|---|
| Corp-SB | Santa Barbara office | Freeland Realty | ✓ | | | | 121 Gray Avenue, Santa Barbara, CA, 93101 | ✓ | 1/27/2010 | 18 months |
| 305 | Santana Row | FRIT San Jose Town & Country | ✓ | | ✓ | | 377 Santana Row, Suite #1015, San Jose, CA, 95128 | | 2/1/2010 | 2 years |
| 279 | Augusta Mall | GGP | ✓ | | ✓ | | 3450 Wrightsboro Rd., Space #A220, Augusta, GA, 30909 | ✓ | 1/29/2010 | 3 years |
| 329* | Boise Towne Square | GGP | ✓ | | | | 350 N. Milwaukee, Boise, ID, 83704 | ✓ | 1/29/2010 | 1 year |
| 383 | Bridgewater Commons | GGP | | | ✓ | | 400 Commons Way,Space 1050, Ste 113, Bridgewater, NJ, 08807 | ✓ | 1/29/2010 | n/a |
| 149 | Christiana Mall | GGP | | | | | 412 Christiana Mall Rd., #408, Newark, DE, 19702 | ✓ | 1/29/2010 | n/a |
| 353 | Fallen Timbers | GGP | | | | | 3100 Main St., Space #755, Maumee, OH, 43537 | ✓ | 1/29/2010 | n/a |
| 289 | King's Shops | GGP | ✓ | ✓ | | | 250 Waikoloa Beach Drive, Space #B-7, Kona, HI, 96738 | ✓ | 1/29/2010 | 2 years |
| 369* | Mall of Louisiana | GGP | | | ✓ | | 6401 Bluebonnet Blvd, Suite B645, Baton Rouge, LA, 70836 | ✓ | 1/29/2010 | n/a |
| 273 | Mayfair Mall | GGP | | | | | 2500 N. Mayfair Road, Sp.340, Milwaukee, WI, 53226 | ✓ | 1/29/2010 | n/a |
| 365 | Park City Center | GGP | | | | | 142 Park City Center, Space#D029, Lancaster, PA, 17601 | ✓ | 1/29/2010 | n/a |
| 115* | Pioneer Place | GGP | ✓ | ✓ | | | 700 SW 5th Ave, Suite 4065, Portland, OR, 97204 | ✓ | 1/29/2010 | 2 years |
| 262 | Riverchase Galleria | GGP | ✓ | | ✓ | | 3000 Riverchase Galleria, Space 276, Hoover, AL, 35244 | ✓ | 1/29/2010 | 2 years |
| 156* | Riverwalk Marketplac | GGP | ✓ | ✓ | | | #1 Poydras St., Space 58, New Orleans, LA, 70130 | ✓ | 1/29/2010 | 2 years |
| 381 | Steeplegate Mall | GGP | ✓ | | ✓ | | 270 Loudon Rd., Suite 1146, Concord, NH, 03301 | ✓ | 1/29/2010 | 5 years |
| 336 | Stonebriar Centre | GGP | ✓ | | ✓ | | 2601 Preston Road, Frisco, TX, 75034 | ✓ | 1/29/2010 | 1 year |

17

| # | Center | Landlord | | | | | | Address | Date | Term |
|---|--------|----------|---|---|---|---|---|---------|------|------|
| 361 | Chino Hills | Shoppes at Chino Hills, Inc | ✓ | | | | ✓ | 13855 City Center Drive, Space#3005, Chino Hills, CA, 91709 | 1/28/2010 | 1 year |
| 284 | Shops @ Highland Vlg | Shops at Highland Village | ✓ | | ✓ | | ✓ | 4141 Waller Creek, Ste #160, Highland Village, TX, 75077 | 1/22/2010 | 13 months |
| 304 | Green Valley | Shops on the Green LLC | ✓ | | ✓ | | ✓ | 2235 Village Walk Drive, #161, Henderson, NV, 89052 | 1/25/2010 | 18 months |
| | Battlefield | Simon | | | | | | n/a | n/a | n/a |
| 352 | Boca Town Center | Simon | ✓ | | ✓ | | ✓ | 6000 Glades Road, Space # A1300, Boca Raton, FL, 33431 | 1/29/2010 | 2 years |
| 391 | Briarwood | Simon | | | | ✓ | ✓ | 100 Briarwood Circle #D140, Ann Arbor, MI, 48105 | 1/29/2010 | n/a |
| 135 | Burlington | Simon | ✓ | | | | ✓ | 75 Middlesex Turnpike, Burlington, MA, 01803 | 1/29/2010 | n/a |
| 393 | Chestnut Hill | Simon | ✓ | | | ✓ | ✓ | 199 Boylston Street #6233, Chestnut Hill, MA, 02467 | 1/29/2010 | n/a |
| 231 | Circle Center | Simon | ✓ | | ✓ | | ✓ | 23131 Fashion Drive, #D02B, Indianapolis, IN, | 1/29/2010 | 2 years |
| 373 | Coconut Point | Simon | | | | | ✓ | 23131 Fashion Drive, #107, Estero, FL, 33928 | 1/29/2010 | n/a |
| 347 | Columbia Cntr | Simon | ✓ | | | | ✓ | 1321 N. Columbia Center, Space 389, Kennewick, WA, 99336 | 1/29/2010 | n/a |
| 227 | Copley | Simon | | | | | ✓ | 100 Huntington Ave, SP. K002A, Boston, MA, 02116 | 1/29/2010 | n/a |
| 390 | Coral Square | Simon | ✓ | | ✓ | | ✓ | 9469 W. Atlantic Blvd, Space #9121, Coral Springs, FL, 33071 | 1/29/2010 | 2 years |
| 246 | Dallas Galleria | Simon | ✓ | | ✓ | | ✓ | 13350 Dallas Parkway, Suite #2795, Dallas, TX, 75240 | 1/29/2010 | 2 years |
| 294 | Eastland Mall | Simon | ✓ | | ✓ | | ✓ | 800 North Green River Rd., Space 0075, Evansville, IN, 47715 | 1/29/2010 | 2 years |
| 144 | Fashion Cntr. | Simon | | | | | ✓ | 1100 S. Hayes St., Box #1094, Arlington, VA, 22202 | 1/29/2010 | n/a |
| 139 | Fashion Mall | Simon | | | | | ✓ | 8702 Keystone Crossing, Indianapolis, IN, 46240 | 1/29/2010 | n/a |

| No. | Store Name | Landlord | Col 1 | Col 2 | Col 3 | Rejected | Address | Listing | Date | Term |
|---|---|---|---|---|---|---|---|---|---|---|
| 151 | Fashion Valley | Simon | | | | | 7007 Friars Rd., #760, San Diego, CA, 92108 | ✓ | 1/29/2010 | n/a |
| 357 | Florida Mall | Simon | | | | | 8001 S. Orange Blossom Trail, Sp 422, Orlando, FL, 32809 | ✓ | 1/29/2010 | n/a |
| 300 | Forum Shops | Simon | | | | | 3500 Las Vegas Blvd. South, Suite N 08, Las Vegas, NV, 89109 | ✓ | 1/29/2010 | n/a |
| 234 | Galleria at Ft Lauderdale | Simon | | | | | 2510 E. Sunrise Blvd, #2151, Ft Lauderdale, FL, 33304 | ✓ | 1/29/2010 | n/a |
| 360 | Greenwood Park | Simon | ✓ | ✓ | | | 1251 US Hwy 31N, Space 00118, Greenwood, IN, 46142 | ✓ | 1/29/2010 | 2 years |
| 367 | Hamilton Town Center | Simon | ✓ | ✓ | | | 13170 Harold Parkway, Ste 600, Noblesville, IN, 46060 | ✓ | 1/29/2010 | 2 years |
| 136 | Haywood | Simon | | | | | 700 Haywood Rd., Box No. 304, Greenville, SC, 29607 | ✓ | 1/29/2010 | n/a |
| 155 | Houston Galleria | Simon | | | | | 5015 Westheimer, Houston, TX, 77056 | ✓ | 1/29/2010 | n/a |
| 311 | Independence Center | Simon | ✓ | ✓ | | | 2102 Independence Center, Independence, MO, 64057 | ✓ | 1/29/2010 | 2 years |
| 226 | King of Prussia | Simon | | | | | 690 West Dekalb Pike, #1067, King of Prussia, PA, 19406 | ✓ | 1/29/2010 | n/a |
| 286 | Lenox Square | Simon | | | | | 3393 Peachtree Rd. NE, Space 4013D, Atlanta, GA, 30326 | ✓ | 1/1/1900 | n/a |
| 280 | Mall Of New Hampshir | Simon | ✓ | ✓ | | | 1500 South Willow St., Space N145, Manchester, NH, 03103 | ✓ | 1/29/2010 | 2 years |
| 314 | Meadowood Mall 314 | Simon | ✓ | ✓ | | | 5450 Meadowood Mall Circle, Sp # C120, Reno, NV, 89502 | ✓ | 1/29/2010 | 2 years |
| 394 | Menlo Park | Simon | | | | ✓ | 100 Menlo Park #1410, Edison, NJ, 00837 | ✓ | 1/29/2010 | n/a |
| 396 | Montgomery Mall | Simon | ✓ | | | ✓ | 287 Montgomery Mall #2045, North Wales, PA, 19454 | ✓ | 1/29/2010 | n/a |
| 330 | Northeast Mall | Simon | ✓ | ✓ | | | 1101 Melbourne Road, Suite 4043, Hurst, TX, 76053 | ✓ | 1/29/2010 | 2 years |

19

| # | Property | Landlord | | | | | Address | Date | Term |
|---|----------|----------|---|---|---|---|---------|------|------|
| 271 | Whaler's Village | GGP | | | | ✓ | 2435 Kaanapali Parkway, Space I-2, Lahaina, HI, 96761 | 1/29/2010 | 3 years |
| 290 | Polaris Fashion Sq | Glimcher | ✓ | | | ✓ | 1500 Polaris Parkway, Space I202, Columbus, OH, 43240 | 2/1/2010 | 1 year |
| 370 | Hill Country Galleri | Hill Country Galleria LP | ✓ | | | ✓ | 12700 Hill Country Blvd., Space G-125, Bee Cave, TX, 78738 | 1/__/2010 | 13 months |
| 380 | Grand Boulevard | Howard Rock Fee, LLC | | ✓ | | ✓ | 495 Grand Blvd, Space #J104, Sandestin, FL, 32550 | 1/27/2010 | 13 months |
| 259 | Royal Hawaiian | Kamehameha Schools | | ✓ | | ✓ | 2201 Kalakaua Ave, St.213, Honolulu, HI, 96815 | 1/__/2010 | 2 years |
| 254 | 29th St. Boulder | Macerich | | ✓ | | ✓ | 1855 29th Street, Space #1160, Boulder, CO, 80301 | 1/29/2010 | 1 year |
| 331 | Arrowhead Town Center | Macerich | | ✓ | | ✓ | 7700 W. Arrowhead Towne Ctr, Spc#1055, Glendale, AZ, 85308 | 1/29/2010 | 1 year |
| 245 | Freehold Raceway | Macerich | ✓ | ✓ | | ✓ | 3710 Route 9, Space #D110, Freehold, NJ, 03079 | 1/29/2010 | n/a |
| 281 | La Encantada | Macerich | | ✓ | | ✓ | 2905 E. Skyline Drive, Space 218, Tucson, AZ, 85718 | 1/29/2010 | 1 year |
| 291 | San Tan Village | Macerich | | ✓ | | ✓ | 2162 East Williams Field Rd, Space 328, Gilbert, AZ, 85296 | 1/29/2010 | 1 year |
| 242 | Scottsdale Fashn Sq | Macerich | | ✓ | | ✓ | 7014 E Camelback Rd, Sp 1008, Scottsdale, AZ, 85251 | 1/29/2010 | 1 year |
| 275 | The Oaks | Macerich | | ✓ | | ✓ | 350 Hillcrest Rd., Space #E217, Thousand Oaks, CA, 91360 | 1/29/2010 | 1 year |
| 374 | Bell Towers | Madison Marquette Retail | ✓ | | | ✓ | 13499 U.S. 41 S.E., Ste A-102, Ft Myers, FL, 33907 | 1/29/2010 | 2 years |
| 129 | Downtown Seattle | Mayfield Management Company | ✓ | | | ✓ | 1428 4th Ave, First Level, #1069, Seattle, WA, 98101 | 1/27/2010 | 25 months |
| 295 | Bridge St. Town Ctr | O & S Holdings | ✓ | | | ✓ | 320 Bridge St. Space #104, Huntsville, AL, 35806 | 1/__/2010 | 25 months |
| 257 | Palmer Square | Palmer Square LP | | ✓ | | ✓ | 46 Nassau Street, Princeton, NJ, 08542 | 1/__/2010 | 13 months |

| No. | Name | Landlord | | | | | Address | Date |
|---|---|---|---|---|---|---|---|---|
| 145 | Northgate | Simon | | | | ✓ | 401 NE Northgate Way, Space 564, Seattle, WA, 98125 | 1/29/2010 n/a |
| 190 | Northshore | Simon | | | | ✓ | 210 Andover Street, Sp s209, Peabody, MA, 01960 | 1/29/2010 n/a |
| 297 | Ocean County Mall | Simon | | ✓ | ✓ | ✓ | 1201 Hooper Ave., Space #1018, Tom's River, NJ, 08753 | 1/29/2010 2 years |
| 315 | Orland Square | Simon | | | | ✓ | 228 Orland Square, Orland Park, IL, 60462 | 1/29/2010 n/a |
| 256 | Oxford | Simon | | | | ✓ | 2300 East Lincoln Highway, #1084A, Langhorne, PA, 19047 | 1/29/2010 n/a |
| 269 | Pheasant Lane | Simon | | ✓ | ✓ | ✓ | 310 Daniel Webster Highway, SpW227, Nashua, NH, 03060 | 1/29/2010 2 years |
| 355 | Pier Park | Simon | | ✓ | ✓ | ✓ | 15600 Starfish Dr., Suite115, Panama City, FL, 32401 | 1/29/2010 2 years |
| 395 | Quaker Bridge Mall | Simon | | | ✓ | ✓ | 243 Quaker Bridge Mall #2030, Lawrenceville, NJ 08648 | 1/29/2010 n/a |
| 278 | Rockaway Town Square | Simon | | ✓ | ✓ | ✓ | 301 Mt. Hope Ave., Space #1065, Rockaway, NJ, 07866 | 1/29/2010 2 years |
| 250 | Rockingham Park | Simon | | | | ✓ | 99 Rockingham Park Blvd, #E139, Salem, NH, 03079 | 1/29/2010 n/a |
| 134 | Roosevelt Fld | Simon | | | | ✓ | Roosevelt Field Mall, Space #1082, Garden City, NY, 11530 | 1/29/2010 n/a |
| 265 | Ross Park Mall | Simon | | | | ✓ | 1000Ross Park Mall Drive, Ste.110, Pittsburg, PA, 15237 | 1/29/2010 n/a |
| 174 | Shops at Mission Viejo | Simon | | | | ✓ | 832 The Shops at Mission Viejo, Mission Viejo, CA, 92691 | 1/29/2010 n/a |
| 299 | Solomon Pond | Simon | | ✓ | ✓ | ✓ | 601 Donald Lynch Blvd., Space #N141, Marlborough, MA, 01752 | 1/29/2010 2 years |
| 248 | South Hills | Simon | | | | ✓ | 301 S. Hills Village, Space #1300, Pittsburg, PA, 15241 | 1/29/2010 n/a |

| # | Mall | Landlord | | | | | Store Location | | Subject Date | Term |
|---|------|----------|---|---|---|---|----------------|---|--------------|------|
| 225 | South Park | Simon | | ✓ | | | 4400 Sharon Road, #B09, Charlotte, NC, 28211 | ✓ | 1/29/2010 | 2 years |
| 133 | South Shore Plaza | Simon | | | | | 250 Granite Street , Space 2048A, Braintree, MA, 02184 | ✓ | 1/29/2010 | n/a |
| 288 | St. John's Town | Simon | | ✓ | | | 4790 River City Drive, Ste.107, Jacksonville, FL, 32246 | | 1/29/2010 | 2 years |
| 292 | Stanford Mall | Simon | | ✓ | | | 180 El Camino Real, Sp # L210, Palo Alto, CA, 94304 | | 1/29/2010 | 2 years |
| 118 | Stoneridge | Simon | | | | | 1432 Stoneridge Mall, # 218, Pleasanton, CA, 94588 | ✓ | 1/29/2010 | n/a |
| 371 | Tacoma | Simon | | | | | 4502 S. Steele Street Space 1350, Tacoma, WA, 98409 | ✓ | 1/29/2010 | n/a |
| 241 | The Avenues | Simon | | ✓ | | | 10300 Southside Blvd., #1224A, Jacksonville, FL, 32256 | ✓ | 1/29/2010 | 2 years |
| 172 | The Falls - Miami | Simon | | ✓ | | ✓ | 8888 SW 136th St., Space 432, Miami, FL, 33176 | ✓ | 1/29/2010 | 2 years |
| 186 | Town Center @ Cobb | Simon | | ✓ | | ✓ | 400 Barrett Parkway, Space #156A, Kennesaw, GA, 30144 | ✓ | 1/29/2010 | 2 years |
| 386 | Treasure Coast Sq | Simon | | ✓ | | ✓ | 3174 Northwest Federal Hwy, #3452, Jensen Beach, FL, 34957 | ✓ | 1/29/2010 | 2 years |
| 140 | Tuttle Crossing #164 | Simon | | | ✓ | | 5043 Tuttle Crossing Blvd., #164, Dublin, OH, 43016 | ✓ | 1/29/2010 | n/a |
| 377 | Tyrone Square | Simon | | ✓ | | ✓ | 6825 Tyrone Square, St. Petersburg, FL, 33710 | ✓ | 1/29/2010 | 2 years |
| 310 | University Park Mall | Simon | | | | | 6501 Grape Road, Space #348, Mishawaka, IN, 46545 | ✓ | 1/29/2010 | n/a |
| 285 | Walt Whitman | Simon | | ✓ | | | 160 Walt Whitman Rd., Ste.1101, Huntington, NY, 11746 | ✓ | 1/29/2010 | 2 years |
| 243 | West Town | Simon | | | | | 7600 Kingston Pike, # 1022, Knoxville, TN, 37919 | ✓ | 1/29/2010 | n/a |

| Store # | Location | Landlord | | | | | Store Address | Amended | Term |
|---|---|---|---|---|---|---|---|---|---|
| 309 | Wolfchase Galleria | Simon | | | ✓ | ✓ | 2760 N. Germantown Parkway, Memphis, TN, 38133 | 1/29/2010 | 2 years |
| 316 | Woodland Hills | Simon | | | | ✓ | 7021 S. Memorial Drive, #154, Tulsa, OK, 74133 | 1/29/2010 | n/a |
| 223 | Intrnl Plaza -tampa | Taubman | | ✓ | | ✓ | 2223 NW Shore Blvd, #258, Tampa, FL, 33607 | 2/2/2010 | 2 years |
| 224* | North Lake | Taubman | ✓ | | ✓ | ✓ | 6801 Northlake Mall Dr., #242, Charlotte, NC, 28216 | 2/2/2010 | 2 years |
| 287 | Partridge Creek | Taubman | | | ✓ | ✓ | 17420 Hall Rd., Ste. 135, Clinton Township, MI, 48038 | 2/2/2010 | 2 years |
| 237 | Pier @ Caesars | Taubman | | | ✓ | ✓ | One Atlantic Ocean, Suite 1234, Atlantic City, NJ, 08401 | 3/16/2010 | 2 years |
| 276 | Regency Square | Taubman | | | ✓ | ✓ | 1420 North Parham rd., Space H214, Richmond, VA, 23229 | 2/2/2010 | 2 years |
| 240 | Stamford Town Center | Taubman | | | ✓ | ✓ | 100 Greyrock Place, Space #D225, Stamford, CT, 06901 | 2/2/2010 | 2 years |
| 137 | Twelve Oaks Mall | Taubman | | | ✓ | ✓ | 27252 Novi Rd., Novi, MI, 48377 | 2/2/2010 | 1 year |
| 220* | Wellington Green | Taubman | | ✓ | ✓ | | 10300 W. Forest Hill Blvd, #229, Wellington, FL, 33414 | 2/2/2010 | 2 years |
| 219 | West Farms Mall | Taubman | ✓ | ✓ | ✓ | | 451 Westfarms Mall, Farmington, CT, 06032 | 2/2/2010 | 1 year |
| Corp-DC | North Carolina DC | TKC XCIX, LLC | | | ✓ | | 519 Lincoln County Parkway, Lincolnton, NC, 28092 | 1/25/2010 | 18 months |
| Corp-Wstlke | Westlake Office | Townsgate Road LLC | ✓ | | ✓ | | 2475 Townsgate Road Suite 200, Westlake Village, CA, 91361 | 1/31/2010 | continues until expiration |
| 264 | Town Square | Turnberry | ✓ | | ✓ | | 6659 Las Vegas Blvd, South, Spt#B105, Las Vegas, NV, 89119 | 2/1/2010 | 4 months |
| 277 | Annapolis Mall | Westfield | ✓ | | ✓ | | 2325 Annapolis Mall, Annapolis, MD, 21401 | 2/1/2010 | 18 months |
| 260 | Brandon Town Center | Westfield | | ✓ | ✓ | | 926 Brandon Town Center, #936, Brandon, FL, 33511 | 2/1/2010 | 18 months |

23

| No. | Name | Landlord | | | | | Address | | Cure Date | Cure Period |
|---|---|---|---|---|---|---|---|---|---|---|
| 368 | Century City | Westfield | ✓ | | | | ✓ | 10205 Santa Monica Blvd., Space #137, Los Angeles, CA, 90067 | ✓ | 2/1/2010 | 18 months |
| 341 | Franklin Park | Westfield | ✓ | | | | ✓ | 5001 Monroe Street, Toledo, OH, 43623 | ✓ | 2/1/2010 | 18 months |
| 244 | Garden State Plaza | Westfield | ✓ | | | | ✓ | 1 Garden State Plaza, #1064, Paramus, NJ, 07652 | ✓ | 2/1/2010 | 18 months |
| 320 | Hawthorn Center | Westfield | ✓ | | | | ✓ | 711 Hawthorn Center, Vernon Hills, IL, 60061 | ✓ | 2/1/2010 | 18 months |
| 363 | Horton Plaza | Westfield | ✓ | | | | ✓ | 370 Horton Plaza ; Space #231, Level 2, San Diego, CA, 92101 | ✓ | 2/1/2010 | 18 months |
| 211 | Main Place/Santa Ana | Westfield | ✓ | | | | ✓ | 2800 N. Main St., Suite 446, Santa Ana, CA, 92705 | ✓ | 2/1/2010 | 13 months |
| 364 | North County | Westfield | ✓ | | | | ✓ | 272 East Via Rancho Parkway, Sp#115, Escondido, CA, 92025 | ✓ | 2/1/2010 | 18 months |
| 293 | Old Orchard | Westfield | ✓ | | | | ✓ | 4999 Old Orchard Center, Suite f12, Skokie, IL, 60077 | ✓ | 2/1/2010 | 18 months |
| 389 | Roseville | Westfield | ✓ | | | | ✓ | 1151 Galleria Blvd, Space 193, Roseville, CA, 95678 | ✓ | 2/1/2010 | 18 months |
| 112 | Santa Anita | Westfield | | | | | ✓ | 400 South Baldwin Ave, K-3, Arcadia, CA, 91007 | ✓ | 2/1/2010 | n/a |
| 251 | Sf City Center | Westfield | ✓ | | | | ✓ | 865 Market St., Space 302, San Francisco, CA, 94103 | ✓ | 2/1/2010 | 18 months |
| 147 | Sherman Oaks | Westfield | ✓ | | | | ✓ | 14006 Riverside Dr., Suite 70, Sherman Oaks, CA, 91423 | ✓ | 2/1/2010 | 18 months |
| 321 | South Center | Westfield | ✓ | | | | ✓ | 1010 Westfield Shoppingtown-Southctr, Tukwila, WA, 98188 | ✓ | 2/1/2010 | 13 months |
| 168 | Southgate Plaza | Westfield | ✓ | | | | ✓ | 3501 So. Tamiami Trail, #122, Sarasota, FL, 34239 | ✓ | 2/1/2010 | 13 months |
| 283 | Southpark Mall | Westfield | ✓ | | | | ✓ | 500 SouthPark Center, Space : H.50, Strongsville, OH, 44136 | ✓ | 2/1/2010 | 18 months |
| 247 | Topanga Mall | Westfield | ✓ | | | | ✓ | 6600 Topanga Canyon Blvd., #1026, Woodland Hills, CA, 91303 | ✓ | 2/1/2010 | 18 months |

| Store # | Shopping Center | Property Owner | Rejection | Lease Assum. | Assume/Assign | Negotiations | Lease Location | Date | Restriction |
|---|---|---|---|---|---|---|---|---|---|
| 239 | Trumbull Mall | Westfield | ✓ | | | ✓ | 5065 Main Street, #2124, Trumbull, CT, 06611 | 2/1/2010 | 18 months |
| 182 | University Town Cntr | Westfield | ✓ | | ✓ | ✓ | 4525 La Jolla Village Dr., #D-15, San Diego, CA, 92122 | 2/1/2010 | 13 months |
| 228 | Valley Fair | Westfield | ✓ | | ✓ | ✓ | | 2/1/2010 | 18 months |

*Denotes a lease amendment that this Court has already approved by prior court order

25

| In re: THE WALKING COMPANY, a Delaware corporation, d/b/a Alan's Shoes, Footworks, Overland Trading Co., Sole Outdoors, and Martini Shoes; f/k/a TWC Acquisition Corporation; BIG DOG USA, INC., a California corporation, d/b/a Big Dog Sportswear; f/k/a Fortune Dogs, Inc.; and THE WALKING COMPANY HOLDINGS, INC., a Delaware corporation, f/k/a Big Dog Holdings, Inc. and 190th Shelf Corporation,<br><br>Debtor(s). | CHAPTER: 11<br><br>CASE NUMBER: 9:09-bk-15138-RR<br>[Jointly Administered with Case Nos. 9:09-bk-15137-RR and 9:09-bk-15139-RR] |
|---|---|

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: Arent Fox, LLP, 555 West Fifth Street, 48th Floor, Los Angeles, CA 90013-1065

A true and correct copy of the foregoing document described as **MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTORS TO AMEND CERTAIN LEASE AGREEMENTS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ANTHONY J. WALL** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **March 24, 2010** checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

⊠ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On **March 24, 2010** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

⊠ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **March 24, 2010** I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| March 24, 2010 | Adriane Lark Madkin | /s/ Adriane Lark Madkin |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

F 9013-3.1

| | |
|---|---|
| In re:  THE WALKING COMPANY, a Delaware corporation, d/b/a Alan's Shoes, Footworks, Overland Trading Co., Sole Outdoors, and Martini Shoes; f/k/a TWC Acquisition Corporation; BIG DOG USA, INC., a California corporation, d/b/a Big Dog Sportswear; f/k/a Fortune Dogs, Inc.; and THE WALKING COMPANY HOLDINGS, INC., a Delaware corporation, f/k/a Big Dog Holdings, Inc. and 190th Shelf Corporation, <br><br>Debtor(s). | CHAPTER: 11 <br><br> CASE NUMBER: 9:09-bk-15138-RR <br> [Jointly Administered with Case Nos. 9:09-bk-15137-RR and 9:09-bk-15139-RR] |

## I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")

Craig H Averch on behalf of Creditor The Ad Hoc Committee of The Walking Company Holdings, Inc.
Noteholders
caverch@whitecase.com

Lawrence Bass on behalf of Interested Party Gart Capital Partners
lbass@faegre.com

William C Beall on behalf of Interested Party Courtesy NEF
artyc@aol.com

Shirley Cho on behalf of Creditor Committee Official Committee Of Unsecured Creditors
scho@pszjlaw.com

Emily R Culler on behalf of Interested Party Genesco, Inc.
eculler@omm.com

Lawrence A Diamant on behalf of Interested Party Kahala Mall
lad@lnbrb.com, katie@lnbrb.com

Denise Diaz on behalf of Debtor The Walking Company Holdings, Inc.
Denise.Diaz@rmsna.com

Robert K Edmunds on behalf of Interested Party Huntington National Bank
robert.edmunds@bipc.com, timothy.palmer@bipc.com;jacqueline.forjais@bipc.com

Belkys Escobar on behalf of Creditor County of Loudoun
belkys.escobar@loudoun.gov

Brian D Fittipaldi on behalf of U.S. Trustee United States Trustee (ND)
brian.fittipaldi@usdoj.gov

Todd R Gabriel on behalf of Creditor Seaport Village Operating Company
tgabriel@sparberlaw.com

Brian D Huben on behalf of Creditor Crossgates Mall Company NewCo, LLC
brian.huben@kattenlaw.com,
carole.levine@kattenlaw.com;donna.carolo@kattenlaw.com;laura.nefsky@kattenlaw.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

_January 2009_                                                                                              **F 9013-3.1**

| In re:  THE WALKING COMPANY, a Delaware corporation, d/b/a Alan's Shoes, Footworks, Overland Trading Co., Sole Outdoors, and Martini Shoes; f/k/a TWC Acquisition Corporation; BIG DOG USA, INC., a California corporation, d/b/a Big Dog Sportswear; f/k/a Fortune Dogs, Inc.; and THE WALKING COMPANY HOLDINGS, INC., a Delaware corporation, f/k/a Big Dog Holdings, Inc. and 190th Shelf Corporation,<br><br>Debtor(s). | CHAPTER: 11<br><br>CASE NUMBER: 9:09-bk-15138-RR<br>[Jointly Administered with Case Nos. 9:09-bk-15137-RR and 9:09-bk-15139-RR] |
|---|---|

William W Huckins on behalf of Creditor Federal Realty Investment Trust
whuckins@allenmatkins.com, clynch@allenmatkins.com

Nathan E Jones on behalf of Creditor US Debt Recovery III, LP
info@usdrllc.com

Steven G Polard on behalf of Creditor Bellevue Square LLC
spolard@perkinscoie.com

David L Pollack on behalf of Creditor Galleria Mall Investors, LP
pollack@ballardspahr.com

Hamid R Rafatjoo on behalf of Creditor Committee Official Committee Of Unsecured Creditors
hrafatjoo@pszjlaw.com, hrafatjoo@pszjlaw.com

Diane W Sanders on behalf of Creditor San Marcos CISD
austin.bankruptcy@publicans.com

David B Shemano on behalf of Interested Party Courtesy NEF
dshemano@pwkllp.com

Howard Steinberg on behalf of Creditor Richard A. Kayne, Trustee, Richard & Suzanne Kayne Living Trust dated 1/14/99
hsteinberg@irell.com, awsmith@irell.com

Wayne R Terry on behalf of Creditor Request for Courtesy NEF
wterry@hemar-rousso.com

Ronald M Tucker on behalf of Creditor Simon Property Group, Inc.
rtucker@simon.com, psummers@simon.com;rwoodruff@simon.com;shclark@simon.com

United States Trustee (ND)
ustpregion16.nd.ecf@usdoj.gov

Kimberly S Winick on behalf of Creditor South Coast Plaza
kwinick@clarktrev.com

Rebecca J Winthrop on behalf of Interested Party Kravco Simon Company
winthropr@ballardspahr.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                              **F 9013-3.1**

| | |
|---|---|
| In re: THE WALKING COMPANY, a Delaware corporation, d/b/a Alan's Shoes, Footworks, Overland Trading Co., Sole Outdoors, and Martini Shoes; f/k/a TWC Acquisition Corporation; BIG DOG USA, INC., a California corporation, d/b/a Big Dog Sportswear; f/k/a Fortune Dogs, Inc.; and THE WALKING COMPANY HOLDINGS, INC., a Delaware corporation, f/k/a Big Dog Holdings, Inc. and 190th Shelf Corporation,<br><br>Debtor(s). | CHAPTER: 11<br><br>CASE NUMBER: 9:09-bk-15138-RR<br>[Jointly Administered with Case Nos. 9:09-bk-15137-RR and 9:09-bk-15139-RR] |

## II. SERVED BY U.S. MAIL OR OVERNIGHT:

### VIA U.S. MAIL

Honorable Robin Riblet
United States Bankruptcy Court
1415 State Street, Suite 103
Santa Barbara, California 93101-2511

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*
LA/222070.1

**F 9013-3.1**