1  Richard J. Annen, Esq. (SB #91956)
   Todd R. Gabriel, Esq. (SB #119750)
2  SPARBER ANNEN MORRIS & GABRIEL, APLC
   701 "B" Street, Suite 1400
3  San Diego, CA 92101-8109
   Telephone:    (619) 239-3600
4  Facsimile:    (619) 239-5601
   E-mail:       rannen@sparberlaw.com
5                tgabriel@sparberlaw.com

6  Attorneys for Creditor Seaport Village Operating Company, LLC

7

8

                  **UNITED STATES BANKRUPTCY COURT**
9
                  **CENTRAL DISTRICT OF CALIFORNIA**
10
                  **SANTA BARBARA DIVISION**
11

12  In re:                                  ) Case No.: 9:09-bk-15138-RR
                                            )
13  THE WALKING COMPANY, a Delaware ) [Jointly Administered under Case Nos. 9:09-
    corporation, d/b/a Alan's Shoes,        ) bk-15137-RR; 9:09-bk-15139-RR]
14  Footworks, Overland Trading Co., Sole   )
    Outdoors, and Martini Shoes; f/k/a TWC  ) Chapter 11
15  Acquisition Corporation;  BIG DOGS      )
    USA, INC., a California corporation, d/b/a ) **LIMITED OBJECTION OF SEAPORT**
16  Big Dogs Sportswear; f/k/a Fortune Dogs, ) **VILLAGE OPERATING COMPANY,**
    Inc.; and THE WALKING COMPANY          ) **LLC, TO CONFIRMATION OF**
17  HOLDINGS, INC., a Delaware             ) **DEBTOR'S SECOND AMENDED**
    corporation, f/k/a Big Dog Holdings, Inc., ) **JOINT CHAPTER 11 PLAN DATED**
18  and 190th Shelf Corporation,            ) **MARCH 9, 2010**
                                            )
19                                          )
                  Debtors.                  ) **(CURE PAYMENT OBJECTION)**
20                                          )
   _____ ) **Confirmation Hearing**
21  [ ]    Affects all Debtors              ) **Date:       April 23, 2010**
                                            ) **Time:       1:00 p.m.**
22                                          ) **Place:      1415 State Street**
    [ ]    Applies only to The Walking Co.  )              **Santa Barbara, CA 93101**
23                                          )
                                            )
24  [X]    Applies only to Big Dogs, USA, Inc.)
                                            )
25  [ ]    Applies    only    to    The Walking )
           Company Holdings, Inc.           )
26                                          )
                                            )
27

28

1   Seaport Village Operating Company, LLC, a Delaware limited liability company, by its

2   counsel , Sparber Annen Morris & Gabriel, APLC, hereby submits the following objection

3   to Debtor's proposed cure amount for its unexpired lease on nonresidential real property.

4

5                              **Background**

6     1.  On December 7, 2009, the Debtors filed voluntary petitions for relief under Chapter

7   11 of Title 11 the United States Code with the United States Bankruptcy Court for the

8   District of California (the "Court").

9     2.  The Debtors remain in possession of their properties and continue to manage their

10  business as debtors-in-possession, pursuant to Sections 1107 and 1108 of the Bankruptcy

11  Code.  No trustee has been appointed in the Debtors' Chapter 11 cases.

12    3.  The Debtors lease retail space (the "Leased Premises") from Seaport Village

13  Operating Company, LLC, located at Seaport Village, San Diego, California: (1) 849 West

14  Harbor Drive, Suite A (Retail); (2) 219 sq. ft. Upstairs in Bldg. W-6-4 (Storage I), 853 W.

15  Harbor Drive; (3) 20 sq. ft. Upstairs in Bldg. W-6 (Storage II, Container A), 853 W. Harbor

16  Drive; (4) 20 sq. ft. Upstairs in Bldg. W-6 (Storage II, Container A), 853 W. Harbor Drive,

17  San Diego, CA, 92101 pursuant to commercial lease dated September 20, 1996 as amended

18  by letter amendments and Second Amendment of Lease dated August 21, 2006 (collectively

19  "Lease").

20    4.  The Debtors refer to the subject Leased Premises as Store No. BD323 in the Schedule

21  of Assumed Contracts and Leases on Plan Exhibit 1-3(a)/Disclosure Statement Exhibit C-

22  3(a).  The Debtors list the amount to cure the default as $13,066.01.

23

24                              **Cure Claim**

25    5.  11 U.S.C. §365(b) provides in relevant part:

26      (b)(1) If there has been a default in an executory contract or unexpired lease of the
              debtor, the trustee may not assume such contract or lease unless, at the time
27            of assumption of such contract or lease, the trustee:

28              (A) cures, or provides adequate assurance that the trustee will promptly

                                        1

1    cure, such default;

2      (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and

4

5      (C) provides adequate assurance of future performance under such contract or lease.

6    6. The Debtors have failed to satisfy the requirements of 11 U.S.C. § 365(b)(1). The

7 Debtors are required, pursuant to Section 365(b)(1), to cure all outstanding defaults under

8 the Lease. In conjunction with this duty, the Debtors must compensate the landlord for any

9 actual pecuniary loss, including the payment of attorneys' fees. *See* 11 U.S.C. §

10 365(b)(1)(B). Attorneys' fees payable pursuant to the Lease are compensable. *Andrew v.*

11 *KMR Corp.*, 17 B.R. 438, 439 (Bankr. 9th Cir. 1982); *In re Westworld Community*

12 *Healthcare, Inc.*, (Bankr. CD Cal. 1989) 95 B.R. 730 *see also Track Auto Corp.*, 277 B.R.

13 655 (Bankr. E.D.Va. 2002, aff'd., 288 B.R. 114 (E.D. Va. 2003), rev'd. on other grounds,

14 317 F.3d 277 (4th Cir. 2004); *see also In re Shangri-La,* 167 F.3d 843 (4th Cir. 1999). *LJC*

15 *Corp. v. Boyle,* 768 F.2d 1489, 1494-6 (D.C. Cir. 1985); *In re BAB Enterprises, Inc.,* 100

16 B.R. 982 (Bankr. W.D. Tenn. 1989); *In re Westview 74 Street Drug Corp.*, 59 B.R. 747,

17 752-4 (Bankr. S.D.N.Y. 1986); *In Re Ribs of Greenwich Vill., Inc.,* 57 B.R. 319, 321 (Bankr.

18 S.D.N.Y. 1986). Accordingly, as part of its pecuniary loss and cure amount, Seaport Village

19 Operating Company, LLC, is entitled to attorneys' fees in connection with the Debtors'

20 obligation to cure all monetary defaults under the Lease.

21    7. The Lease states that attorney's fees are recoverable:

22      23.5 <u>Attorney's Fees.</u> If as a result of any breach in the performance of any of the provisions of this Lease, Landlord uses the services of any attorney

23      in order to secure compliance with such provisions or recover damages therefor, . . . including bankruptcy and insolvency proceedings, Tenant shall

24      reimburse Landlord upon demand for any and all attorney's fees and expenses so incurred by Landlord . . . .

25

26 (Gabriel Decl., Ex. A.)

27    8. Debtors list the cure amount as $13,066.01. (Hall Decl., Ex. A.) But as of the date

28 hereof, the approximate amount outstanding under the Lease including unpaid rent, late

2

1  charges, common area maintenance, taxes and insurance to date, is $16,311.49. (Hall Decl.)

2  Additionally, attorney's fees in the approximate amount of $4,671.89, through March 31,

3  2010 have been incurred. (Gabriel Decl.)  To the extent that rent, late charges, attorneys'

4  fees, year-end adjustments and reconciliations or other charges continue to accrue or that

5  amounts presently estimated become liquidated and/or Seaport Village Operating Company

6  suffers other pecuniary losses with respect to the Lease, Seaport Village Operating Company

7  hereby reserves its right to amend its cure amount to reflect such additional amounts. These

8  amounts constitute a required element of adequate assurance of future performance under

9  the Lease, and also must be paid as a condition of assumption of the Lease.  See, 11 U.S.C.

10  §§ 365(b)(3) and 365(f).

11      WHEREFORE, Seaport Village Operating Company  requests that the Debtors'

12  assumption and cure amount be denied relating to Store No. BD323 in the Schedule of

13  Assumed Contracts and Leases on Plan Exhibit 1-3(a)/Disclosure Statement Exhibit C-3(a),

14  and in the event of assumption of the Lease (1) that the Debtors be required to cure all

15  outstanding defaults, that the cure amounts be established in the amount of $20,983.38, plus

16  any additional post-petition Lease obligations and other pecuniary losses suffered by Seaport

17  Village Operating  including, but not limited to, reasonable attorneys' fees incurred to date

18  and incurred from the date hereof and (2) granting such other and further relief as the Court

19  deems just and proper.

20

21                              SPARBER ANNEN MORRIS & GABRIEL, APLC

22

23  Dated:  April 8, 2010              By: /s/ Todd R. Gabriel
                                         Richard J. Annen, Esq.
24                                       Todd R. Gabriel, Esq.
                                         Attorneys for Creditor Seaport Village Operating
25                                       Company, LLC

26

27

28

                                      3

| In re: : THE WALKING COMPANY | CHAPTER | 11 |
|---|---|---|
| Debtor(s). | CASE NUMBER | 09-15138-RR |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
701 B Street, Suite 1400, San Diego, CA 92101-8164

A true and correct copy of the foregoing document described **(1) LIMITED OBJECTION OF SEAPORT VILLAGE OPERATING COMPANY, LLC, TO CONFIRMATION OF DEBTOR'S SECOND AMENDED JOINT CHAPTER 11 PLAN DATED MARCH 9, 2010; (2) DECLARATION OF TERRY HALL IN SUPPORT OF LIMITED OBJECTION OF SEAPORT VILLAGE OPERATING COMPANY, LLC, TO CONFIRMATION OF DEBTOR'S SECOND AMENDED JOINT CHAPTER 11 PLAN DATED MARCH 9, 2010; and (3) DECLARATION OF TODD R. GABRIEL IN SUPPORT OF LIMITED OBJECTION OF SEAPORT VILLAGE OPERATING COMPANY, LLC, TO CONFIRMATION OF DEBTOR'S SECOND AMENDED JOINT CHAPTER 11 PLAN DATED MARCH 9, 2010;** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On April 8, 2010, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

Andy Kong                        kong.andy@arentfox.com
Mette H. Kurth                   kruth.mette@arentfox.com
Moriah D. Flahaut                flahaut.douglas@arentfox.com
Denise Diaz                      denise.diaz@rmsna.com
Brian D. Fittipaldi              brian.fittipaldi@usdoj.com
Hamid R. Rafatjoo                hrafatjoo@pszjlaw.com
Shirley Cho                      scho@pszjlaw.com
United States Trustee (ND)       ustpregion16.nd.ecf@usdoj.gov

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL(indicate method for each person or entity served):**
On April 8, 2010, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

<u>Via Overnight Express</u>                          <u>Via U.S. Mail</u>
Hon. Robin L. Riblet                                 The Walking Company
U.S. Bankruptcy Court, Central District of California   121 Gray Avenue
1415 State Street                                    Santa Barbara, CA 93101
Santa Barbara, CA 93101

☐ Service information continued on attached page

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**#251088 v1 - Big Dogs POS**

| In re:  :    THE WALKING COMPANY | CHAPTER | 11 |
|---|---|---|
| Debtor(s). | CASE NUMBER | 09-15138-RR |

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____ I    served    the    following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| April 8, 2010 | Maria Annen | /s/ Maria Annen |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                           **F 9013-3.1**

#251088 v1 - Big Dogs POS