1  Mette H. Kurth (SBN 187100)
   Andy S. Kong (SBN 243933)
2  M. Douglas Flahaut (SBN 245558)
   **ARENT FOX LLP**
3  555 West Fifth Street, 48th Floor
   Los Angeles, CA  90013-1065
4  Telephone:   213.629.7400
   Facsimile:    213.629.7401
5  E-mail:       kurth.mette@arentfox.com
                 kong.andy@arentfox.com
6                flahaut.douglas@arentfox.com

7  Attorneys for Debtors and Debtors in Possession

8  Debtors' Mailing Address
   121 Gray Avenue
9  Santa Barbara, CA 93101

10

11

12

13

14

<div style="border:1px solid;display:inline-block;">
FILED & ENTERED

APR 26 2010

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY rust        DEPUTY CLERK
</div>

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SANTA BARBARA DIVISION

| | |
|---|---|
| In re:<br><br>**THE WALKING COMPANY**, a Delaware corporation, d/b/a Alan's Shoes, Footworks, Overland Trading Co., Sole Outdoors, and Martini Shoes; f/k/a TWC Acquisition Corporation; **BIG DOG USA, INC.,** a California corporation, d/b/a Big Dog Sportswear; f/k/a Fortune Dogs, Inc.; and **THE WALKING COMPANY HOLDINGS, INC.,** a Delaware corporation, f/k/a Big Dog Holdings, Inc. and 190th Shelf Corporation,<br><br>                   Debtors.<br><br>[X]  Affects all Debtors<br><br>[ ]  Applies only to The Walking Company<br><br>[ ]  Applies only to Big Dog USA, Inc.<br><br>[ ]  Applies only to The Walking Company Holdings, Inc. | Case No.: 9:09-bk-15138-RR<br><br>[Jointly Administered with Case Nos.: 9:09-bk-15137-RR; 9:09-bk-15139-RR]<br><br>[Chapter 11]<br><br>**ORDER CONFIRMING DEBTORS' SECOND AMENDED JOINT CHAPTER 11 PLAN (DATED MARCH 9, 2010) AS MODIFIED**<br><br>               **Confirmation Hearing**<br><br>DATE:    April 23, 2010<br>TIME:    1:00 p.m.<br>PLACE:   1415 State Street<br>              Santa Barbara, CA 93101 |

**IN THIS DISTRICT, AT SANTA BARBARA, CALIFORNIA, ON THE DATE INDICATED BELOW:**

On April 23, 2010, this Court held a hearing regarding confirmation of the *Debtors' Second Amended Joint Chapter 11 Plan (Dated March 9, 2010)* [Doc. No. 326] (as modified or amended, and including all exhibits thereto, the "Plan"), which was jointly filed by The Walking Company Holdings, Inc. ("Holdings"), The Walking Company ("TWC"), and Big Dog USA, Inc. ("Big Dog") (collectively, the "Debtors"). The record of the hearing reflects all appearances that were made by counsel or parties in interest.

The Court has reviewed and considered:

1.     The Debtors' Original Joint Chapter 11 Plan (Dated February 1, 2010) [Docket No. 223] and the Disclosure Statement for Debtors' Original Joint Chapter 11 Plan (Dated February 1, 2010) [Docket No. 224];

2.     The Debtors' First Amended Joint Chapter 11 Plan (Dated March 8, 2010) [Docket No. 296] and the First Amended Disclosure Statement for Debtors' First Amended Joint Chapter 11 Plan (Dated March 9, 2010) [Docket No. 297];

3.     The Plan and the Disclosure Statement;

4.     The BNC Certificate of Service re: Order (1) Approving Debtors' Disclosure Statement; (2) Approving the Form of Certain Solicitation and Notice Materials; (3) Approving Solicitation, Voting, Balloting and Notice Procedures; and (4) Setting Confirmation Hearing and Certain Deadlines in Connection with the Debtors' Joint Plan of Reorganization [Docket No. 327] filed with the Court on March 24, 2010;

5.     The Declaration of Service of Michael J. Paque re: Solicitation Materials [Doc. No. 339] filed with the Court on March 25, 2010;

6.     The Proof of Service of Adriane Lark Madkin re: Order (1) Approving Debtors' Disclosure Statement; (2) Approving the Form of Certain Solicitation and Notice Materials; (3) Approving Solicitation, Voting, Balloting and Notice Procedures; and (4)

Setting Confirmation Hearing and Certain Deadlines in Connection with the Debtors' Joint Plan of Reorganization [with Solicitation Letter] [Docket No. 327];

7.      The Proof of Publication of Notice of Confirmation Hearing in the Los Angeles Daily Journal [Docket No. 355];

8.      The Memorandum of Points and Authorities in Support of the Confirmation of Debtors' Second Amended Joint Chapter 11 Plan (Dated March 9, 2010) [Docket No. 356] (the "Confirmation Memorandum") and the Declarations of Anthony J. Wall and Brian Allen in support of the Plan [Docket Nos. 357 and 358];

9.      Wells Fargo Retail Finance LLC's Statement in Support of Debtors' First Amended Joint Chapter 11 Plan (Dated March 8, 2010) [Docket No. 354]

10.     The limited objections to Plan confirmation filed by Seaport Village Operating Company [Docket No. 373], Freeland Realty and Dirk Freeland [Docket No. 376], and the Travis County Tax Assessor-Collector [Docket No. 381], as well as the limited objection to Plan confirmation filed by  Wells Fargo Merchant Services LLC [Docket No. 369] and the subsequent notice of withdrawal of such objection [Docket No. 382] (collectively, the "Objections").

11.     The Debtors' Omnibus Reply to Limited Objections to Confirmation of Chapter 11 Plan and Notice of Non-Material Plan Modifications [Docket No. 397] filed on April 16, 2010 (the "Reply").

12.     The Certification of Michael J. Paque with Respect to the Tabulation of Votes on the Second Amended Joint Chapter 11 Plan (Dated March 9, 2010) [Docket no. 408];

13.     All other pleadings and evidence that were submitted by the Debtors before or at the Plan confirmation hearing;

14.     The record in these cases; and

15.     The arguments and representations of counsel at the Plan confirmation hearing.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

A.      Based on its review and consideration of the pleadings and arguments listed above, the Court makes the following findings of fact and conclusions of law.  This Order constitutes the Court's findings of fact and conclusions of law under Bankruptcy Rules 7052 and 9014.  Any finding of fact constitutes a finding of fact even if it is stated as a conclusion of law, and any conclusion of law constitutes a conclusion of law even if it is stated as a finding of fact.

B.      This matter is a core proceeding over which the Court has jurisdiction under 28 U.S.C. §§ 157(b) and 1334(a).  This proceeding's venue is proper under 28 U.S.C. §§ 1408 and 1409.

C.      The Debtors provided notice of the Plan confirmation hearing and of the time fixed for filing objections to Plan confirmation to all entities entitled to receive that notice, including all of the Debtors' known creditors and shareholders.  That notice fully and adequately described the requested relief; was reasonable and appropriate; and complied in all regards with due process.  That notice also complied with the applicable provisions of: (a) the Bankruptcy Code; (b) The Federal Rules of Bankruptcy Procedure, including Bankruptcy Rules 2002, 3017, 3018, and 3019; (c) the Local Bankruptcy Rules of the United States Bankruptcy Court for the Central District of California; and (d) all relevant Orders of the Court, including this Court's *Order (1) Approving Debtors' Disclosure Statement; (2) Approving the Form of Certain Solicitation and Notice Materials; (3) Approving Solicitation, Voting, Balloting and Notice Procedures; and (4) Setting Confirmation Hearing and Certain Deadlines in Connection with the Debtors' Joint Plan of Reorganization* [Doc. No. 327] (the "Solicitation Procedures Order").

D.      The Debtors conducted their solicitation of acceptances or rejections of the Plan and the related distribution and tabulation of ballots with respect to that solicitation in good faith.  In addition, the solicitation, distribution, and tabulation complied with the Solicitation Procedures Order; all applicable provisions of the Bankruptcy Rules

(including Bankruptcy Rules 3017 and 3018); all applicable provisions of the Bankruptcy Code (including sections 1125 and 1126); and all other applicable laws, rules, and regulations.    Among other things, the Debtors transmitted the Plan and Disclosure Statement to all known Persons[1] who hold Claims and Interests that are impaired under the Plan and who are therefore entitled to vote on the Plan.

E.    As enumerated below, the Plan satisfies all of the requirements of Bankruptcy Code 1129(a).

1.    **11 U.S.C. § 1129(a)(1):** The Plan complies with all of the applicable provisions of the Bankruptcy Code, including sections 1122 and 1123.

2.    **11 U.S.C. § 1129(a)(2):** The Debtors, as the proponents of the Plan, have complied with all of the Bankruptcy Code's applicable provisions.

3.    **11 U.S.C. § 1129(a)(3):** The Debtors have proposed the Plan in good faith and not by any means forbidden by law.

4.    **11 U.S.C. § 1129(a)(4):** Section II.B.1. of the Plan provides that the Reorganized Debtors will not pay any Non-Ordinary-Course Administrative Claims or Professional-Fee Claims unless and until the Court allows these Claims. This provision satisfies the Bankruptcy Code's requirement that payments for services or for costs and expenses in or in connection with a case, or in connection with a plan and incident to a case, must be approved by, or subject to the approval of, the Court as reasonable.

5.    **11 U.S.C. § 1129(a)(5):** Section II.D.4 of the Plan discloses the identity and qualifications of the Reorganized Debtors' proposed officers and directors.    Moreover, the compensation for all of the proposed officers of the Reorganized Debtors is fully disclosed in Section III.H.6.b of the Disclosure Statement.    The appointment of these officers and directors is in the best interests of creditors and shareholders and is consistent with public policy.

---

[1]    Capitalized terms not specifically defined herein are defined in the Plan incorporated as Exhibit 1 to this Order.

6.    **11 U.S.C. § 1129(a)(6):**    The requirements of Bankruptcy Code section 1129(a)(6) are not applicable to the Plan.

7.    **11 U.S.C. § 1129(a)(7):**    Each Person who holds a Claim or Interest in a Class that is impaired under the Plan either: (a) has accepted the Plan; or (b) will receive or retain under the Plan property of a value, as of the Effective Date, that is not less than that Person wou ld receive or retain if the Debtors were liquidated under chapter 7 of the Bankruptcy Code.  The requirements of section 1129(a)(7) are satisfied with respect to Classes 1, 3, 4, 5, 6, 7, 8, 9, 11, 12, and 13 because they are not impaired under the Plan.  Likewise, the requirements of section 1129(a)(7) are satisfied with respect to Classes 2 and 10 because the creditors in each of those classes accepted the Plan.  With respect to impaired creditors that have dissented, the requirements of section 1129(a)(7) also are satisfied because the distributions provided to dissenting impaired creditors are equal to or greater than the distributions that these entities would receive if the Debtors were liquidated in chapter 7.

8.    **11 U.S.C. § 1129(a)(8):**    Classes 1, 3, 4, 5, 6, 7, 8, 9, 11, 12, and 13 are not impaired under the Plan and therefore are deemed to have accepted the Plan under Bankruptcy Code section 1126(f).  Classes 2 and 10 are impaired under the Plan, and with respect to each of these impaired Classes, the Plan was accepted by at least two-thirds in amount and more than one-half in number of the Allowed Claims in these Classes that are held by non-insider creditors who timely submitted ballots on the Plan.

9.    **11 U.S.C. § 1129(a)(9):**    The treatment of Administrative Claims, Priority Claims, and Priority Tax Claims under the Plan satisfies the requirements of Bankruptcy Code section 1129(a)(9).  *First*, Section II.B.1 of the Plan provides, unless agreed otherwise, that Allowed Administrative Claims will be paid in cash, in the full amount, without interest, on or before the later of: (a) as soon as reasonably practicable on or after the Effective Date; (b) 30 days after the date on

which the Administrative Claim becomes an Allowed Administrative Claim; or (c) the date on which the Allowed Administrative Claim becomes due and payable. *Second*, Section II.C.3 of the Plan provides, unless agreed otherwise, that allowed Priority Claims, other than Priority Tax Claims, will be paid in cash equal to the allowed amount of the claims plus postpetition interest, on or before the later of (a) as soon as reasonably practicable on or after the Effective Date; (b) 30 days after the date on which the Priority Claim becomes an Allowed Priority Claim; or (c) the date on which the Allowed Priority Claim becomes due and payable. *Third*, Section II.B.2 of the Plan provides, unless agreed otherwise, that holders of Allowed Priority Tax Claims will be paid, over a period not exceeding five years from the date on which the underlying tax was assessed, deferred cash payments in the aggregate amount equal to the amount of the Allowed Priority Tax Claim, plus simple interest at the statutory rate from the Effective Date on the unpaid balance of the Allowed Priority Tax Claim. *Fourth*, section II.C.1.c of the Plan provides, unless agreed otherwise, that holders of Allowed Class 3 Claims (Other Secured Creditors) shall receive one of the following treatments as soon as practicable after the Effective Date: (a) The Reorganized Debtors will cure any default, other than those defaults enumerated in Bankruptcy Code Section 365(b)(2), with respect to that Person's Allowed Class 3 Claim, without recognizing any default interest rate or similar penalty or charge, after which no default will exist; reinstate the maturity date of that Person's Allowed Class 3 Claim to the maturity date that existed before any default, without recognizing any default interest rate or similar penalty or charge; compensate that Person for any actual damages incurred due to that Person's reasonable reliance on any provision that entitled that Person to accelerate its Allowed Class 3 Claim's maturity; and leave unaltered all of that Person's other legal, equitable, or contractual rights with respect to its Allowed Class 3 Claim; (b) The Disbursing Agent will convey to the Person holding the Claim the collateral in which that Person has a security interest; or (c) The Disbursing Agent will pay to

the Person holding the Claim cash in the amount of that Person's Allowed Class 3 Claim

10.    **11 U.S.C. § 1129(a)(10):**  Each of the impaired classes that is entitled to vote on the Plan has accepted the Plan.  Further, there is more than one impaired, accepting, non-insider class.   The Plan therefore satisfies the requirements of section 1129(a)(10).

11.    **11 U.S.C. § 1129(a)(11):**   Plan confirmation is not likely to be followed by either the liquidation or the further financial reorganization of the Reorganized Debtors or any successor to the Reorganized Debtors.

12.    **11 U.S.C. § 1129(a)(12):**   Section II.B.1 of the Plan provides for payment in full of Allowed Administrative Claims.  Administrative Claims under the Plan include fees or charges assessed against the Debtors' estates under 28 U.S.C. § 1930.  The treatment of Administrative Claims under the Plan therefore satisfies the requirement of Bankruptcy Code section 1129(a)(12).

13.    **11 U.S.C. §1129(a)(13):**   The requirements of Bankruptcy Code section 1129(a)(13) are not applicable to the Plan.

14.    **11 U.S.C. §1129(a)(14):**   The requirements of Bankruptcy Code section 1129(a)(14) are not applicable to the Plan.

15.    **11 U.S.C. §1129(a)(15):**   The requirements of Bankruptcy Code section 1129(a)(15) are not applicable to the Plan.

16.    **11 U.S.C. §1129(a)(16):**   The requirements of Bankruptcy Code section 1129(a)(16) are not applicable to the Plan.

F.    All settlements, compromises, and releases provided for in the Plan were negotiated at arm's length and in good faith and are fair, equitable, reasonable, and in the best interests of the Debtors, the Debtors' Estates, all creditors and shareholders, and the Reorganized Debtors.

G.    Under Section III.A.1 of the Plan, the Debtors have elected to assume

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

(through the Reorganized Debtors) each of the contracts and leases identified on the Schedule of Assumed Agreements that was filed as Exhibit 1 to the Plan [Docket No. 380] (as revised, the "Assumed Agreements").    The Debtors have, within the meaning of Bankruptcy Code section 365(b)(1)(C), established adequate assurance of future performance of the Assumed Agreements.    Debtors have provided for a prompt cure of existing defaults under Assumed Agreements through the following means: (1) payment of the undisputed Cure Amounts for each of the Assumed Agreements pursuant to Paragraph 12 of this Order; (2) the creation of a Cure Reserve pursuant to Paragraph 13; and (3) the mechanism for resolving cure disputes set forth in Paragraph 14.

H.    Pursuant to Section III.A.2 of the Plan, the Debtors have elected to reject each of their remaining executory contracts and unexpired leases (as revised, the "Rejected Agreements") that are not assumed under Section III.A.1. of the Plan, including those agreements identified on the Schedule of Rejected Agreements filed as Exhibit 2 to the Plan.  Nothing in this Order is a waiver of any defenses, claims, or counterclaims that the Debtors may have against any party to the Rejected Agreements.

I.    The Debtors' modifications to the Plan set forth in the Confirmation Memorandum and the Reply, comply in all respects with Bankruptcy Code section 1127(a) as well as all other applicable provisions of the Bankruptcy Code, and under Bankruptcy Rule 3019, the Modifications are deemed accepted by all creditors and shareholders who previously voted to accept the Plan.

J.    If the applicable parties under the Plan have not agreed on the amount of the Unsecured Claims Reserve prior to the Effective Date, then this Court shall hold a further hearing to determine the amount to be reserved to provide adequate assurance that all Allowed General Unsecured Claims will receive payment in full as contemplated under the Plan and such findings and Order as may be entered shall be incorporated into this Order as though fully set forth herein.

**ORDER**

**NOW, THEREFORE, IT HEREBY IS ORDERED THAT:**

1.      The Plan [Docket No. 326] is incorporated into this Order by reference as if it had been attached as an Exhibit hereto, and such Plan and is hereby CONFIRMED, as modified by this Order.  Any objections to the Plan that have not been consensually resolved or otherwise provided for herein are hereby overruled, and in the event of any inconsistency between modifications or amendments to the Plan [including but not limited to Docket Nos. 379, 380, and 397] and the provisions of this Order, the provisions of this Order are controlling.

2.      The provisions of the Confirmed Plan and this Order will bind the Debtors, the Reorganized Debtors, and all creditors and shareholders of the Debtors, whether or not the Claims or Interests of these entities are impaired under the Plan, whether or not these entities have voted to accept or reject the Plan, and whether or not these entities have filed proofs of Claim or Interest or are deemed to have filed proofs of Claim or Interest in the Reorganization Cases.

3.      The Reorganized Debtors will execute and deliver any and all documents or instruments and take any and all actions necessary or desirable to implement the Plan, this Order, the Exit Financing Facility , the issuance of stock, and any other transactions contemplated under those documents.  To effectuate these transactions and the Plan, the officers of the Debtors and  the Reorganized Debtors are authorized—without further notice or application to or order of this Court—to execute, deliver, file, or record any documents and to take any other actions that those officers may determine to be necessary or desirable, regardless of whether such actions or documents are specifically referred to in the Plan or this Order.  To the extent that, under applicable nonbankruptcy law, any of these actions otherwise would require the consent or approval of the shareholders of the Debtors or of the directors or officers of the Debtors, this Order constitutes that consent and approval.

4.      The Exit Financing is approved as fair, equitable, reasonable, necessary and in the best interests of the Debtors, the Debtors' Estates, and the Reorganized Debtors. On the Effective Date, the Debtors are expressly authorized to enter into the Exit Financing consistent with any applicable corporate resolutions, execute and deliver the Second Amended and Restated Loan and Security Agreement by and among the Debtors and WFRF and all agreements, instruments and documents related thereto or contemplated thereunder (collectively, the "Exit Financing Documents") and grant (or confirm the grant of) liens on all or substantially all of their assets to secure their obligations to WFRF under the Exit Financing Documents. The liens granted under and to secure the Exit Financing will thereupon be valid, enforceable, and perfected in accordance with the Exit Financing Documents.

5.      For the avoidance of ambiguity, any rights or remedies that may be provided to WFRF pursuant to the Exit Financing Facility following the occurrence of an Event of Default thereunder, such as permitting WFRF, among other things, to enter, occupy, or use any of the Debtors' premises or to remove, possess, or dispose of the Debtors' property, shall be subject in all respects to any rights the affected landlords would have under otherwise applicable non-bankruptcy law in the absence of this Order, none of which landlord rights shall be in any way be expanded, abrogated or negated by this Order. Nothing in this Order shall constitute approval or endorsement of any of the rights and remedies granted to WFRF under the Exit Financing Documents following the occurrence of an Event of Default thereunder with respect to the Debtors' leased locations, including, among other things, the entry into, use, occupancy or use of Debtors' leased premises for purposes of removal or disposition of the Debtors' property, with the respective rights and remedies of WFRF and any affected landlords to be governed by applicable state law or any existing or subsequent agreement between them.

6.      The Investor Commitment Letter attached to the Plan as Exhibit 4 is approved as fair, equitable, reasonable, necessary and in the best interests of the Debtors, the Debtors' Estates, and the Reorganized Debtors. On the Effective Date, the Debtors

are expressly authorized to issue New Preferred Stock to the Investors in accordance with the terms of the Investment Agreement and to enter into the Investment Agreement as contemplated under the Plan and the Investor Commitment Letter.

7.      The Certificates of Incorporation and Bylaws attached as Exhibit 3 to the Plan [Docket No. 379] are approved as fair, equitable, reasonable, necessary and in the best interests of the Debtors, the Debtors' Estates, and the Reorganized Debtors.

8.      Before the Effective Date, non-material modifications or amendments to the Certificates of Incorporation, Bylaws, Exit Financing Documents, or Investor Agreement may be made without further notice or Court approval.

9.      Notwithstanding anything to the contrary in either the Plan or any documents implementing the Plan, including without limitation, any and all documents relating to the Exit Financing Facility, on the Effective Date, the Debtors will establish a segregated Unsecured Claims Reserve Account in an amount of to be agreed upon as set forth in Section IV.D.4 of the Plan, the purpose of which Unsecured Claims Reserve is to provide adequate assurance that all Allowed General Unsecured Claims will receive payment in full as contemplated under the Plan. The Cash transferred to the Unsecured Claims Reserve will be free and clear of any and all liens asserted by WFRF and shall be disregarded for purposes of determining availability under the Exit Financing, including, but not limited to, whether the Debtors are able to satisfy the conditions to the WFRF Commitment Letter regarding minimum availability as of the Effective Date. The cash transferred to the Unsecured Claims Reserve pursuant to the Plan will be held in trust for the beneficiaries thereof under the Plan and shall not be subject to any liens, claims, encumbrances, set-offs, and/or recoupment of any third party, whether such liens, claims, encumbrances, set-offs, and/or recoupment exist as of the Effective Date or arise thereafter except as to any amounts that may be released from the Unsecured Claims Reserve Account to the Concentration Account as defined under the Exit Financing

Facility as Provided in paragraph 10 below; provided, however, that nothing in this Order, including in this paragraph 9, is intended to limit the rights of the Reorganized Debtor to assert any claims for set off, recoupment, or offset, on account of any Claim as set forth in Section IV.D.7 of the Plan.

10.    The Unsecured Claims Reserve is not, and will not be deemed to be, part of the Reorganized Debtors' funds and shall not be subject to the claims either of creditors existing as of the Effective Date or the claims of persons or entities that become creditors of the Reorganized Debtors after the Effective Date, and disbursements may only be made from the Unsecured Claims Reserve Account to pay Allowed Claims in accordance with the Plan; *provided, however*, that funds may be released from the Unsecured Claims Reserve Account to the Reorganized Debtors in a manner to be agreed upon in writing by the Debtors and the Committee prior to the Effective Date, which agreement shall be filed and incorporated into this Order as though fully set forth herein when filed, or if no such agreement can be reached, then in a manner to be determined by the Bankruptcy Court. To the extent that any funds are released from the Unsecured Claims Reserve Account to the Reorganized Debtors, all of such funds shall be deposited in the Concentration Account (as such term is defined in the Exit Financing Documents) maintained at Wells Fargo Bank, NA for application against the Debtors' obligations in respect to the Exit Financing.

11.    As of the Effective Date, each of the Assumed Agreements will be deemed assumed by the Reorganized Debtors and will be in full force and effect, except to the extent that they have been consensually modified by the parties to the agreements. The Schedule of Assumed Agreements also identifies any amounts that the Debtors believe Bankruptcy Code Sections 365(b)(1)(A) or (B) require that the Reorganized Debtors pay to cure defaults under the executory contracts and unexpired leases to be assumed under the Plan. Any Person who is a party to an executory contract or unexpired lease that will be assumed under the Plan and who did not timely File a written statement and supporting declaration stating the basis for an objection to the assumption or proposed cure payment

specified on the Schedules of Assumed Agreements is deemed to waive any and all objections to both the proposed assumption and the proposed cure amount.

12.    The Debtors must satisfy any and all monetary defaults under each Assumed Agreement in one of the following two ways:  (a) subject to the provisions of Paragraph 13 and 14 with respect to disputed Cure Amounts, the Disbursing Agent will pay the cure amount to the non-debtor party to the Assumed Agreement in cash as soon as reasonably practicable on or after the Effective Date; or (b) the Disbursing Agent will satisfy any other terms that are agreed to by both the Debtors and the non-debtor party to the Assumed Agreement.  Notwithstanding any other provision of the Plan or this Order, or any order establishing a Cure Amount, any accrued but unbilled charges due under an Assumed Agreement prior to or after confirmation of the Plan for charges including, but not limited to, common area maintenance, insurance, and tax reconciliations or year-end adjustments shall be billed to and paid by (or, in the case of a credit balance, shall be given to) the Reorganized Debtors in compliance with the terms of each Assumed Agreement.

13.    To the extent a timely-filed objection contends that the cure amount should be different than the Debtors' proposed cure amount in the Schedules of Assumed Agreements, the Debtors will pay the undisputed portion of such cure amount as set forth in Paragraph 11, above.  On or before the Effective Date, the Debtors will transfer to a segregated Cure Reserve on account of any disputed cure amounts $142,466 to provide adequate assurance that all cure amounts will be paid in full as contemplated under the Plan, which Cash shall be free and clear of any and all liens asserted by WFRF and shall be disregarded for purposes of determining availability under the Exit Financing, including, but not limited to, whether the Debtors are able to satisfy the conditions to the Wells Fargo commitment regarding minimum availability.

14.    A status conference will be held before this Court on June 3, 2010, at l:00 p.m. with respect to any outstanding cure objection.  If, by the time of the status conference, the objection has not been resolved to the parties' satisfaction, the Court may

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 14 -

then, at the status conference, set a briefing schedule and a further evidentiary or other hearing to resolve the objections on their merits. If a dispute arises regarding: (a) the amount of any proposed cure payments; (b) whether the Debtors have provided adequate assurance of future performance under an executory contract or unexpired lease to be assumed; or (c) any other matter pertaining to a proposed assumption, the proposed cure payments will be made within 30 days after entry of a Final Order resolving the dispute and approving the assumption or a Final Order consensually resolving such dispute.

15.    Unless previously assumed or rejected by Order of this Court, as of the Effective Date, pursuant to Section III.A.2 of the Plan, each of the Rejected Agreements will be deemed rejected by the Debtors.  The Reorganized Debtors will have no liabilities or obligations with respect to the Rejected Agreements, and the Debtors will be relieved of any further obligations that they may have under the Rejected Agreements, except to the extent that the counterparties to such Rejected Agreements may have timely Filed Claims which Claims are determined by this Court to be Allowed Clams against one or more of the Debtors.  The deadlines, procedures, and sanctions set forth in Section III.A.2. of the Plan regarding the assertion of Claims for damages arising from this rejection are approved and established.  Nothing in this Order is a waiver of any defenses, claims, or counterclaims that the Debtors may have against Persons who are parties to Rejected Agreements.

16.    The Reorganized Debtors will have no liabilities or obligations with respect to leases or contracts that expired pursuant to their terms prior to the Plan's Effective Date (the "Terminated Agreements"), and which Terminated Agreements were neither assumed nor rejected pursuant to the Confirmed Plan, as set forth in the Omnibus Reply to Confirmation Objections and Notice of Non-Material Plan Modifications dated April 16, 2010 [Docket No. 397], and the Debtors will be relieved of any further obligations that they may have under the Terminated Agreements, except (A) as otherwise agreed to pursuant to written agreement between the parties, or (B) to the extent that the

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

counterparties to such Terminated Agreements may have timely Filed Claims which Claims are Allowed Clams against one or more of the Debtors. The deadlines, procedures, and sanctions set forth in the Order Granting Motion of Debtors for Entry of an Order (A) Establishing Bar Date for Filing (I) Proofs of Claim or Interests and (II) Request for Allowance of Section 503(B)(9) Administrative Expense; (B) Approving Form and Manner of Notice of Bar Dates; and (C) Granting Related Relief [No Hearing Required] [Docket No. 237] are approved and established. Nothing in this Order is a waiver of any defenses, claims, or counterclaims that the Debtors may have against Persons who are parties to Terminated Agreements, and notwithstanding the foregoing, nothing herein shall in any way affect the claims of any counterparties to such leases or contracts, or the rights of any party in interest to object to such claims, and all parties reserve their rights with respect to such claims.

17.    On the Effective Date, all existing interest holders in Classes 11 (Holdings Common Stock), 12 (TWC's Common Stock), and 13 (Big Dog Common Stock) will be reinstated.

18.    Except as otherwise provided in the Plan or in any agreements contemplated under the Plan, (including, but not limited to, the grant of liens to secure the Debtors' obligations under the Exit Financing Documents), on the Effective Date all Estate property will vest in the Reorganized Debtors free and clear of all Claims, liens, encumbrances, or Interests. The Reorganized Debtors may, in their sole discretion, use or abandon those assets.

19.    Notwithstanding anything to the contrary herein and/or in the Plan, and regardless of the filing or non-filing of a claim against the Estates by Margaritaville Enterprises, LLC and/or its affiliates (collectively, "Margaritaville"): (a) neither the Reorganization Case nor anything herein nor anything in the Plan (including, without limitation, Article VI of the Plan) shall affect in any way (i) the litigation identified as "Margaritaville Enterprises (IP Litigation)" and described in section II(I)(8)(a) of the [Disclosure Statement] (the "Margaritaville Administrative Action"), (ii) the rights of

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 16 -

Margaritaville, on the one hand, and the rights of the Debtors, on the other hand, with respect to the Margaritaville Administrative Action  (the "Margaritaville Administrative Action Rights"), including, without limitation, any factual or legal contentions, affirmative defenses, laches, counterclaims, or other rights that the Debtors or Margaritaville, respectively, may assert in connection with the Margaritaville Administrative Action; and/or (iii) the rights of Margaritaville and/or the Debtors with respect to the disputed marks, rights, property and matters that are the subject of the Margaritaville Administrative Action; (b)  notwithstanding anything to the contrary in the Plan, the disputed marks, rights, and other property that are the subject of the Margaritaville Administrative Action shall revest in the Debtors subject to, and shall not be free and clear of, the disputed interests or claims that Margaritaville asserts  against such property  pursuant to the Margaritaville Administrative Action; (c) the Margaritaville Administrative Action Rights shall not be discharged in accordance with section 1141 of the Bankruptcy Code or otherwise; and (d) on and after the Effective Date, no stay or injunction (whether under section 362 of the Bankruptcy Code or otherwise) shall apply to the Margaritaville  Administrative Action  and/or the Margaritaville Administrative Action Rights, the prosecution of which may proceed without respect to the pendency of the Reorganization Case.

20.    As permitted by Bankruptcy Code section 1123(b)(3), except as expressly released under the Plan as set forth in Sections IV.A and IV.B, the Reorganized Debtors will be revested with, and may enforce, any claims and rights that the Debtors or the Estates may hold or have against any Person.  These claims and rights include, without limitation: (a) Any claims or rights under Bankruptcy Code sections 544 through 550, any similar state-law provisions, or any similar statute or legal theory except as otherwise provided in Sections IV.A and IV.B; (b)  Any rights of equitable subordination or disallowance; (c)  Any derivative claims that may be brought by or on behalf of the Debtors or the Estates; (d) Any other claims or rights of any kind that either the Debtors or the Estates may have or hold under any applicable law; and (e) Any rights to object to,

settle, compromise, or resolve Claims or Interests.  The Reorganized Debtors will retain any related recoveries free and clear of all Claims and Interests and may pursue its revested claims and rights in accordance with its best interests.

21.    Notwithstanding Section IV.F of the Plan, the Creditors' Committee will continue after the Effective Date for the purpose of: (a) monitoring the funding of and distributions from the Cure Reserve and the Unsecured Claims Reserve; and (b) for assessing whether the Unsecured Claims Reserve established by the Reorganized Debtors is sufficient to provide adequate assurance of payment for the beneficiary of such reserve account.   The Creditors' Committee will be automatically dissolved on the 35th day following the Effective Date unless, prior to such date, either: (a) the Reorganized Debtors and the Creditors Committee file a joint notice of continuance of such termination date; or (b) the Creditors' Committee files a motion seeking an extension of such termination date, in which case the Creditors' Committee will continue in existence until such motion is heard and determined by the Court.

22.    Pursuant to the Bankruptcy Code, including Bankruptcy Code section 365(e)(1), any right or interest of the Debtors under any agreement, and any interest of the Debtors in property, may not be terminated or modified as a result of any provision in any agreement or instrument that is conditioned upon the Debtors commencement of the Reorganization Case, exercise of rights under the Bankruptcy Code, or financial condition before the closing of the cases.

23.    Commencing on the Effective Date, the Reorganized Debtors may operate their business and use, acquire, or dispose of property or settle or compromise Claims or Interests without Court supervision and free of any restrictions imposed by the Bankruptcy Code or Bankruptcy Rules, other than those restrictions that the Plan or Confirmation Order expressly imposes on the Reorganized Debtors.

24.    Subject to the limitations and conditions imposed under Bankruptcy Code section 1125(e), Persons who "in good faith and in compliance with applicable

Bankruptcy Code provisions" either solicit Plan acceptances or rejections or participate in the offer, issuance, sale, or purchase of securities under the Plan will not be liable on account of their solicitation or participation for violation of any applicable law, rule, or regulation governing the solicitation of Plan acceptances or rejections or the offer, issuance, sale, or purchase of securities.

25.    Neither the Debtors, the Debtors' Estates, the Reorganized Debtors, WFRF, the Creditors' Committee, or any member of the Creditors' Committee nor any of their employees, officers, directors, agents, members, representatives, or professionals will have or incur any liability to any Person for any act taken or omission made in good faith and in compliance with the applicable provisions of the Bankruptcy Code under, in connection with, or related to formulating, implementing, confirming, or consummating the Plan, the Disclosure Statement, or any contract, instrument, release, or other agreement or document created under or in connection with the Plan.

26.    Any person, who wishes to assert a Non-Ordinary-Course Administrative Claim or a Professional-Fee Claim against an Estate must, on or before 60 days after the Effective Date, both file a motion requesting that the Reorganized Debtors pay the Non-Ordinary-Course Administrative Claim or Professional-Fee Claim and serve this motion on the Reorganized Debtors and its counsel.    Any entity that wishes to assert an Administrative Tax Claim against an Estate must, on or before the later of 60 days after the Effective Date or 120 days after the Debtor files its tax return for the underlying taxes, both file either a proof of Administrative Tax Claim or a motion requesting that the Reorganized Debtors pay the Administrative Tax Claim and serve the proof of claim or motion on the Reorganized Debtors and their counsel.    In addition, all of the deadlines, procedures, and sanctions set forth in Section II.B.1 of the Plan regarding the assertion of Administrative Claims are approved and established.

27.    The discharge and injunction provisions set forth in Sections VI.A and VI.B of the Plan are approved and established.    These provisions will be finally effective only upon entry of the final decree in these cases.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

28.     This Court will retain jurisdiction as provided in Section III.C of the Plan.

29.     The Reorganized Debtors will mail a notice of the entry of this Order and of the occurrence of the Effective Date to all creditors of record as of the date of entry of this Order and to all shareholders of record as of the Record Date.

30.     Either the Debtors or their attorneys of record in these cases must fully comply with all provisions of Local Bankruptcy Rule 3020-1.  In particular, either the Debtors or their attorneys of record must, within 120 days after entry of this Order, file with the Court a status report describing the Debtors' progress towards Plan consummation.  This initial status report must be served on the United States Trustee, the twenty largest unsecured creditors, the Creditors' Committee, and those parties who have requested special notice.    Additional status reports must be filed every six months thereafter and must be served on the same entities, unless otherwise ordered by the Court. Each report must include at least the following information: (a) a schedule listing for each debt and each class of claims: the total amount required to be paid under the Plan; the amount required to be paid as of the date of the report; the amount actually paid as of the date of the report; and the deficiency, if any, in required payments; (b) a schedule of any and all post-confirmation tax liabilities that have accrued or come due, and a detailed explanation of payments thereon; (c) the Debtors' projections as to its continuing ability to comply with the terms of the Plan; (d) an estimate of the date for Plan consummation and application for final decree; and (e) any other pertinent information needed to explain the progress toward completion of the confirmed Plan.

31.     A postconfirmation status conference will be held before this Court on July 29, 2010, at l0:00 a.m. to evaluate what progress has been made toward consummation of the confirmed Plan. No later than 7 days prior to such status conference, the Reorganized Debtors shall file a status report with the Court explaining what progress has been made toward consummation of the confirmed Plan.  The status report shall be served on the United States Trustee, the twenty largest unsecured creditors, and those parties who have requested special notice.

1    32.    Once the Plan is fully administered, either the Debtors or the Debtors'

2 attorneys of record in these cases must file an Application for final Decree and a proposed

3 final Decree closing these bankruptcy cases.

4 IT IS SO ORDERED

5 ###

6 ###

7 ###

8 ###

9 ###

10 ###

11 ###

12 ###

13 ###

14 ###

15 ###

16 ###

17

18

19

20

21

22

23

24

25 DATED: April 26, 2010

*Robin Riblet*

United States Bankruptcy Judge

26

27

28

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

| | |
|---|---|
| In re:  THE WALKING COMPANY, a Delaware corporation, d/b/a Alan's Shoes, Footworks, Overland Trading Co., Sole Outdoors, and Martini Shoes; f/k/a TWC Acquisition Corporation; BIG DOG USA, INC., a California corporation, d/b/a Big Dog Sportswear; f/k/a Fortune Dogs, Inc.; and THE WALKING COMPANY HOLDINGS, INC., a Delaware corporation, f/k/a Big Dog Holdings, Inc. and 190th Shelf Corporation,<br><br>                                                         Debtor(s). | CHAPTER: 11<br><br>CASE NUMBER: 9:09-bk-15138-RR<br><br>[Jointly Administered with Case Nos. 9:09-bk-15137-RR and 9:09-bk-15139-RR] |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: Arent Fox, LLP, 555 West Fifth Street, 48th Floor, Los Angeles, CA  90013-1065

A true and correct copy of the foregoing document described as **[PROPOSED]  ORDER CONFIRMING DEBTORS' SECOND AMENDED JOINT CHAPTER 11 PLAN (DATED MARCH 9, 2010) AS MODIFIED** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____ checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On **April 23, 2010** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| April 23, 2010 | SIMONA FILIP | /s/ Simona Filip |
|---|---|---|
| _Date_ | _Type Name_ | _Signature_ |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

_January 2009_                                                                                                                    **F 9021-1.1**

| | |
|---|---|
| In re:  THE WALKING COMPANY, a Delaware corporation, d/b/a Alan's Shoes, Footworks, Overland Trading Co., Sole Outdoors, and Martini Shoes; f/k/a TWC Acquisition Corporation; BIG DOG USA, INC., a California corporation, d/b/a Big Dog Sportswear; f/k/a Fortune Dogs, Inc.; and THE WALKING COMPANY HOLDINGS, INC., a Delaware corporation, f/k/a Big Dog Holdings, Inc. and 190th Shelf Corporation,<br><br>Debtor(s). | CHAPTER: 11<br><br>CASE NUMBER: 9:09-bk-15138-RR<br><br>[Jointly Administered with Case Nos. 9:09-bk-15137-RR and 9:09-bk-15139-RR] |

## II.  SERVED BY U.S. MAIL OR OVERNIGHT:

## VIA OVERNIGHT MAIL

Honorable Robin Riblet
United States Bankruptcy Court
1415 State Street, Suite 103
Santa Barbara, California 93101-2511

## VIA U.S. MAIL

Dennis Strayhan
Office of the United States Trustee
21051 Warner Center Lane, Suite 115
Woodland Hills, CA 91367

Brian Fittipaldi
Office of the United States Trustee
128 E. Carrillo Street
Santa Barbara, CA 93101

Josefina Fernandez McEvoy
FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, California 90067-1506

Richard J. Annen, Esq.
Todd R. Gabriel, Esq.
SPARBER ANNEN MORRIS & GABRIEL, APLC
701 "B" Street, Suite 1400
3 San Diego, CA 92101-8109

William C. Beall
Eric W. Burkhardt
Beall & Burkhardt
1114 State Street
La Arcada Building, Suite 200
Santa Barbara, California, 93101

David Escamilla
Karon Y. Wright
Travis County Attorney
P.O. Box 1748
Austin, Texas 78767

Brian D. Huben
Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, Ca 90067-3012

Kevin M. Newman
MENTER, RUDIN & TRIVELPIECE, P.C.
308 Maltbie Street, Suite 200
Syracuse, New York 13204

William W. Huckins
Ivan M.Gold
Allen Matkins Leck Gamble
Mallory & Natsis LLP
Three Embarcadero Center, 12th Floor
San Francisco, Ca 94111-4074

LaSalleThomas J. Leanse
Brian D. Huben
KATTEN MUCHIN ROSENMAN LLP
2029 Century Park East, 26th Floor
Los Angeles, CA 90067-3012

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                    **F 9021-1.1**

| | |
|---|---|
| In re: THE WALKING COMPANY, a Delaware corporation, d/b/a Alan's Shoes, Footworks, Overland Trading Co., Sole Outdoors, and Martini Shoes; f/k/a TWC Acquisition Corporation; BIG DOG USA, INC., a California corporation, d/b/a Big Dog Sportswear; f/k/a Fortune Dogs, Inc.; and THE WALKING COMPANY HOLDINGS, INC., a Delaware corporation, f/k/a Big Dog Holdings, Inc. and 190th Shelf Corporation, <br><br> Debtor(s). | CHAPTER: 11 <br><br> CASE NUMBER: 9:09-bk-15138-RR <br><br> [Jointly Administered with Case Nos. 9:09-bk-15137-RR and 9:09-bk-15139-RR] |

### NOTE TO USERS OF THIS FORM:

**1)** Attach this form to the last page of a proposed Order or Judgment. Do not file as a separate document.
**2)** The title of the judgment or order and all service information must be filled in by the party lodging the order.
**3) Category I.** below: The United States trustee and case trustee (if any) will always be in this category.
**4) Category II.** below: List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief. <u>DO NOT</u> list an address if person/entity is listed in category I.

## NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) **ORDER CONFIRMING DEBTORS' SECOND AMENDED JOINT CHAPTER 11 PLAN (DATED MARCH 9, 2010) AS MODIFIED** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of **April 23, 2010**, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

☒ Service information continued on attached page

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

☐ Service information continued on attached page

**III. TO BE SERVED BY THE LODGING PARTY:** Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below:

☒ Service information continued on attached page

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                    **F 9021-1.1**

| | |
|---|---|
| In re: THE WALKING COMPANY, a Delaware corporation, d/b/a Alan's Shoes, Footworks, Overland Trading Co., Sole Outdoors, and Martini Shoes; f/k/a TWC Acquisition Corporation; BIG DOG USA, INC., a California corporation, d/b/a Big Dog Sportswear; f/k/a Fortune Dogs, Inc.; and THE WALKING COMPANY HOLDINGS, INC., a Delaware corporation, f/k/a Big Dog Holdings, Inc. and 190th Shelf Corporation,<br><br>Debtor(s). | CHAPTER: 11<br><br>CASE NUMBER: 9:09-bk-15138-RR<br><br>[Jointly Administered with Case Nos. 9:09-bk-15137-RR and 9:09-bk-15139-RR] |

## I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")

Craig H Averch on behalf of Creditor The Ad Hoc Committee of The Walking Company Holdings, Inc. Noteholders
caverch@whitecase.com

Lawrence Bass on behalf of Interested Party Gart Capital Partners
lbass@faegre.com

William C Beall on behalf of Interested Party Courtesy NEF
artyc@aol.com

Shirley Cho on behalf of Creditor Committee Official Committee Of Unsecured Creditors
scho@pszjlaw.com

Emily R Culler on behalf of Interested Party Genesco, Inc.
eculler@omm.com

Lawrence A Diamant on behalf of Interested Party Kahala Mall
lad@lnbrb.com, katie@lnbrb.com

Denise Diaz on behalf of Debtor The Walking Company Holdings, Inc.
Denise.Diaz@rmsna.com

Robert K Edmunds on behalf of Interested Party Huntington National Bank
robert.edmunds@bipc.com, timothy.palmer@bipc.com;jacqueline.forjais@bipc.com

Belkys Escobar on behalf of Creditor County of Loudoun
belkys.escobar@loudoun.gov

Brian D Fittipaldi on behalf of U.S. Trustee United States Trustee (ND)
brian.fittipaldi@usdoj.gov

Todd R Gabriel on behalf of Creditor Seaport Village Operating Company
tgabriel@sparberlaw.com

Brian D Huben on behalf of Creditor Crossgates Mall Company NewCo, LLC
brian.huben@kattenlaw.com,
carole.levine@kattenlaw.com;donna.carolo@kattenlaw.com;laura.nefsky@kattenlaw.com

William W Huckins on behalf of Creditor Federal Realty Investment Trust
whuckins@allenmatkins.com, clynch@allenmatkins.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                      **F 9021-1.1**

| In re: THE WALKING COMPANY, a Delaware corporation, d/b/a Alan's Shoes, Footworks, Overland Trading Co., Sole Outdoors, and Martini Shoes; f/k/a TWC Acquisition Corporation; BIG DOG USA, INC., a California corporation, d/b/a Big Dog Sportswear; f/k/a Fortune Dogs, Inc.; and THE WALKING COMPANY HOLDINGS, INC., a Delaware corporation, f/k/a Big Dog Holdings, Inc. and 190th Shelf Corporation,<br><br>Debtor(s). | CHAPTER: 11<br><br>CASE NUMBER: 9:09-bk-15138-RR<br><br>[Jointly Administered with Case Nos. 9:09-bk-15137-RR and 9:09-bk-15139-RR] |
| --- | --- |

Nathan E Jones on behalf of Creditor US Debt Recovery III, LP
info@usdrllc.com

Steven G Polard on behalf of Creditor Bellevue Square LLC
spolard@perkinscoie.com

David L Pollack on behalf of Creditor Galleria Mall Investors, LP
pollack@ballardspahr.com

Hamid R Rafatjoo on behalf of Creditor Committee Official Committee Of Unsecured Creditors
hrafatjoo@pszjlaw.com, hrafatjoo@pszjlaw.com

Diane W Sanders on behalf of Creditor San Marcos CISD
austin.bankruptcy@publicans.com

David B Shemano on behalf of Interested Party Courtesy NEF
dshemano@pwkllp.com

Howard Steinberg on behalf of Creditor Richard A. Kayne, Trustee, Richard & Suzanne Kayne Living Trust dated 1/14/99
hsteinberg@irell.com, awsmith@irell.com

Wayne R Terry on behalf of Creditor Request for Courtesy NEF
wterry@hemar-rousso.com

Ronald M Tucker on behalf of Creditor Simon Property Group, Inc.
rtucker@simon.com, psummers@simon.com;rwoodruff@simon.com;shclark@simon.com

United States Trustee (ND)
ustpregion16.nd.ecf@usdoj.gov

Kimberly S Winick on behalf of Creditor South Coast Plaza
kwinick@clarktrev.com

Rebecca J Winthrop on behalf of Interested Party Kravco Simon Company
winthropr@ballardspahr.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                 **F 9021-1.1**

| | |
|---|---|
| In re: THE WALKING COMPANY, a Delaware corporation, d/b/a Alan's Shoes, Footworks, Overland Trading Co., Sole Outdoors, and Martini Shoes; f/k/a TWC Acquisition Corporation; BIG DOG USA, INC., a California corporation, d/b/a Big Dog Sportswear; f/k/a Fortune Dogs, Inc.; and THE WALKING COMPANY HOLDINGS, INC., a Delaware corporation, f/k/a Big Dog Holdings, Inc. and 190th Shelf Corporation, <br><br> Debtor(s). | CHAPTER: 11 <br><br> CASE NUMBER: 9:09-bk-15138-RR <br><br> [Jointly Administered with Case Nos. 9:09-bk-15137-RR and 9:09-bk-15139-RR] |

## II.  SERVED BY U.S. MAIL OR OVERNIGHT:

## VIA U.S. MAIL

Honorable Robin Riblet
United States Bankruptcy Court
1415 State Street, Suite 103
Santa Barbara, California 93101-2511

Dennis Strayhan
Office of the United States Trustee
21051 Warner Center Lane, Suite 115
Woodland Hills, CA 91367

Brian Fittipaldi
Office of the United States Trustee
128 E. Carrillo Street
Santa Barbara, CA 93101

Jennifer Cann – Vice President / Account Executive
Joseph Burt – Vice President
Wells Fargo Retail Finance
One Boston Place, 18th Floor
Boston, MA 02108

Ivan M. Gold
Allen Matkins LLP
Three Embarcadero Center, 12th Flr.
San Francisco, CA 94111

Anthony Wall
760 Arcady
Santa Barbara, CA 93108

Bear Stearns Securities Corp Custodian
Cotsen Family Foundation
c/o Kayne Anderson Capital
1800 Ave of the Stars Fl. 2
Los Angeles, CA 90067

David Wolf
1956 East Valley Rd.
Santa Barbara, CA 93108

Doug Nilsen
2225 St. James Drive
Santa Barbara, CA 93105

Gary Lieberthal, Trustee
Lieberthal Trust 3/23/99
991 Bel Air Road
Bel Air, CA 90077-3009

Kayne Anderson Capital
Income Partners (QP) LP
1800 Ave of the Stars Fl2
Los Angeles, CA 90067

Lee Cox
6726 Breakers Way
Ventura, CA 93001

Dumac LLC
RBC Dain Rauscher Cust
For C. Eric Warden Sep IRA
510 Marquette Ave
Minneapolis, MN 55402-1106

Richard & Suzanne Kayne
Living Trust dtd 1/14/09
1800 Ave of Stars 2nd Fl
Los Angeles, CA 90067

Robert P. Abate, Trustee
Robert P. Abate Rev Trust
Box 541
Elgin, IL 60123

Roberta Morris
1428 San Miguel Ave
Santa Barbara, CA 93108

The Kayne Foundation
c/o Kayne Anderson Capital
1800 Ave of the Stars Fl2
Los Angeles, CA 90067

Amfit, Inc.
5408 NE 88th Street, Suite D-406
Vancouver, WA 98665

his form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                          **F 9021-1.1**

| In re:  THE WALKING COMPANY, a Delaware corporation, d/b/a Alan's Shoes, Footworks, Overland Trading Co., Sole Outdoors, and Martini Shoes; f/k/a TWC Acquisition Corporation; BIG DOG USA, INC., a California corporation, d/b/a Big Dog Sportswear; f/k/a Fortune Dogs, Inc.; and THE WALKING COMPANY HOLDINGS, INC., a Delaware corporation, f/k/a Big Dog Holdings, Inc. and 190th Shelf Corporation,<br><br>Debtor(s). | CHAPTER: 11<br><br>CASE NUMBER: 9:09-bk-15138-RR<br><br>[Jointly Administered with Case Nos. 9:09-bk-15137-RR and 9:09-bk-15139-RR] |
|---|---|

Board of Equalization
PO Box 942879
Sacramento, CA 94279-0001

Kayne Anderson Capital Income partners (QP), LP
c/o Kayne Anderson Capital Advisors, LP
1800 Avenue of the Stars, Second Floor
Los Angeles, CA 90067

Bear Stearns Securities Corp. Custodian
Blackwell Partners, LLC
406 Blackwell Street, Suite 300
Durham, NC 27701

Robert P. Abate Rev Trust UA 8-29-95,
Robert P. Abate Trustee
P.O. Box 541N
Elgin, IL 60123

RBC Dain Raucher Cust. For Eric Warden SEP IRA
510 Marquette Avenue
Minneapolis, MN 55402

Wells Fargo Retail Finance, LLC
2450 Colorado Avenue, Suite 3000W
Santa Monica, CA 90404

Wells Fargo Financial Leasing, Inc.
800 Walnut Street
Des Moines, IA 50309

CIT Technology Financing Services, Inc.
10201 Centurian Parkway North Suite 100
Jacksonville, FL 32256

Internal Revenue Service
P.O. Box 21126
Philadelphia, PA 19114

Preit Services, LLC
Klehr Harrison Harvey Branzburg LLP
Primeshares
261 Fifth Avenue 22nd Flr
New York, NY 10016

Kevin M. Newman
Menter Rudin & Trivelpiece, PC
308 Maltbie Street, Suite 200
Syracuse, NY 13204

The Shops at Wailea, LP
Trustees of the Estate of Bernice Pauahi Bishop
Susan Tius
Rush Moore LLP
737 Bishop St., Ste. 2400
Honolulu, HI 96813

Bellevue Square LLC
City of Grapevine, Grapevine-Colleyville ISD
City of Hurst, Arlington Independent School District
c/o Elizabeth Banda
Perdue, Brandon, Fielder, Collins & Mott LLP
P.O. Box 13430
Arlington, TX 76094-0430

UCC Lien Holder
Brightleaf Partners LP
c/o Brightleaf Capital LLC
324 Blackwell St Ste 520
Durham, NC  27701

UCC Lien Holder/Bonholder
Dumac LLC
406 Blackwell St., Ste 300
Durham, NC  27001-3984

UCC Lien Holder
The Huntington National Bank
Attn Edward J. Kitchen VP
650 Smithfield St., Ste. 1000
Centre City Tower
Pittsburgh, PA  15222

UCC Lien Holder
Varilease Finance Inc.
6340 South 3000 East, Ste. 250
Salt Lake City, UT  84121

BDO Seidman, LLP
3200 Bristol Street, 5th Fl.
Costa Mesa, CA 92626

Todd R. Gabriel, Esq.
Sparber Annen Morris & Gabriel, APLC
701 "B" Street, Suite 1400
San Diego, CA  92101-8164

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                 **F 9013-3.1**

| | |
|---|---|
| In re:  THE WALKING COMPANY, a Delaware corporation, d/b/a Alan's Shoes, Footworks, Overland Trading Co., Sole Outdoors, and Martini Shoes; f/k/a TWC Acquisition Corporation; BIG DOG USA, INC., a California corporation, d/b/a Big Dog Sportswear; f/k/a Fortune Dogs, Inc.; and THE WALKING COMPANY HOLDINGS, INC., a Delaware corporation, f/k/a Big Dog Holdings, Inc. and 190th Shelf Corporation, <br><br>Debtor(s). | CHAPTER: 11 <br><br> CASE NUMBER: 9:09-bk-15138-RR <br><br> [Jointly Administered with Case Nos. 9:09-bk-15137-RR and 9:09-bk-15139-RR] |

Kohner, Mann & Kailas, S.C.
Attn:  Samuel C. Wisotzkey
Washington Building
Barnabas Business Center
4650 N. Port Washington Rd.
Milwaukee, WI 53212-1059

Evan M. Jones, Esq.
Michael Reed
McCreary, Veselka, Bragg & Allen, P.C.
P. O. Box 1269
Round Rock, Texas  78680

Debt Acquisition Company of America V, LLC
1565 Hotel Circle South
Suite 310
San Diego, CA 92108

Liquidity Solutions, Inc.
One University Plaza, Ste 312
Hackensack, NJ 07601

Plaza At Williams, Broadway Blvd.
6289 E. Grant Rd. #100
Tucson, AZ  85712

Seminole Properties Retail, LL
601 East Pratt Street, 6th Floor
Baltimore, MD 21202

GGP Foothills LLC, General Growth Properties Inc.
110 North Wacker Drive
Chicago, IL  60606

Mall of Louisiana LP
110 North Wacker Drive
Chicago, IL  60606

Birch Run Outlets II, LLC
217 East Redwood St. 20th Floor
Baltimore, MD  21202

Grove City Factory Shops Partnership
217 East Redwood St. 20th Floor
Baltimore, MD  21202

Gulfport Factory Shops Limited Partnership
217 East Redwood St. 20th Floor
Baltimore, MD  21202

Ohio Factory Shops
217 East Redwood St. 20th Floor
Baltimore, MD  21202

Prime
100 East Pratt Street, 19th Floor
Baltimore, MD  21202

Second Horizon Group LP
217 East Redwood St. 20th Floor
Baltimore, MD  21202

Pigeon Forge Associates
530 Oak Court Drive, Suite 300
Memphis, TN  38117

Prime Outlets at Pismo Beach, LLC
217 East Redwood Street, 20th Floor
Baltimore, MD  21202

Adirodack Factory Outlet Center, Inc.
1454 State Route 9
Lake George, NY  12845

Long Beach Town Center, LP
217 East Redwood Street, 20th Floor
Baltimore, MD  21202

GMAC Commercial Mortgage
Pigeon Forge Factory Outlet Mall
2200 21st Ave South, Suite 309
Nashville, TN  37212

Williamsburg Outlets LLC
217 East Redwood Street, 20th Floor
Baltimore, MD  21202

Menter, Rudin & Trivelpiece, P.C.
Attn:  Kevin M. Newman, Esq.
308 Maltbie Street, Suite 200
Syracuse, New York  13204-1498

Wells Fargo Real Estate Group
Terminal Annex
PO Box 30015
Los Angeles, CA  90030

Mall of Louisiana
6401 Bluebonnett Blvd., Suite 5050
Baton Rouge, LA  70836

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                       **F 9013-3.1**

| | |
|---|---|
| In re:  THE WALKING COMPANY, a Delaware corporation, d/b/a Alan's Shoes, Footworks, Overland Trading Co., Sole Outdoors, and Martini Shoes; f/k/a TWC Acquisition Corporation; BIG DOG USA, INC., a California corporation, d/b/a Big Dog Sportswear; f/k/a Fortune Dogs, Inc.; and THE WALKING COMPANY HOLDINGS, INC., a Delaware corporation, f/k/a Big Dog Holdings, Inc. and 190th Shelf Corporation,<br><br>                                                            Debtor(s). | CHAPTER: 11<br><br>CASE NUMBER: 9:09-bk-15138-RR<br><br>[Jointly Administered with Case Nos. 9:09-bk-15137-RR and 9:09-bk-15139-RR] |

Josefina Fernandez McEvoy
FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, California 90067-1506

U.S. Securities and Exchange Commission
Los Angeles Regional Office
Rosalind Tyson, Regional Director
5670 Wilshire Boulevard, 11th Floor
Los Angeles, CA 90036-3648

U.S. Securities and Exchange Commission
SEC Headquarters
100 F Street, NE
Washington, DC 20549

David Escamilla
Karon Y. Wright
Travis County Attorney
P.O. Box 1748
Austin, Texas 78767

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                                    F 9013-3.1

| | |
|---|---|
| In re:  THE WALKING COMPANY, a Delaware corporation, d/b/a Alan's Shoes, Footworks, Overland Trading Co., Sole Outdoors, and Martini Shoes; f/k/a TWC Acquisition Corporation; BIG DOG USA, INC., a California corporation, d/b/a Big Dog Sportswear; f/k/a Fortune Dogs, Inc.; and THE WALKING COMPANY HOLDINGS, INC., a Delaware corporation, f/k/a Big Dog Holdings, Inc. and 190th Shelf Corporation,<br><br>Debtor(s). | CHAPTER: 11<br><br>CASE NUMBER: 9:09-bk-15138-RR<br><br>[Jointly Administered with Case Nos. 9:09-bk-15137-RR and 9:09-bk-15139-RR] |

## III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL:

## VIA EMAIL (Pursuant to Written Agreement)

| | |
|---|---|
| Acevedo, Ana: | aacevedo@omm.com |
| Bass, Maureen T.: | maureen.bass@bipc.com |
| Bernstein, Alberto: | mdtcbkc@miamidade.gov |
| Boyle, Linda: | linda.boyle@twtelecom.com |
| Carolan, Christopher J. | ccarolan@brownrudnick.com |
| Clark, Charles: | cclark@jdtplaw.com |
| Colton, Neal: | ncolton@cozen.com |
| Conway, Andrew: | aconway@taubman.com |
| Cruz, Lisa: | lcruz@thekeithcorp.com |
| Daniels, Thomas W.: | tdaniels@wilmorite.com |
| Felger, Mark | mfelger@cozen.com |
| Freeland, Dirk and Jill: | freeland@cox.net |
| Kaplan, John S.: | jkaplan@perkinscoie.com |
| Kurtzman, Jeffrey: | jkurtzman@klehr.com |
| Lawrence, Stefan S.: | stefan.s.lawrence@wellsfargo.com |
| Levine, Steven B.: | slevine@brownrudnick.com |
| Maseles, Richard: | richard.maseles@dor.mo.gov |
| Mears, Patrick: | patrick.mears@btlaw.com |
| Muzzi, Christopher J.: | cmuzzi@hilaw.us |
| Nixon, Justin B.: | jnixon@dumac.duke.edu |
| Robert Schnell IRA: | roberts@fortunecasuals.com |
| Robert Schnell Trust: | roberts@fortunecasuals.com |
| Rubert, Teresa: | trubert@wilmorite.com |
| Schnell, Robert: | roberts@fortunecasuals.com |
| Shladovsky, David: | dshladovsky@kaynecapital.com |
| Suss, J.: | jsuss@gte.net |
| Ward, Rebecca: | rebeccaward@forestcity.net |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                                F 9013-3.1